UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                            )
ALBERTO CONCEPCION,                        )
                                                            )
                    Plaintiff,                            )
                                                            )
                    v.                                        )        Civil Action 07-1766 (RMU)
                                                            )
FEDERAL BUREAU OF INVESTIGATION,   )
et al.,                                                       )
                                                            )
                    Defendants.                        )
_____)

## <u>DEFENDANTS' MOTION FOR A PROTECTIVE ORDER</u>

Pursuant to Federal Rule of Civil Procedure 26(c), Defendants respectfully move this

Court for an order protecting them from improper and premature discovery requests propounded

by Plaintiff, a <u>pro se</u> prisoner who has brought this action under the Freedom of Information Act,

5 U.S.C. § 552. Specifically, Defendants respectfully request that this Court enter a protective

order providing that: (1) Plaintiff is not currently entitled to any discovery, including the

discovery sought in his "Request for the Production of Records & Documents & Requests for

Admission" (Plaintiff's "discovery requests"), dated January 2, 2008[1]; and (2) Defendants are

not obligated to respond to Plaintiff's discovery requests until further order of the Court.

Attached hereto are: (1) Defendants' Memorandum of Law in Support of Their Motion

for a Protective Order; and (2) a proposed order consistent with this Motion. Because Plaintiff is

incarcerated and <u>pro se</u>, it is unnecessary for the undersigned counsel to confer with him about

this Motion.

_____

[1] Although Plaintiff's discovery requests are dated January 2, 2008, they were not
received by the undersigned Assistant United States Attorney until January 28, 2008.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_____/s/_____
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 307-0372
Fax: (202) 514-8780
Christopher.Harwood@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
ALBERTO CONCEPCION,                     )
                                        )
            Plaintiff,                   )
                                        )
            v.                           )        Civil Action 07-1766 (RMU)
                                        )
FEDERAL BUREAU OF INVESTIGATION,        )
et al.,                                  )
                                        )
            Defendants.                  )
_____)

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR A PROTECTIVE ORDER

Plaintiff, an incarcerated prisoner appearing pro se, has brought this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to obtain documents relating to his criminal conviction for conspiracy to distribute illegal narcotics.  (See Compl. ¶5.)  Recently, Plaintiff propounded on counsel for Defendants thirty-three document requests and requests for admission (Plaintiff's "discovery requests").  A copy of Plaintiff's discovery requests is attached hereto as Exhibit A.  Defendants now seek from this Court a protective order freeing them from any obligation they may have to respond to Plaintiff's discovery requests until further order from this Court.  Federal Rule of Civil Procedure 26(c) provides that a court may issue a protective order upon a showing of good cause.  As demonstrated below, there exists good cause to grant Defendants the protective order they seek.

## ARGUMENT

Discovery is rarely appropriate in cases brought pursuant to FOIA.  See Pub. Citizen Health Research Group v. Food & Drug Admin., 997 F. Supp. 56, 72 (D.D.C. 1998) ("Discovery is to be sparingly granted in FOIA actions."); see also Voinche v. Fed. Bureau of Investigation,

3

412 F. Supp. 2d 60, 71 (D.D.C. 2006) ("FOIA actions are typically resolved without discovery."). Moreover, when permitted, discovery in FOIA actions occurs subsequent to the filing of dispositive motions and agency affidavits, and is "[t]ypically . . . limited to investigating the scope of the agency['s] search for responsive documents, the agency's indexing procedures, and the like." Pub. Citizen Health Research Group, 997 F. Supp. at 72-73; see Schrecker v. Dep't of Justice, 217 F. Supp. 2d 29, 35 (D.D.C. 2002). Discovery is never appropriate where its purpose is "to obtain precisely that which is at issue in the FOIA suit itself." Pub. Citizen Health Research Group, 997 F. Supp. at 73.

Here, good cause exists to grant Defendants the protective order they seek. First, even if this turns out to be one of the rare FOIA cases where discovery is appropriate, Plaintiff's discovery requests are unquestionably premature. Plaintiff is seeking discovery not only before the filing of dispositive motions and agency affidavits, but also before Defendants have even responded to the Complaint. See Voinche, 412 F. Supp. 2d at 71-72 (indicating that discovery is appropriate in a FOIA case only after the filing of dispositive motions and agency affidavits); Pub Citizen Health Research Group, 997 F. Supp. at 72-73 (same).

Second, some of Plaintiff's discovery requests are aimed at obtaining the very same documents that he is seeking to obtain through this litigation. (Compare Ex. A at ¶¶1-4 (requesting production of certain lab reports, FBI tapes, FBI forms and search warrants) with Compl. at ¶68 (seeking production of the very same lab reports, FBI tapes, FBI forms and search warrants).) As stated above, this is not a proper use of discovery in a FOIA case. See Pub. Citizen Health Research Group, 997 F. Supp. at 73. In any event, it appears that Defendants will soon be in a position to release to Plaintiff at least some of the documents that he is seeking to

obtain through this litigation.  Thus, at least some of the discovery requests will likely become moot.

Third, most of Plaintiffs' discovery requests have no possible relevance to issues that could arise in this FOIA litigation.  (See, e.g., Ex. A at ¶5 (requesting production of "the 'oath of office' pursuant to . . . 5 U.S.C. § 3331"); id. at ¶17 (requesting production of all documents establishing that "the 'United States' own[s] . . . land anywhere within the City of Newark, N.J., Maplewood, N.J., and/or Essex County, N.J."); id. at ¶20 (requesting that Defendants admit that they "have a duty to protect the private & civil rights of the Plaintiff"); id. at ¶21 (requesting that Defendants admit that "the State of New Jersey [is] a State within the meaning of . . . 18 U.S.C. § 921(a)(2) and . . . 21 U.S.C. § 802(26)"); id. at ¶23 (requesting that Defendants admit that "controlling an office of trust . . . constitute[s] the impersonation of a public government official").)

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court GRANT their Motion for a Protective Order.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____/s/_____

CHRISTOPHER B. HARWOOD
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 307-0372
Fax: (202) 514-8780
Christopher.Harwood@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 5, 2008, I caused a copy of the foregoing to be served

via first class prepaid postage as follows:

**ALBERTO CONCEPCION**
#22853-050
FCI-Allenwood (Med)
P.O. Box 2000
White Deer, PA 17887


_____/s/_____
Christopher B. Harwood

ALBERTO CONCEPCION, #22853-050
F.C.I FORT DIX P.O. Box 2000
Fort Dix, New Jersey 08640
(609) 723-1100

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Alberto Concepcion, | : | |
|       Plaintiff/Sovereign, | : | |
| | : | |
| **vs.** | : | |
| | : | |
| FEDERAL BUREAU OF INVESTIGATION; | : | |
| EXECUTIVE OFFICE OF THE UNITED | : | |
| STATES ATTORNEYS; & | : | |
| U.S. DEPARTMENT OF JUSTICE; | : | CIVIL ACTION NO. 07-1766(RMU) |
|       Defendants/Corporations. | : | |

### PLAINTIFF'S, REQUEST FOR THE PRODUCTION OF
### RECORDS, & DOCUMENTS, & REQUESTS FOR ADMISSION

**NOW COMES**, Pro Se Plaintiff, Alberto Concepcion, the Sovereign, Secured Party, Creditor, Holder-In-Due-Course, Trade Name Owner, & Record Owner on behalf of STRAW-MAN, & DEBTOR ALBERTO CONCEPCION, hereinafter **"Concepcion, or CONCEPCION"**, waving no powers, rights, and/or immunities by the use of said **"private copyrighted statutes"**; pursuant to the Fed.R.Civ. P., Rules 34 et seq., 36(a), & Art. I, § 10, of the Const. for the **"United States"**, submitting the following requests for the production of records, documents, files, & etc., & the requests for admission, & stipulations making said admissions, & stipulations **"A CONTRACT"** by the Plaintiff, with the Defendants known herein as Federal Bureau of Investigation, Executive

Office of the United States Attorneys, & U.S. Department of Justice. Each of the named Defendants, or Counsel(s) of Record for said Defendants are **"respectfully"** directed to produce each of the requested records, documents, files, & etc., for inspection, & copying purposes; & answer in your own words each of the questions in the requests for admission herewith **"in writing, & under oath"**. If the Defendants, or Counsel(s) of Record for said Defendants **"DO NOT PRODUCE, & REBUT"** said facts herewith, & in the Plaintiff's, filed Civil [COMPLAINT] Action in there entirety within 30 [OR AS ALLOWED BY RULE] days of this Certified Return Receipt Mail Service;

the Plaintiff, asserts that the above Defendants, or Counsel(s) of Record for said Defendants are admitting, & stipulating by way of "CONTRACT [SEE, THE CONST. FOR THE UNITED STATES ART. I, § 10]" to the answers below the questions provided in the requests for admission herewith, as well as CONCEPCION, being indicted in Federal Criminal Case #99-6144-01, & 99-753(AJL), hereinafter Case #99-753(AJL), **"ON PURE LACTOSE"**, including said **"lab report(s) being destroyed [INTER ALIA]"** knowingly, intentionally, & willingly by the initial N.J-USA, & others in said allege federal criminal case. SEE, Concepcion's, Civil Complaint at pg. 22, ¶ 74.

## REQUEST FOR THE PRODUCTION OF RECORDS, & DOCUMENTS PURSUANT TO FED.R.CIV.P., RULE 34

1. [SPECIFIC REQUESTS] LAB REPORT(S), PURITY OF THE ALLEGE HEROIN RESULT(S), CHEMICAL RESULT(S), NON-CHEMICAL RESULT(S), & ANY OTHER UNMENTIONED SUBSTANCE, & TEST RESULTS FOR CASE #99-753(AJL), AND/OR **"ANY"** REFERENCES TO EITHER Concepcion, or CONCEPCION.

2. [SPECIFIC REQUESTS] SERIAL NUMBERS [ONLY] TO ANY, & ALL OF THE ALLEGE RECORDED N.J-FBI TAPES [INCLUDING THE SERIAL NUMBERS ON ALL OF CONCEPCION'S, CO-DEFENDANTS TAPES] WITH THERE DATES, & EXACT LOCATIONS OF

THE RECORDINGS, & THE APPROVED WARRANT(S), & APPLICATION(S) FOR THE PHONE-
WIRE TAP AUTHORIZATION(S), INCLUDING ANY OTHER UNMENTIONED RECORDS, DOCU-
MENTS, FILES, & ETC., FOR CASE #99-753(AJL), AND/OR ANY REFERENCES TO
EITHER Concepcion, or CONCEPCION;

    3. [SPECIFIC REQUESTS] THE N.J-FBI 407 FORMS OF ANY, & ALL OF CON-
CEPCION'S, CO-DEFENDANTS STATEMENTS;

    4. [SPECIFIC REQUESTS] ALL ISSUED SEARCH WARRANTS INVOLVED IN CASE
#99-753(AJL);


### UNMENTIONED REQUESTS
### IN REGARD TO CASE #99-753(AJL)

    5. A CERTIFIED COPY OF THE "OATH OF OFFICE" PURSUANT TO TITLE 5
U.S.C. § 3331;

    6. A CERTIFIED COPY OF THE "OFFICER AFFIDAVIT" PURSUANT TO TITLE 5
U.S.C. § 3332, AND/OR A CERTIFIED COPY OF THE "EMPLOYEE AFFIDAVIT" PURSU-
ANT TO TITLE 5 U.S.C. § 3333;

    7. A CERTIFIED COPY OF THE "SURETY BOND(S)" PURSUANT TO TITLE 5
U.S.C. § 2901, "& D.C. CODE 11-7040"; &

    8. A CERTIFIED COPY OF THE "REGISTRATIONS" PURSUANT TO TITLES 22
U.S.C. §§ 611, & 612, INCLUDING ANY OTHER LICENSES, AND/OR BONDS MAINTAIN-
ED BY THE FOLLOWING FEDERAL PROSECUTORS [ACTIVE, OR FORMER KNOWN AS ROBERT
J. CLEARY, CHRISTOPHER J. CHRISTIE, GEORGE S. LEONE, SCOTT A. RESNIK,
CAROLYN A. MURRAY, & JAMES B. CLARK, III], THE STATE OF NEW JERSEY, AND/OR
THE UNITED STATES IN ORDER FOR THESE NAMED INDIVIDUALS TO CONDUCT THERE
BUSINESS "ON BEHALF OF THE UNITED STATES", OF WHICH SAID INDIVIDUALS WERE
INVOLVED IN CASE #99-753(AJL), DIRECTLY, OR INDIRECTLY;

    9. CO-DEFENDANTS [5 TOTAL] ARREST WARRANTS [ONLY] FOR CASE #99-753

(AJL);

10. LOG-SHEET(S), OR BOOK(S) FROM THE UNION COUNTY JAIL IN ELIZA-BETH, NEW JERSEY [SPECIFICALLY] FROM DEC. 20,1999, THROUGH FEB. 15,2000;

11. NEW JERSEY ESSEX COUNTY SHERIFF [BUREAU OF NARCOTICS] OFFICER JOHN F. MURPHY JR., DEPUTIZED OATH(S) APPLICATION, AUTHORIZATION, & ETC., FROM SAID SHERIFF DEPARTMENT, TO THE FEDERAL BUREAU OF INVESTIGATION;

12. NAME(S) & BADGE NUMBERS **"ONLY OF ALL"** THE NEW JERSEY ESSEX COUNTY SHERIFF OFFICERS, & NEWARK POLICE OFFICERS WHO WERE DIRECTLY IN-VOLVED IN CASE #99-753(AJL);

13. **"BID BOND(S) STANDARD FORM 24"**, FOR CONCEPCION, AND/OR CASE #99-753(AJL), THAT IS, & WAS PUT OUT BY THE U.S. GENERAL SERVICE ADMINISTRA-TION, HEREINAFTER GSA;

14. **"PERFORMANCE BOND(S) STANDARD FORM 25"**, FOR CONCEPCION, AND/OR CASE #99-753(AJL), ALSO PUT OUT BY THE GSA;

15. **"PAYMENT BOND(S) STANDARD FORM 25A"**, FOR CONCEPCION, AND/OR CASE #99-753(AJL), ALSO PUT OUT BY THE GSA, INCLUDING THE U.S. DISTRICT COURT'S FOR THE DISTRICT OF [NEWARK] NEW JERSEY STANDARD FORM 273 [ALSO PROVIDED TO SAID COURTS BY THE GSA], WHICH SAID [CONTRACT] 273 FORM IS THE REINSURANCE **"FORM WITH THE UNITED STATES"**; STANDARD FORM 274, WHICH IS THE MILLER ACT REINSURANCE BOND; & STANDARD FORM 275, BEING A PAYMENT BOND FOR CONCEPCION, OF WHICH ALL OF THE ABOVE STANDARD FORMS, & ETC., IN ¶ 13 - ¶ 15, HEREIN ARE ALSO THE REQUESTED UNMENTIONED RECORDS, DOCUMENTS, & ETC., NEEDED BY PLAINTIFF/SOVEREIGN, Concepcion, IN THIS CAUSE OF ACTION;

16. ANY, & ALL RECORDS, DOCUMENTS, FILES, & ETC., PROVIDED BY ANY OTHER LAW ENFORCEMENT AGENCIES, OFFICERS, POLICE DEPARTMENTS, & ETC. [STATE, OR FEDERAL], REGARDING FBI FILE #614099DB7, OR FBI FILE #9508194-NA9, CASE(S) ID. #166E-NW-NEW, OR #166E-NW-97240, OR #245D-NW-97240-K,

OR #245D-NW-97240-7, OR CASE #99-753(AJL), AND/OR IN REFERENCE TO EITHER Concepcion, OR CONCEPCION, INCLUDING BUT NOT LIMITED TO INVESTIGATIVE RE-PORTS, SUPPLEMENTS, & ETC., THERETO;

17. ANY, & ALL RECORDS, DOCUMENTS, FILES, & ETC., THAT ESTABLISH, AND/OR EVIDENCE OF THE **"UNITED STATES"** OWNING ANY LAND ANYWHERE WITHIN THE CITY OF NEWARK, N.J, MAPLEWOOD, N.J, AND/OR ESSEX COUNTY N.J GENERALLY FROM JAN. 1,1998, UNTIL PRESENT, INCLUDING ANY OTHER UNMENTIONED RECORDS, DOCUMENTS, FILES, & ETC.;

18. ANY, & ALL RECORDS, DOCUMENTS, FILES, & ETC., THAT ESTABLISH, AND/OR EVIDENCE THAT THE STATE OF NEW JERSEY HAS EVER CEDED JURISDICTION TO THE **"UNITED STATES"** PURSUANT TO THE CONSTITUTION FOR THE UNITED STATES ART. I, § 8, CLS. 17, OVER ANY LAND ANYWHERE WITHIN THE CITY OF NEWARK, N.J, MAPLEWOOD, N.J, AND/OR ESSEX COUNTY N.J GENERALLY FROM JAN. 1,1998, UNTIL PRESENT, INCLUDING ANY OTHER UNMENTIONED RECORDS, DOCUMENTS, FILES, & ETC.;

19. ANY, & ALL RECORDS, DOCUMENTS, FILES, & ETC., THAT ESTABLISH, AND/OR EVIDENCE THAT AN INSTRUMENT OF **"NOTICE OF ACCEPTANCE OF CRIMINAL JURISDICTION"** WAS FILED WITH THE GOVERNOR OF THE STATE OF NEW JERSEY, AS REQUIRED BY THE ACT OF TITLE 40 U.S.C. § 255, FOR ANY LAND, AND/OR CITY BLOCK(S) ANYWHERE WITHIN THE CITY OF NEWARK, N.J, MAPLEWOOD, N.J, AND/OR ESSEX COUNTY N.J GENERALLY FROM JAN. 1,1998, UNTIL PRESENT, REGARDING FBI FILE #614099DB7, OR FBI FILE #9508194NA9, CASE(S) ID. #166E-NW-NEW, OR #166E-NW-97240, OR #245D-NW-97240-K, OR #245D-NW-97240-7, OR CASE #99-753-(AJL), AND/OR IN REFERENCE TO EITHER Concepcion, OR CONCEPCION, INCLUDING ANY OTHER UNMENTIONED RECORDS, DOCUMENTS, FILES, & ETC.

REQUESTS FOR ADMISSION
PURSUANT TO FED.R.CIV.P., RULE 36(a)
& ART. I, § 10, OF THE CONST FOR THE UNITED STATES

20. DOES THE DEFENDANT(S) HEREWITH HAVE A DUTY TO PROTECT THE PRIVATE, & CIVIL RIGHTS OF THE PLAINTIFF/SOVEREIGN, KNOWN AS Alberto Concepcion, A COMMON LAW CITIZEN FROM THE STATE OF NEW JERSEY ?

IF NO ANSWER IS PROVIDED, DEFENDANT IS ADMITTING, & STIPULATING [TO THIS ANSWER, & CONTRACT] THAT THE ANSWER IS **"YES"**.

21. IS THE STATE OF NEW JERSEY A STATE WITHIN THE MEANING OF TITLE 18 U.S.C. § 921(a)(2), & TITLE 21 U.S.C. § 802(26) ?

IF NO ANSWER IS PROVIDED, DEFENDANT IS ADMITTING, & STIPULATING [TO THIS ANSWER, & CONTRACT] THAT THE ANSWER IS **"NO"**.

22. DOES THE **"UNITED STATES"** AS DEFINE IN TITLE 18 U.S.C. § 5, & TITLE 21 U.S.C. § 802(28), PERTAINING TO THE FIFTY [50] STATES OF THE UNION UNITED UNDER THE CONSTITUTION FOR THE UNITED STATES ?

IF NO ANSWER IS PROVIDED, DEFENDANT IS ADMITTING, & STIPULATING [TO THIS ANSWER, & CONTRACT] THAT THE ANSWER IS **"NO"**.

23. DOES CONTROLLING AN OFFICE OF TRUST AS NUMEROUS **"UNITED STATES"** GOVERNMENT OFFICIALS ARE DOING AT THE NEWARK, NEW JERSEY U.S. ATTORNEYS OFFICE WHO HAVE NOT FILED A WRITTEN OATH OF OFFICE, A OFFICER'S AFFIDAVIT, AND/OR EMPLOYEE'S AFFIDAVIT, A SURETY BOND(S), OR THEIR REGISTRATIONS; CONSTITUTE THE IMPERSONATION OF A PUBLIC GOVERNMENT OFFICIAL [SEE, ¶ 5 - ¶ 8, HEREIN] ?

IF NO ANSWER IS PROVIDED, DEFENDANT IS ADMITTING, & STIPULATING [TO THIS ANSWER, & CONTRACT] THAT THE ANSWER IS **"YES"**.

24. CAN A OUT OF STATE **"FOREIGN PROSECUTOR(S)"** FROM THE DISTRICT OF COLUMBIA [**UNITED STATES**] PROSECUTE A DEFENDANT IN ANY OF THE 50 STATES [SPECIFICALLY IN THE STATE OF NEW JERSEY] OF WHICH IS CONSIDER OUTSIDE OF [**THE FEDERAL ZONES**] HIS JURISDICTION ?

IF NO ANSWER IS PROVIDED, DEFENDANT IS ADMITTING, & STIPULATING [TO THIS ANSWER, & CONTRACT] THAT THE ANSWER IS **"NO"**.

25. CAN **"ANY"** STATE, OR FEDERAL PROSECUTOR(S), & OTHERS SPECIFICALLY THOSE INVOLVED IN PROSECUTING CASE #99-753(AJL), **"INTRODUCE, & ADD A POW-DER SUBSTANCE"** TO SAID ALLEGE CRIMINAL CASE IN ORDER FOR SAID PROSECUTORS TO OBTAIN A INDICTMENT ON 100 GRAMS, OR MORE OF [SO-CALL] HEROIN AGAINST CONCEPCION, ET AL [**SEE,** Concepcion's, FILED CIVIL COMPLAINT AT PGS. 15-20, ¶ 58 - ¶ 67] ?

IF NO ANSWER IS PROVIDED, DEFENDANT IS ADMITTING, & STIPULATING [TO THIS ANSWER, & CONTRACT] THAT THE ANSWER IS **"NO"**.

26. CAN THE INITIAL FEDERAL PROSECUTOR(S) FROM THE NEWARK, N.J-USA, & OTHERS WHO WERE PROSECUTING CASE #99-753(AJL), KNOWINGLY, INTENTIONALLY, & WILLINGLY HAVE CONCEPCION, **"INDICTED ON PURE LACTOSE, AS OPPOSED TO HEROIN"**; OF WHICH SAID N.J-USA, & OTHERS CLAIM SAID LACTOSE TO BE HEROIN TO THE FEDERAL GRAND JURY, COURTS, & OTHERS IN WHICH THE REQUESTED LAB REPORT(S) RESULTS WOULD PROVE THE PLAINTIFF'S, FACTS HEREIN, & IN HIS FILED CIVIL FREEDOM OF INFORMATION COMPLAINT ?

IF NO ANSWER IS PROVIDED, DEFENDANT IS ADMITTING, & STIPULATING [TO THIS ANSWER, & CONTRACT] THAT THE ANSWER IS **"NO"**.

27. CAN THE INITIAL FEDERAL PROSECUTORS [LEGALLY, & LAWFULLY], & OTHERS INVOLVED IN CASE #99-753(AJL), KNOWINGLY, INTENTIONALLY, & WILLING-LY **"SWITCH THE FABRICATED N.J-FBI TAPE(S) AFTER"** THEY ACKNOWLEDGE THAT THEY WERE PLACING CONCEPCION, WITHIN THE STATE OF NEW JERSEY, WHEN IN FACT CONCEPCION, **"WAS OUT OF THE STATE OF NEW JERSEY"**, WHEN THE [SO-CALL] HEROIN TRANSACTION(S) OCCURRED; IN WHICH THE SERIAL NUMBERS ON THE ALLEGE RECORDED N.J-FBI TAPES WILL ALSO VERIFY Concepcion's, FACTS [**SEE,** Concep-cion's, FILED CIVIL COMPLAINT AT PG. 17, ¶ 61, & ¶ 62] ?

IF NO ANSWER IS PROVIDED, DEFENDANT IS ADMITTING, & STIPULATING [TO THIS ANSWER, & CONTRACT] THAT THE ANSWER IS **"NO"**.

28. **IS IT TURE,** THAT THE EFFECT OF OCT. 9,1940 [PURSUANT TO TITLE 40 U.S.C./U.S.C.A. § 255], IS TO PROVIDE THAT AS TO LANDS WITHIN A **"STATE"** THEREFORE ACQUIRED BY THE **"UNITED STATES THAT NO JURISDICTION EXIST"**, UN- LESS, & UNTIL A NOTICE OF ACCEPTENCE OF CRIMINAL JURISDICTION IS FILED WITH THE GOVERNOR OF SAID STATE [**SPECIFICALLY NEW JERSEY**] FOR WHERE THE ALLEGE FEDERAL CRIME(S) OCCURRED ?

IF NO ANSWER IS PROVIDED, DEFENDANT IS ADMITTING, & STIPULATING [TO THIS ANSWER, & CONTRACT] THAT THE ANSWER IS **"YES"**.

29. **IS IT TRUE,** THAT THE GOVERNMENT, & COMMERCIAL LAW CAN **"ONLY"** DEAL WITH FICTITIOUS ENTITIES AS A **"PERSON, OR ANY PERSONS"**, & THE DOCU- MENTS CREATING THEM, SUCH AS CORPORATIONS, TRUSTS, CERTIFICATES OF TITLE(S), & ETC., INCLUDING CONTRACTS INVOLVING THE SAME ?

IF NO ANSWER IS PROVIDED, DEFENDANT IS ADMITTING, & STIPULATING [TO THIS ANSWER, & CONTRACT] THAT THE ANSWER IS **"YES"**.

30. **IS IT TRUE,** THAT A SOVEREIGN **"CANNOT"** BE NAMED MERELY AS A **"PER- SON"** IN A STATUTE; BUT **"MUST"** BE SPECIFIED [WITHIN THE CONTRACT(S), OR COMMERCIAL INSTRUMENT(S)] WITHIN THE LANGUAGE OF THE STATUTE, AS IT WAS HELD BY THE U.S. SUPREME COURT IN WILL V. MICHIGAN STATE POLICE, 105 L.ED 2D 45, AT 1C (1989) ?

IF NO ANSWER IS PROVIDED, DEFENDANT IS ADMITTING, & STIPULATING [TO THIS ANSWER, & CONTRACT] THAT THE ANSWER IS **"YES"**.

31. **IS IT TRUE,** THAT A STATUTE THAT **"IS NOT"** PUBLISHED [AS TITLES 21 U.S.C. §§§ 841, 846, & 853, AMONG OTHERS] IN THE FEDERAL REGISTER-CODE OF FEDERAL REGULATIONS **"IS NOT"** A LAW OF GENERAL APPLICABILITY, & THEREFORE,

8

IS RESTRICTED TO FEDERAL AGENCIES, OR PERSON'S ACTING IN THERE CAPACITY, AS AGENTS, OFFICERS, EMPLOYEES, & ETC., OF THE **"UNITED STATES"** FEDERAL GOVERN-MENT; **"& A PERSON"** WHO DOES NOT COMPLY WITH ITS PROVISIONS **"CANNOT BE GUILTY OF ANY CRIME(S)"** ?

    IF NO ANSWER IS PROVIDED, DEFENDANT IS ADMITTING, & STIPULATING [TO THIS ANSWER, & CONTRACT] THAT THE ANSWER IS **"YES"**.

    32. **IS IT TRUE**, THAT CONGRESS HAS AN EXECUTIVE RULE OVER A GIVEN TERRITORY; & THE COMMON LAW CITIZENS OF THE SEVERAL STATES [NOW 50 IN NUM-BER] **"ARE NOT A PART OF THAT TERRITORY"** ?

    IF NO ANSWER IS PROVIDED, DEFENDANT IS ADMITTING, & STIPULATING [TO THIS ANSWER, & CONTRACT] THAT THE ANSWER IS **"YES"**.

    33. **IS IT TRUE**, THAT THE UNITED STATES CODE, IN ITS TOTALITY, WERE PUT TOGETHER IN THE DISTRICT OF COLUMBIA AS **"COPYRIGHTED PRIVATE INTERNA-TIONAL LAW, & ARE APPLICABLE ONLY IN THE DISTRICT OF COLUMBIA, OR FEDERAL TERRITORIES"** ?

    IF NO ANSWER IS PROVIDED, DEFENDANT IS ADMITTING, & STIPULATING [TO THIS ANSWER, & CONTRACT] THAT THE ANSWER IS **"YES"**.

    34. Your **"failure"** to produce the above specific requested records, documents, files, & etc., as well as the Defendants, or Counsel(s) of re-cord for said Defendants **"to answer"** the specific questions herewith in detail, & the Plaintiff's, Civil Action in whole will result in admission, & stipulation of these facts; of which silence can only be aquated with fraud [INTER ALIA] where there is a legal, & moral duty to speak, or where an inquiry left unanswered would be knowingly, intentionally, & willinly misleading, inter alia. SEE, Plaintiff's, Civil Complaint at pg. 10, ¶ 44, & pg. 20, ¶ 67; the Const. for the United States Amended. IX; U.S. v.

<u>Tweel</u>, 550 F.2d 297-300 (1977); & <u>America National Ins. Co. v. Murray</u>, 383 F.2d 81 (1967).

<u>CERTIFICATE OF SERVICE, & OATH</u>

I, <u>Alberto Concepcion,</u>  certify that on this date, an original request for the production of records, & documents, & the requests for admission, & stipulations were served Certified Return Receipt Mail #<u>7006-2150-0004-7651-5924</u>, to Counsel of Record Christopher B. Harwood, at 555 4th Street, N.W. Washington; D.C. 20001.

I, declare under penalty of perjury that the foregoing statements are true, & correct pursuant to title 28 U.S.C. § 1746.

Respectfully Requested, & Submitted By:

**DATED:** <u>Jan. 2,2008</u>

Alberto Concepcion©the Sovereign/ Secured Party, & Creditor on behalf of STRAW-MAN, & DEBTOR ALBERTO CONCEPCION

c.c. file

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
ALBERTO CONCEPCION,                     )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )        Civil Action 07-1766 (RMU)
                                        )
FEDERAL BUREAU OF INVESTIGATION,        )
et al.,                                 )
                                        )
        Defendants.                     )
_____)

## ORDER

      Having considered Defendants' Motion for a Protective Order, and the entire record

herein, it is, this _____ day of _____, 2008, hereby

      ORDERED that Defendants' Motion for a Protective Order is GRANTED; and it is

      FURTHER ORDERED that Defendants are not obligated to respond to Plaintiff's

"Request for the Production of Records & Documents & Requests for Admission," dated

January 2, 2008, or any subsequent discovery requests propounded by Plaintiff, until further

order of this Court.

      SO ORDERED.


                                        _____
                                        UNITED STATES DISTRICT JUDGE

Copy to:        ECF Counsel

                Alberto Concepcion
                #22853-050
                FCI-Allenwood (Med)
                P.O. Box 2000
                White Deer, PA 17887