UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALBERTO CONCEPCION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action 07-1766 (RMU) |
| | ) |
| FEDERAL BUREAU OF INVESTIGATION, et al., | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF FILING

Pursuant to this Court's February 14, 2008 Minute Order, the Executive Office of the United States Attorneys respectfully submits the attached declaration and Vaughn index.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 307-0372
Fax: (202) 514-8780
Christopher.Harwood@usdoj.gov

2

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 30, 2008, I caused a copy of the foregoing to be served via first class prepaid postage as follows:

ALBERTO CONCEPCION
#22853-050
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, N.J. 08640

                                                                             /s/
                                                  Christopher B. Harwood

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALBERTO CONCEPCION,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br>et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action 07-1766 (RMU)<br>)<br>)<br>)<br>)<br>)<br>) |

**DECLARATION OF DIONE JACKSON STEARNS**

This declaration supplements my declaration dated February 13, 2008.[1] I, Dione J. Stearns, declare the following to be true and correct statements of facts:

1.  By letter dated March 8, 2006, Alberto Concepcion ("Plaintiff") submitted a Freedom of Information Act ("FOIA") request to the Executive Office for United States Attorneys ("EOUSA") for the following records pertaining to the criminal case brought against him:

    > "Lab report, indictment, the Rule 11, application of which was signed by Alberto Concepcion, & the recorded F.B.I. tapes series numbers with the dates of recordings, & if possible please proved [sic] me with the locations of the said recordings."

2.  The EOUSA located Plaintiff's criminal case file—No. 99-753—in the District of New Jersey, and searched that case file for the materials referenced in his March 8, 2006 letter. By letter dated September 26, 2006, the EOUSA released to Plaintiff—in full—all documents responsive to his March 8, 2006 request that it located in his criminal case file.

---

[1] For a full and detailed account of the Executive Office for United States Attorneys' responses to Alberto Concepcion's various Freedom of Information Act requests, see the February 13, 2008 declaration. The February 13, 2008 declaration appears at Docket No. 15, Attachment 2.

3.  Criminal case file No. 99-753 is the only source of information within the possession, custody or control of the EOUSA that is likely to contain records pertaining to the criminal case brought against Plaintiff. The Legal Information Office Network System ("LIONS") is a computer database maintained by the Department of Justice that tracks all civil, criminal and appellate investigations and cases. LIONS is the only source of information within the EOUSA's possession, custody or control that contains records concerning criminal cases brought against specific individuals. LIONS can be searched using, inter alia, a party's name. In connection with Plaintiff's FOIA request, the EOUSA searched LIONS using his name. That search identified two criminal case files—Nos. 99-753 and 99-6144-01. Criminal case file No. 99-6144-01 was the file number associated with Plaintiff's criminal case while it was before a Magistrate Judge. Once the criminal case against Plaintiff reached the District Court level, criminal case file No. 99-6144-01 became subsumed within criminal case file No. 99-753.

4.  Subsequent to March 8, 2006, Plaintiff sent the EOUSA numerous additional FOIA requests for records relating to the criminal case brought against him (the "ensuing FOIA requests"). (See Docket No. 15, Attachment 2, at ¶¶21-23, 28-29.) The ensuing FOIA requests were largely duplicative of the March 8, 2006 FOIA request. However, some did request documents that were not expressly mentioned in the March 8, 2006 request. (Compare id. at ¶20 with id. at ¶21.) The EOUSA did not conduct additional searches of Plaintiff's criminal case file in connection with his ensuing requests. Under the circumstances, it believes it was justified in not doing so. However, on February 13, 2008, in an effort to streamline this litigation, the EOUSA agreed to: (1) conduct a new search of Plaintiff's criminal case file for all documents relating to the criminal case brought against him (regardless of whether the documents were

specifically referenced in any of his prior FOIA requests); and (2) produce to Plaintiff any previously undisclosed and releasable documents that it locates.

5. In conducting a new search of Plaintiff's criminal case file (No. 99-753), the EOUSA located 3,862 pages relating to the criminal case brought against him. By letter dated April 11, 2008, the EOUSA advised Plaintiff that 7 pages were being released to him in part; 2,418 pages were being release to him in full; and 135 pages were being withheld in full pursuant to 5 U.S.C. § 552(b)(2), (b)(3), (b)(5), (b)(6), (b)(7)(C), and 5 U.S.C. § 552a(j)(2).[2] The letter also advised Plaintiff that 214 pages of material that originated with another federal agency were located in the criminal case file, and that the EOUSA had referred those pages to the originating agency (the Federal Bureau of Investigation) for review and direct response to him. The EOUSA further advised Plaintiff that a copy of his PSI was located in the criminal case file and that (pursuant to Bureau of Prisons Revised Program Statement No. 1351.05) he could review that document, but that it could not be released to him. 688 pages located in the criminal case file were duplicates and 225 pages were entirely non-responsive.

6. Attached hereto is a Vaughn index describing all of the responsive and withheld/redacted documents, and identifying the basis or bases for each withholding/redaction.

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 30th day of April 2008 at Washington, D.C.

Dione Jackson/Stearns
Attorney Advisor
EOUSA FOIA/PA Staff

---

[2] The EOUSA subsequently determined that one of the pages that had been withheld in full could be released in part. The EOUSA released that document by letter dated April 28, 2008. Thus, as of the date of this filing, 8 pages have been released in part to Plaintiff and 134 pages have been withheld in full.

SUMMARY OF WITHHELD/REDACTED DOCUMENTS
*(Concepcion v. Federal Bureau of Investigation, et. al.  07-1766-RMU)*

**Glossary:**

"RIP"–released in part
"WIF"–withheld in full; reviewed for and not deemed segregable
"USAO"–United States Attorney's Office
"AUSA"–Assistant U.S. Attorney

| DOC | PAGES | DOCUMENT DESCRIPTION | EXEMPT STATUS | JUSTIFICATION |
|---|---|---|---|---|
| 1 | 3 | Case closing sheets | RIP: b7C | Withheld only the initials of a third party to protect against harassment and annoyance in the conduct of official duties and in private life. |
| 2 | 2 | 2 fax cover sheets from AUSA Scott Resnik to Defense Attorney Thomas Ashley dated 06/28/2000 and 06/30/2000. | RIP: b2, b7C | Withheld direct-dial telephone number of a USAO employee, and the name of a third party to protect against harassment and annoyance in the conduct of official duties and in private life. |
| 3 | 3 | Notice of appearance of Appellee Counsel, George S. Leone, Chief, Appeals Division. | RIP: b2 | Withheld portions of the AUSA's direct telephone number and email address to protect against stigmatizing public attention or harassment. |
| 4 | 175 | Copy of Pre-Sentence Report and Statement of Reasons for Alberto Concepcion 05/05/00 | Bureau of Prisons policy | BOP may properly limit inmate access to PSIs and related documents to a view-only basis.  See <u>Martinez v. Bureau of Prisons</u>, 444 F.3d 620, 624 (D.C. Cir. 2006). |

| 5 | 2 | Confidential Conflict of Interest Certification | WIF: b3 (5 U.S.C. App. 4 § 107(a)(2)) | Withheld form in its entirety as required pursuant to 5 U.S.C. Appendix 4, § 107(a)(2), Title 1 of the Ethics in Government Act of 1978. There is no reasonably segregable information contained in this document. |
|---|---|---|---|---|
| 6 | 5 | Email dated April 20, 2001 from AUSA George Leon to additional AUSAs | WIF: b5 | Withheld internal email discussing whether or not various cases were still good law. This email is protected by the attorney work product privilege. There is no reasonably segregable information contained in this document. |
| 7 | 1 | February 6, 2001 letter from Andrea D. Bergman, Assistant Federal Public Defender, to Marcia Waldron, Clerk United States Court of Appeals for the Third Circuit. | WIF: b7C | Withheld letter pertains entirely to a third party's appeal. There is no reasonably segregable information contained in this document. This document is arguably non-responsive, as it pertains entirely to a third party. |
| 8 | 3 | Request for Authorization to incur and pay expenses for a shorthand reporter. | WIF: b7C | Withheld document pertains entirely to expenses for a shorthand reporter in a third party's criminal case. There is no reasonably segregable information contained in this document. This document is arguably non-responsive, as it pertains entirely to a third party. |
| 9 | 1 | January 8, 2001 letter from Tonya Wyche, Case Manager for the United States Court of Appeals for the Third Circuit, to AUSA George Leone and Andrea D. Bergman. | WIF: b7C | Withheld letter pertains entirely to a third party's appeal. There is no reasonably segregable information contained in this document. This document is arguably non-responsive, as it pertains entirely to a third party. |
| 10 | 1 | Handwritten notes. | WIF: b5 | Withheld prosecutor's handwritten notes of evidence in the context of an investigation. This document is protected by the attorney work product and the deliberative process privileges. There is no reasonably segregable information contained in this document. |

| 11 | 5 | Draft correspondence dated April 17, 2007 from AUSA Shawna H. Yen to Marcia M. Waldron and Michael J. Sullivan, Esq., McElroy, Deutsch & Mulvaney. | WIF: b5, j2 | Withheld prosecutor's unsigned draft of letter, which addresses pertinent legal authority that came to the government's attention subsequent to preparing the Brief for Appellant. This unsigned draft letter is attorney work product. There is no reasonably segregable information contained in this document. |
|---|---|---|---|---|
| 12 | 1 | Handwritten note | WIF: b5 | Withheld prosecutor's handwritten note containing prosecutor's mental impressions. This handwritten note is protected by the attorney work product privilege. There is no reasonably segregable information contained in this document. |
| 13 | 3 | Draft letter dated January 7, 2000 to Thomas Ashley, Esq. from AUSAs Scott Resnik and Carolyn A. Murray. | WIF: b5, j2 | Withheld prosecutor's unsigned draft of a letter concerning discovery in the context of a criminal investigation, which is protected by the attorney work product privilege. There is no reasonably segregable information contained in this document. |
| 14 | 46 | Draft Prosecutor's Memorandum dated 02/25/2000 | WIF: b5, j2 | Withheld draft memorandum containing prosecutor's legal strategy, which is protected by the attorney work product privilege. There is no reasonably segregable information contained in this document. |
| 15 | 2 | Internal email from Gisele Bryant, United States Attorney's Office for District of New Jersey, to Dione J. Stearns, Attorney Advisor Executive Office of United States Attorneys. | WIF: b5, j2 | Withheld internal discussion relating to the processing of the FOIA request at issue based upon the attorney work product privilege. There is no reasonably segregable information contained in this document. |
| 16 | 1 | Confidential Conflict of Interest Certification | WIF: b3 (5 U.S.C. App. 4 § 107(a)(2)) | Withheld form in its entirety as required pursuant to 5 U.S.C. Appendix 4, § 107(a)(2), Title 1 of the Ethics in Government Act of 1978. There is no reasonably segregable information contained in this document. |

| 17 | 6 | Unsigned and undated draft of guilty plea. | WIF: b5 | Withheld unsigned draft of guilty plea prepared by prosecutor under the attorney work product privilege. There is no reasonably segregable information contained in this document. |
|----|----|--------------------------------------------|---------|---------|
| 18 | 2 | Draft Prosecutor's Memorandum dated 05/05/2000 | WIF: b5, b7C, j2 | Withheld memorandum containing details of prosecutor's strategy in the context of a criminal investigation, which is protected by the attorney work product privilege. The memorandum also contains the name of a third party federal employee, which is properly withheld to protect against harassment and annoyance in the conduct of official duties and in private life. There is no reasonably segregable information contained in this document. |
| 19 | 1 | Partial draft of letter (it is missing pages) dated 12/3/1999 addressed to Hon. Alfred J. Lechner, Jr. | WIF: b5, b7C | Withheld partial draft of letter that is missing the signature page and was found in the prosecutor's file under the attorney work product privilege. In addition, the letter pertains entirely to a third party and is thus properly withheld to protect against the unwarranted invasion of personal privacy of the third party referenced therein. There is no reasonably segregable information contained in this document. This partial draft of a letter is arguably non-responsive, as it pertains entirely to a third party. |
| 20 | 8 | Unsigned 06/09/2000 draft letter from AUSA Scott Resnik to Hon. Alfred J. Lechner, Jr. | WIF: b5, b6, b7C, j2 | Withheld unsigned draft of a letter prepared by prosecutor addressing Defendant's sentencing submission. This document is protected from disclosure by the attorney work product privilege. In addition, the names of third parties referenced in the letter who provided information to the government in the conduct of a criminal investigation are properly withheld to protect against retaliation and/or harassment. There is no reasonably segregable information contained in this document. |
| 21 | 10 | Case law research | WIF: b5 | Withheld document would reveal prosecutor's legal strategy, which is protected by the attorney work product privilege. There is no reasonably segregable information contained in this document. |

| | | | | |
|---|---|---|---|---|
| 22 | 14 | Unsigned, undated handwritten notes found in prosecutor's file. | WIF: b5, b7C, j2 | The notes contain the author's mental impressions with respect to matters pertaining to the criminal investigation and are thus protected by the attorney work product privilege. The notes also contain the names of third parties who provided information to the government pursuant to a subpoena and are properly withheld to protect against harassment or unwanted attention. There is no reasonably segregable information contained in this document. |
| 23 | 9 | Signed 06/13/2000 letter to the Hon. Alfred J. Lechner, Jr. from the prosecuting AUSA. | WIF: b5, b6, b7C, j2 | Withheld letter containing the prosecutor's mental impressions under the attorney work product privilege on the ground that there is no indication on the letter that it was filed. In addition, the letter references the names of third parties who provided information to the government and is thus properly withheld to protect against harassment or unwanted attention. There is no reasonably segregable information contained in this document. |
| 24 | 10 | Signed 04/16/2003 consent decree pertaining to a third party. | WIF: b7C | Withheld consent decree pertaining to a third party. The exempt information is so inextricably intertwined with any non-exempt information that it cannot be meaningfully segregated for release. |
| 25 | 1 | Signed 02/20/2001 certificate of perjury relating to a third party. | WIF: b7C, j2 | Withheld certificate of perjury relating to a third party. The exempt information is so inextricably intertwined with any non-exempt information that it cannot be meaningfully segregated for release. |
| 26 | 3 | Selected portions of the Federal Rules of Criminal Procedure found in the prosecutor's case file. | WIF: b5 | Withheld the selected portions of the Federal Rules of Criminal Procedure that were found in the prosecutor's case file on the ground that releasing those portions of the rules would reveal the prosecutor's mental impressions; they are thus protected under the attorney work product privilege. |