UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

)
ALBERTO CONCEPCION,                        )
                                           )
        Plaintiff,                         )
                                           )
        v.                                 )        Civil Action 07-1766 (RMU)
                                           )
FEDERAL BUREAU OF INVESTIGATION,           )
et al.,                                    )
                                           )
        Defendants.                        )
_____)

## OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR CLARIFICATION AS TO THE COURT'S APRIL 24, 2008 MINUTE ORDER

On April 29, 2008, the Federal Bureau of Investigation (the "FBI") and the Executive

Office of the United States Attorneys (the "EOUSA") (collectively, "Defendants") received

notice through this Court's Electronic Case Filing system that Plaintiff had filed a motion for

summary judgment.  (See Docket No. 19.)  This Court should deny Plaintiff's motion for

summary judgment for the reasons set forth below (including that it is premature and addresses

matters that are well beyond the scope of this case).  Moreover, Defendants respectfully request

that this Court clarify that its April 24, 2008 Minute Order granting Defendants' motion for a

protective order absolves Defendants of their obligation to respond to any discovery requests that

Plaintiff may serve upon them until further order of this Court.

A.      Plaintiff's Motion for Summary Judgment Should Be Denied

Plaintiff's motion for summary judgment is improper given the nature and posture of this

case.  Plaintiff is a pro se prisoner who brought this action pursuant to the Freedom of

Information Act ("FOIA"), 5 U.S.C. § 552, to obtain the disclosure of documents relating to the

criminal case brought against him.  (See Compl. ¶69.)  However, Plaintiff's 38-page motion for

summary judgment contains mostly argument attacking the propriety of his imprisonment; it has

little to do with the FOIA requests at issue in this litigation.[1]  To the extent the motion for

summary judgment does address matters pertaining to this litigation, it asserts that Defendants

have acted improperly by:  (1) withholding non-exempt records covered by Plaintiff's FOIA

requests; and (1) failing to respond to Plaintiff's discovery requests.[2]  (See, e.g., Docket No. 19

at ¶¶9, 56-58.)  However, Plaintiff's challenge to Defendants' withholdings is premature in light

of the fact that Defendants have not yet had an opportunity to explain and justify their

withholdings, which they will do in their upcoming dispositive motion.  (See Feb. 14, 2008

Minute Order (setting May 30, 2008 as the deadline for Defendants' dispositive motion).)  Any

---

[1] (See Docket No. 19 at ¶16 ("Here Plaintiff . . . is proving 'beyond a reasonable doubt' that he was not indicted by any Grand Jury as required by Law . . . ." (emphasis omitted)); id. at ¶26 (claiming that Plaintiff "'WAS MISTAKENLY' convicted" (emphasis omitted)); id. at ¶¶27-34 (asserting that Plaintiff was wrongfully charged pursuant to unpublished regulations); id. at ¶37 (arguing that Plaintiff's "plea agreement . . . is . . . 'invalid'" because the court in which it was executed "'DID NOT' have jurisdiction" over him (emphasis omitted)); id. at ¶¶38-55 (tracing the history of a particular statute to show that it "'is unconstitutional' on its face, [and that] the NJDC [New Jersey District Court] 'never had jurisdiction'" over Plaintiff); see generally id. at ¶¶15-55.)

[2] Plaintiff also asserts that:  (1) he did not receive by mail Defendants' January 4, 2008 motion for an extension of time to respond to the Complaint; and (2) Defendants' February 5, 2008 motion for a protective order was post-marked nine days after its filing and did not contain a copy of the exhibit referenced therein (which was Plaintiff's own set of discovery requests, dated January 2, 2008).  (See Docket No. 19 at ¶8.)  The undersigned counsel mailed the January 4 and February 5 filings to the address listed on the Complaint on January 4 and February 5, respectively.  On or about February 14, 2008, the February 5 filing was returned to the undersigned counsel as undeliverable.  It was at that point that the undersigned counsel first realized that Plaintiff had been transferred to a different facility and that the address listed on the Complaint was not a viable address.  The undersigned counsel promptly sent Plaintiff a new copy of the February 5 filing (the "February 14 mailing").  To the best of the undersigned counsel's recollection, the February 14 mailing contained a copy of the exhibit referenced in the February 5 filing.  The undersigned counsel never received notice that the January 4 filing had not been delivered to Plaintiff.  In any event, the undersigned counsel will today send Plaintiff new and complete copies of the January 4 and February 5 filings, to ensure that his records are complete.

challenge to Defendants' withholdings must await the filing of their dispositive motion.[3]

Furthermore, Plaintiff's complaint that Defendants have not responded to his discovery requests

is unfounded. By order of this Court, Defendants are currently under no obligation to respond to

Plaintiff's discovery requests. (See Apr. 24, 2008 Minute Order (granting Defendants' motion

for a protective order).)

> B.    Defendants Respectfully Request that this Court Grant Their Motion for
>        Clarification

On February 5, 2008, Defendants filed a motion for a protective order after they received

discovery requests from Plaintiff dated January 2, 2008. This Court granted Defendants' motion

for a protective order by Minute Order dated April 24, 2008. The Minute Order states:

> The discovery and motions schedule for this case is set out in the court's February 14,
> 2008 and April 14, 2008 minute orders. The plaintiff's discovery request is premature in
> light of these directions as well as the court's denial of the plaintiff's motion to compel
> on February 26, 2008. The defendants are not obliged to respond to the plaintiff's
> January 2, 2008 discovery request until further order of the court following the close of
> pleadings and a decision on dispositive motions.

Defendants recently received a second set of discovery requests from Plaintiff,[4] and to avoid any

confusion, respectfully request that this Court clarify that its April 24, 2008 Minute Order frees

---

[3] In his motion for summary judgment, Plaintiff states that as of April 22, 2008, he had
not yet received any documents from the FBI or the EOUSA in response to his FOIA requests.
(Docket No. 19 at ¶13.) Yet, as of April 11, 2008, the FBI had produced to Plaintiff 890 pages
of documents (see Docket No. 17 at 2), and the EOUSA had produced to Plaintiff more than
2,400 pages of documents (see Docket No. 20-2 at ¶5). Moreover, the FBI produced its 890
pages of documents on a rolling basis, beginning on or about February 26, 2008. If upon
receiving this filing, Plaintiff still has not received the aforementioned productions, Plaintiff
should inform the undersigned counsel of that fact. The undersigned counsel will then work with
the FBI and the EOUSA to ensure that Plaintiff receives the productions.

[4] Although this second set of discovery requests was dated March 6, 2008, it was not
received by the undersigned counsel until approximately two weeks ago. Mail sent to the United
States Attorney's Office undergoes a rigorous and time-consuming screening process in the
Department of Justice's mailroom before it is delivered to the addressee(s). The processing of
mail in the Department of Justice's mailroom routinely takes more than a month.

them of their obligation to respond to any discovery requests that they may receive from Plaintiff

(not only those dated January 2, 2008) until further order of this Court.

## **CONCLUSION**

For the reasons set forth above, Defendants respectfully requests that this Court:  (1) deny

Plaintiff's motion for summary judgment; and (2) clarify that its April 24, 2008 Minute Order

granting Defendants' motion for a protective order absolves Defendants of their obligation to

respond to any discovery requests that Plaintiff may serve upon them until further order of this

Court.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_____/s/_____
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 307-0372
Fax: (202) 514-8780
Christopher.Harwood@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 5, 2008, I caused a copy of the foregoing to be served via

first class prepaid postage as follows:

ALBERTO CONCEPCION
#22853-050
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, N.J. 08640

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

ALBERTO CONCEPCION,                                        )
                                                           )
                    Plaintiff,                             )
                                                           )
                    v.                                     )          Civil Action 07-1766 (RMU)
                                                           )
FEDERAL BUREAU OF INVESTIGATION,                           )
et al.,                                                    )
                                                           )
                    Defendants.                            )
_____)

## **ORDER**

Having considered Defendants' Opposition to Plaintiff's Motion for Summary Judgment,

Defendants' Cross-Motion for Clarification as to this Court's April 24, 2008 Minute Order, and

the entire record herein, it is this _____ day of _____, 2008, hereby:

ORDERED that Plaintiff's Motion for Summary Judgment is DENIED; and it is

FURTHER ORDERED that Defendants' Cross-Motion for Clarification as to this Court's

April 24, 2008 Minute Order is GRANTED; and it is

FURTHER ORDERED that Defendants are not obligated to respond to any discovery

requests that Plaintiff may serve upon them until further order of this Court.

SO ORDERED.


_____
UNITED STATES DISTRICT JUDGE

Copy to:

ECF Counsel

ALBERTO CONCEPCION
#22853-050
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, N.J. 08640