UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
ALBERTO CONCEPCION,                     )
                                        )
            Plaintiff,                  )
                                        )
        v.                              )        Civil Action 07-1766 (RMU)
                                        )
FEDERAL BUREAU OF INVESTIGATION,        )
et al.,                                 )
                                        )
            Defendants.                 )
_____)

## NOTICE OF FILING

        Pursuant to this Court's April 14, 2008 Minute Order, the Federal Bureau of Investigation

("FBI") respectfully submits the attached Second Declaration of David M. Hardy ("Hardy

Decl."), which includes a sample Vaughn index.

        As stated in the attached declaration, in searching its records, the FBI located 2,094 pages

of documents responsive to Plaintiff's Freedom of Information Act ("FOIA") requests.  (Hardy

Decl. ¶5.)  Of those 2,094 pages, the FBI released 890 pages to Plaintiff in full or in part.  (Id.)

In addition, the FBI referred approximately 630 pages to the following government agencies:

(1) Immigration and Customs Enforcement (3 pages); (2) the Department of Justice ("DOJ")

(20 pages); and (3) the Drug Enforcement Administration ("DEA") (608 pages).[1]  (Id.)  The FBI

_____

        [1] In a prior filing (see Docket No. 17), the FBI stated that it had referred 538 pages to the
DEA.  In fact, the FBI has referred 608 pages to the DEA.  Among those pages are DEA-created
documents that the FBI was able to determine relate to Plaintiff, as well as DEA-created
documents that the FBI thought might relate to Plaintiff.  It may be the case that some of the
608 pages referred to the DEA do not relate to Plaintiff and are therefore not responsive to
Plaintiff's FOIA requests.

has been in close contact with each of those agencies and expects to file Vaughn indices on their

behalf no later than May 23, 2008.[2]

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_____/s/_____
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 307-0372
Fax: (202) 514-8780
Christopher.Harwood@usdoj.gov

---

[2] The FBI has learned that the DOJ referred the 20 pages that the FBI referred to it to the Executive Office for United States Attorneys ("EOUSA").  (Hardy Decl. ¶5.)  The EOUSA is the agency that will prepare a Vaughn index for those 20 pages.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 16, 2008, I caused a copy of the foregoing to be served via

first class prepaid postage as follows:

ALBERTO CONCEPCION
#22853-050
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, N.J. 08640


                /s/
                Christopher B. Harwood

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ALBERTO CONCEPCION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 07-CV-1766(ESH) |
| v. | ) | |
| | ) | |
| FEDERAL BUREAU OF INVESTIGATION, | ) | |
| et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## SECOND DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)     I am currently the Section Chief of the Record/Information Dissemination Section

("RIDS"), Records Management Division ("RMD"), at Federal Bureau of Investigation

Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002.

Prior to my joining the Federal Bureau of Investigation ("FBI"), from May 1, 2001 to July 31,

2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I

had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and

litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge

Advocate at various commands and routinely worked with FOIA matters. I am also an attorney

who has been licensed to practice law in the State of Texas since 1980.

(2)     In my official capacity as Section Chief of RIDS, I supervise approximately 190

employees who staff a total of ten (10) FBIHQ units and a field operational service center unit

whose collective mission is to effectively plan, develop, direct, and manage responses to requests

for access to FBI records and information pursuant to the FOIA; Privacy Act; Executive Order

12958, as amended; Presidential, Attorney General, and FBI policies and procedures; judicial

decisions; and Presidential and Congressional directives. The statements contained in this

declaration are based upon my personal knowledge, upon information provided to me in my

official capacity, and upon conclusions and determinations reached and made in accordance

therewith.

(3)    Due to the nature of my official duties, I am familiar with the procedures followed

by the FBI in responding to requests for information from its files pursuant to the provisions of

the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am

aware of the FBI's treatment of the numerous FOIA/Privacy Act requests of plaintiff Alberto

Concepcion starting on September 13, 2005, which seek access to records concerning himself at

FBIHQ and the FBI's Newark Field Office.

(4)    All of the information the FBI acquires in the course of fulfilling its mandated law

enforcement responsibilities, including conducting criminal investigations, is maintained in the

Central Records System ("CRS"). Accordingly, the FBI uses the CRS to search for documents

that are potentially responsive to FOIA/Privacy Act requests. The mechanism that the FBI uses

to search the CRS (which is not itself a searchable, computerized database) is the Automated

Case Support System ("ACS"). The ACS is a computerized and searchable database that

contains all of the information maintained on the CRS. In response to Plaintiff's FOIA requests,

the FBI searched the CRS for Plaintiff's name using the ACS. If the FBI possesses documents

2

responsive to Plaintiff's FOIA requests (i.e., documents relevant to the criminal case brought against Plaintiff), they would be located by searching the CRS for Plaintiff's name using the ACS. Thus, the search that the FBI conducted of the CRS was reasonably calculated to uncover all documents responsive to Plaintiff's FOIA requests.[1] The search uncovered two investigative case files. One relates to a presently ongoing investigation. That file was not searched as it does not relate to the criminal case that is the subject of Plaintiff's FOIA requests and is exempt from disclosure pursuant to 5 U.S.C. § 552 (b)(7)(A). The other file was searched, and the results of that search are described herein.[2]

(5)     As of this date, the FBI has processed a total of 2094 pages responsive to plaintiff's requests, and has released to plaintiff a total of 890 pages in full or in part. Processing material responsive to plaintiff's request also included making referrals to other government agencies. Referrals were made to the following government agencies: Department of Justice ("DOJ") (20 pages), Drug Enforcement Agency ("DEA") (608 pages), and Bureau of Customs and Border Protection (3 pages.) When DOJ reviewed the referred documents, it was discovered that the documents did not originate from it but with a component, Executive Office for United States Attorneys ("EOUSA"). DOJ forwarded the referral to EOUSA for handling.

(6)     The purpose of this declaration is to provide the Court and plaintiff with a sample Vaughn index consisting of a representative sample of the documents withheld in full and in part

---

[1] A complete description of the CRS can be found at ¶¶ 26-31 of the Hardy Declaration dated February 13, 2008.

[2] See Hardy Declaration dated February 13, 2008, ¶¶ 37-42, for the explanation regarding the search for documents responsive to plaintiff's request.

in accordance with <u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Cir. 1973). The FBI is providing a justification for the information withheld pursuant to Privacy Act Exemption (j)(2), 5 U.S.C. § 552a (j)(2), and FOIA Exemptions 2, 3, 5, 6, 7(C), 7(D), and 7(E), 5 U.S.C. §§ 552 (b)(2), (b)(3), (b)(5), (b)(6), (b)(7)(C), (b)(7)(D), and (b)(7)(E).

(7)    On May 9, 2008 the FBI received a referral from EOUSA dated April 11, 2008. **(See Exhibit A.)** This referral consisted of 214 pages of material. The FBI reviewed the materials from EOUSA and many of the documents are duplicates of what the FBI has already processed. The remainder of the documents will be processed. The FBI has reviewed the EOUSA referral and has determined that the Vaughn index sample described herein is a representative sample of the materials that the FBI located in its files, as well as the materials that were referred to the FBI by the EOUSA for processing.

## CORRESPONDENCE

(8)    By letter dated February 25, 2008, FBIHQ advised that it had reviewed 606 pages and was releasing 31 pages. Plaintiff was also advised that he could file an administrative appeal by writing to the Co-Director, Office of Information and Privacy ("OIP"), United States Department of Justice ("DOJ"), 1425 New York Avenue, NW, Suite 11050, Washington, DC 20530-0001. **(See Exhibit B.)**

(9)    By letter dated March 24, 2008, FBIHQ advised that it had reviewed 632 pages and was releasing 368 pages. Plaintiff was advised that he could file an administrative appeal to

"OIP" and that he was being charged duplication fees totaling $29.90 for this release.[3]    **(See**

**Exhibit C.)**

(10)    By letter dated March 27, 2008, FBIHQ advised that it had reviewed 856 pages

and was releasing 491 pages.  Plaintiff was advised that he could file an administrative appeal to

"OIP" and that he was being charged duplication fees totaling $49.10 for this release.[4]    **(See**

**Exhibit D.)**

(11)    By letter dated April 15, 2008, FBIHQ resent the disclosure package originally

sent on March 27, 2008, to Plaintiff's new address.  The original letter was sent to Plaintiff's old

address.[5]    **(See Exhibit E.)**

**EXPLANATION OF CODED FORMAT USED FOR THE
JUSTIFICATION OF DELETED MATERIAL**

(12)    All documents were processed to achieve maximum disclosure consistent with the

access provisions of the Privacy Act and the FOIA.  Every effort was made to provide plaintiff

with all material in the public domain and with all reasonably segregable portions of releasable

material.  No reasonably segregable, nonexempt portions were withheld from plaintiff. To further

describe the information withheld would identify the very material which the FBI seeks to

---

[3] On March 31, 2008, a letter dated March 24, 2008, was returned by the United States
Postal Service "USPS" as "Not Deliverable As Addressed - Unable To Forward".  The release
package has been mailed to plaintiff's current address by letter dated May 16, 2008.

[4] The FBI has not received payment from Plaintiff for his duplication fees, which have a
combined total of $79.00.  Therefore, plaintiff has failed to exhaust the administrative remedies
available to him.

[5]According to FBI records, the USPS has not returned the March 27, 2008 release
package; however, the FBI resent this release instead of the March 24, 2008 release package.

5

protect. Copies of the *Vaughned* pages released in part, withheld in full and released in full are

attached hereto as **Exhibit F.** Each page of **Exhibit F** is consecutively numbered Concepcion 1 -

206 in the lower right-hand corner.[6] The exemptions asserted by the FBI as grounds for non-

disclosure of portions of documents are Exemption (j)(2) of the Privacy Act, and FOIA

Exemptions (b)(2), (b)(3), (b)(5), (b)(6), (b)(7)(C), (b)(7)(D), and (b)(7)(E).

   (13)   Copies of the designated documents contain, on their face, coded categories of

exemptions which detail the nature of the information withheld pursuant to the provisions of the

FOIA. The coded categories are provided to aid the Court's and plaintiff's review of the FBI's

explanations of FOIA exemptions used to withhold the protected material. Accordingly, a

review of this information will reveal that all material withheld is exempt from disclosure

pursuant to FOIA Exemptions, or it is so intertwined with protected material that segregation is

not possible without revealing the underlying protected material.

   (14)   Each withholding of information is accompanied by a code that corresponds to the

categories listed below. For example, if "(b)(7)(C)-1" appears on the page, the "(b)(7)(C)"

designation refers to "Exemption (b)(7)(C)" of the FOIA concerning "Unwarranted Invasion of

Personal Privacy." The subcategory "1" narrows the main category into the more specific

subcategory "Names and/or Identifying Information of FBI Special Agents ("SAs") and Support

Personnel." The coded categories of exemptions used in the processing of documents responsive

to plaintiff's requests are set forth as follows:

---

   [6] Some pages were numbered in the top right-hand corner as the result of a computer
glitch.

| SUMMARY OF JUSTIFICATION CATEGORIES | |
|---|---|
| **CODED CATEGORIES** | **INFORMATION WITHHELD** |
| **Category (b)(2)** | **INTERNAL AGENCY RULES AND PRACTICES** |
| **(b)(2)-1** | Telephone Numbers of FBI Personnel |
| **(b)(2)-2** | Internal Procedure on FD-515 (Cited in conjunction with (b)(7)(E)-1.) |
| **(b)(2)-3** | Techniques/Procedures for Law Enforcement and Information Pertaining to an FBI Undercover Operation (Cited in conjunction with (b)(7)(E)-2.) |
| **(b)(2)-4** | Source Symbol Numbers (Cited in conjunction with (b)(7)(D)-4.) |
| **(b)(2)-5** | Informant File Numbers (Cited in conjunction with (b)(7)(D)-2.) |
| **Category (b)(3)** | **SPECIFICALLY EXEMPTED FROM DISCLOSURE BY STATUTE** |
| **(b)(3)** | Federal Grand Jury Information |
| **Category (b)(5)** | **PRIVILEGED INFORMATION** |
| **(b)(5)** | Deliberative Process Privilege |
| **Category (b)(6)** | **UNWARRANTED INVASION OF PERSONAL PRIVACY** |
| **(b)(6)-1** | Names and/or Identifying Information of FBI SAs and Support Personnel (Cited in conjunction with (b)(7)(C)-1.) |
| **(b)(6)-2** | Names and/or Identifying Information of Third Parties of Investigative Interest (Cited in conjunction with (b)(7)(C)-2.) |
| **(b)(6)-3** | Names and/or Identifying Information concerning Third Parties Merely Mentioned (Cited in conjunction with (b)(7)(C)-3.) |
| **(b)(6)-4** | Names and/or Identifying Information for Local or State Law Enforcement Employees (Cited in conjunction with (b)(7)(C)-4.) |
| **(b)(6)-5** | Names and/or Identifying Information of a Cooperating Witness (Cited in conjunction with (b)(7)(C)-5.) |
| **(b)(6)-6** | Names and/or Identifying Information of Confidential Sources (Cited in conjunction with (b)(7)(C)-6.) |

| SUMMARY OF JUSTIFICATION CATEGORIES | |
|---|---|
| **CODED CATEGORIES** | **INFORMATION WITHHELD** |
| **(b)(6)-7** | Names and/or Identifying Information of Non-FBI Federal Law Enforcement Employees (Cited in conjunction with (b)(7)(C)-7.) |
| **Category (b)(7)(C)** | **UNWARRANTED INVASION OF PERSONAL PRIVACY** |
| **(b)(7)(C)-1** | Names and/or Identifying information of FBI SAs and Support Personnel (Cited in conjunction with (b)(6)-1.) |
| **(b)(7)(C)-2** | Names and/or Identifying Information of Third Parties of Investigative Interest (Cited in conjunction with (b)(6)-2.) |
| **(b)(7)(C)-3** | Names and/or Identifying Information concerning Third Parties Merely Mentioned (Cited in conjunction with (b)(6)-3.) |
| **(b)(7)(C)-4** | Names and/or Identifying Information for Local or State Law Enforcement Employees (Cited in conjunction with (b)(6)-4.) |
| **(b)(7)(C)-5** | Names and/or Identifying Information of a Cooperating Witness (Cited in conjunction with (b)(6)-5.) |
| **(b)(7)(C)-6** | Names and/or Identifying Information of Confidential Sources (Cited in conjunction with (b)(6)-6.) |
| **(b)(7)(C)-7** | Names and/or Identifying Information of Non-FBI Federal Law Enforcement Employees (Cited in conjunction with (b)(6)-7.) |
| **Category (b)(7)(D)** | **CONFIDENTIAL SOURCE MATERIAL** |
| **(b)(7)(D)-1** | Names and/or Information Provided by a Cooperating Witness (Cited in conjunction with (b)(6)-5 and (b)(7)(C)-5.) |
| **(b)(7)(D)-2** | Informant File Numbers (Cited in conjunction with (b)(2)-5.) |
| **(b)(7)(D)-3** | Information Provided by a Confidential Source (Express Confidentiality) (Cited in conjunction with (b)(6)-6 and (b)(7)(C)-6.) |
| **(b)(7)(D)-4** | Source Symbol Number (Cited in conjunction with (b)(2)-4.) |
| **Category (b)(7)(E)** | **INVESTIGATIVE TECHNIQUES AND PROCEDURES** |
| **(b)(7)(E)-1** | Effectiveness Rating- FD-515 (May be cited in conjunction with (b)(2)-2.) |

| SUMMARY OF JUSTIFICATION CATEGORIES | |
| --- | --- |
| **CODED CATEGORIES** | **INFORMATION WITHHELD** |
| (b)(7)(E)-2 | Internal FBI Techniques and Procedures and Information Pertaining to an FBI Undercover Operation (Cited in conjunction with (b)(2)-3.) |

## JUSTIFICATION FOR REDACTIONS

(15)    The paragraphs that follow explain the FBI's rationale for withholding each particular category of information under the specific exemption categories described above.

## PRIVACY ACT EXEMPTION (j)(2)

(16)    Section (j)(2) of the Privacy Act exempts from mandatory disclosure systems of records "maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including police efforts to prevent, control, or reduce crime or to apprehend criminals . . ."

(17)    The investigatory records at issue in this matter are part of the FBI's Central Records System and concern a criminal investigation of plaintiff. The file concerns an instance where the FBI investigated plaintiff for narcotics charges in violation of 21 U.S.C. § 841(a)(1). Accordingly, these files are exempt from disclosure pursuant to 5 U.S.C. § 552a (j)(2), in conjunction with 28 C.F.R. § 16.96. Although access to these records was denied under the Privacy Act, they have been processed under the access provisions of the FOIA.

## EXEMPTION (b)(2)
## INTERNAL AGENCY RULES AND PRACTICES

(18)    5 U.S.C. § 552 (b)(2) exempts from disclosure:

information "related solely to the internal personnel rules and practices of an

agency."

(19)    This exemption protects routine internal administrative matters and functions of the FBI which have no effect on the public at large. Disclosure of this information could impede the effectiveness of the FBI's internal law enforcement procedures.

### (b)(2)-1    FBI Telephone Numbers

(20)    Exemption (b)(2)-2 has been asserted to protect telephone numbers of an FBI Special Agent and a support employee. The telephone number clearly relates to the internal practices of the FBI in that this tool is used by FBI personnel during the performance of their duties. Disclosure of the business telephone numbers could subject these individuals to harassing telephone calls which could disrupt official business (including impeding their ability to conduct and conclude law enforcement investigations in a timely manner).

(21)    Accordingly, because these internal telephone numbers are related solely to the FBI's internal practices, because disclosure would not serve any public interest, and because disclosure would impede the FBI's effectiveness by subjecting the FBI employees whose telephone numbers were disclosed to the possibility of harassment, the FBI properly withheld this information pursuant to Exemption (b)(2)-1. Exemption (b)(2)-1 is cited on the following pages: Concepcion 4, 10, 28, 38, 40, 48, 49, 51, 53, 55, 61-62, 67-71, 87, 117, 146, 149, 159, 196, and 199-200.

### (b)(2)-2    FD-515

(22)    Exemption (b)(2)-2 is cited, in conjunction with (b)(7)(E)-1, to withhold certain information on FBI Form FD-515, which is an investigative accomplishments report. The FD-

515 is submitted by an investigative Special Agent at various stages in an investigation to report statistical results such as indictments, arrests and convictions, or the recovery of stolen property. Additionally, this form contains a list of investigative techniques under the heading "Investigative Assistance or Technique Used" which, if utilized during an investigation, are rated numerically to memorialize their effectiveness. If the form contains a numerical rating adjacent to one or more of the listed investigative techniques, all columns of rating spacings have been excised in order to preclude disclosure of both the particular investigative techniques used in the investigation and the effectiveness of the individual techniques. If the rating columns were released along with the ratings of each technique used, plaintiff and others involved in criminal violations could change their activities and modus operandi to avoid detection and/or surveillance in the future. Accordingly, because this information relates solely to the FBI's internal practices, because disclosure would not serve any public interest, and because disclosure would impede the FBI's effectiveness and potentially aid in circumvention of the techniques if disclosed, the FBI properly withheld this information pursuant to Exemption (b)(2)-2. Exemption (b)(2)-2 is cited on the following pages: Concepcion 21, 25-26, 44, 46, 47, and 157-158.

### (b)(2)-3    Internal Techniques and Procedures and Information Pertaining to FBI Undercover Operation

(23)    Exemption (b)(2)-3 is cited, in conjunction with (b)(7)(E)-2, to withhold certain techniques and procedures the FBI uses when it is conducting criminal investigations and undercover operations. Exemption (b)(2)-3 is cited here to protect such information as instructions to cooperating witnesses, the amount of money used to purchase evidence, and

specific investigatory techniques used during the investigation. Accordingly, because this information relates solely to the FBI's internal practices, because disclosure would not serve any public interest, and because disclosure would impede the FBI's effectiveness by providing plaintiff and other potential lawbreakers with information they could use to circumvent the techniques at issue, the FBI properly withheld this information pursuant to Exemption (b)(2)-3.

(24)    Exemption (b)(2)-3 has also been asserted to protect the dollar amount of funds paid to an informant as well as logistical details of an FBI undercover operation. If this internal administrative information were disclosed, it could provide insight into the FBI's funding of informant matters and how the FBI conducts undercover operations. This information could be used to predict how the FBI will fund and conduct similar operations in the future. The information could be used as means by which to exhaust the FBI's funding of a particular investigation, which in turn could impede the effectiveness of the FBI's internal law enforcement procedures. Accordingly, the FBI properly protected this information pursuant to Exemption (b)(2)-3.

Exemption (b)(2)-3 is cited on the following pages: Concepcion 2-4, 9, 12-17, 28, 38, 51-52, 58, 70, 72-73, 117, 153, and 159.

### (b)(2)-4    Source Symbol Numbers

(25)    Exemption (b)(2)-4 has been asserted to withhold source symbol numbers in the records responsive to plaintiff's request. Source symbol numbers are used to administratively conceal an individual's identity by inserting this number in written documents in lieu of his/her true name. A source symbol number is comprised of a two or three letter abbreviation which

12

identifies the particular FBI field office where the symbol numbered source is operating or has operated, followed by a sequentially assigned number. Using a fictitious symbol number, NK 1234, the two letter abbreviation "NK" reveals that this is a source of the FBI's Newark Field Office and the source is the 1,234th symbol numbered source of that office. Source symbol numbers are assigned to confidential informants who report information to the FBI on a regular basis pursuant to an "express" grant of confidentiality. The informant symbol number is a unique identifier for an individual within a particular field office, which in this case is the Newark Field Office. Once this number is assigned, it will always be synonymous with the individual. Disclosure of this material would reveal information as to the strength, breadth and scope of the informant program. An individual's source symbol number does not shed light upon the FBI's performance of its statutory duties; therefore, there exists no public interest in the release of that number. Exemption (b)(2)-4 is cited on the following pages: Concepcion 5, 65, and 162.

### (b)(2)-5      Informant File Numbers

(26)    Exemption (b)(2)-5 is cited in conjunction with (b)(7)(D)-2 in the responsive documents to protect sources' informant file numbers. An informant file number is an administrative tool used internally within the FBI to facilitate the flow and retrieval of information supplied to it by a source. Informant file numbers are unique to each confidential source and are assigned to enable the FBI to administer its confidential source program while simultaneously protecting the identity of its sources. The file is a repository for background data on the source, and also contains information provided by him/her concerning other individuals and/or targets of FBI interest on which he/she reported information. The informant file number

13

consists of a three number classification which is assigned according to the nature of the information normally provided by the source.[7] The second part of the file number consists of a case number, which is a sequentially assigned number unique to only one informant of a particular FBI field office. Informant file numbers are unique identifiers within a particular field office, which in this case is the Newark Field Office. Once a file number is assigned to an informant, it will always be synonymous with that informant. Any time an informant file number is mentioned in an FBI document, regardless of the investigation, it would represent one very singular identifier for JOHN DOE (NK-1234). The informant file numbers do not shed light upon the FBI's performance of its statutory duties; therefore, there exists no public interest in the release of these numbers. Exemption (b)(2)-5 is cited on the following pages: Concepcion 18, and 192-193.

## EXEMPTION (b)(3)
## INFORMATION PROTECTED BY STATUTE

(27)   5 U.S.C. § 552 (b)(3) exempts from disclosure information:

> specifically exempted from disclosure by statute . . . provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.

### (b)(3)        Federal Grand Jury

(28)   Exemption (b)(3) has been used in conjunction with Rule 6(e) of the Federal Rules of Criminal Procedure to withhold Federal Grand Jury ("FGJ") information. It is well-

---

[7] The classification "134" designates a security informant, "137" designates a criminal informant, "170" designates an extremist informant and "270" designates a cooperating witness.

established that Rule (6)(e) embodies a broad, sweeping policy of preserving the secrecy of FGJ

material regardless of the substance of the material. In the investigative file searched in

connection with this litigation, only that information which explicitly discloses matters occurring

before a FGJ has been withheld pursuant to FOIA Exemption (b)(3). Specifically, the names of

individuals who testified before the FGJ, personal information of third parties merely mentioned,

and property items seized during the criminal investigation were withheld pursuant to this

exemption. Disclosure would clearly violate the secrecy of the FGJ proceedings and could reveal

the inner workings of the FGJ that considered this case. Accordingly, the FBI properly protected

this information pursuant to FOIA Exemption (b)(3). Exemption (b)(3) is cited on the following

page: Concepcion 19-20, and 77.

### EXEMPTION (b)(5)
### DELIBERATIVE PROCESS INFORMATION

(29)    5 U.S.C. § 552 (b)(5) exempts from disclosure:

> inter-agency or intra-agency memorandums or letters which would not be
> available by law to a party other than an agency in litigation with the agency.

(30)    Exemption 5 has been construed to exempt those documents or information

normally privileged in the civil discovery context, including specifically the deliberative process

privilege. The deliberative process privilege protects the internal deliberations of the government

by exempting from release recommendations, analysis, speculation and other non-factual

information prepared in anticipation of decision-making. Exemption 5 allows for the

withholding of material that contains or was prepared in connection with the formulation of

opinions, advice, evaluations, deliberation, policy formulation, proposals, conclusions or

15

recommendations. Release of this type of information would have an inhibitive effect upon the development of policy and administrative direction. Furthermore, exempting such documents from disclosure also protects against public confusion that might result from preliminary disclosure of opinions and information that do not, in fact, reflect the final views or policies of the FBI. The privilege is designed to protect not only documents but also the integrity of the deliberative process itself where the exposure of the process would result in harm. FBI employees would hesitate to offer their candid and conscientious opinions to superiors or coworkers if they knew that their opinions of the moment might be made a matter of public record at some future date.

(31)    Here, exemption (b)(5) has been used to withhold the following type of information: an Affidavit in support of an application to seize vehicles. Disclosure of such information is justified because this was a draft Affidavit which had not yet been approved or signed as a final version of the document. Exemption (b)(5) is cited on the following pages: Concepcion 183-191.

## EXEMPTION (b)(6)
## CLEARLY UNWARRANTED INVASION OF PERSONAL PRIVACY

(32)    5 U.S.C. § 552 (b)(6) exempts from disclosure:

> personnel and medical files and similar files disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

(33)    In asserting this exemption, each piece of information was scrutinized to determine the nature and strength of the privacy interest of any individual whose name and/or identifying information appears in the documents at issue. In withholding the information, the

16

individual's privacy interest was balanced against the public's interest in disclosure. In making

this analysis, public interest information was determined to be information which would shed

light on the FBI's performance of its mission to protect and defend the United States against

terrorist and foreign intelligence threats, to uphold and enforce the criminal laws of the United

States, and to provide leadership and criminal justice services to federal, state, municipal, and

international agencies and partners. In each instance where information was withheld, it was

determined that individual privacy rights outweighed the public interest.

### (b)(6)-1    Names and/or Identifying Information of FBI Special Agents and Support Personnel

(34)    Exemption (b)(6)-1 has been asserted, in conjunction with Exemption (b)(7)(C)-1,

to protect the names and identifying information (such as social security numbers, telephone

numbers, and telephone extensions) of FBI SAs and support personnel who were responsible for

conducting, supervising, and/or maintaining the investigative activities reported in the documents

concerning plaintiff and others. These responsibilities include interviewing cooperating

witnesses and sources, and reviewing materials compiled as a result of the investigation of

plaintiff and others. Assignments of SAs to any particular investigation are not by choice.

Publicity (adverse or otherwise) regarding any particular investigation to which they have been

assigned may seriously prejudice their effectiveness in conducting other investigations. The

privacy consideration is also to protect FBI SAs, as individuals, from unnecessary, unofficial

questioning as to the conduct of this or other investigations, whether or not they are currently

employed by the FBI. FBI SAs conduct official inquiries into various criminal and national

security violation cases. They come into contact with all strata of society when conducting

searches and making arrests, both of which result in reasonable but nonetheless serious disturbances to people and their lives. It is possible for an individual targeted by such law enforcement actions to carry a grudge which may last for years. These individuals may seek revenge on the agents and other federal employees involved in a particular investigation. The publicity associated with the release of an agent's identity in connection with a particular investigation could trigger hostility toward a particular agent. There is no public interest to be served by disclosing the identities of the SAs to the public.

(35) The names of FBI support employees are also withheld pursuant to FOIA Exemption (b)(6)-1. These employees were assigned to handle tasks relating to the official investigation into the activities of plaintiff and others and are identified by name in the files responsive to plaintiff's request. They were, and possibly are, in positions of access to information regarding official law enforcement investigations, and therefore could become targets of harassing inquiries for unauthorized access to investigations if their identities were released. These individuals maintain substantial privacy interests in not having their identities disclosed. Because there is no public interest to be served by releasing the identities of these individuals, any such disclosure would constitute a clearly unwarranted invasion of their personal privacy. Exemption (b)(6)-1 is cited on the following pages: Concepcion 1-2, 4-6, 8-10, 12-13, 15, 18-19, 21-26, 28, 38, 40, 44, 46-53, 55, 61-63, 65, 67-71, 74-90, 96-100, 103, 117, 120-122, 131-138, 145-146, 149, 156-159, 161-162, 164, 168-171, 175-176, 178, 183, 191, 196-197, and 199.

**(b)(6)-2**     **Names and/or Identifying Information of Third Parties of Investigative Interest**

18

(36)    Exemption (b)(6)-2 has been asserted, in conjunction with Exemption (b)(7)(C)-2, to protect the names and identifying information (including date of births, social security numbers and addresses) of third parties who were of investigative interest to the FBI. During the course of the FBI's investigation of plaintiff's and others' criminal activities, information was developed and recorded during interviews conducted with associates of plaintiff. Consequently, due to their criminal activities, these third-party individuals were of investigative interest to the FBI. Specifically, the FBI withheld the names of and certain details surrounding the FBI's investigation of these third parties. Being linked with any law enforcement investigation carries with it a strong negative connotation and a stigma. To release the identities of these third-party individuals as the subjects of law enforcement interest would not only constitute a clearly unwarranted invasion of their personal privacy, but could subject these individuals to harassment or embarrassment, or result in undue public attention. Accordingly, these individuals maintain a substantial privacy interest in not having their identities disclosed.

(37)    In considering the public interest in this information, the FBI determined that there is no public interest to be served by releasing the identities of these third-party individuals because this information will not shed light on the operations and activities of the FBI, but would only reveal sensitive law enforcement information concerning private citizens. Any such disclosure would constitute a clearly unwarranted invasion of their personal privacy.

(38)    In balancing the substantial privacy interest that these individuals have in this information against no legitimate public interest in its disclosure, the FBI properly withheld this information pursuant to Exemption (b)(6)-2. Exemption (b)(6)-2 is cited on the following pages:

19

Concepcion 1, 4-11, 16-17, 19-20, 23, 28, 38, 40-44, 46-47, 55, 62, 65, 70, 76, 91, 101-102, 117-118, 120, 123, 134-146, 149, 159, 162-167, 173-174, 181, 185, 198-200, and 204-205.

### (b)(6)-3      Names of and/or Identifying Information Concerning Third Parties Merely Mentioned

(39)    Exemption (b)(6)-3 has been asserted in conjunction with Exemption (b)(7)(C)-3 to withhold the names and identifying information of third parties merely mentioned in documents concerning the criminal investigation of plaintiff and others. Identifying information includes addresses, license plate numbers and registration information, dates of birth, and aliases, as well as career and job titles. The FBI obtained information concerning third parties who came into contact with plaintiff during the course of his illicit activities, and third parties identified during investigation of plaintiff's and his associates' at current and previous addresses. These individuals were not of investigative interest to the FBI. These third parties maintain legitimate privacy interests in not having this information disclosed. If the FBI disclosed their names and other personal information, the disclosure would reveal that these third parties were connected with the FBI's investigation of plaintiff in some way. Disclosure of these third parties' names and identifying information in connection with the FBI's investigation of plaintiff's activities carries an extremely negative connotation. Disclosure of their identities could subject these individuals to harassment or criticism and focus derogatory inferences and suspicion on them. Accordingly, the FBI determined that these third parties maintained a substantial privacy interest in not having information about them disclosed. After identifying the substantial privacy interests these individuals maintain, the FBI balanced their right to privacy against the public interest in the disclosure. The FBI has determined that there is no public interest in disclosure

20

and to do so would constitute a clearly unwarranted invasion of their personal privacy. Thus, this information was properly withheld. Exemption (b)(6)-3 is cited on the following pages: Concepcion 7, 18, 20, 55-56, 88-89, 97-98, 146-147, 150-152, 154-155, 174, 176-177, 193-194, 201-203, and 205-206.

### (b)(6)-4     Names and/or Identifying Information of State and Local Law Enforcement Personnel

(40)    Exemption (b)(6)-4 has been asserted in conjunction with Exemption (b)(7)(C)-4 to withhold the names and titles of law enforcement personnel from the Newark Police Department, Port Authority Police, and the Essex County Sheriff's Office who assisted in the investigation of plaintiff. These individuals' identities have been withheld for the same reason the names and/or identifying information of FBI special agents have been withheld (see supra ¶34), including that disclosure of their identities could subject them to harassment and/or reprisal. There is no public interest to be served by releasing this information and to do so would cause a clearly unwarranted invasion of personal privacy. Exemption (b)(6)-4 is cited on the following pages: Concepcion 5, 15-16, 19, 23-24, 43, 136, 139-145, 156, 161, and 164.

### (b)(6)-5     Name and/or Identifying Information of a Cooperating Witness

(41)    The maintenance of confidentiality surrounding Cooperative Witnesses ("CW") is essential to effective law enforcement and is reflected in official FBI policy. A CW is any individual who meets the definition of a Confidential Informant ("CI"), but who has agreed to testify in a proceeding as a defendant or potential witness. It is FBI policy to protect a CW's true identity from unauthorized disclosure "to the same degree as the true identity of a Confidential Informant." Because a CW will face "the same, or even greater risks from exposure as a CI," it

21

is FBI policy that CWs be provided the "same degree of protection" as a CI. Any information

that could possibly identify a CW, including dates and places where he/she has been, is protected

from disclosure because release would cause a clearly unwarranted invasion of personal privacy.

Exemption (b)(6)-5 has been asserted in conjunction with Exemption (b)(7)(C)-5 and (b)(7)(D)-1

to protect the identity of a CW who provided information to the FBI during the investigation of

plaintiff. Exemption (b)(6)-5 is cited on the following pages: Concepcion 1, 5-10, 16, 77, 131-

133, 135-138, and 181.

### (b)(6)-6        Names and/or Identifying Information of Confidential Sources

(42)    The preservation of confidentiality surrounding Confidential Informants ("CI")

and Confidential Sources ("CS") is essential to effective law enforcement and is reflected in

official FBI policy. A CI is any individual who provides useful and credible information to the

FBI regarding felonious criminal activities and from whom the FBI expects or intends to obtain

additional useful and credible information regarding such activities in the future; a CS is any

individual who meets the definition of a Confidential Informant ("CI"), but who has not agreed

to testify in a proceeding as a defendant or potential witness. It is FBI policy to protect a CS's

true identity from unauthorized disclosure "to the same degree as the true identity of a

Confidential Informant." Because a CS will face "the same, or even greater risks from exposure

as a CI," it is FBI policy that CSs be provided the "same degree of protection" as a CI. Any

information that could possibly identify a CS, including dates and places where he/she has been,

is protected from disclosure since release would be a clearly unwarranted invasion of personal

privacy. Exemption (b)(6)-6 has been asserted in conjunction with Exemption (b)(7)(C)-6 and

22

(b)(7)(D)-3 to protect the identity of a CS who provided information to the FBI during the investigation of plaintiff.  Exemption (b)(6)-6 is cited on the following pages: Concepcion 4, 12, 134, 161-163, 181-182, 184-190, and 193.

### (b)(6)-7    Names and/or Identifying Information Pertaining to Non-FBI Federal Law Enforcement Employees

(43)    Exemption (b)(6)-7 has been asserted in conjunction with Exemption (b)(7)(C)-7 to protect the names and telephone numbers of a Department of Veterans Affairs employee and a United States Marshals Service ("USMS") employee.  The relevant inquiry here is whether public access to this information would violate a viable privacy interest of these individuals and whether there is a public interest in releasing their identity.  Disclosure of their identifying information could subject these employees to unauthorized inquiries and harassment which would constitute a clearly unwarranted invasion of their personal privacy.  The rationale for protecting non-FBI federal employees is the same as that for FBI employees.  (See supra ¶¶34-35.)

(44)    In balancing the legitimate privacy interest of these individuals against any public interest in disclosure, the FBI determined that there is a complete lack of any bona fide public interest in disclosing this information because it will not shed light on the operations and activities of the federal government.  Accordingly, the FBI has properly withheld this information pursuant to Exemption (b)(6)-7.  Exemption (b)(6)-7 is cited on the following page: Concepcion 195.

### EXEMPTION 7
### EXEMPTION 7 THRESHOLD

23

(45)    Exemption 7 of the FOIA protects from mandatory disclosure records or

information compiled for law enforcement purposes, but only to the extent that disclosure could

reasonably be expected to cause one of the harms enumerated in the subpart of the exemption.

See 5 U.S.C. § 552 (b)(7). In this case, the harms that could reasonably be expected to result

from disclosure are: unwarranted invasion of personal privacy, the disclosure of the identity of

confidential sources and cooperating witnesses, and the disclosure of sensitive law enforcement

techniques.

(46)    Before an agency can invoke any of the harms enumerated in Exemption 7, it

must first demonstrate that the records or information at issue were compiled for law

enforcement purposes. Law enforcement agencies such as the FBI must demonstrate that the

records at issue are related to the enforcement of federal laws and that the enforcement activity is

within the law enforcement duty of that agency. The records responsive to plaintiff's requests

relate to a criminal investigation of plaintiff's involvement in illegal trafficking of narcotics in

the Broadway Townhouses located in Newark, New Jersey. The FBI has jurisdiction over these

types of law enforcement investigations pursuant to 21 U.S.C.§ 841(a)(1). Thus, there is no

doubt that this investigation falls within the law enforcement duties of the FBI. Accordingly, the

information readily meets the threshold requirement of Exemption 7.

(47)    Because the records clearly meet the Exemption 7 threshold, the remaining

inquiry is whether their disclosure could reasonably be expected to constitute an unwarranted

invasion of personal privacy, reveal the identity of confidential sources or cooperating witnesses,

or reveal sensitive law enforcement techniques.

24

## EXEMPTION (b)(7)(C)

## UNWARRANTED INVASION OF PERSONAL PRIVACY

(48)    5 U.S.C. § 552 (b)(7)(C) exempts from disclosure:

> records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy.

(49)    In withholding information from disclosure pursuant to this exemption, the FBI is required to balance the privacy interests of the individuals mentioned in the documents against any public interest in disclosure. In asserting this exemption, each piece of information was scrutinized to determine the nature and strength of each individual's privacy interest. The FBI identified the public interest in disclosure of the information to be whether the information in question would inform plaintiff or the general public about the FBI's performance of its mission to protect and defend the United States against terrorist and foreign intelligence threats, to uphold and enforce the criminal laws of the United States, and to provide leadership and criminal justice services to federal, state, municipal, and international agencies and partners. Every effort has been made to release all segregable information contained in these pages without infringing upon the privacy rights of the individuals mentioned in these documents.

### (b)(7)(C)-1    Names and Identifying Information of FBI SAs and Support Personnel

(50)    Exemption (b)(7)(C)-1 has been asserted in conjunction with Exemption (b)(6)-1 to protect the names and identifying information of FBI SAs who were responsible for conducting, supervising, and/or maintaining the investigative activities reported in the files

responsive to plaintiff's requests. Identifying information that has been withheld includes social security numbers, telephone numbers, and telephone extensions of FBI SAs. Assignment of SAs to any particular investigation is not by choice. The privacy consideration is also to protect FBI SAs, as individuals, from unnecessary, unofficial questioning regarding this and/or other investigations, whether or not they are currently employed by the FBI. FBI SAs conduct official inquiries into various criminal and national security cases. They come into contact with all strata of society. They conduct searches and make arrests, both of which constitute reasonable, but nonetheless serious intrusions into peoples' lives. Many of these people carry grudges which last for years and they may seek to harass the SA they deem responsible for these intrusions. The publicity associated with the release of an SA's identity in connection with a particular law enforcement investigation could rekindle animosity toward that SA. Accordingly, SAs maintain substantial privacy interests in not having their identities disclosed. The public would not be served by the disclosure of the SAs' identities. Thus, any such disclosure could constitute an unwarranted invasion of their personal privacy.

(51)     The names of FBI support employees are also withheld pursuant to FOIA Exemption (b)(7)(C)-1. These employees were assigned to handle tasks relating to the official investigation into the activities of plaintiff and others and are identified by name in the files responsive to plaintiff's request. They were, and possibly are, in positions to access information regarding official law enforcement investigations, and therefore could become targets of harassing inquiries for unauthorized access to investigations if their identities were released. These individuals maintain substantial privacy interests in not having their identities disclosed.

Because there is no public interest to be served by releasing the identities of these individuals, any such disclosure could constitute an unwarranted invasion of their personal privacy. Thus, the FBI has properly withheld this information pursuant to FOIA Exemption (b)(7)(C)-1. Exemption (b)(7)(C)-1 is cited on the following pages: Concepcion 1-2, 4-6, 8-10, 12-13, 15, 18-19, 21-26, 28, 38, 40, 44, 46-53, 55, 61-63, 65, 67-71, 74-90, 96-100, 103, 117, 120-122, 131-138, 145-146, 149, 156-159, 161-162, 164, 168-171, 175-176, 178, 183, 191, 196-197, and 199.

### (b)(7)(C)-2    Names and Identifying Information Concerning Third Parties of Investigative Interest

(52)    Exemption (b)(7)(C)-2 has been asserted in conjunction with Exemption (b)(6)-2 to protect the names and identifying information of third parties of investigative interest to the FBI or other law enforcement agencies that appear in the records responsive to plaintiff's request. Identifying information withheld concerning these third parties includes addresses, dates of birth, social security numbers, aliases, telephone numbers, FBI arrest numbers, license plate numbers, police department numbers, fingerprint classifications, and personal characteristics. Numerous individuals were mentioned in the records responsive to plaintiff's requests as individuals who were of investigative interest to the FBI or other law enforcement agencies due to their association with plaintiff or other subjects of this investigation. To release the identities of these third parties as subjects of FBI interest resulting from its investigation of illegal narcotics trafficking could subject these individuals to harassment and embarrassment and could further result in undue public attention. Disclosure of such information could be an unwarranted invasion of their personal privacy. Furthermore, plaintiff has not provided the FBI with any written notarized authorizations from these third parties waiving their rights to personal privacy.

27

Therefore, continued protection of their identities is warranted.

(53)    After identifying the substantial privacy interests of these third parties, the FBI balanced their privacy interests against the public interest in disclosure. The FBI determined that the disclosure of the names of these third parties would shed no light on the FBI's performance of its statutory duties. Accordingly, the FBI could not identify any discernible public interest in disclosure. Thus, the FBI has properly withheld this information pursuant to FOIA Exemption (b)(7)(C)-2. Exemption (b)(7)(C)-2 is cited on the following pages: Concepcion 1, 4-11, 16-17, 19-20, 23, 28, 38, 40-44, 46-47, 55, 62, 65, 70, 76, 91, 101-102, 117-118, 120, 123, 134-146, 149, 159, 162-167, 173-174, 181, 185, 198-200, and 204-205.

### (b)(7)(C)-3    Names and/or Identifying Information of Third Parties Merely Mentioned

(54)    Exemption (b)(7)(C)-3 has been asserted in conjunction with Exemption (b)(6)-3 to withhold the names and identifying information of third parties merely mentioned in the law enforcement investigatory records responsive to plaintiff's request. Identifying information concerning these individuals includes addresses, license plate numbers and registration information, dates of birth, aliases, as well as career and job titles. During the course of the FBI's law enforcement investigation of plaintiff, the FBI obtained information pertaining to individuals who interacted with plaintiff or other individuals associated with plaintiff and mentioned in these files. These individuals were not of investigative interest to the FBI. To release this type of information about private citizens without notarized authorizations permitting such release would violate legitimate privacy interests. If the FBI disclosed their names and other personal information, the disclosure would reveal that these third parties were connected with the FBI's

28

investigation of plaintiff and others. Such disclosure could subject these individuals to

harassment or criticism and focus derogatory inferences and suspicion on them. At a minimum,

such disclosure would carry with it a negative connotation. Accordingly, the FBI determined that

these third parties maintained a substantial privacy interest in not having information about them

disclosed. After identifying the substantial privacy interests of these third party individuals, the

FBI balanced their right to privacy against the public interest in the disclosure. The FBI

determined that there is no such public interest. Thus, disclosure of this information could

constitute an unwarranted invasion of their personal privacy. The FBI has properly withheld this

information pursuant to FOIA Exemption (b)(7)(C)-3. Exemption (b)(7)(C)-3 is cited on the

following pages: Concepcion 7, 18, 20, 55-56, 88-89, 97-98, 146-147, 150-152, 154-155, 174,

176-177, 193-194, 201-203, and 205-206.

### (b)(7)(C)-4    Names and/or Identifying Information of State and Local Law Enforcement Personnel

(55)    Exemption (b)(7)(C)-4 has been asserted in conjunction with (b)(6)-4 to withhold

the names and titles of law enforcement employees of the Newark Police Department, Port

Authority Police and Essex County Sheriff's Office. These employees, while acting in their

official capacities, aided the FBI in the law enforcement investigations of plaintiff. The rationale

for protecting the identities of FBI SAs and support personnel found at ¶¶50 and 51, supra, also

pertains to withholding the names and identifying information of these local law enforcement

employees. To release the identities of these law enforcement employees could subject them as

individuals to unnecessary, unwarranted harassment which could constitute an unwarranted

invasion of privacy. Furthermore, these individuals could become a prime target for reprisal if

their identities were known. Moreover, there is no public interest to be served in releasing the identities of these individuals. Thus, the FBI has properly withheld this information pursuant to FOIA Exemption (b)(7)(C)-4. Exemption (b)(7)(C)-4 is cited on the following pages: Concepcion 5, 15-16, 19, 23-24, 43, 136, 139-145, 156, 161, and 164.

### (b)(7)(C)-5    Name and/or Identifying Information of a Cooperating Witness

(56)    The maintenance of confidentiality surrounding Cooperative Witnesses ("CW") is essential to effective law enforcement and is reflected in official FBI policy. A CW is any individual who meets the definition of a Confidential Informant ("CI"), but who has agreed to testify in a proceeding as a defendant or potential witness. It is FBI policy to protect a CW's true identity from unauthorized disclosure "to the same degree as the true identity of a Confidential Informant." Because a CW will face "the same, or even greater risks from exposure as a CI," it is FBI policy that CWs be provided the "same degree of protection" as a CI. Any information that could possibly identify a CW, including dates and places where he/she has been, is protected from disclosure because release could cause an unwarranted invasion of privacy. Exemption (b)(7)(C)-5 has been asserted in conjunction with Exemption (b)(6)-5 and (b)(7)(D)-1 to protect the identity of a CW who provided information to the FBI during the investigation of plaintiff. Exemption (b)(7)(C)-5 is cited on the following pages: Concepcion 1, 5-10, 16, 77, 131-133, 135-138, and 181.

### (b)(7)(C)-6    Names and/or Identifying Information of Confidential Sources

(57)    The preservation of confidentiality surrounding Confidential Informants ("CI") and Confidential Sources ("CS") is essential to effective law enforcement and is reflected in

official FBI policy. A CI is any individual who provides useful and credible information to the FBI regarding felonious criminal activities and from whom the FBI expects or intends to obtain additional useful and credible information regarding such activities in the future; a CS is any individual who meets the definition of a Confidential Informant ("CI"), but who has not agreed to testify in a proceeding as a defendant or potential witness. It is FBI policy to protect a CS's true identity from unauthorized disclosure "to the same degree as the true identity of a Confidential Informant." Because a CS will face "the same, or even greater risks from exposure as a CI," it is FBI policy that CSs be provided the "same degree of protection" as a CI. Any information that could possibly identify a CS, including dates and places where he/she has been, is protected from disclosure since release could cause an unwarranted invasion of privacy. Exemption (b)(7)(C)-6 has been asserted in conjunction with Exemption (b)(6)-6 and (b)(7)(D)-3 to protect the identity of a CS who provided information to the FBI during the investigation of plaintiff. Exemption (b)(7)(C)-6 is cited on the following pages: Concepcion 4, 12, 134, 161-163, 181-182, 184-190, and 193.

### (b)(7)(C)-7    Names and/or Identifying Information Pertaining to Non-FBI Federal Law Enforcement Employees

(58)    Exemption (b)(7)(C)-7 has been asserted in conjunction with Exemption (b)(6)-7 to protect the names and telephone numbers of a Department of Veterans Affairs employee and a United States Marshals Service ("USMS") employee. The rationale for protecting the identities of FBI SAs and support personnel found at ¶¶ 50 and 51, supra, also pertains to withholding the names and identifying information of these federal non-FBI law enforcement individuals. To release the identities of these federal non-FBI law enforcement employees could subject them as

31

individuals to unnecessary, unwarranted harassment which could constitute an unwarranted

invasion of privacy.  Furthermore, they could become prime targets for reprisal, if their identities

were known.  Moreover, there is no public interest to be served in releasing the identities of these

individuals and the release of their identities would not shed light on the operations and activities

of the federal government.  Thus, the FBI has properly withheld this information pursuant to

FOIA Exemption (b)(7)(C)-7.  Exemption (b)(7)(C)-7 is cited on the following page: Concepcion

195.

## EXEMPTION  (b)(7)(D)
## CONFIDENTIAL SOURCE MATERIAL

(59)    5 U.S.C. § 552 (b)(7)(D) provides protection for:

> records or information compiled for law enforcement purposes, but only to the
> extent that the production of such law enforcement records or information . . .
> could reasonably be expected to disclose the identity of a confidential source,
> including a State, local or foreign agency or authority or any private institution
> which furnished information on a confidential basis, and, in the case of a record or
> information compiled by a criminal law enforcement authority in the course of a
> criminal investigation or by an agency conducting a lawful national security
> intelligence investigation, information furnished by a confidential source.

(60)    Numerous informants report to the FBI on a regular basis and are confidential

sources in the common meaning of the term.  Some of the sources provide information under an

express assurance of confidentiality.  Further, during the course of an investigation, other

individuals are interviewed under circumstances from which an assurance of confidentiality can

reasonably be inferred.  These individuals are considered to be confidential informants or sources

since they furnish information only with the express or implied understanding that their identities

and the information provided will not be divulged outside the FBI.

32

(61)    During the course of the FBI's investigation of plaintiff, FBI SAs sought the assistance of numerous individuals in obtaining information to aid its investigation. Information was provided by certain third party sources under an express assurance of confidentiality. Information provided by these individuals is singular in nature, and if released, could reveal their identity. The release of a source's identity would forever alleviate that source as a future means of obtaining information. In addition, when the identity of one source is revealed, that revelation has a chilling effect on the activities and cooperation of other sources.

(62)    These individuals were placed in positions that could subject them to acts of reprisal, harassment, or an unnecessary amount of public attention if the FBI disclosed their cooperation. The FBI has learned through experience that individuals who provide information about subjects under investigation must be free to do so without fear of reprisal should their identities or the information they provided be disclosed outside their confidential relationship with the FBI. Individuals who provide investigative information must be free to furnish that information with complete candor and without the understandable tendency to hedge or withhold information out of fear that their names or their cooperation with the FBI will later be made public. Those who provide information in these investigations must be secure in the knowledge that their assistance and their identities will be held in confidence.

### (b)(7)(D)-1    Name and Information Provided by a Cooperating Witness to the FBI

(63)    Exemption (b)(7)(D)-1 has been asserted to protect the name of, identifying information for, and information provided by a Cooperating Witness ("CW") to the FBI and other law enforcement agencies that appears in the investigative file. This CW provided

33

information concerning the criminal activities of plaintiff and other subjects who were of investigative interest to the FBI and other law enforcement agencies. The CW provided specific detailed information that is singular in nature concerning the criminal activities involving plaintiff, his associates, and/or other subjects of this investigation. Thus, disclosure of the singular information provided could enable others to discern the CW's identity. Plaintiff and other subjects were arrested and convicted on information provided by this individual. The disclosure of the identity of this individual could have disastrous consequences. Given the violent nature inherent in the distribution of illegal narcotics in general, disclosure of the identities of CWs could subject them to violent reprisals. The CW at issue here provided information of value to the FBI concerning this investigation, and in doing so, has placed himself/herself in harm's way should plaintiff or his associates become aware of his/her cooperation with the FBI.

(64)    The information the CW provided under an assurance of confidentiality warrants the protection of his/her name as well as the singular information he/she provided. Thus, the FBI has properly withheld this information pursuant to FOIA Exemption (b)(7)(D)-1.
Exemption (b)(7)(D)-1 is cited on the following pages: Concepcion 1, 5-9, 16-17, 62, 64, 77, 131-133, 135-138, 164-167, and 181.

### (b)(7)(D )-2    Informant File Number

(65)    Exemption (b)(7)(D)-2 has been asserted to protect the confidential file number of an FBI informant. Similar in usage to the source symbol number (see supra ¶ 25), confidential file numbers are assigned to confidential informants who report information to the FBI on a

34

regular basis pursuant to an express assurance of confidentiality. Each confidential file number

is unique to a particular confidential informant and is used only in documentation relating to that

particular informant. Informant file numbers are unique to each confidential source and are

assigned to enable the FBI to administer its confidential source program while simultaneously

protecting the identity of its sources. The file is a repository for both background data on the

source, and also contains information provided by him/her concerning other individuals and/or

targets of FBI interest on which he/she reported information. Disclosure of confidential source

file numbers at various times and in various documents could ultimately identify these sources

since it would reveal the connections of confidential informants to the information provided by

them. The informant file number consists of a three number classification which is assigned

according to the nature of the information normally provided by the source.[8] The second part of

the file number consists of a two letter designation for the office operating the informant. The

third part of the file number is a case number, which is an assigned number unique to only one

informant of a particular FBI field office. Release of confidential file numbers along with the

information provided by confidential informants who report at various times and on various

targets would narrow the possibilities of their true identities. Informant file numbers are unique

identifiers within a particular field office, which in this case is the Newark Field Office. Once a

file number is assigned to an informant, it will always be synonymous with that informant. Any

time an informant file number is mentioned in an FBI document, regardless of the investigation,

---

[8] The classification "134" designates a security informant, "137" designates a criminal
informant, "170" designates an extremist informant and "270" designates a cooperating witness.

it would represent one very singular identifier for JOHN DOE, e.g. (137-NK-123456).

Accordingly, the disclosure of the confidential file number at issue could possibly identify a

permanent confidential source of the FBI, or at a minimum encourage speculation as to whom

would be involved in multiple specific investigations. Thus, the FBI has properly withheld this

information pursuant to Exemption (b)(7)(D)-2. Exemption (b)(7)(D)-2 is cited on the following

pages: Concepcion 4, 18, and 192-193.

### (b)(7)(D)-3    Information Provided by a Confidential Source to the FBI (Express Confidentiality).

(66)    Exemption (b)(7)(D)-3 has been asserted to protect the name of, identifying

information for and information provided by a confidential source to the FBI during the course of

the FBI's investigation of plaintiff. In this case, the FBI protected the information provided by

the source because individuals who have knowledge of the activities that gave rise to the FBI's

investigation could use the information to determine his/her identity. This source provided

valuable information that is detailed and singular in nature. The disclosure of the identity of this

individual could have disastrous consequences. Given the violent nature inherent in the

distribution of illegal narcotics in general, disclosure of the identity of this confidential source

could subject him/her to violent reprisals. Thus, the information provided by the confidential

source was properly withheld pursuant to FOIA Exemption (b)(7)(D)-3. Exemption (b)(7)(D)-3

is cited on the following pages: Concepcion 12, 18, 88-94, 96-98, 100-116, 121, 134, 161-163,

181-182, 184-190, and 192-193.

### (b)(7)(D)-4    Source Symbol Numbers

(67)    Exemption (b)(7)(D)-4 has been cited in conjunction with (b)(2)-4 to withhold an

36

FBI source symbol number from the records responsive to plaintiff's request. Paragraph 25, supra, describes the administrative aspect of using source symbol numbers to protect the identity of FBI sources. Source symbol numbers are assigned to confidential sources who have been developed, instructed, closely monitored and in many cases paid for their services. These sources report information to the FBI under an express grant of confidentiality. Within the FBI, knowledge of these sources' identities is limited to those FBI employees who have a legitimate need for the information. Also, sources to whom the FBI has provided source symbol numbers are not referred to by name in any document which contains information they provided.

(68)    If the FBI disclosed these informants' source symbol numbers, the sources' identities could be ascertained by a person knowledgeable of the events that gave rise to the FBI's investigation. Disclosure of confidential source file numbers at various times and in various documents could ultimately identify these sources since it would reveal the connections of confidential informants to the information provided by them. Repeated release of confidential source symbol numbers along with the information provided by these confidential informants would narrow the possibilities of their true identities, since each source symbol number is assigned to only one confidential informant. If the FBI disclosed these informants' identities, they as well as their families could be subjected to embarrassment, humiliation, and physical/mental harm. In addition, such a disclosure has wider implications. If the FBI disclosed the identities of confidential sources who enter into express confidentiality agreements, that revelation would have a chilling effect on the activities and cooperation of other FBI confidential sources. It is only with the understanding of complete confidentiality that the aid of such sources

37

can be enlisted, and only through assurances of this confidence, that these sources can be

persuaded to continue providing valuable assistance in the future. Thus, the FBI has properly

withheld this information pursuant to FOIA Exemption (b)(7)(D)-4. Exemption (b)(7)(D)-4 is

cited on the following page: Concepcion 65.

## EXEMPTION (b)(7)(E)
## INVESTIGATIVE TECHNIQUES AND PROCEDURES

(69)    5 U.S.C. § 552(b)(7)(E) provides for the withholding of:

> law enforcement records which would disclose techniques and
> procedures for law enforcement investigations or prosecutions,
> or would disclose guidelines for law enforcement investigations
> or prosecutions if such disclosure could reasonably be expected
> to risk circumvention of the law.

### (b)(7)(E)-1    Effectiveness Rating-FD 515

(70)    Form FD-515 is a form used by FBI SAs to report investigative accomplishments.

(See supra ¶ 22.) This form is submitted at various stages of an investigation to report statistical

results such as an arrest, the recovery of stolen property, and so forth. At the upper right hand

side of this form is a block captioned "Investigative Assistance and Techniques Used." This

block lists 27 publicly known investigative techniques and/or assistance of which some were

used by the investigative personnel during the investigation of plaintiff. Opposite each

investigative technique and assistance is a rating column which records a numerical rating from 1

to 4 to rate each technique/assistance used by investigative personnel during the course of the

investigation of plaintiff. The numerical rating evaluates the effectiveness of each

technique/assistance used in bringing the investigation to a successful conclusion. The entire

rating column has been deleted to protect from release the various techniques and assistance used

38

in the investigation of plaintiff and others in records responsive to plaintiff's request. If the rating columns were released along with the ratings of each technique and assistance used, plaintiff and others involved in criminal activities such as in this investigation could change their activities and modus operandi in order to avoid detection and/or surveillance in the future. Therefore, protection of these rating columns is essential to prevent future circumvention of the law by criminals. The FBI will use the same or similar techniques and/or assistance to bring similar future investigations to successful conclusions. Thus, the FBI has properly withheld this information pursuant to FOIA Exemption (b)(7)(E)-1. Exemption (b)(7)(E)-1 is cited in conjunction with (b)(2)-2 on the following pages: Concepcion 21, 25-26, 44, 46-47, and 157-158.

### (b)(7)(E)-2    Internal Techniques and Procedures and Information Pertaining to FBI Undercover Operation

(71)    Exemption (b)(7)(E)-2 has been asserted in conjunction with Exemption (b)(2)-3 to protect procedures and techniques used by FBI Special Agents during the investigation of plaintiff. If the FBI were to disclose the procedures as to how it conducts undercover operations and release details of the specific techniques used during the undercover operation it could jeopardize any future criminal investigations and undercover operations conducted by the FBI. Release of these techniques could reasonably be expected to alert the subjects in other criminal investigations to how the FBI conducts undercover operations and risk circumvention of the law. Exemption (b)(7)(E)-2 is cited on the following pages: Concepcion 2-3, 14-15, 17, 70, and 192.

### CONCLUSION

(72)    FBIHQ has processed and released all segregable information from the responsive

39

documents pursuant to FOIA Exemptions 2, 3, 5, 7(C), 7(D), and 7(E); 5 U.S.C. § 552

(b)(2),(b)(3), (b)(5),  (b)(6), (b)(7)(C), (b)(7)(D), and (b)(7)(E), and Privacy Act Exemption

(j)(2).  Further, the FBI carefully examined the designated 206 pages and determined that the

information withheld from plaintiff, if disclosed, could reasonably be expected to reveal internal

administrative information, reveal information protected by statute, disclose intra-agency or

inter-agency memorandums or letters, cause clearly unwarranted invasion of the personal privacy

interests of third parties, disclose the identity of a cooperating witness and confidential source,

and/or impede the effectiveness of the FBI's internal law enforcement procedures.  Accordingly,

the FBI has released all reasonably segregable, nonexempt information to plaintiff in response to

his FOIA request to the FBI.

    (73)    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct, and **Exhibits A thru F** attached hereto are true and correct copies.

Executed this ___16th___ day of May, 2008.

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALBERTO CONCEPCION,                    )
                                       )
                                       )
            Plaintiff,                 )
                                       )  Civil Action No. 07-CV-1766(ESH)
        v.                             )
                                       )
FEDERAL BUREA OF INVESTIGATION,        )
        et al.,                        )
                                       )
                                       )
            Defendants.                )
                                       )

# EXHIBIT A



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 616-6757  FAX: 616-6478 www.usdoj.gov/usao)*

---

To **David M. Hardy, Chief/Record/Information Disemination Section/FBI**

Requester: **Alberto Concepcion**                    Requester Number: **06-1738**

                                                                                                APR 1 1 2008

Subject of Request: **Self/DNJ**

Dear FOIA/PA Contact Person:

     The enclosed Freedom of Information Act/Privacy Act request was received by this office. The paragraphs checked below apply:

1.    [ ]    As your office may have records responsive to this request, we are referring it to you for a direct response to the requester.

2.    [ X ]    While processing this request, we located the enclosed records which originated in your office. These records were found in the U.S. Attorney's Office files and may or may not be responsive to the request. We are referring __214__ page(s) of material and a copy of the request to you for a direct response to the requester.

3.    [ X ]    This office is also providing __5__ page(s) of documents under a cover page titled "Background Information". The attached records are provided to your agency to assist in processing your records. These are <u>not</u> part of the referred records and should be kept as administrative records in this referral.

    A copy of our final determination letter is also enclosed for your reference. Please note we have charged the requester $__25.00__ for search/duplication costs incurred in the processing of this request.

    We have notified the requester of this referral.

    If you have any questions about this matter, please contact the FOIA/PA processor named below.

Sincerely,

William G. Stewart II
Assistant Director

Name: Janet Harper
Phone: (202) 514-4359
Enclosure(s)

Form No. 007 - 3/07

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALBERTO CONCEPCION,                    )
                                       )
              Plaintiff,               )
                                       )
      v.                               )  Civil Action No. 07-CV-1766(ESH)
                                       )
FEDERAL BUREA OF INVESTIGATION,        )
      et al.,                          )
                                       )
                                       )
              Defendants.              )
                                       )

# EXHIBIT B



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

February 25, 2008

MR ALBERTO CONCEPCION
**22853-050
POST OFFICE BOX 2000
WHITE DEER, PA 17887 2000

Subject: CONCEPCION, ALBERTO

FOIPA No. 1030134- 001

Dear Requester:

  The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

| Section 552 | | | Section 552a | |
|---|---|---|---|---|
| ☐(b)(1) | | ☐(b)(7)(A) | | ☐(d)(5) |
| ☒(b)(2) | | ☐(b)(7)(B) | | ☐(j)(2) |
| ☒(b)(3) | 18 USC, Section 3123 | ☒(b)(7)(C) | | ☐(k)(1) |
| | | ☐(b)(7)(D) | | ☐(k)(2) |
| | | ☐(b)(7)(E) | | ☐(k)(3) |
| | | ☐(b)(7)(F) | | ☐(k)(4) |
| ☐(b)(4) | | ☐(b)(8) | | ☐(k)(5) |
| ☐(b)(5) | | ☐(b)(9) | | ☐(k)(6) |
| ☒(b)(6) | | | | ☐(k)(7) |

606 **page(s)** were reviewed and 31 **page(s)** are being released.

☒ Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA]. This information has been:

  ☒ referred to the OGA for review and direct response to you.

  ☐ referred to the OGA for consultation. The FBI will correspond with you regarding this information when the consultation is finished.

☒ You have the right to appeal any denials in this release. Appeals should be directed in writing to the Director, Office of Information and Privacy, U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001 within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

  ☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has shown, when ident, references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s).

If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☒ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division

Enclosure(s) 2

This is the first interim release. More documents will be release once they have been processed. .

Please be advised that the enclosed documents are maintained in a multiple subject investigation of which you were indexed as one of the subjects. In processing such a case pursuant to a FOIPA request, it is the practice of the FBI to address only theat portion which specifically pertains to you rather than information pertaining to other subjects.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALBERTO CONCEPCION,                        )
                                           )
                                           )
          Plaintiff,                       )
                                           )  Civil Action No. 07-CV-1766(ESH)
     v.                                    )
                                           )
FEDERAL BUREA OF INVESTIGATION,            )
          et al.,                          )
                                           )
                                           )
          Defendants.                      )
                                           )

# EXHIBIT C



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

March 24, 2008

MR ALBERTO CONCEPCION
**22853-050
POST OFFICE BOX 2000
WHITE DEER, PA 17887 2000

Subject: CONCEPCION, ALBERTO

FOIPA No. 1030134-001

Dear Requester:

    The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

| Section 552 | | Section 552a |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☒(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☒(b)(3)  18USC Sect 3123 | ☒(b)(7)(C) | ☐(k)(1) |
| | ☒(b)(7)(D) | ☐(k)(2) |
| | ☒(b)(7)(E) | ☐(k)(3) |
| | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☒(b)(6) | | ☐(k)(7) |

632 **page(s)** were reviewed and *368* **page(s)** are being released.

    ☒  Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA]. This information has been:

        ☒  referred to the OGA for review and direct response to you.

        ☐  referred to the OGA for consultation. The FBI will correspond with you regarding this information when the consultation is finished.

    ☒ You have the right to appeal any denials in this release. Appeals should be directed in writing to the Director, Office of Information and Privacy, U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001 within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

    ☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has shown, when ident, references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s).

If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☒ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division

Enclosure(s) 2

This is the second interim release. You have received a total of 399 pages from the two interim releases.

Pursuant to Title 28, Code of Federal Regulations, Section 16.11 and 16.49, there is a fee of ten cents per page for duplication. No fees are assessed for the first 100 pages. Please submit your check or money order in the amount of $29.90 payable to the Federal Bureau of Investigation. To insure proper identification of your request, please return this letter or include FOIPA number 103134-01 on your check or money order.

Please be advised that the enclosed documents are maintained in a multiple subject investigation of which you were indexed as one of the subjects. In processing such a case pursuant to a FOIPA request, it is the practice of the FBI to address only that portion which specifically pertains to you rather than information pertaining to other subjects.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALBERTO CONCEPCION,              )
                                 )
                                 )
        Plaintiff,               )
                                 )  Civil Action No. 07-CV-1766(ESH)
        v.                       )
                                 )
FEDERAL BUREA OF INVESTIGATION,  )
        et al.,                  )
                                 )
                                 )
        Defendants.              )
                                 )

# EXHIBIT D



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

MR ALBERTO CONCEPCION                                             March 27, 2008
**22853-050
POST OFFICE BOX 2000
WHITE DEER, PA 17887 2000

Subject: CONCEPCION, ALBERTO

FOIPA No.  1030134- 001

Dear Requester:

      The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

| Section 552 | | Section 552a |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☒(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)  Rule 6(e) FRCP | ☒(b)(7)(C) | ☐(k)(1) |
| _____ | ☒(b)(7)(D) | ☐(k)(2) |
| _____ | ☒(b)(7)(E)  . | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☒(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☒(b)(6) | | ☐(k)(7) |

856  **page(s)** were reviewed and 491  **page(s)** are being released.

☒  Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA].  This information has been:

    ☒  referred to the OGA for review and direct response to you.

    ☐  referred to the OGA for consultation.  The FBI will correspond with you regarding this information when the consultation is finished.

☒ You have the right to appeal any denials in this release.  Appeals should be directed in writing to the Director, Office of Information and Privacy, U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C.  20530-0001 within sixty days from the date of this letter.  The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal."  Please cite the FOIPA number assigned to your request so that it may be easily identified.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation.  Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s).  Our experience has shown, when ident, references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s).

If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☒ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division

Enclosure(s)

This is the third and final interim release and concludes the processing of your request.

Please be advised that the enclosed documents are maintained in a multiple subject investigation of which you were indexed as one of the subjects. In processing such a case pursuant to a FOIPA request, it is the practice of the FBI to address only that portion which specifically pertains to you rather than information pertaining to other subjects.

Pursuant to Title 28, Code of Federal Regulations, Section 16.11 and 16.49, there is a fee of ten cents per page for duplication. No fees are assessed for the first 100 pages. Please submit your check or money order in the amount of $49.10 payable to the Federal Bureau of Investigation. To insure proper identification of your request, please return this letter or include FOIPA number 1030134-01 on your check or money order.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALBERTO CONCEPCION,                          )
                                             )
                                             )
            Plaintiff,                        )
                                             ) Civil Action No. 07-CV-1766(ESH)
        v.                                    )
                                             )
FEDERAL BUREA OF INVESTIGATION,              )
        et al.,                               )
                                             )
                                             )
            Defendants.                       )
                                             )

# EXHIBIT E



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

MR ALBERTO CONCEPCION                                        April 15, 2008
**22853-050
FCI FORT DIX
POST OFFICE BOX 2000
FORT DIX, NJ 08640

Subject: CONCEPCION, ALBERTO

FOIPA No. 1030134- 001

Dear Requester:

    The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

|                          |                          |                    |
|--------------------------|--------------------------|--------------------|
| **Section 552**          |                          | **Section 552a**   |
| ☐(b)(1)                  | ☐(b)(7)(A)               | ☐(d)(5)            |
| ☒(b)(2)                  | ☐(b)(7)(B)               | ☐(j)(2)            |
| ☐(b)(3)  Rule 6(e) FRCP  | ☒(b)(7)(C)               | ☐(k)(1)            |
| _____ | ☒(b)(7)(D)               | ☐(k)(2)            |
| _____ | ☒(b)(7)(E)               | ☐(k)(3)            |
| _____ | ☐(b)(7)(F)               | ☐(k)(4)            |
| ☐(b)(4)                  | ☐(b)(8)                  | ☐(k)(5)            |
| ☒(b)(5)                  | ☐(b)(9)                  | ☐(k)(6)            |
| ☒(b)(6)                  |                          | ☐(k)(7)            |

856  page(s) were reviewed and 491  page(s) are being released.

☒  Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA]. This information has been:

    ☒  referred to the OGA for review and direct response to you.

    ☐  referred to the OGA for consultation. The FBI will correspond with you regarding this information when the consultation is finished.

☒ You have the right to appeal any denials in this release. Appeals should be directed in writing to the Director, Office of Information and Privacy, U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C.  20530-0001 within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has shown, when ident, references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s).

If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☒ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division

Enclosure(s)

This is the third and final interim release and concludes the processing of your request.

Please be advised that the enclosed documents are maintained in a multiple subject investigation of which you were indexed as one of the subjects. In processing such a case pursuant to a FOIPA request, it is the practice of the FBI to address only that portion which specifically pertains to you rather than information pertaining to other subjects.

Pursuant to Title 28, Code of Federal Regulations, Section 16.11 and 16.49, there is a fee of ten cents per page for duplication. No fees are assessed for the first 100 pages. Please submit your check or money order in the amount of $49.10 payable to the Federal Bureau of Investigation. To insure proper identification of your request, please return this letter or include FOIPA number 1030134-01 on your check or money order.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALBERTO CONCEPCION,          )
                             )
            Plaintiff,       )
                             )
       v.                    )  Civil Action No. 07-CV-1766(ESH)
                             )
FEDERAL BUREA OF INVESTIGATION,  )
       et al.,               )
                             )
            Defendants.      )
                             )

# EXHIBIT F

10:02:08                              FD-192                        Page  1

Title and Character of Case:

HEAD BANGER CREW

Date Property Acquired:                 from which Property Acquired:

Anticipated Disposition:  Acquired By:                Case Agent:

Description of Property:                              Date Entered
  1D 92

   Barcode: E1487858    Location: ELSUR2

   Barcode: E1487859    Location: ELSUR2

   Barcode: E1487860    Location: ELSUR2

   ALBERTO CONCEPCION, AND UNKNOWN SUBJECTS ON

   Barcode: E1487861    Location: ELSUR2

            AND ALBERTO CONCEPCION ON

   Barcode: E1487862    Location: ELSUR2

   ALBERTO CONCEPCION ON

   Barcode: E1487863    Location: ELSUR2

b6 -1, 2, 5
b7C -1, 2, 5
b7D -1

      Case Number:   166E-NK-97240
   Owning Office:   NEWARK

166E-NK-97240-1D·92

SEARCHED _____ INDEXED _____
SERIALIZED _____ FILED _____

FEB 1 2 1999

FBI-NEWARK

CONCEPCION-1



**U.S. Department of Justice**

Federal Bureau of Investigation

In Reply, Please Refer to
File No.

Post Office Box 1158
Newark, New Jersey  07101

June 10, 1998

Ms Faith Shapiro Hochberg
United States Attorney
Room 502
Federal Building
970 Broad Street
Newark, New Jersey  07101

Attn:  Carolyn Murray
       Assistant United States Attorney

                          Re:  Head Banger Crew;
                               ET. Al.;
                               ITAR-GANG

Dear Ms. Hochberg:

        The purpose of this letter is to confirm a conversation
between AUSA Carolyn Murray of your office and Special Agent (SA)
[                    ] of our Newark Office regarding the utilization of
an individual as a Cooperative Witness (CW) in captioned matter.

        On June 9, 1998, AUSA Carolyn Murray was advised of the
identity of the CW and concurred with the utilization of the CW
in referenced investigation.  The CW will [                    ]
[                    ] in
conjunction with the above investigation.                          b6 -1
                                                                   b7C -1
        It was further agreed that the CW will [                   b7E -2
[                    ] only at the direction of the FBI for the sole  b2 -3
purpose of obtaining evidence against the subjects of the
investigation.  The CW was advised that his/her cooperation with
the government will not protect him/her from prosecution while
engaging in criminal activity not properly authorized.

        AUSA Carolyn Murray agreed that under the circumstances
it would be appropriate [                    ]
incurred as a result of his/her cooperation in this
investigation.  AUSA Carolyn Murray further advised that the
[                    ]                            AUSA Carolyn

                          CONCEPCION-2

Murray concurred in ☐                                        b2 -3
☐              and will be recontacted if necessary operational   b7E -2
expenses exceed this amount.

   The CW has agreed to testify on behalf of the
government.

                              Sincerely,

                              William C. Megary
                              Special Agent in Charge

                         By:    Supervisory Special Agent

1-Addressee
1-File 166E-NK-97240

. (12/31/1995)

# FEDERAL BUREAU OF INVESTIGATION

**Precedence:** ROUTINE                                      **Date:** 06/16/1998

**To:** Newark                              **Attn:** Draft Room

**From:** Newark
         C-13/VCMO
         Contact: SA [                              ]

**Approved By:** [                    ]

**Drafted By:** [                    ] jfm √FM

**Case ID #:** 166E-NK-97240   (Pending)

**Title:** HEAD BANGER CREW;                              b2 -1, 3
          ET. AL.;                                       b6 -1, 2, 6
          ITAR-GANG                                      b7C -1, 2, 6
          OO: NEWARK                                     b7D -2

**Synopsis:** Request [        ] to purchase evidence.

**Details:** Source information has identified a subject selling a
[                              ] LNU, Hispanic male,
approximately [      ] years old. [                    ] resides at
[                    ], Newark, New Jersey. The source was
asked by [          ] LNU if the source was interested in purchasing
the aforementioned [                        ] The
described by the source as being [                              ]
[                    ]

       The source said [        ] LNU is a convicted felon with a
[                    ]

       The writer requests [        ] to be used to purchase the
[                    ] LNU.

♦♦.

166E-NK-97240
JFM:jfm
1

HEAD BANGER CREW;
ET. AL.;
ITAR-GANGS
06/10/1998
OO: NEWARK

On [                                          ] provided the following to SA [              ]
and FBI Task Force Detective [                        ]

Source has knowledge of a drug gangs selling heroin in and
around Broadway Townhouses, Newark, New Jersey.  The gang has 3
separate factions.  All three groups associate with each other
and control this area with acts of violence or the threat of
violence.  Each group sells heroin with a particular brand stamp.
The source identified the brand stamps as follows:

"BOMB"
"GOOD JOB"
"HEAD BANGER"

b2 -4
b6 -1, 2, 4, 5
b7C -1, 2, 4, 5
b7D -1

A check of the Newark Police Department, Heroin Brand Label
Book, dated 01/01/98 to 03/31/98 showed arrests have been made by
the Newark Police Department for possession of heroin with the
label "GOODJOB" and "HEADBANGER" in the area of Broadway
Townhouses.

CONCEPCION-5

Head Banger Crew members identified by the source are as follows:

ago BERT and arrested by Newark Police Department at 51A Mount Pleasant Avenue, Newark, New Jersey for possession of heroin.

A record query by SA⬜ confirmed the arrest of BERT and on or about 05/06/1998.

The source identified an Essex County Sheriff's Office arrest photograph number J 98 04162 of

b6 -1, 2, 5
b7C -1, 2, 5
b7D -1

| | |
|---|---|
| Name: | ALBERTO CONCEPCION |
| Alias: | BERT |
| Race: | Hispanic |
| Sex: | Male |
| Date of Birth: | 05/29/1968 |
| Social Security Number: | 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 |
| Height: | 6'00 |
| Weight: | 170 pounds |
| Eyes: | Brown |
| Hair: | Black |
| Address: | 132 Summer Avenue, Newark, New Jersey |
| SBI# | 797432B |
| FBI# | 950819NA9 |

as being BERT.

The source identified an Essex County Sheriff's Office arrest photograph number ⬜ of

| | |
|---|---|
| Name: | |
| Alias: | |
| Race: | Hispanic |

CONCEPCION-6

Sex:                             Male
Date of Birth:
Social Security Number:
Height:
Weight:
Eyes:
Hair:
Address:
SBI#
FBI#

GOOD JOB CREW:                                    b6 -2, 3, 5
                                                 b7C -2, 3, 5
     The Good Job Crew                           b7D -1

     A check with New Jersey Motor Vehicles revealed above
registration listed to:

     Good Job Crew members were identified as:

CONCEPCION-7

FD-302 (Rev. 10-6-95)

- 1 -

## FEDERAL BUREAU OF INVESTIGATION

Date of transcription

A physical surveillance was initiated in the vicinity of [redacted] Newark, New Jersey (NJ).

The purpose of this surveillance was to monitor a [redacted] (LNU) and/or [redacted] was to make the [redacted]

[redacted] is en route to [redacted], Newark, New Jersey.

Surveillance units are set up in the area of [redacted]

[redacted] arrives on scene, pulling up infront of [redacted]

[redacted] walks in to [redacted] walks back outside with a white, Hispanic, male subject [redacted] (LNU)). The white male is wearing long pants and a short sleeve [redacted]

[redacted] gets back into his vehicle and pulls away from the area. With the surveillance units following.

[redacted] pulls into [redacted], Newark, New Jersey.

b6 -1, 2, 4,
b7C -1, 2, 4
b7D -1

Investigation on    06/19/98    at Newark, New Jersey

File # 166E-NK-97240                          Date dictated

by    SA [redacted]    SA [redacted]    SA [redacted]
Det. [redacted]    Det. [redacted]

CONCEPCION-8

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

FD-302a (Rev. 10-6-95)

166E-NK-97240

Continuation of FD-302 of ___SA___ [          ] , On _06/19/98_ , Page __2__

[          ] drives through [          ] stopping at [          ] section where he makes contact with the surveillance units.

b6 -1, 2,
b7C -1, 2,
b7D -1
b2 -3

Surveillance terminated.

[                    ] for the handgun [          ]
[                            ]

Video was taken.

[                            ]

CONCEPCION-9

(12/31/1995)

# FEDERAL BUREAU OF INVESTIGATION

Precedence: ROUTINE                          Date: 09/22/1998

To: Newark

From: Newark
        C-13/VCMO
        Contact: SA

Approved By: SSA

Drafted By:          fm

Case ID #: 166E-NK-97240-5 (Pending)

Title: BROADWAY TOWNHOUSES;
      ALBERTO CONCEPCION-HEADBANGER CREW;

      HIT SQUAD;
      ET. AL.
      ITAR-GANG
      OO: NEWARK

b2 -1
b6 -1, 2, 5
b7C -1, 2, 5

Synopsis: Request sub-files to be opened.

Details: It is requested the following sub-files be opened and
assigned to writer:

|  |  |  |
|---|---|---|
| SUB D | General-Investigative Intelligence |  |
| SUB E | FD-125 |  |
| SUB SBP | Subpoenas |  |
| SUB TEL | Pen Register/Subscriber Information |  |
| SUB H | Respository Group II (Financial Matters) |  |
| SUB FISUR | Surveillance Logs |  |
| SUB J | Respository for Laboratory Requests |  |
| SUB K | Respository for Laboratory Reports/Results |  |
| SUB L | Transcripts |  |
| SUB M | Transcripts |  |
| SUB N | UCA Transcripts |  |
| SUB FD302 | CW 302's |  |
| SUB 1 |  | Bomb Crew |
| SUB 2 |  | Bomb Crew |
| SUB 3 |  | Bomb Crew |
| SUB 4 |  | Bomb Crew |

CONCEPCION-10

166E-NK-92740-52

To:  Newark  From:  Newark
Re:  166E-NK-97240, 09/22/1998

| SUB 5 | | Bomb Crew |
| SUB 6 | | Bomb Crew |
| SUB 7 | Alberto Concepcion a/k/a BERT | Headbanger Crew |
| SUB 8 | | Headbanger Crew |
| SUB 9 | | Headbanger Crew |
| SUB 10 | | Goodjob Crew |
| SUB 11 | | Goodjob Crew |
| SUB 12 | | Goodjob Crew |
| SUB 13 | | Goodjob Crew |
| SUB 14 | | Goodjob Crew |
| SUB 15 | | Hit Squad |
| SUB 16 | | Hit Squad |
| SUB 17 | | Hit Squad |
| SUB 18 | | Hit Squad |
| SUB 19 | | Hit Squad |
| SUB 20 | | Hit Squad |
| SUB 21 | | Hit Squad |
| SUB 22 | | |
| SUB 23 | | |
| SUB 24 | | |
| SUB 25 | | |

b6 -2
b7C -2

2

CONCEPCION-11

(12/31/1995)

# FEDERAL BUREAU OF INVESTIGATION

Precedence:  ROUTINE                           Date:  10/29/1998

To:  Newark                        Attn:  Third Party Draft

From:  Newark
        C-13/VCMO
        Contact:  SA [                          ]

Approved By [                          ]

Drafted By: [                    ] :jfm

Case ID #:   166E-NK-97240   (Pending)

Title:  BROADWAY TOWNHOUSES;                          b2 -3
       HEADBANGER CREW;                          b6 -1, 6
       ET. AL.;                                  b7C -1, 6
       ITAR-GANG                                 b7D -3

Synopsis:  Request [      ] 00 to purchase evidence.

Details: [        ] sources have identified several subjects selling
narcotics.

     [            ] Newark sources have identified several subjects
living in and around the Broadway Townhouses, Broadway, Newark,
New Jersey.  The subjects have been identified and are involved
in the captioned case.  The subjects are selling both heroin and
cocaine. [                                    ]

     The writer requests [          ] to purchase the
aforementioned narcotics.

♦♦

CONCEPCION-12

I. 301 JFM03. EC

**FEDERAL BUREAU OF INVESTIGATION**
**FOIPA**
**DELETED PAGE INFORMATION SHEET**

_3_ Page(s) withheld entirely at this location in the file. One or more of the following statements, where indicated, explain this deletion.

☑ Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

| Section 552 | Section 552 | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☑ (b)(2)-3 | ☐ (b)(7)(B) | ☑ (j)(2) |
| ☐ (b)(3) | ☑ (b)(7)(C) – 1, 4 | ☐ (k)(1) |
| ____ | ☐ (b)(7)(D) | ☐ (k)(2) |
| ____ | ☑ (b)(7)(E) – 2 | ☐ (k)(3) |
| ____ | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) – 1, 4 | | ☐ (k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Documents originated with another Government agency(ies). These documents were referred to that agency(ies) for review and direct response to you.

_____ Page(s) contain information furnished by another Government agency(ies). You will be advised by the FBI as to the releasability of this information following our consultation with the other agency(ies).

_____ Page(s) withheld inasmuch as a final release determination has not been made. You will be advised as to the disposition at a later date.

_____ Page(s) were not considered for release as they are duplicative of _____

_____ Page(s) withheld for the following reason(s):_____

☑ The following number is to be used for reference regarding these pages:
_Concepcion 13-15_____

XXXXXXXXXXXXXXXX
X    Deleted Page(s)    X
X    No Duplication Fee    X
X    For this page    X
XXXXXXXXXXXXXXXX

**GROUP II UCO PROPOSAL FOR EXTENSION OR EXPANSION IN SCOPE/CHANGE OF FOCUS:**

## A. PROGRESS TO DATE

Since [                                                    ] have participated in over [    ] consensually monitored conversations. These conversations involved illegal firearms and drug activity. This includes the purchase of heroin, cocaine, and firearms from numerous subjects in and around the Broadway Townhouses Housing Project, Newark, New Jersey.

The following subjects have been consensually recorded by [                    ] and are involved in illegal drug and guns sales.

ALBERT CONCEPCION, AKA BERT, HITMAN

b2 -3
b6 -2, 4, 5
b7C -2, 4, 5
b7D -1

## B. RESPONSE TO STIPULATIONS

XXXXXX
XXXXXX
XXXXXX

**FEDERAL BUREAU OF INVESTIGATION**
**FOIPA**
**DELETED PAGE INFORMATION SHEET**

_2_ Page(s) withheld entirely at this location in the file. One or more of the following statements, where indicated, explain this deletion.

☑ Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

| Section 552 | | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☑ (b)(2) — 3, 5 | ☐ (b)(7)(B) | ☑ (j)(2) |
| ☐ (b)(3) | ☐ (b)(7)(C) — 1, 2, 3 | ☐ (k)(1) |
| _____ | ☑ (b)(7)(D) — 1, 2, 3 | ☐ (k)(2) |
| _____ | ☑ (b)(7)(E) — 2 | ☐ (k)(3) |
| _____ | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) — 1, 2, 3 | | ☐ (k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Documents originated with another Government agency(ies). These documents were referred to that agency(ies) for review and direct response to you.

_____ Page(s) contain information furnished by another Government agency(ies). You will be advised by the FBI as to the releasability of this information following our consultation with the other agency(ies).

_____ Page(s) withheld inasmuch as a final release determination has not been made. You will be advised as to the disposition at a later date.

_____ Page(s) were not considered for release as they are duplicative of _____

_____ Page(s) withheld for the following reason(s):_____
_____
_____

☑ The following number is to be used for reference regarding these pages:
_____ Concepcion 17-18 _____

XXXXXXXXXXXXXXXX
X    Deleted Page(s)    X
X    No Duplication Fee    X
X    For this page    X
XXXXXXXXXXXXXXXX

XXXXXX
XXXXXX
XXXXXX

FBI/DOJ

FD-302 (Rev. 10-6-95)

- 1 -

### FEDERAL BUREAU OF INVESTIGATION

Date of transcription    02/10/00

Pursuant to an ongoing investigation into the distribution of narcotics and firearms in and around the Broadway Townhouses, Newark, New Jersey, members of the Federal Bureau of Investigation (FBI), Newark Division, Violent Crime/Gang Task Force (VCGTF) obtained the following subpoenas to testify before the grand jury from United States District Court, District of New Jersey:



(1)                                            and

(2)

(3)

(4)                                            b6 -1, 2, 4
                                               b7C -1, 2, 4
                                               b3 -1

(5)

(6)

(7)                                            CONCEPCION-19

Investigation on    SEE ABOVE    at    Newark, New Jersey

File #    166E-NK-97240    Date dictated    N/A

by    SA

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

FD-302a (Rev. 10-6-95)

166E-NK-97240

Continuation of FD-302 of _____ , On _____ , Page __2__



b6 -2, 3
b7C -2, 3
b3 -1

    All the aforementioned subpoena will be served and a copy of same will be maintained in the 1A Section of the case file.

CONCEPCION-20

FD-515 (Rev. 10-29-97)

□ Squad supervisor approval
(please initial)

**Accomplishment Report**
Accomplishment must be reported and loaded into ISU
within 30 days from date of accomplishment

Date Prepared 3/16/00
Date Loaded
Data Loader's Initials

**Accomplishment involves:**
(check all that apply)

| | |
|---|---|
| Drugs | ☑ |
| A Fugitive | □ |
| Bankruptcy Fraud | □ |
| Computer Fraud/Abuse | □ |
| Corruption of Public Officials | □ |
| Forfeiture Assets | □ |
| Sub Invest Asst by FO (s) | □ |

Asst. FO(s) ____
A, B, C, D

**Task Force**
SSC13

**Assisting Agencies** ×•
1.
2.

File Number
1100F-NK-9784D

Stat Agent Soc. Sec. No.

Stat Agent Name

| RA | Squad |
|---|---|

Assisting Agents Soc. Sec. No. ×
1.
Name:
2.
Name:

b6 -1
b7C -1

**Investigative Assistance or Technique Used**
1 - Used, but did not help     3 - Helped, substantially
2 - Helped, minimally     4 - Absolutely essential
For Sub. Invest. Assts. by other FO (s) indicate A,B,C,D for corresponding FO

| | Rate FO IAT | | Rate FO IAT | | Rate FO IAT | | Rate FO IAT |
|---|---|---|---|---|---|---|---|
| Fin. Analyst | | Lab. Div. Exam | | UCO - Group I | | Rt. Mon.- NRCSC | |
| Aircraft Asst. | | Lab. Field Sup | | UCO - Group II | | For. Lang Asst. | |
| Computer | | Pen Registers | | UCO - Nat. Back | | Non FBI Lab Ex | |
| Consen Mon. | | Photo Cover. | | NCAVC / VI - CAP | | Vict-Witn Coor | |
| Elsur / FISC | | Polygraph | | Crim Intel Asst | | | |
| Elsur / T. III | | Search Warrant | | Crisis Neg. - Fed. | | | |
| Eng. Field Spt. | | Show Money | | Crisis Neg. - Local | | | |
| Eng. Tape Ex | | SOG Asst. | | ERT Asst. | | | |
| Legats Asst. | | Swat Team | | Butte - ITC | | | |
| Evid Purchase | | Tech. Ag/Equip | | Sav - ITC | | | |
| Inf/CW Info | | Phone Toll Rec | | Poc - WRCSC | | | |

b7E -1
b2 -2

---

**A. Complaint / Information / Indictment**

□ Federal   □ Local   □ International

Complaint Date ____

Check if Civil Rico Complaint □

Information Date ____

Indictment Date ____

**B. Locate/ Arrest**

□ Federal   □ Local   □ International

Subject Priority: □ A   □ B   □ C

Locate Date ____

Arrest Date ____

□ Subject Resisted Arrest

□ Subject Arrested was Armed

**C. Summons**

□ Federal   □ Local

Summons Date ____

**D. Hostage(s) Released Date** ____

Released by: □ Terrorist   □ Other

Number of Hostages: ____

Child Located Date ____

**E. Recovery / Restitution / PELP ×**

□ Federal   □ Local   □ International

Recovery Date ____

| Code • | Amount |
|---|---|
| | $ |
| | $ |

Restitution Date ____
□ Court Ordered
□ Pretrial Diversion

| Code • | Amount |
|---|---|
| | $ |

PELP Date ____

| Code • | Amount |
|---|---|
| | $ |

**F. Civil Rico Matters Date** ____

Also Complete Section I

or

Other Civil Matters Date ____

Judgment ____ •

Judicial Outcome ____ ×•

Amount: $ ____

Suspension:

| Years | Months |
|---|---|
| | |

**G. Administrative Sanctions Date** ____

Subject Description Code ____ •

Type:            Length:
□ Suspension   □ Permanent
□ Debarment    □ Years | Months
□ Injunction

**H. Conviction**

☑ Federal   □ Local   □ International

Conviction Date: 3/16/00

Subject Description Code: 8A ( ___ ) •

For 6F, G, H—Include Agency Code

☑ Felony   Or   □ Misdemeanor

☑ Plea   Or   □ Trial

State: NJ   Judicial District: NJ

**I. U.S. Code Violations**
Required for Sections A, B, F, and H
(Federal only)

| Title | Section | # of Counts |
|---|---|---|
| 21 | 841 | 1 |
| 21 | 846 | 1 |
| 18 | 2 | |

**J. Sentence Date:** ____

Sentence type: ____ •

| In-Jail | | Suspended | | Probation | |
|---|---|---|---|---|---|
| Years | Months | Years | Months | Years | Months |

Fines: $ ____

**K. Acquittal / Dismissal / Pretrial Diversion**

Acquittal Date ____
Dismissal Date ____
Pretrial Diversion Date ____

---

**L. Subject Information (Required for all Sections excluding Section D (Hostages) and E (Recovery/PELP))**

| Name | Race • | Sex | Date of Birth | Social Security No. (if available) |
|---|---|---|---|---|
| ALBERTO CONCEPCION | H | M | 052968 | |

For Indictments/Convictions only:

□ Subject related to an LCN, Asian Organized Crime (AOC), Italian Organized Crime (IOC), Russian/Eastern European, Caribbean, or Nigerian Organized Crime Group - Complete FD-515a, Side 1 and Side 2.

□ Subject related to an OC/Drug Organization, a VCMO Program National Gang Strategy target group, or a VCMO Program National Priority Initiative target group - Complete FD-515a, Side 2.

× Additional information may be added by attaching another form or a plain sheet of paper for additional entries.
• See codes on reverse side.

Serial No. of FD-515
513

CONCEPCION-21

03/22/2000

```
*********** CONVICTION **************
         SENSITIVE / UNCLASSIFIED
```

Case Number: 166E-NK-97240          Stat Agent Name:                 Report Date: 03/22/2000      b6 -1
 Serial No.:                         Stat Agent SOC.:                Accom Date.: 03/16/2000      b7C -1

```
   Does Accomplishment Involve     Assisting Joint Agencies     Assisting Agents SOC          Subject Name
   ----------------------------    ------------------------     --------------------          ------------

Drugs . . . . . . . . . . . . : Y        |                            |               CONCEPCION, ALBERTO
A Fugitive. . . . . . . . . . : N        |                            |
Bankruptcy Fraud. . . . . . . : N        |                            |
Computer Fraud/Abuse. . . . . : N        |                            |          RA    Squad   Task Force
Corruption of Public Officials: N        |                            |          ----  -----   ----------
Money Laundering. . . . . . . : N        |                            |          HQ    C13     SSC13
```

Sub. Invest. Asst by Other FOs:                                    1 = Used, but did not help
                                                                   2 = Helped, Minimally
        Investigative Assistance or Technique Used                 3 = Helped, Substantially
        ------------------------------------------                 4 = Absolutely Essential

```
   FINAN ANALYST    LAB DIV EXAMS    UCO-GROUP I     FT. MON-NRCSC
   AIRCRAFT ASST    LAB FIELD SUP    UCO-GROUP II    FOR LANG ASST
   COMPUTER ASST    PEN REGISTERS    UCO-OTHER       NON FBI LAB EX
   CONSEN MONITR    PHOTO COVERGE    NCAVC/VI-CAP    VICT-WITN COOR
   ELSUR/FISC       POLYGRAPH        CRIM/NS INTEL
   ELSUR/III        SRCH WAR EXEC    CRIS NEG-FED
   ENG FIELD SUP    SHOW MONEY       CRIS NEG-LOC
   ENG TAPE EXAM    SOG ASST         ERT ASST
   LEGATS ASST.     SWAT TEAM        BUTTE-ITC
   EVIDNCE PURCH    TECH AG/EQUIP    SAVANNAH-ITC
   INFORMANT/CW     TEL TOLL RECS    POC-WRCSC
```
------------------------------------------------------------------------------------------------

Date of Conviction (MM/DD/YYYY) . . . . . . . . . . . . . .: 03/16/2000
Date of Sentencing (MM/DD/YYYY) . . . . . . . . . . . . . .:
Subject Description Code. . . . . . . . . . . . . . . . . .: 8A

Federal, Local, or International (F/L/I) . . . . . . . . .: F
Felony or Misdemeanor (F/M) . . . . . . . . . . . . . . . .: F

Plea or Trial (P/T) . . . . . . . . . . . . . . . . . . . .: P
Judicial State. . . . . . . . . . . . . . . . . . . . . . .: NJ
Judicial District . . . . . . . . . . . . . . . . . . . . .: NJ
Type of Sentence . . . . :

```
                                   U. S. Code Violation(s)
              Year    Month        ===========================   Form FD-515a Side 2:
              ----    -----         Title  Section   Counts       Investigative Efforts = N/A OR NONE
Time in Jail. .:                    -----  -------   ------        Subject's Role =  N/A OR NONE
Time Suspended.:                     21      841       1          Scope =  N/A OR NONE
Probation Time.:                     21      846       1
                                     18       2        1
Total Fines. . :$
```
------------------------------------------------------------------------------------------------

Accomplishment Narrative
------------------------

CONCEPCION-22

(12/31/1995)

# FEDERAL BUREAU OF INVESTIGATION

Precedence:  ROUTINE                                  Date:  04/05/2000

To:  NEWARK

From:  Newark
         C-13
         Contact:  SA [                    ]

Approved By: SSA [                    ]                              b6 -1
                                                                    b7C -1

Drafted By: [                    ] jfm JFm

Case ID #:  166E-NK-97240

Title:  BROADWAY TOWNHOUSES;
        ET. AL.
        ITAR-VC
        OO: NEWARK

Synopsis:  Tuberculosis exposure.

Details:  On 12/16/1999, members of C-13 arrested a subject
identified as [                ] on federal narcotics charges.      b6 -2
[                                                        ]          b7C -2

        On [                    ] SA [              ] and C-13      b6 -2, 4
Task Force Detective [                        ] transported and met with    b7C -2, 4
[          ]

[                                                                  ]  b6 -1, 2, 4
[                                                                  ]  b7C -1, 2, 4

♦♦

CONCEPCION-23

CI: 09le JFm01. EC

166ENK97240-324

**THE PORT AUTHORITY** OF NY & NJ 

FRED V. MORRONE
DIRECTOR, PUBLIC SAFETY DEPARTMENT
SUPERINTENDENT OF POLICE

JOURNAL SQUARE TRANSPORTATION CENTER
ONE PATH PLAZA · 2ND FLOOR
JERSEY CITY NJ 07306 -2905

(201) 216-6826

April 11, 2000

Mr. Joseph R. Lewis
Special Agent in Charge
U.S. Department of Justice
Federal Bureau of Investigation
P.O. Box 1158
Newark, NJ 07101

Dear Mr. Lewis:

Your recent letter to             thanking him for his participation during the
Broadway Townhouses, Alberto Conception, Et Al investigation, reached my office.
I was very pleased to learn that he demonstrated efficiency and professionalism throughout
this major operation.

The actions of          are indicative of the professionalism and spirit of
cooperation the Port Authority Police are proud to share with all Law Enforcement agencies.

Thank you for taking the time to write.  I will see that a copy of your letter is placed in his
personnel file.

Please be assured of our continued cooperation in matters of mutual concern.

b6 -1, 4
b7C -1, 4

Sincerely,

Fred V. Morrone
Director, Public Safety Department
Superintendent of Police

CONCEPCION-24

166 E-NK97240 - 23 332

| SEARCHED_____INDEXED_____ |
| SERIALIZED_____FILED_____ |

APR 20 ···

FD-515 (Rev. 8-4-99)

**Accomplishment Report**
(Accomplishment must be reported and loaded into ISRAA
within 30 days from date of accomplishment)

Date Prepared _07/07/00_
Date Loaded _7/10/00_
Data Loader's Initials

Squad supervisor approval
(please initial)

**Accomplishment involves:**
(check all that apply)

- Drugs ☒
- A Fugitive ☐
- Bankruptcy Fraud ☐
- Computer Fraud/Abuse ☐
- Corruption of Public Officials ☐
- Money Laundering ☐
- Sub Invest Asst by FO (s) ☐

Asst. FO(s) _____
A, B, C, D

Task Force
SSC13

Assisting Agencies ×○
1.
2.

File Number
166E-NK-97240

Stat Agent Soc. Sec. No.

Stat Agent Name

| RA | Squad |
|----|-------|

Assisting Agents Soc. Sec. No. ×
1.
Name:
2.
Name:

**Investigative Assistance or Technique Used**
1 - Used, did not help    3 - Helped, substantially
2 - Helped, minimally    4 - Absolutely essential
For Sub. Invest. Assist. by other FO (s) indicate A,B,C,D for corresponding FO

| IAT | Rate | FO | IAT | IAT | Rate | FO | IAT |
|-----|------|----|----|-----|------|----|----|
| ...n. Analyst | | | ...ab. Div. Exam | ...CO - Group I | | | ...t. Mon.- NRCSC |
| ...rcraft Asst. | | | ...ab. Field Sup | ...CO - Group II | | | ...for. Lang Asst. |
| ...omputer | | | ...on Registers | ...CO - Nat. Back | | | ...Non FBI Lab Ex |
| ...onsen Mon. | | | ...Photo Cover. | ...CAVC / VI - CAP | | | ...Vict-Witn Coor |
| ...isur / FISC | | | ...Polygraph | ...rim/NS Intel Asst | | | |
| ...isur / T. III | | | ...Search Warran | ...Crisis Neg. - Fed. | | | |
| ...ng. Field Spt | | | ...Show Money | ...Crisis Neg. - Local | | | |
| ...ng. Tape Ex | | | ...SOG Asst. | ...ERT Asst. | | | |
| ...egats Asst. | | | ...Swat Team | ...Butte - ITC | | | |
| ...evid Purchase | | | ...Tech. Ag/Equi | ...Sav - ITC | | | |
| ...ml/CW Info | | | ...Phone Toll Re | ...Poc - WRCSC | | | |

---

**A. Complaint / Information / Indictment**
- ☐ Federal   ☐ Local   ☐ International
- Complaint / Information Date: _____
- Check if Civil Rico Complaint ☐
- Information Date: _____
- Indictment Date: _____

**B. Locate/ Arrest**
- ☐ Federal   ☐ Local   ☐ International
- Subject Priority: ☐ A  ☐ B  ☐ C
- Locate Date: _____
- Arrest Date: _____
- ☐ Subject Resisted Arrest
- ☐ Subject Arrested was Armed

**C. Summons Date:** _____
- ☐ Federal   ☐ Local

**D. Recovery/Restitution/PELP X**
- ☐ Federal   ☐ Local   ☐ International
- Recovery Date: _____
- Code° ___ ✓ Amount $ _____
- Code° ___ ✓ Amount $ _____
- Restitution Date: _____
- ☐ Court Ordered
- ☐ Pretrial Diversion
- Code° ___ Amount _____
- PELP Date: _____
- Code° ___ ✓ Amount $ _____

**E. Hostage(s) Released Date:** _____
- Released by: ☐ Terrorist ☐ Other
- Number of Hostages: _____
- Child Located Date: _____

**F. Conviction**
- ☐ Federal   ☐ Local   ☐ International
- Conviction Date: _____
- Subject Description Code: ___ ___ ° ( ___ )°
- For 6F, G, H--Include Agency Code
- ☐ Felony   or   ☐ Misdemeanor
- ☐ Plea   or   ☐ Trial
- State: ___ Judicial District: ___

**G. U.S. Code Violation**
Required for Sections A, B, F, and J
(Federal only)

| Title | Section | # Counts |
|-------|---------|----------|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**H. Sentence Date:** _07/07/00_
- Sentence Type: _JS_
- In Jail: Years _87_ Months ___
- Suspended: Years ___ Months ___
- Probation: Years _5_ Months ___
- Fines: $ _10,000_

**I. Disruption/Dismantlement:**
- Disruption Date: _____
- Dismantlement Date: _____
- Completion of FD-515 Side 2 Mandatory

**J. Civil Rico Matters Date:** _____
- Also Complete "Section G"
- Other Civil Matters Date: _____
- Judgment ___ ___ ___ ___ °
- Judicial Outcome ___ ___ ___ ___ ° X
- Amount $ _____
- Suspension: Years ___ Months ___

**K. Administrative Sanction Date:** _____
- Subject Description Code _____°
- Type:   Length:
- ☐ Suspension   ☐ Permanent
- ☐ Debarment   or
- ☐ Injunction   Years ___ Months ___

**L. Asset Seizure Date:** _____
- Asset Forfeiture Date: _____
- CATS # Mandatory _____
- Check one of the three:
- ☐ Asset Forfeiture - Administrative
- ☐ Asset Forfeiture - Civil Judicial
- ☐ Asset Forfeiture - Criminal
- Do not indicate $ value in Section D

**M. Acquittal / Dismissal / Pretrial Diversion**
- Acquittal Date: _____
- Dismissal Date: _____
- Pretrial Diversion Date: _____

---

**N. Subject Information (Required for all Sections excluding Section D (Recovery/PELP), Section E (Hostage), Section I, and Section L.)**

| Name | Race° | Sex | Date of Birth | Social Security No. (if available) |
|------|-------|-----|---------------|-----------------------------------|
| ALBERTO CONCEPCION | H | M | 052968 | |

For Indictments/Convictions only:
- ☐ Subject related to an LCN, Asian Organized Crime (AOC), Italian Organized Crime (IOC), Russian/Eastern European, Caribbean, or Nigerian Organized Crime Group - Complete FD-515a, Side 1 Blocks A-E mandatory, F-H as appropriate.
- ☐ Subject related to an OC/Drug Organization, a VCMO Program National Gang Strategy target group, or a VCMO Program National Priority Initiative target group - Complete FD-515a, Side 1 Blocks A-C only.

X  Additional information may be added by attaching another form or a plain sheet of paper for additional entries.
°  See codes on reverse side.
✓  Requires that an explanation be attached and loaded into ISRAA for recovery over $1m and PELP over $5m.

Serial No. of FD-515
375

CONCEPCION-25

07/10/2000

**\*\*\*\*\*\*\*\*\*\*\*\* SENTENCING \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
SENSITIVE / UNCLASSIFIED

b6 -1
b7C -1

Case Number: 166E-NK-97240          Stat Agent Name:                    Report Date: 07/10/2000
Serial No.:                         Stat Agent SOC.:                    Accom Date.: 07/07/2000

| Does Accomplishment Involve | Assisting Joint Agencies | Assisting Agents SOC | Subject Name |
|---|---|---|---|

Drugs . . . . . . . . . . . . : Y          CONCEPCION, ALBERTO
A Fugitive. . . . . . . . . . : N
Bankruptcy Fraud. . . . . . . : N
Computer Fraud/Abuse. . . . . : N                                RA    Squad   Task Force
Corruption of Public Officials: N                                ----   -----   ----------
Money Laundering. . . . . . . : N                                HQ     C13     SSC13

Sub. Invest. Asst by Other FOs:                       1 = Used, but did not help
                                                      2 = Helped, Minimally
     Investigative Assistance or Technique Used       3 = Helped, Substantially
     -------------------------------------------      4 = Absolutely Essential

| INAN ANALYST | LAB DIV EXAMS | CO-GROUP I | FT. MON-NRCSC |
| IRCRAFT ASST | LAB FIELD SUP | CO-GROUP II | FOR LANG ASST |
| ONPUTER ASST | PEN REGISTERS | CO-OTHER | NON FBI LAB EX |
| ONSEN MONITR | PHOTO COVERGE | CAVC/VI-CAP | VICT-WITN COOR |
| LSUR/FISC | POLYGRAPH | RIM/NS INTEL | |
| LSUR/III | SRCH WAR EXEC | RIS NEG-FED | |
| NG FIELD SUP | SHOW MONEY | RIS NEG-LOC | |
| NG TAPE EXAM | SOG ASST | RT ASST | |
| EGATS ASST. | SWAT TEAM | UTTE-ITC | |
| VIDNCE PURCH | TECH AG/EQUIP | AVANNAH-ITC | |
| NFORMANT/CW | TEL TOLL RECS | OC-WRCSC | |

b7E -1
b2 -2

Type of Sentence . . . : JS PB
Date of Sentencing . . .: 07/07/2000
Federal, Local, or International (F/L/I): F

|  | Year | Month |
|---|---|---|
|  | ---- | ----- |
| Time in Jail. .: | 27 | 1 |
| Time Suspended.: |  |  |
| Probation Time.: | 5 |  |
| Total Fines. . :$ | 10000 |  |

Accomplishment Narrative
------------------------

CONCEPCION-26

SENSITIVE / UNCLASSIFIED

FD-350 (Rev. 5-8-81)

(Mount Clipping in Space Below)

(Indicate page, name of newspaper, city and state.)

STAR - LEDGER
NEWARK, NJ
Date: 07/08/00
Edition: ESSEX

Title: BROADWAY TOWNHOUSES
ET AL
ITAR - VC

Character:
or
Classification: 245D -
Submitting Office: NK

Indexing:

# Youth baseball coach gets 27 years for dealing drugs

**By William Kleinknecht**
STAR-LEDGER STAFF

Eight years ago, Alberto Concepcion, a coach in a loosely organized youth baseball league in Newark, was sentenced to a brief stint in jail after he flipped his team's minibus while driving recklessly and killed a 10-year-old passenger.

The case was treated as a tragic accident. But yesterday, as Concepcion was sentenced in Newark federal court as a major drug dealer, it was disclosed that the tragedy went deeper than was known at the time.

In recommending a stiff sentence on the current charges, Assistant U.S. Attorney Scott Resnik told the court that Concepcion was a longtime drug dealer who had been using the young baseball players on that minibus as heroin couriers.

"Mr. Concepcion was using Newark Little League players to distribute the drugs," Resnik told U.S. District Judge Alfred Lechner.

Resnik said the government learned of Concepcion's use of young couriers from Diosdado Algrin, who is the brother of the boy killed in the minibus accident and a co-defendant in the current drug case.

Algrin, who has pleaded guilty and is cooperating with the government, said that he was 14 at the time of the accident and was already working for Concepcion, Resnik said. He did not say whether the dead brother, Algarin Santiago, was being used as a courier.

Authorities said at the time that Concepcion, then 24, had purchased the minibus for the team's use and had paid for the dead boy's funeral.

Thomas Ashley, Concepcion's attorney, told the judge Algrin was lying and that his client had never used young couriers. Lechner said he would not use the information in determining the sentence. The judge sentenced Concepcion to 27 years in prison.

CONCEPCION-27

245D-NK-97240-388

(JAN)

(Rev. 10-01-1999)

# FEDERAL BUREAU OF INVESTIGATION

Precedence:  ROUTINE                          Date:  08/01/2000

To:  NEWARK                        Attn:

From:  Newark
       C-13/VCMO
       Contact:  SA [            ]      Ext [        ]

Approved By:  SSA [                    ]

Drafted By: [                ] jfm (        )

Case ID #:  166E-NK-97240   (Pending)

                                           b6 -1, 2
Title:  BROADWAY TOWNHOUSES;                          b7C -1, 2
       ALBERTO CONCEPCION-HEADBANGER CREW;        b2 -1, 3
       [                ] BOMB CREW;
       [                ] GOOD JOB CREW;
       [        ] HIT SQUAD;
       ET. AL.;
       ITAR-GANG;
       OO: NEWARK

Synopsis:  Request 166E matter be converted into 245D.

Details:  On or about 06/01/2000, SA [            ] submitted an OCDETF
proposal to the OCEDTF Board.  The proposal was reviewed and approved
prior to submission by the New Jersey District of the United States
Attorney's Office.  The operationed was named [            ] and
involved the captioned titled investigation.

      It is request that the above 166E matter and all sub files
be converted into a 245D matter.

♦♦

*Reclassify
TO 245D-NK
from 166E
8/2/00
I: 215 JFM01.EC
MC.
Enclosed all sub files.
245D-NK 97240-389*

CONCEPCION-28

**FEDERAL BUREAU OF INVESTIGATION**
**FOIPA**
**DELETED PAGE INFORMATION SHEET**

_9_ Page(s) withheld entirely at this location in the file. One or more of the following statements, where indicated, explain this deletion.

☐ Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

| Section 552 | | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☑ (j)(2) |
| ☐ (b)(3) | ☐ (b)(7)(C) | ☐ (k)(1) |
| _____ | ☐ (b)(7)(D) | ☐ (k)(2) |
| _____ | ☐ (b)(7)(E) | ☐ (k)(3) |
| _____ | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☐ (b)(6) | | ☐ (k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☑ Documents originated with another Government agency(ies). These documents were referred to that agency(ies) for review and direct response to you.

_____ Page(s) contain information furnished by another Government agency(ies). You will be advised by the FBI as to the releasability of this information following our consultation with the other agency(ies).

_____ Page(s) withheld inasmuch as a final release determination has not been made. You will be advised as to the disposition at a later date.

_____ Page(s) were not considered for release as they are duplicative of _____

_____ Page(s) withheld for the following reason(s): _____
_____
_____

☑ The following number is to be used for reference regarding these pages:
_Concepcion 29 – 37_____

XXXXXXXXXXXXXXXX
X    Deleted Page(s)    X
X    No Duplication Fee    X
X    For this page    X
XXXXXXXXXXXXXXXX

(Rev. 10-01-1999)

# FEDERAL BUREAU OF INVESTIGATION

**Precedence:** ROUTINE                              **Date:** 08/01/2000

**To:** NEWARK                    **Attn:** A/ASAC Rockie Fuller
                                         ASAC Garey S. Chin
                                         SSA [                    ] C-6

**From:** Newark
         C-13/VCMO
         **Contact:** SA [                ]          Ext [        ]

**Approved By:** SSA [                        ]

**Drafted By:** [                    ] jfm

**Case ID #:** 245D-NK-97240  (Pending) 393

**Title:** BROADWAY TOWNHOUSES;
       ALBERTO CONCEPCION-HEADBANGER CREW;
       [                    ] BOMB CREW;
       [                    ] GOOD JOB CREW;
       [            ] -HIT SQUAD;
       ET. AL.;                                    b6 -1, 2
       ITAR-GANG;                                  b7C -1, 2
       OO: NEWARK                                  b2 -1, 3

**Synopsis:** Approval of OCDETF proposal by OCDETF Review Board.


**Details:** On or about 06/01/2000, SA [            ] submitted an OCDETF
proposal to the OCDETF Board. The proposal was reviewed and approved
prior to submission by the New Jersey District of the United States
Attorney's Office. The operation is named [                    ] and involves
the captioned titled investigation.

         On 07/25/2000, SA [            ] received notification that the
OCEDTF proposal was approved and opened as an OCDETF case. The case
was assigned the following OCDETF number:

                    [                    ]

The file and all sub files have been converted into a 245D matter.


                                         CONCEPCION-38

C-6

I.215 JFM03 RC

SSN C-13

245DNK 97240 -393

2450-NK-97240-39

| GRAPHIC DESIGN UNIT | | | Page Layouts | 39 | | | Photo Lab - Javs | |
|---|---|---|---|---|---|---|---|---|
| **Trial Aids** | | | Reprint Articles | 40 | | | Engraved Circuit Board | |
| Charts, Diagrams | 01 | | **Awards & Presentations** | | | | Engraved Nameplates | |
| Chart Mounting | 02 | | Caricatures | 41 | | | Engraved Signs | |
| Enlargements - Photo/Printing | 03 | | Diplomas, Certificates | 42 | | | Metal-Photo | 80 |
| Financial Crimes | 04 | | Presentation Cards | 43 | | | **Signs** | |
| Floor Plan/Crime Scene | 05 | | Programs -N.A., Luncheons | 44 | | | Banners | 81 |
| Maps | 06 | | Special Presentations | 45 | | | Building Graphics | 82 |
| **Inv. Aids/Graphics** | | | **Administrative & Info. Items** | | | | Mailbox Cards | 83 |
| Access Cards | 07 | | Budget Charts | 46 | | | Signs, Lettering-Vinyl | 84 |
| Artist's Composites | 08 | | Collages | 47 | | | **Screen Printing** | |
| Brochures, Publications | 09 | | Forms | 48 | | | Binders | 85 |
| Charts, Maps and Diagrams | 10 | | Flyers-Retirement, etc. | 49 | | | Covers | 86 |
| Credentials | 11 | | Letterheads | 50 | | | Placards and Panels | 87 |
| Diplomas, Certificates | 12 | | Maps, Guides | 51 | | | Signs | 88 |
| Document, obliterated | 13 | | Organization Charts | 52 | | | Textiles | 89 |
| Facial Aging | 14 | | Pamphlets/Brochures | 53 | | | **STRUCTURAL DESIGN** | |
| Facial Reconstruction | 15 | | Posters | 54 | | | **Trial Aids** | |
| Identification Cards | 16 | | Recruitment Ads | 55 | | | Scale Models | 90 |
| Identification Orders (I.O.'s) | 17 | | Statistical Charts | 56 | | | **Inv. Aids - Equipment** | |
| Letterhead, Business Cards | 18 | | UCR Charts | 57 | | | Investigative Support | 91 |
| Photo Retouch | 19 | | **VISUAL PRODUCTION UNIT** | | | | Laboratory Apparatus | 92 |
| Shooting Inquiries | 20 | | **Awards and Presentations** | | | | Special Equipment | 93 |
| Signs | 21 | | Booklets (Anniversaries/Retirements) | 58 | | | Special Awards Const. | 94 |
| Special Devices | 22 | | Booklet Binding | 59 | | | Miscellaneous | 95 |
| Special Graphics | 23 | | Calligraphy, Lettering/Computerized | 60 | | | **Exhibits** | |
| Stamps, Seals | 24 | | Covers, VELO-bind | 61 | | | Crates | 96 |
| Wanted Flyers | 25 | | Inscription Plates | 62 | | | Display Cases | 97 |
| **Training and Briefing Aids** | | | Name Plates | 63 | | | Exhibit Repairs | 98 |
| Charts, Diagrams | 26 | | Plaques | 64 | | | Field Off. Exhibit Const. | 99 |
| Maps | 27 | | Special Awards | 65 | | | Panels-2D Wall Displays | 100 |
| Overhead Transparencies | 28 | | Service Keys | 66 | | | Tour Exhibits | 101 |
| Paper Copies | 29 | | Scrolls | 67 | | | Training & Briefing Models | 102 |
| Photo Slides | 30 | | **Cred. & Identification Cards** | | | | Special Event Exhibits | 103 |
| **Technical Renderings** | | | Service and Support | 68 | | | Travel Exhibits-Const. | 104 |
| Computer Illustrations | 31 | | Special Agent | 69 | | | Travel Exhibits-Shipping | 105 |
| Manual Illustrations | 32 | | Special Laminates | 70 | | | Miscellaneous | 106 |
| Wiring Diagrams | 33 | | **Exhibits** | | | | **Design** | |
| **Publications** | | | Chart Mounting | 71 | | | Environmental Graphics | 107 |
| Color Separations | 34 | | Framed Photos | 72 | | | Project Study (hours) | 108 |
| Covers | 35 | | Medallions | 73 | | | Special Presentations | 109 |
| Disk Conversions | 36 | | Photo Mounting | 74 | | | 3-D Exhibits | 110 |
| Illustrations | 37 | | Seals/Moldings | 75 | | | 2-D Panel Displays | 111 |
| Investigator | 38 | | Top Ten Boards | 76 | | | Miscellaneous | 112 |

CONCEPCION-39

| Employee | Hrly. Rate | Time | Cost | | Materials Used | Cost |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Total Labor Cost

Total Material Cost

Total Job Cost

FD-790 (Rev. 6-14-91)

☒ TO: SPECIAL PROJECTS SECTION, LABORATORY DIVISION
ROOM 1B224, JEH BLDG.
Forward Original and Two Copies to Special Projects Section.
Retain One Copy For Your Records

## SPECIAL PROJECTS SECTION WORK ORDER

The services of the Special Projects Include preparation of the following items:

| | |
|---|---|
| Artist's Conceptions | Illustrations & Diagrams |
| Audiovisual Presentations | Maps & Charts |
| Credentials & Certificates | Special Equipment & Devices |
| Exhibits & Displays | Trial Charts & Models |
| Facial Reconstruction/Aging | Video Classification |

NOTE: THESE SERVICES DO NOT INCLUDE CONSTRUCTION, ASSEMBLY, INSTALLATION, MODIFICATION OR MAINTENANCE OF NEW OR EXISTING OFFICE FURNITURE. SUCH REQUESTS SHOULD BE DIRECTED TO PROPERTY PROCUREMENT AND MANAGEMENT SECTION, ADMINISTRATIVE SERVICES DIVISION (ASD). REQUESTS FOR CARPENTRY, ELECTRICAL WORK OR OTHER MAINTENANCE TYPE REQUESTS SHOULD BE DIRECTED TO FACILITIES MANAGEMENT AND SECURITY SECTION, ASD.

FBIHQ Time Stamp

| Division | Date |
|---|---|
| NEWARK | 09/01/00 |
| Section or Squad C-13/VCMO | Div. or F.O. Cost Center 3510 |
| Section Chief or Special Agent In Charge SAC Joseph R. Lewis | |
| Telephone No. (973) 792-3000 | |

General Description of Work Requested: (Indicate quantity needed of each item. If reference or explanatory data is available please furnish with request. Indicate deadline, if any.)

Request 100 11x17 color posters be printed depicting 2 subjects recently arrested and convicted by FBI-Newark. The poster would include a brief description of their arrest and the role of the FBI-Newark Violent Crime Gang Task Force. A 1-800 telephone number will also be listed on the poster.

PHOTO#01 ALBERTO CONCEPCION          PHOTO#02

The 2 photographs, sample poster, and handwritten model will be attahhed to the FD-790. Original photographs sent but need work. Photo #01 of Hispanic male needs to be lightened. Photo #02 of _____ needs background work. Newark Division would like to distribute these posters as soon as possible.

| UNIVERSAL CASE FILE NO. (UCFN) 245D-NK-97240 | DEADLINE: | b6 -1, 2 b7C -1, 2 |
|---|---|---|

Purpose and Use: The posters will be distributed in Essex, Hudson, and Union County to generate information about violent crime.

Detailed information ... obtained directly from:
Name SA _____   Working Hours 8:15am-5:00pm
Ext. ___ Room ___ TL# ___   SAC Joseph R. Lewis

b6 -1
b7C -1
b2 -1

### PORTION OF FORM BELOW DOUBLE LINE FOR SPECIAL PROJECTS USE ONLY

| GDU | VPU | SDU | Employee(s) | Date Assigned |
|---|---|---|---|---|
| | | | | |

Instructions and Remarks:                                         Requisition #

CONCEPCION-40

| Approved | Date | Completed Date |
|---|---|---|

245D-NK-97240
OCDETF# NYNJ-269
JFM:jfm
01

BROADWAY TOWNHOUSES;
 ET AL;
 ITAR-VIOLENT CRIME
 OO: NEWARK

SUBJECT CHARGE SUMMARY
(As of September 19, 2000)

46        **SUBJECTS**

32        **SUBJECTS PLED GUILTY**

18        **SUBJECTS SENTENCED**

02        **SUBJECT DECEASED**

06        **SUBJECTS PENDING/FEDERAL**

00        **SUBJECTS FUGITIVE/FEDERAL**

06        **SUBJECTS PENDING/STATE**

01        **SUBJECT FUGITIVE/STATE** CONCEPCION-41

**FEDERAL PENDING:**

b6  -2
b7C -2

|   | PLEAD GUILTY |
| HEROIN DISTRIBUTION CONSPIRACY | |

|   | PLEAD GUILTY |
| HEROIN DISTRIBUTION CONSPIRACY | Sentenced 70 months/$1000 fine |

|   | PLEAD GUILTY |
| HEROIN DISTRIBUTION CONSPIRACY | Sentenced 87 months/$2500 fine |

|   | PLEAD GUILTY |
| HEROIN DISTRIBUTION CONSPIRACY | |

b6 -2
b7C -2

(5) ALBERTO CONCEPCION
HEROIN DISTRIBUTION CONSPIRACY

PLEAD GUILTY
Sentenced 325 months/$10,000 fine

HEROIN DISTRIBUTION CONSPIRACY

PLEAD GUILTY

HEROIN DISTRIBUTION CONSPIRACY

PLEAD GUILTY
Sentenced 110 months/$2000 fine

HEROIN DISTRIBUTION CONSPIRACY

PLEAD GUILTY/DECEASED

DISTRIBUTION HEROIN/COCAINE

PENDING

DISTRIBUTION HEROIN

PLEAD GUILTY
Sentenced 100 months

CONSPIRACY TRAFFICK FIREARMS

PLEAD GUILTY
Sentenced 30 months/$1000 fine

DRUGS/FIREARMS-STATE COMPLAINT

PENDING/STATE

CONCEPCION-42

**FEDERAL BUREAU OF INVESTIGATION**
**FOIPA**
**DELETED PAGE INFORMATION SHEET**

___2___ Page(s) withheld entirely at this location in the file. One or more of the following statements, where indicated, explain this deletion.

☑ Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

| Section 552 | | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☑ (b)(2) –2 | ☐ (b)(7)(B) | ☑ (j)(2) |
| ☐ (b)(3) | ☑ (b)(7)(C) –1, 2, 4 | ☐ (k)(1) |
| _____ | ☐ (b)(7)(D) | ☐ (k)(2) |
| _____ | ☑ (b)(7)(E) –1 | ☐ (k)(3) |
| _____ | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) –1, 2, 4 | | ☐ (k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Documents originated with another Government agency(ies). These documents were referred to that agency(ies) for review and direct response to you.

_____ Page(s) contain information furnished by another Government agency(ies). You will be advised by the FBI as to the releasability of this information following our consultation with the other agency(ies).

_____ Page(s) withheld inasmuch as a final release determination has not been made. You will be advised as to the disposition at a later date.

_____ Page(s) were not considered for release as they are duplicative of _____

_____ Page(s) withheld for the following reason(s): _____
_____
_____

☑ The following number is to be used for reference regarding these pages:
_____Conception 43 – 44_____

XXXXXXXXXXXXXXXX
X      Deleted Page(s)      X
X    No Duplication Fee    X
X      For this page      X
XXXXXXXXXXXXXXXX

For Further Instructions See: MAOP ● II, Sections 3-5 thru 3-5.3.

## PROPERTY CODES

| | |
|---|---|
| 01 | Cash |
| 02 | Stocks, Bonds or Negot. Instruments |
| 03 | General Retail Merchandise |
| 04 | Vehicles |
| 05 | Heavy Machinery & Equipment |
| 06 | Aircraft |
| 07 | Jewelry |
| 08 | Vessels |
| 09 | Art, Antiques or Rare Collections |
| 11 | Real Property |
| 20 | All Other |

## SENTENCE TYPES

| | |
|---|---|
| CP | Capital Punishment |
| JS | Jail Sentence |
| LS | Life Sentence |
| NS | No Sentence (Subject is a Fugitive, Insane, has Died, or is a Corporation) |
| PB | Probation |
| SJ | Suspension of Jail Sentence |
| YC | Youth Correction Act |

## PELP CODES

| | |
|---|---|
| 22 | Counterfeit Stocks/Bonds/Currency/ Negotiable Instruments |
| 23 | Counterfeit/Pirated Sound Recordings or Motion Pictures |
| 24 | Bank Theft Scheme Aborted |
| 25 | Ransom, Extortion or Bribe Demand Aborted |
| 26 | Theft From or Fraud Against Government Scheme Aborted |
| 27 | Commercial or Industrial Theft Scheme Aborted |
| 30 | All Other |

## RACE CODES

| | |
|---|---|
| A | Asian/Pacific Islander |
| B | Black |
| I | Indian/American |
| U | Unknown |
| W | White |
| X | Nonindividual |

## AGENCY CODES

| | |
|---|---|
| ACIS | Army Criminal Investigative Service |
| BATF | Bureau of Alcohol, Tobacco & Firearms |
| BIA | Bureau of Indian Affairs |
| DCAA | Defense Contract Audit Agency |
| DCIS | Defense Criminal Investigative Service |
| DEA | Drug Enforcement Administration |
| DOC | Department of Corrections |
| DOI | Dept. of Interior |
| EPA | Environmental Protection Agency |
| FAA | Federal Aviation Administration |
| FDA | Food and Drug Administration |
| HHS | Dept. of Health & Human Services |
| HUD | Dept. of Housing & Urban Development |
| INS | Immigration and Naturalization Service |
| IRS | Internal Revenue Service |
| NASA | Nat'l Aeronautics & Space Admin |
| NBIS | Nat'l NARC Border Interdiction |
| NCIS | Naval Criminal Investigative Service |
| RCMP | Royal Canadian Mounted Police |
| SBA | Small Business Administration |
| USBP | U.S. Border Patrol |
| USCG | U.S. Coast Guard |
| USCS | U.S. Customs Service |
| USDS | U.S. Department of State |
| USMS | U.S. Marshals Service |
| USPS | U.S. Postal Service |
| USSS | U.S. Secret Service |
| USTR | U.S. Treasury |
| LOC | Local |
| CITY | City |
| COUN | County |
| ST | State |
| OTHR | Other |

## JUDGMENT CODES

| | |
|---|---|
| CJ | Consent Judgment |
| CO | Court Ordered Settlement |
| DF | Default Judgment |
| DI | Dismissal |
| JN | Judgment Notwithstanding |
| MV | Mixed Verdict |
| SJ | Summary Judgment |
| VD | Verdict for Defendant |
| VP | Verdict for Plaintiff |

## JUDICIAL OUTCOME

| | |
|---|---|
| AG | Agreement |
| BR | Barred/Removed |
| CC | Civil Contempt |
| DC | Disciplinary Charges |
| FI | Fine |
| PI | Preliminary Injunction |
| PR | Temporary Restraining Order |
| PS | Pre-filing Settlement |
| RN | Restitution |
| SP | Suspension |
| VR | Voluntary Resignation |
| OT | Other |

## SUBJECT PRIORITY

| | |
|---|---|
| A | Subject wanted for crimes of violence (i.e., murder, manslaughter, forcible rape) against another individual or convicted of such a crime in the past five years |
| B | Subject wanted for crimes involving loss or destruction of property valued in excess of $25,000 or convicted of such a crime in the past five years. |
| C | All other subjects. |

## SUBJECT DESCRIPTION CODES

## ORGANIZED CRIME SUBJECTS

| | |
|---|---|
| 1F | Boss |
| 1G | Underboss |
| 1H | Consigliere |
| 1J | Acting Boss |
| 1K | Capodecina |
| 1L | Soldier |

## KNOWN CRIMINALS

| | |
|---|---|
| 2A | Top Ten or I.O. Fugitive |
| 2B | Top Thief |
| 2C | Top Con Man |

## FOREIGN NATIONALS

| | |
|---|---|
| 3A | Legal Alien |
| 3B | Illegal Alien |
| 3C | Foreign Official W/out Diplomatic Immunity |
| 3D | U.N. Employee W/out Diplomatic Immunity |
| 3E | Foreign Student |
| 3F | All Others |

## OTHERS

| | |
|---|---|
| 8A | All Other Subjects |
| 8B | Company or Corporation |

## TERRORISTS

| | |
|---|---|
| 4A | Known Member of a Terrorist Organization |
| 4B | Possible Terrorist Member or Sympathizer |

## UNION MEMBERS

| | |
|---|---|
| 5D | President |
| 5E | Vice-President |
| 5F | Treasurer |
| 5G | Secretary/Treasurer |
| 5H | Executive Board Member |
| 5I | Business Agent |
| 5J | Representative |
| 5K | Organizer |
| 5L | Business Manager |
| 5M | Financial Secretary |
| 5N | Recording Secretary |
| 5P | Office Manager |
| 5Q | Clerk |
| 5R | Shop Steward |
| 5S | Member |
| 5T | Trustee |
| 5U | Other |

## GOVERNMENT SUBJECTS
(6F,6G,6H- Include Agency Code)

| | |
|---|---|
| 6A | Presidential Appointee |
| 6B | U.S. Senator/Staff |
| 6C | U.S. Representative/Staff |
| 6D | Federal Judge/Magistrate |
| 6E | Federal Prosecutor |
| 6F | Federal Law Enforcement Officer |
| 6G | Federal Employee - GS 13 & Above |
| 6H | Federal Employee - GS 12 & Below |
| 6J | Governor |
| 6K | Lt. Governor |
| 6L | State Legislator |
| 6M | State Judge/Magistrate |
| 6N | State Prosecutor |
| 6P | State Law Enforcement Officer |
| 6Q | State - All Others |
| 6R | Mayor |
| 6S | Local Legislator |
| 6T | Local Judge/Magistrate |
| 6U | Local Prosecutor |
| 6V | Local Law Enforcement Officer |
| 6W | Local - All Others |
| 6X | County Commissioner |
| 6Y | City Councilman |

## BANK EMPLOYEES

| | |
|---|---|
| 7A | Bank Officer |
| 7B | Bank Employee |

SECTION-45

## FEDERAL BUREAU OF INVESTIGATION
## FOIPA
### DELETED PAGE INFORMATION SHEET

_2_ Page(s) withheld entirely at this location in the file. One or more of the following statements, where indicated, explain this deletion.

☑ Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

|  Section 552  |  |  Section 552a  |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☑ (b)(2)—2 | ☐ (b)(7)(B) | ☑ (j)(2) |
| ☐ (b)(3) | ☑ (b)(7)(C) —1,2 | ☐ (k)(1) |
| _____ | ☐ (b)(7)(D) | ☐ (k)(2) |
| _____ | ☑ (b)(7)(E) —1 | ☐ (k)(3) |
| _____ | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) —1,2 |  | ☐ (k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Documents originated with another Government agency(ies). These documents were referred to that agency(ies) for review and direct response to you.

_____ Page(s) contain information furnished by another Government agency(ies). You will be advised by the FBI as to the releasability of this information following our consultation with the other agency(ies).

_____ Page(s) withheld inasmuch as a final release determination has not been made. You will be advised as to the disposition at a later date.

_____ Page(s) were not considered for release as they are duplicative of _____

_____ Page(s) withheld for the following reason(s):_____

_____

☑ The following number is to be used for reference regarding these pages:
Concepcion 46-47

XXXXXXXXXXXXXXXX
X    Deleted Page(s)    X
X    No Duplication Fee    X
X    For this page    X
XXXXXXXXXXXXXXXX

(06/01/1995)

# FEDERAL BUREAU OF INVESTIGATION

Precedence:  ROUTINE                          Date:  06/11/1999

To:  Newark                        Attn:  Evidence Control
                                          Technician

From:  Newark
          Squad C-13
          Contact:  SA [               ]

Approved By: [               ]

Drafted By: [          ]:jfm  (JFM)

Case ID #:  166E-NK-97240  (Pending)

b6 -1
b7C -1
b2 -1

Title:  BROADWAY TOWNHOUSES;
        ET. AL.
        ITAR-VC
        OO: NK

Synopsis:  Late submission of evidence.

Details:  Due to the evidence being processed by Essex County
Ballistic Lab the evidence was not submitted to the Evidence
Control Technician within the time limit.  The evidence was
retained in secure/temporary storage and is now being submitted.

ASAC
ECT

CONCEPCION-48

1

See 18127

I: 162JFM01.EC

166ENK97240-456

(Rev. 08-28-2000)

# FEDERAL BUREAU OF INVESTIGATION

Precedence:  ROUTINE                          Date:  01/03/2002

To:  Newark                     Attn:  Acting SSA [                    ]

From:  Newark
        C-13
        Contact:  SA [                              ]

Approved By: [                    ]

Drafted By: [                    ]:srn

Case ID #:  245D-NK-97240   (Pending) - 537

Title:  Broadway Townhouses;
        ET AL;
        ITAR-GANG;
        OO:NK

Synopsis:  Request to open Sub-File.

Details:  Request to open Sub-File 57 for captioned case.

♦♦

b2 -1
b6 -1
b7C -1

CONCEPCION-49

03 SRN06.EC



**U.S. Department of Justice**

Federal Bureau of Investigation

In Reply, Please Refer to
File No.    245D-NK-97240

Newark, N.J. 07101
March 23, 2002


Mr. Christopher J. Christie
United States Attorney
Room 502
Federal Building
970 Broad Street
Newark, New Jersey  07101

Attn:    Scott Resnik
         Assistant United States Attorney (AUSA)

                                    Re: BROADWAY TOWNHOUSES
         Dear Mr. Christie

         The purpose of this letter is to confirm a conversation
between AUSA Scott Resnik of your office and Special Agent [____]
[____] of our Newark Office regarding the release and/or
destruction of evidence relating to the captioned matter.

         On 03/23/2002, AUSA Scott Resnik concurred with the
releasing and/or destruction of evidence associated with
captioned case with the exception of evidence relating to
defendant **ALBERTO CONCEPCION.**  All the other subjects involved in
the aforementioned case have been convicted and sentenced.

                                    b6 -1
                                    b7C -1

                        Sincerely,


                        Philip W. Thomas
                        Special Agent in Charge


                        By: [_____]     CONCEPCION-50
                        Acting Supervisory Special Agent

1-File
1-adressee


*This document contains neither recommendations nor conclusions of the FBI.  It is the property of the
FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.*

(12/31/1995)

# FEDERAL BUREAU OF INVESTIGATION

Precedence: ROUTINE                                      Date:  03/26/2002

To:  Newark                                     Attn:  Evidence Control
                                                       Technician

From:  Newark
            C-13/VCMO
            Contact:  SA _____

Approved By: _____  RAL/SAM

Drafted By: _____ :jfm  (JRW)

Case ID #:  245D-NK-97240   ·541

Title:  BROADWAY TOWNHOUSES;
        ET AL;
        OO: NEWARK

Synopsis: Destruction of evidence.


Details: The subjects involved in captioned case have been
convicted, sentenced, and no appeals have been filed.
On 03/23/2002, SA _____ spoke with Assistant United
States Attorney (AUSA) Scott Resnik.  AUSA Scott Resnik concurred
with SA _____ about releasing and/or destruction of
evidence associated with captioned case.

Released to SA _____ on
03/28/2002.
Released to SA _____ on
03/28/2002 and destroyed.

Released to SA _____ on
03/28/2002 and destroyed.

Released to SA _____ on
03/28/2002 and destroyed.

Released to SA _____ on
03/28/2002 and destroyed.

Released to SA _____ on
03/28/2002 and destroyed.

Released to SA _____ on
03/28/2002 and destroyed.

b2 -1, 3
b6 -1
b7C -1

CONCEPCION-51

ECT. Ruentons  AR

I: 082JPM01.EC

To:  Newark  From: Newark
Re:  245D-NK-97240, 03/26/2002



Released to SA [        ] on
03/28/2002 and destroyed.

Released to SA [        ] on
03/28/2002 and destroyed.

Released to SA [        ] on
03/28/2002 and destroyed.

Released to SA [        ] on
03/28/2002 and destroyed

Released ti SA [        ] on
03/28/2002 and destroyed.

b6 -1
b7C -1
b2 -3

        The following general evidence (firearm ammunition)
was released to SA [        ] on 03/28/2002.  It will be turned
over to Firearms Instructor [        ] for destruction:

ITEM#3 ITEM#4 ITEM#5 and ITEM#6

◆◆

CONCEPCION-52

2

(06/01/1995)



# FEDERAL BUREAU OF INVESTIGATION

Precedence:  ROUTINE                          Date:  03/29/2002

To:  Newark                        Attn:

From:  Newark
        Squad C-13
        Contact:  SA

Approved By:

Drafted By:                      :jf       JFN

Case ID #:  245D-NK-97240   (Pending)                    b2 -1
                                                         b6 -1
Title:  BROADWAY TOWNHOUSES;                             b7C -1
        ET. AL.
        ITAR-VC
        OO: NK

Synopsis:  Re-assign captioned case

Details:  SA                    request the above captioned case be
assigned to SA

b6 -1
b7C -

CONCEPCION-53

1

### FEDERAL BUREAU OF INVESTIGATION
### FOIPA
### DELETED PAGE INFORMATION SHEET

_1_ Page(s) withheld entirely at this location in the file. One or more of the following statements, where indicated, explain this deletion.

☐ Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

|  | Section 552 |  |  | Section 552a |
|---|---|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) |  | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) |  | ☑ (j)(2) |
| ☐ (b)(3) | ☐ (b)(7)(C) |  | ☐ (k)(1) |
| _____ | ☐ (b)(7)(D) |  | ☐ (k)(2) |
| _____ | ☐ (b)(7)(E) |  | ☐ (k)(3) |
| _____ | ☐ (b)(7)(F) |  | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) |  | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) |  | ☐ (k)(6) |
| ☐ (b)(6) |  |  | ☐ (k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☑ Documents originated with another Government agency(ies). These documents were referred to that agency(ies) for review and direct response to you.

_____ Page(s) contain information furnished by another Government agency(ies). You will be advised by the FBI as to the releasability of this information following our consultation with the other agency(ies).

_____ Page(s) withheld inasmuch as a final release determination has not been made. You will be advised as to the disposition at a later date.

_____ Page(s) were not considered for release as they are duplicative of _____

_____ Page(s) withheld for the following reason(s): _____
_____

☑ The following number is to be used for reference regarding these pages:
_Concepcion 54_

XXXXXXXXXXXXXXXX
X    Deleted Page(s)    X
X    No Duplication Fee    X
X    For this page    X
XXXXXXXXXXXXXXXX

XXXXXX
XXXXXX
XXXXXX

FBI/DOJ

 

(Rev. 10-01-1999)

# FEDERAL BUREAU OF INVESTIGATION

**Precedence:**  ROUTINE                              **Date:**  02/27/2003

**To:**  Newark                      **Attn:**  SA [ ]

**From:**  Butte ITC
        **Contact:** [ ]                      b2 -1
                                                      b6 -1
                                                      b7C -1

**Approved By:** [ ]

**Drafted By:** [ ] *352*

**Case ID #:** 245D-NK-97240   (Pending)

**Title:**  HEAD BANGER CREW:                        b6 -2
       OCDETF/VCMO-GANGS                     b7C -2

**Synopsis:**  Results of searches re [ ]

**Administrative:**  Reference FD-809 dated 01/30/2003.

**Enclosure(s):**  Reply Form

**Details:**  The following information was obtained:

      SSAN    [ ] - No information located      b6 -2, 3
                 [ ] issued in Illinois in 1976-1979   b7C -2, 3

| THIS E.C. | Initials | Date |
|-----------|----------|------|
| is ok to upload | | |
| was uploaded by | | |

# FEDERAL BUREAU OF INVESTIGATION
## FOIPA
### DELETED PAGE INFORMATION SHEET

___1___ Page(s) withheld entirely at this location in the file. One or more of the following statements, where indicated, explain this deletion.

☑ Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

| Section 552 | | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☑ (j)(2) |
| ☐ (b)(3) | ☑ (b)(7)(C) —3 | ☐ (k)(1) |
| _____ | ☐ (b)(7)(D) | ☐ (k)(2) |
| _____ | ☐ (b)(7)(E) | ☐ (k)(3) |
| _____ | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) —3 | | ☐ (k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Documents originated with another Government agency(ies). These documents were referred to that agency(ies) for review and direct response to you.

_____ Page(s) contain information furnished by another Government agency(ies). You will be advised by the FBI as to the releasability of this information following our consultation with the other agency(ies).

_____ Page(s) withheld inasmuch as a final release determination has not been made. You will be advised as to the disposition at a later date.

_____ Page(s) were not considered for release as they are duplicative of _____

_____ Page(s) withheld for the following reason(s):_____

_____

☑ The following number is to be used for reference regarding these pages:
_____ Concepcion 56 _____

XXXXXXXXXXXXXXXX
X     Deleted Page(s)     X
X   No Duplication Fee   X
X      For this page      X
XXXXXXXXXXXXXXXX

FD-487 (Rev. 6-25-84)



## NCIC ACTIVITY LOG
### (Instructions - Reverse Side)

Bureau File No. _____

Field Office File No. 245DNK97240

| Activity | Date | Serial | NCIC Number | Date Retention Period Expires | Miscellaneous Information |
|----------|------|--------|-------------|-------------------------------|---------------------------|
| enten | 12/17/99 | 413 | W7003607019 | | sub 5 |
| clean | 2/28/00 | 414 | " | | sub 5 |
| enten | 12/17/99 | 415 | W860364468 | | sub 37 |
| modify | 12/17/99 | 416 | " | | sub 37 |
| clean | 12/22/99 | 417 | " | | sub 37 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**Validation:** *(Date/Initials)*

| 1 | | 5 | | 9 | |
|---|---|---|---|---|---|
| 2 | | 6 | | 10 | |
| 3 | | 7 | | 11 | |
| 4 | | 8 | | 12 | |

### TOP SERIAL - NOT TO BE SERIALIZED

FD-487 (Rev. 6-25-84)

  

## NCIC ACTIVITY LOG
### (Instructions - Reverse Side)

Bureau File No. _____

Field Office File No. _____

166ENK97240

| Activity | Date | Serial | NCIC Number | Date Retention Period Expires | Miscellaneous Information |
|---|---|---|---|---|---|
| locate | 5/3/00 | 342 | W124477823 | | |
| clean | 6/29/00 | 373 | W260366936 | | |
| clean | 2/28/00 | 394 | W130376093 | | sub 38 |
| enter | 12/17/99 | 395 | W610373418 | | sub 36 |
| modify | 12/17/99 | 396 | W610373418 | | sub 36 |
| clean | 12/22/99 | 397 | " | | sub 36 |
| enter | 12/17/99 | 398 | W710378747 | | sub 48 |
| modify | 12/17/99 | 399 | " | | sub 48 |
| modify | 12/17/99 | 400 | " | | sub 48 |
| enter | 12/17/99 | 401 | W750367360 | | sub 24 |
| modify | 12/17/99 | 402 | " | | sub 24 |
| clean | 12/22/99 | 403 | " | | sub 24 |
| enter | 12/17/99 | 404 | W990376611 | | sub 32 |
| modify | 12/17/99 | 405 | " | | sub 32 |
| clean | 12/22/99 | 406 | " | | sub 32 |
| enter | 12/17/99 | 407 | W260366732 | | sub 33 |
| modify | 12/17/99 | 408 | " | | sub 33 |
| modify | 12/17/99 | 409 | " | | sub 33 |
| enter | 12/17/99 | 410 | W130376093 | | sub 6 |
| modify | 12/17/99 | 411 | " | | sub 6 |
| enter | 12/17/99 | 412 | W770372109 | | sub 18 |

Validation:  (Date/Initials)

| 1 _____ | 5 _____ | 9 _____ |
| 2 _____ | 6 _____ | 10 _____ |
| 3 _____ | 7 _____ | 11 _____ |
| 4 _____ | 8 _____ | 12 _____ |

**TOP SERIAL - NOT TO BE SERIALIZED**

FBI/DOJ

FD-487 (Rev. 6-25-84)

 

## NCIC ACTIVITY LOG
### (Instructions - Reverse Side)

Bureau File No. _____

Field Office File No. _____

106E-NK-97240

| Activity | Date | Serial | NCIC Number | Date Retention Period Expires | Miscellaneous Information |
|----------|------|--------|-------------|-------------------------------|---------------------------|
| enter | 12/17/99 | 184 | W260366936 | | |
| modify | 12/17/99 | 185 | W260366936 | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**Validation:** *(Date/Initials)*

| 1 | | 5 | | 9 | |
|---|---|---|---|---|---|
| 2 | | 6 | | 10 | |
| 3 | | 7 | | 11 | |
| 4 | | 8 | | 12 | |

**TOP SERIAL - NOT TO BE SERIALIZED**

FBI/DOJ

(12/31/1995)

# FEDERAL BUREAU OF INVESTIGATION

Precedence:  ROUTINE                          Date:    06/22/1998

To:  Newark

From:  Newark
         C-13/VCMO
         Contact:  SA

Approved By:

Drafted By: [                    ] jfm

Case ID #:  166E-NK-97240    (Pending)

b2 -1
b6 -1
b7C -1

Title:  HEAD BANGER CREW;
         ET. AL.;
         ITAR-GANG;
         OO: NEWARK

Synopsis:  See details.

Details:  Writer request a sub file ELA be established for ELSUR
matters.  Request sub file be opened and assigned to writer.

♦♦

CONCEPCION-61

(06/01/1995)

# FEDERAL BUREAU OF INVESTIGATION

**Precedence:** ROUTINE                                      **Date:** 7/2/1998

**To:** Newark                          **Attn:** SA [          ]

**From:** Newark
      ELSUR Unit
        EFA [                    ]

**Approved By:** [                    ]

**Drafted By:** [                ] g

**Case ID #:** 166E-NK-97240
        66-4018

**Title:** HEADBANGER CREW;
      ET AL;
      ITAR-GANG;
      OO:  NEWARK

**Synopsis:**  The indexing of initial overhear information for the above captioned case.

**Details:**  The information below was submitted via electronic transfer, in accordance with ELSUR Automated Records System (EARS).

    b2 -1
    b6 -1, 2
    b7C -1, 2
    b7D -1

        <u>CONSENSUAL MONITORING - Non-Telephone (BR)</u>

    [                        ]

      The aforementioned overhear information was submitted to FBIHQ on 7/2/98.

♦♦

                           CONCEPCION-62



166E-NK-97240-??b?A

SEARCHED _____ INDEXED _____
SERIALIZED _____ FILED _____

JUL - 2 1998

1

*C-13 Supv.*

1836MT02-EC




CONCEPCION-63

FD-759 (Rev. 5-25-95)

Date: 6/11/98

To:    Director, FBI (                )
       Attn: CID, _____    Section

For FBI Field Office use only
CM#:

From:  SAC, _____    ( 166E-NK-97240 )    (   )

Title:    HEAD CRACKER CREW;
          ET. AL.
          ITAR-GANG
          OO: NK

**Notification of SAC Authority Granted for Use of CONSENSUAL Monitoring Equipment**
(Check only ONE)
- ☒ Routine Use
- ☐ Emergency Use-Sensitive Circumstances (cannot exceed 30 days & may be extended only by FBIHQ).

This form must be typewritten & submitted within 10 working days of the date authority is granted as shown in Item 5 below.

| | |
|---|---|
| 1. Reason for Proposed Use: (Check) <br> ☐ Corroborate Testimony ☐ Protect Consenting Party ☐ Protect Government Property ☒ Collect Evidence <br> ☐ Other (Specify) _____ | 2. Type of Equipment: (Check) <br> ☒ Transmitter/Receiver ☒ Concealed Recorder <br> ☐ CCTV/Audio & Video ☒ CCTV Video only <br> ☐ Microphone ☒ Telephone <br> ☐ Other (Specify) _____ |
| 3. Consenting Party (Identify ONLY on Field Office Copy) <br> ☐ Nonconfidential Party <br> ☐ Confidential Source <br> ☒ Cooperative Witness | 4. Interceptee(s): (Include Title if Public Official) <br> ALBERTO CONCEPCION <br> & others as yet unknown. |

| | | |
|---|---|---|
| 5. Duration of proposed use: <br> Authorized On: [ ] <br> ☒ For the duration of investigation <br> ☐ For 30 days (Emergency NTCM usage) <br> Expiring On: _____ | 6. Equipment Concealed: <br> ☐ In a Motel Rm. <br> ☐ In a Residence <br> ☐ In a Vehicle <br> ☒ In a Telephone <br> ☒ On a Person <br> ☐ Other (Specify) _____ | 7. City & State where Equipment will be used: <br> Newark, New Jersey |

| | |
|---|---|
| 8. The following mandatory requirements have been met: <br> ☒ Consenting party has agreed to testify; <br> ☒ Consenting party has executed a consent form; & <br> ☒ Recording/transmitting device will be activated only when consenting party is present. | 9. Government Attorney in judicial district where monitoring and/or recording will take place has been contacted; foresees no entrapment; & concurs in the use of the technique. <br> ☒ Yes ☐ No  Date of Contact: 06/00/1998 <br><br> Identity of Gov't Atty: AUSA Carolyn Murray <br> Judicial District: New Jersey |

10. Violation(s): Title(s) **21**   Sec(s) **846**   USC

11. DOJ notification required ☐ Yes ☒ No.  If "Yes" check reason below:
NOTE: Requests for Routine NTCM usage involving any of the 7 sensitive circumstances requires a teletype to HQ prepared in the format described in the MIOG, Part II, Section 10-10.3 (8). Request for Emergency NTCM usage involving Item 6 below requires immediate contact with the FBIHQ substantive desk for DOJ approval. The 7 sensitive circumstances do not apply to the use of CCTV video only.

1. ☐ Interception relates to an investigation of a member of Congress; a Federal Judge; a member of the Executive Branch at Executive Level IV or above; or a person who has served in such capacity within the previous 2 years.
2. ☐ Interception relates to an investigation of any public official and the offense investigated is one involving bribery; conflict of interest; or extortion relating to the performance of his/her official duties.
3. ☐ Interception relates to an investigation of a Federal law enforcement official.                CONCEPCION-64
4. ☐ Consenting/nonconsenting party is a member of the diplomatic corps of a foreign country.
5. ☐ Consenting/nonconsenting party is or has been a member of the Witness Security Program and that fact is known to the agency involved or its officers.
6. ☐ Consenting/nonconsenting party is in the custody of the Bureau of Prisons or the U.S. Marshals Service.
7. ☐ Attorney General; Deputy Attorney General; Associate Attorney General; Assistant Attorney General for the Criminal Division; or the U.S. Attorney in the district where an investigation is being conducted has requested the investigating agency to obtain prior written consent for making a consensual interception in a specific investigation.

12. Synopsis of Case: (Attach additional page if necessary)                b7D -1

Captioned gang has been identified as a violent drug gang operating

in a public housing project.

| | |
|---|---|
| 13. Justification statement necessitating emergency authorization: <br> ☐ Emergency 30 day authorization granted due to imminent need (within 48 hours) for use of consensual monitoring device(s), which precluded the handling of this request in the usual manner. <br> ☐ Other (Attach Additional Page to Specify) <br><br> 166E-NK-97240 ELA (Office ELA Case Subtile) | Field Approval <br> 14. CDC (If Sensitive Circumstances Exist) <br> Signature: _____  Date: _____ <br> 15. SAC <br> Signature: _____  Date: 8/10/9_ <br><br> FBIHQ Approval <br> 16. Unit Chief (If Sensitive Circumstances Exist) <br> Signature: _____  Date: _____ |

66-4394-3480        66-4395-2199

(12/31/1995)

# FEDERAL BUREAU OF INVESTIGATION

**Precedence:** ROUTINE                          **Date:** 08/24/1998

**To:** Newark                          **Attn:** SA

**From:** ELSUR File Assistant
       **Contact:** ELSUR Coordinator

**Approved By:**

**Drafted By:**

**Case ID #:** 166E-NK-97240
         66-4018

**Title:** HEADBANGER CREW;
       ET AL;
       ITAR-GANG;
       OO: NK

**Synopsis:** The indexing of initial overhear information for the above case captioned.

**Details:** The information below was submitted via electronic transfer, in accordance with ELSUR Automated Records System (EARS).

                <u>CONSENSUAL MONITORING - Telephone</u>

b7D -4
b6 -1, 2
b7C -1, 2
b2 -4

       The following overhear information was submitted via electronic transfer, 8/24/98.

                     CONCEPCION-65

SUPV.

166E-NK-97240 auBELA-4

SEARCHED    INDEXED
SERIALIZED    FILED

AUS 2 4 1998

236 AEP 01. EC

## Federal Bureau of Investigation

From: SAC,  __Newark__                                         Date:  __06/16/1998__

To:    DIRECTOR, FBI
          Attn:  **ELSUR Index**

Subject:

           **HEAD BANGER CREW;**
           **ET. AL.;**
           **ITAR-GANG**
           **OO: NEWARK**

_____  Emergency Authority.  Re _____ FD-759 to FBIHQ dated _____
           captioned as above.
   **XX**  Routine Authority.  Re  __FD-759_____  to FBIHQ
           dated __06/16/1998__ and Bu _____ to _____
           dated _____ captioned as above.

     **NOTE:  If no confirming communication received from FBIHQ in response to
your request for routine use of a nontelephonic consensual monitoring device, mark below:**

_____  No confirming communication received from FBIHQ to date.

The following information relates to the use of the equipment:

   **XX**  Its use provided information which corroborated or assisted in
           corroborating the allegation or suspicion.
_____  It was used, but no information of value was obtained.
_____  It was not used.
           (Only <u>one</u> of the above applies)

     Complete and submit within 30 days of expiration of each and every period
of authorization granted for nontelephonic consensual monitoring by either the SAC, DOJ or
FBIHQ-CID (whether an initial or a subsequent authorization), and for each extension
or renewal thereof.

     Transmit to FBIHQ in a sealed brown envelope labeled "Director, FBI, ELSUR
Index, FBIHQ."

                             CONCEPCION-66

2 - Bureau
   166E-NK-97240 ELA(Field Office Elsur Case Sub File)
   1 - 66-4394-3480      (Field Office Optional)

*166E-NK-97240 ELA*

*166E-NK-97240-ELA-5*

(12/31/1995)

# FEDERAL BUREAU OF INVESTIGATION

Precedence: ROUTINE                          Date: 09/09/1998

To: Newark                    Attn: ELSUR Unit

From: Newark
      C-13
      Contact: SA [          ]        [          ]

Approved By: [          ]

Drafted By: [          ]     jfm

Case ID #: 91A-NK-97240

Title: HEAD BANGER CREW;                              b6 -1
       ET. AL.;                                       b7C -1
       ITAR-GANG                                      b2 -1
       OO: NK

Synopsis: Late submission of ELSUR evidence.

Details: On 08/27/1998 and 08/28/1998 two mini-nagra recordings
were received into evidence by SA [          ]    The tapes are
being submitted to ELSUR past the 10 day time limit.  The tapes
were retained in secure storage and are now being submitted.

◆◆        Nkem's 34295, 34296

CONCEPCION-67

I: 252JFMO7.EC

91A-NK-97240 ELA-12

166E-NK-97240-ELA-12

(06/01/1995)

# FEDERAL BUREAU OF INVESTIGATION

**Precedence:** ROUTINE                                    **Date:** 12/7/1998

**To:** Newark                        **Attn:** SA [                    ]

**From:** Newark
     ELSUR Unit
       EFA [                              ]

**Approved By:** [                              ]                    b6 -1
                                                                    b7C -1
**Drafted By:** [                          ]                        b2 -1

**Case ID #:** 166E-NK-97240
        66-4018

**Title:** BROADWAY TOWNHOUSES;
      ET AL;
      ITAR-GANG;
      OO: NEWARK

**Synopsis:** The indexing of initial overhear information for the above captioned case.

**Details:** The information below was submitted via electronic transfer, in accordance with ELSUR Automated Records System (EARS).

       <u>CONSENSUAL MONITORING - Telephone (TESUR)</u>
       CONCEPCIO, ALBERTO

       The aforementioned overhear information was submitted to FBIHQ on 12/7/98.

♦♦

CONCEPCION-68

~~166E-NK-97240-EFA~~

1

166E-NK-97240-ELA-16

341GMT02.EC

(06/01/1995)

# FEDERAL BUREAU OF INVESTIGATION

**Precedence:** ROUTINE                                **Date:** 12/3/1998

**To:** Newark                          **Attn:** SA [                    ]

**From:** Newark
          ELSUR Unit
             EFA [                              ]

**Approved By:** [                    ]

**Drafted By:** [                         ]

**Case ID #:** 166E-NK-97240
               66-4018

**Title:** BROADWAY TOWNHOUSES;
           ET AL;
           ITAR-GANG;
           OO: NEWARK

**Synopsis:** The indexing of initial overhear information for the above captioned case.

**Details:** The information below was submitted via electronic transfer, in accordance with ELSUR Automated Records System (EARS).

     CONSENSUAL MONITORING - Non-Telephone (BR)
     CONCEPCIO, ALBERTO

     The aforementioned overhear information was submitted to FBIHQ on 12/3/98.

♦♦

CONCEPCION-69

1

166E-NK-97240-ELA-17
166E-NK-97240 SUB
ELA

133QGMTO2.EC

(Rev. 10-01-1999)

# FEDERAL BUREAU OF INVESTIGATION

Precedence: ROUTINE                        Date:    08/01/2000

To:   NEWARK                          Attn:

From:   Newark
          C-13/VCMO
          Contact:   SA

Approved By:   SSA

Drafted By: [                    ] jfm

Case ID #:   166E-NK-97240   (Pending)

Title:   BROADWAY TOWNHOUSES;
          ALBERTO CONCEPCION-HEADBANGER CREW;

          ET. AL.;
          ITAR-GANG;
          OO: NEWARK

b2 -1, 3
b6 -1, 2
b7C -1, 2
b7E -2

Synopsis:   Request 166E matter be converted into 245D.


Details:   On or about 06/01/2000, SA[            ]submitted an OCDETF
proposal to the OCEDTF Board.   The proposal was reviewed and approved
prior to submission by the New Jersey District of the United States
Attorney's Office.   The operationed was named[            ]and
involved the captioned titled investigation.

        It is request that the above 166E matter and all sub files
be converted into a 245D matter.



♦♦                                        CONCEPCION-70


Reclass[ify]
TO 245D-NK
from 166E
8/2/00
I: 215 VFMO1. EC
245DNK97240-ELA-31
Include all Sub file.

(Rev. 08-28-2000)

# FEDERAL BUREAU OF INVESTIGATION

Precedence:  ROUTINE                          Date:  12/28/2000

To:  Newark

From:  Newark
        SSS, Unit #1, ELSUR
        Contact:  SAS

Approved By:

Drafted By:                          :dxs

Case ID #:    66-NK-A103953   (Pending)-3 +7
           305A-NK-97556-ELA -05
           281A-NK-100009-ELA -137
           166E-NK-102799-ELA -10
           281A-NK-103580-ELA- 7
           194B-NK-92716-ELA - 73
           4A-NK-101895-ELA - 4
           91A-NK-103122-ELA - 39
           281G-NK-102180-ELA - 17
           174C-NK-102684-ELA - 14
           196A-NK-93888-ELA - 71
           281F-NK-102234-ELA - 37
           196D-NK-94241-ELA - 18
           15B-NK-102213-ELA - 3
           245D-NK-100822-ELA - 32
           281B-NK-98688-ELA - 12
           194A-NK-94723-ELA - 409
           194B-NK-99796-ELA - 11
           9B-NK-103595-ELA - 3
           26D-NK-103327-ELA - 7
           194B-NK-102725-ELA - 17
           166E-NK-102951-ELA - 5
           281A-NK-99702-ELA - 80
           91A-NK-103092-ELA - 4
           194A-NK-99334-ELA - 179
           281F-NK-103580-ELA - 8
           196A-NK-89950-ELA - 158
           245D-NK-97240-ELA - 37
           29B-NK-104025-ELA - 4

b2 -1
b6 -1
b7C -1

CONCEPCION-71

Title:  DELAY IN ENTERING ELSUR EVIDENCE
      ELSUR MATTERS

Synopsis: The purpose of this communication is to document late
entry of ELSUR evidence into ACS/Collected Items.  It will also
document late indexing of initial reference and/or intercept
records into ELSUR Electronic Records System (ERS).

SSA

016 DxS01, EC

To: Newark  From: ewark
Re: 66-NK-A103953, 12/28/2000

**Details:** During the period of 7/1/00-12/26/00, one of ELSUR's EFA fell behind in completing his work assignments within established time frames. As a result, a severe backlog developed and both ELSUR evidence and overhear records were entered late. Per MIOG, ELSUR should enter evidence into ACS within 10 calendar days of the date of receipt from the agent. In addition, ELSUR should ensure interceptees are entered into ERS within 30 calendar days of the date of intercept.

Based on the foregoing, the below listed items identify ELSUR evidence and respective overhear records that did not meet these time requirements. They are as follows:

FILE NUMBER/1D#          NKCM or NIT#

b2 -3

2                    CONCEPCION-72

To: Newark  From: ● Newark
Re: 66-NK-A103953, 12/28/2000



FILE#/1D#                    NKCM or NIT#

                                            b2 -3

245D-NK-97240-1D-114    NKCM 41799

        It should be noted that each piece of evidence was
maintained in secure storage at all times while waiting to be
entered.

♦♦

CONCEPCION-73

3

07/08/99                                                        ICMIPR01
11:07:22                        FD-192                          Page  1

Title and Character of Case:

HEAD BANGER CREW
-

Date Property Acquired:   Source from which Property Acquired:
                          ALBERTO CONCEPCION
        12/17/1998

Anticipated Disposition: Acquired By:              Case Agent:

Description of Property:                           Date Entered
  1B 47

  ITEM #1 (3) BAGS OF HEROIN WITH BRAND STAMP "GOTTA HAVE IT"-
  DOUBLE SEALED IN PLASTIC MARKED "IT'S HOT"
  @ 25.9 GRAMS                                         b6 -1
  *ONE PLASTIC BAG WITH DEVIL LOGO AND ONE PLASTIC BAG WITH         b7C -1
  FACE LOGO WERE REMOVED BY DEA LAB FOR SPECIAL PROGRAM*

  Barcode: E1171785   Location: ECR     DV      S11       01/19/1999

  Drug Weight:  25.90              Est Dollar Value:     00
  Sealed By                        Witnessed By:

                       SEE SAC MEMO REGARDING THE
                       DELAY IN THE SUBMISSION OF
                       EVIDENCE See Late EC Dates
                       12/17/98, NB

                                        CONCEPCION-74

                              166E-NK-97240-1847

        Case Number:  166E-NK-97240
        Owning Office:  NEWARK

                                                        KHR

File Copy

08:01:29                          FD-192                    Page  1

Title and Character of Case:

HEAD BANGER CREW
-

Date Property Acquired:    Source from which Property Acquired:
                           ALBERTO CONCEPCION
     12/17/1998

Anticipated Disposition: Acquired By:          Case Agent:

Description of Property:                          Date Entered
  1B 47

  ITEM #1 (3) BAGS OF HEROIN WITH BRAND STAMP "GOTTA HAVE IT"-
  DOUBLE SEALED IN PLASTIC MARKED "IT'S HOT"                     b6 -1
  @ 25.9 GRAMS                                                   b7C -1

  Barcode: E1171785    Location: ECR      DV          01/19/1999

  Drug Weight:  25.90          Est Dollar Value:      .00
  Sealed By:                   Witnessed By:

**SEE SAC MEMO REGARDING THE
DELAY IN THE SUBMISSION OF
EVIDENCE**
_See date ECd#4 12/17/98_
_KB_

     Case Number:  166E-NK-97240
  Owning Office:  NEWARK                      CONCEPCION-75

_File Copy_                  166E- NK-97240 1B47   C1

08:01:17                                  01/19/99
                                          FD-192                                    Page 1

Title and Character of Case:

HEAD BANGER CREW

Date Property Acquired:    Source from which Property Acquired:

    12/17/1998

Anticipated Disposition:  Acquired By:              Case Agent:

Description of Property:                               Date Entered
  1B 48

  ITEM #1 (1) BROWN PAPER BAG WITH (100) VIALS OF CRACK          b6 -1, 2
  COCAINE (94) GREEN TOPS AND (6) PINK TOPS                      b7C -1, 2
  @161.5 GRAMS

  Barcode: E1171786    Location: ECR        DV            01/19/1999

  Drug Weight:  161.50         Est Dollar Value:      .00
  Sealed By:                   Witnessed By:

**SEE SAC MEMO REGARDING THE
DELAY IN THE SUBMISSION OF
EVIDENCE**
      See date EC dtd
        12/17/98 NB

    Case Number:   166E-NK-97240
  Owning Office:   NEWARK                         CONCEPCION-76

File Copy                    166E-NK-97240 1B48

**FEDERAL BUREAU OF INVESTIGATION**
**FOIPA**
**DELETED PAGE INFORMATION SHEET**

__1__   Page(s) withheld entirely at this location in the file. One or more of the following statements, where indicated, explain this deletion.

☑   Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

| Section 552 | | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☑ (j)(2) |
| ☑ (b)(3) Rule 6(e) | ☑ (b)(7)(C) -1,5 | ☐ (k)(1) |
| | ☑ (b)(7)(D) -1 | ☐ (k)(2) |
| | ☐ (b)(7)(E) | ☐ (k)(3) |
| | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) -1,5 | | ☐ (k)(7) |

☐   Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐   Documents originated with another Government agency(ies). These documents were referred to that agency(ies) for review and direct response to you.

_____   Page(s) contain information furnished by another Government agency(ies). You will be advised by the FBI as to the releasability of this information following our consultation with the other agency(ies).

_____   Page(s) withheld inasmuch as a final release determination has not been made. You will be advised as to the disposition at a later date.

_____   Page(s) were not considered for release as they are duplicative of _____

_____   Page(s) withheld for the following reason(s):_____
_____
_____

☑   The following number is to be used for reference regarding these pages:
Concepcion 77_____

XXXXXXXXXXXXXXXX
X    Deleted Page(s)      X
X    No Duplication Fee   X
X    For this page        X
XXXXXXXXXXXXXXXX

05/26/99
08:05:17                           FD-192                      ICMIPR01
                                                               Page  1

Title and Character of Case:

HEAD BANGER CREW
-

Date Property Acquired:   Source from which Property Acquired:
                          ALBERTO CONCEPCION
       12/21/1998

Anticipated Disposition: Acquired By:            Case Agent:

Description of Property:                          Date Entered
  1B 52

  ITEM #1 (1) BROWN PAPER BAG W/ (9) BRICKS AND (4) BUNDLES OF
  HEROIN, BRAND STAMPED "GOTTA HAVE IT"
  (390) PINK BAGS OF HEROIN                                  b6 -1
  (100) WHITE BAGS OF HEROIN                                 b7C -1
  WEIGHT @ 287.2 GRAMS
  *ONE CLEAR PLASTIC BAG WITH "KNOCK OUT" LOGO AND ONE WHITE
  FOLDED ENVELOPE ("DECK") WITH "GOTTA HAVE IT" LOGO REMOVED
  FOR SPECIAL PROGRAM BY DEA LAB*

  Barcode: E1673447    Location: ECR      DV      S40      03/05/1999

  Drug Weight:  287.20            Est Dollar Value:      .00
  Sealed By:                      Witnessed By:

                    SEE SAC MEMO REGARDING THE
                    DELAY IN THE SUBMISSION OF
                    EVIDENCE  See Late EC dates
                    2/25/99, NB

                                          CONCEPCION-78

                                   166E-NK-97240-1852

       Case Number:   166E-NK-97240
       Owning Office:  NEWARK





03/11/99                                                        ICMIPR01
15:03:52                          FD-192                        Page   1

Title and Character of Case:

HEAD BANGER CREW
-

Date Property Acquired:    Source from which Property Acquired:
                           ALBERTO CONCEPCION
       12/21/1998

Anticipated Disposition: Acquired By:              Case Agent:

Description of Property:                              Date Entered
  1B 52

  ITEM #1 (1) BROWN PAPER BAG W/ (9) BRICKS AND (4) BUNDLES OF
  HEROIN, BRAND STAMPED "GOTTA HAVE IT"                        b6 -1
  (390) PINK BAGS OF HEROIN                                    b7C -
  (100) WHITE BAGS OF HEROIN
  WEIGHT @ 287.2 GRAMS

  Barcode: E1673447    Location: ECR      DV            03/05/1999

  Drug Weight: 287.20              Est Dollar Value:      .00
  Sealed By:                       Witnessed By:

SEE SAC MEMO REGARDING THE
DELAY IN THE SUBMISSION OF
EVIDENCE  See late FD
  dated 2/25/99 FD
                   CONCEPCION-79

Case Number:  166E-NK-97240
Owning Office:  NEWARK

file copy.                    166OE-NK-97240  1B52

03/11/99                                                              ICMIPR01
15:03:33                           FD-192                             Page   1

Title and Character of Case:

  HEAD BANGER CREW
  -

Date Property Acquired:    Source from which Property Acquired:
                           ALBERTO CONCEPCION
       12/31/1998

Anticipated Disposition: Acquired By:              Case Agent:

Description of Property:                                    Date Entered
  1B 57

   ITEM #1 (1) BAGS OF HEROIN WITH BRAND STAMP "GOTTA HAVE IT"     b6 -1
   DOUBLE SEALED "KNOCK OUT"                                       b7C -1
   WEIGHT @ 29.4 GRAMS

   Barcode: E1673452    Location: ECR       DV              03/05/1999

   Drug Weight:   29.40              Est Dollar Value:      .00
   Sealed By:                        Witnessed By:

SEE SAC MEMO REGARDING THE
DELAY IN THE SUBMISSION OF
EVIDENCE See date FC
dated 2/25/99 CONCEPCION-80

      Case Number:   166E-NK-97240
   Owning Office:   NEWARK

File Copy                       166E-NK-97240  1B57

05/26/99
09:05:11                                    FD-192                                ICMIPR01
                                                                                  Page   1

Title and Character of Case:

HEAD BANGER CREW

---

Date Property Acquired:     Source from which Property Acquired:
                            ALBERTO CONCEPCION
       01/04/1999

---

Anticipated Disposition:  Acquired By:                        Case Agent:

Description of Property:                                                    Date Entered
  1B 58

  ITEM #1 (1) BROWN PAPER BAG EITH (4) BRICKS (200 BAGS) OF
  HEROIN
  (190 BAGS = 19 BUNDLES; BRAND STAMPED "GOTTA HAVE IT")
  (10 BAGS = 1 BUNDLES; BRAND STAMPED "RED DEMON")
  WEIGHT @ 140.3 GRAMS                                                      b6 -1
  *ONE CLEAR PLASTIC BAG WITH "KNOCK OUT" STAMP, ONE CLEAR                  b7C -
  PLASTIC BAG WITH "HEAVY D" STAMP, ONE FOLDED PINK ENVELOPE
  ("DECK") WITH "GOTTA HAVE IT" STAMP, ONE FOLDED PINK
  ENVELOPE WITH "RED DEMON" STAMP REMOVED BY DEA LAB FOR
  SPECIAL PROGRAM*

  Barcode: E1673453    Location: ECR       DV        S40        03/05/1999

  Drug Weight: 140.30              Est Dollar Value:        00
  Sealed By:                       Witnessed By:

**SEE SAC MEMO REGARDING THE
DELAY IN THE SUBMISSION OF
EVIDENCE** See Jote EC Dates
2/25/99, NNB

                                                          CONCEPCION-81

                                           166E-NK-97240-1858

---

      Case Number:   166E-NK-97240
      Owning Office:   NEWARK

File Copy

05/26/99                                                                    ICMIPR01
09:05:12                              FD-192                                 Page 1

Title and Character of Case:

 HEAD BANGER CREW

Date Property Acquired:    Source from which Property Acquired:
                           ALBERTO CONCEPCION
        01/04/1999

Anticipated Disposition: Acquired By:              Case Agent:

Description of Property:                                     Date Entered
  1B 58

  ITEM #1 (1) BROWN PAPER BAG EITH (4) BRICKS (200 BAGS) OF
  HEROIN                                                              b6 -1
  (190 BAGS = 19 BUNDLES; BRAND STAMPED "GOTTA HAVE IT")             b7c -
  (10 BAGS = 1 BUNDLES; BRAND STAMPED "RED DEMON")
  WEIGHT @ 140.3 GRAMS

  Barcode: E1673453    Location: ECR        DV              03/05/1999

  Drug Weight: 140.30          Est Dollar Value:        .00
  Sealed By:                   Witnessed By:

                                                    CONCEPCION-82

      Case Number:  166E-NK-97240
   Owning Office:   NEWARK

file copy            166E-NK-97240 1B58

05/26/99                                                                    ICMIPR01
08:05:33                              FD-192                                Page  1

Title and Character of Case:

 HEAD BANGER CREW
 -

Date Property Acquired:   Source from which Property Acquired:
                          ALBERTO CONCEPCION
      01/07/1999

Anticipated Disposition: Acquired By:              Case Agent:

Description of Property:                                    Date Entered
  1B 59

   ITEM #1 (8) BRICKS (400 BAGS) OF HEROIN WITH BRAND STAMP
   "GOTTA HAVE IT"; DOUBLE SEALED PLASTIC "KNOCK OUT"
   WEIGHT @ 232.1 GRAMS
   *ONE CLEAR PLASTIC BAG WITH "KNOCK OUT" STAMP AND ONE FOLDED      b6 -1
    PINK ENVELOPE ("DECK") WITH "GOTTA HAVE IT" STAMP REMOVED        b7C -
   BY DEA LAB FOR SPECIAL PROGRAM*

   Barcode: E1673454    Location: ECR     DV      S40      03/05/1999

   Drug Weight:  232.10              Est Dollar Value:        .00
   Sealed By:                        Witnessed By:

                    SEE SAC MEMO REGARDING THE
                    DELAY IN THE SUBMISSION OF
                    EVIDENCE see Lab EC labels
                           2/25/99, DWB

                              166E-NK-97240-1B59

      Case Number:   166E-NK-97240
      Owning Office:  NEWARK

                                                                    VB

File Copy

03/11/99
15:03:50                              FD-192                        ICMIPR01
                                                                   Page  1

Title and Character of Case:

HEAD BANGER CREW
-

Date Property Acquired:    Source from which Property Acquired:
                           ALBERTO CONCEPCION
       01/07/1999

Anticipated Disposition:  Acquired By:              Case Agent:

Description of Property:                                    Date Entered
   1B 59

   ITEM #1 (8) BRICKS (400 BAGS) OF HEROIN WITH BRAND STAMP     b6 -1
   "GOTTA HAVE IT"; DOUBLE SEALED PLASTIC "KNOCK OUT"           b7C -
   WEIGHT @ 232.1 GRAMS

   Barcode: E1673454    Location: ECR       DV            03/05/1999

   Drug Weight:  232.10              Est Dollar Value:       00
   Sealed By:                        Witnessed By:

SEE SAC MEMO REGARDING THE
DELAY IN THE SUBMISSION OF
EVIDENCE  See date FC
          dated  2/25/99  MB

       Case Number:   166E-NK-97240
       Owning Office:  NEWARK

file copy                    166E-NK-97240 1B 59

05/26/99                                                                    ICMIPR01
08:05:26                              FD-192                                 Page  1

Title and Character of Case:

◯ BANGER CREW

Date Property Acquired:    Source from which Property Acquired:
                           ALBERTO CONCEPCION
       12/21/1998

Anticipated Disposition: Acquired By:              Case Agent:

Description of Property:                                    Date Entered
  1B 52

  ITEM #1 (1) BROWN PAPER BAG W/ (9) BRICKS AND (4) BUNDLES OF
  HEROIN, BRAND STAMPED "GOTTA HAVE IT"
  (390) PINK BAGS OF HEROIN                                             b6 -1
  (100) WHITE BAGS OF HEROIN                                            b7C -1
  WEIGHT @ 287.2 GRAMS
  *ONE CLEAR PLASTIC BAG WITH "KNOCK OUT" LOGO AND ONE WHITE
  FOLDED ENVELOPE ("DECK") WITH "GOTTA HAVE IT" LOGO REMOVED
  FOR SPECIAL PROGRAM BY DEA LAB*

  Barcode: E1673447    Location: ECR      DV       S40       03/05/1999

◯ug Weight:  287.20              Est Dollar Value·        00
  aled By:                       Witnessed By:

SEE SAC MEMO REGARDING THE
DELAY IN THE SUBMISSION OF
EVIDENCE See attorned Jate 6C
Dated 2/25/99. NWB

                        245b
              245b            NdoE-NK-9924D-1B52
    Case Number: 186E-NK-97240
    Owning Office:  NEWARK

                                    CONCEPCION-85·

Pourpose Copy

## CHAIN - OF - CUSTODY

DATE  TIME

RECEIVED BY:
REASON: COLLECTED EVIDENCE
12/2/98  11:05 AM

RECEIVED BY:
REASON: placed Secure / Temp Storage
12/2/98  12:00 PM

RECEIVED BY:
REASON: Remove Secure-Temp Storage (photograph)
3/3/99  10:45 AM

RECEIVED BY:
REASON: placed Secure/Temp Storage
3/3/99  1:15 PM

b6 -1
b7C -1

RECEIVED BY:
REASON: Remove Secure-Temp Storage
3/5/99  9:00 AM

RECEIVED BY:
REASON: Submit DEA LAB, Reg Mail R 306 652 410
3/5/99  10:00 AM
5/24/99  11:15 PM

RECEIVED BY:
REASON: Storage Rec'd FR DEA Lab Reg Mail PR 306545 296
10/4/02  1:00 PM

RECEIVED BY:
REASON: destroyed drug burn

RECEIVED BY:
REASON:

RECEIVED BY:
REASON:

RECEIVED BY:
REASON:

RECEIVED BY:
REASON:

RECEIVED BY:
REASON:

CONCEPCION-86

(06/01/3995)

# FEDERAL BUREAU OF INVESTIGATION

**Precedence:** ROUTINE                                  **Date:** 02/25/1999

**To:** Newark                        **Attn:** Evidence Control
                                              Technician

**From:** Newark
         Squad C-13
         Contact: SA

**Approved By:**

**Drafted By:** ⌐ jfm

**Case ID #:** 166E-NK-97240   (Pending)

b2 -1
b6 -1
b7C -1

**Title:** BROADWAY TOWNHOUSES;
          ET. AL.
          ITAR-VC
          OO: NK

**Synopsis:** Late submission of evidence.

**Details:** Due to workload and assistance on other ongoing
investigations, evidence was not submitted to the Evidence
Control Technician within the time limit. The evidence was
retained in secure/temporary storage and is now being submitted.

1

CONCEPCION-87

FD-340 (Rev. 8-7-97)

Universal Case File Number _____ 166F-NK-97240 Sub E [A]

Field Office Acquiring Evidence _____

Serial # of Originating Document _____

Date Received _____ 9/22/99 _____

From ___ [        ] [        ]     [                    ]

(Name of Contributor)

[                    ]

(Address of Contributor)

Rutherford, NJ  07070

By ___ IA [                    ] te)

(Name of Special Agent)

To Be Returned ☐ Yes ☐ No
Receipt Given ☐ Yes ☐ No
Grand Jury Material - Disseminate Only Pursuant to Rule 6 (e)
Federal Rules of Criminal Procedure
☐ Yes ☑ No

Title:

b6 -1, 3
b7C -1, 3
b7D -3

Reference: _____ NK FD-302 dated 9/22/99 _____

(Communication Enclosing Material)

Description: ☐ Original notes re interview of

[                    ]

Original executed Administrative Subpena issued
9/14/99.

CONCEPCION-88

**FEDERAL BUREAU OF INVESTIGATION**
**FOIPA**
**DELETED PAGE INFORMATION SHEET**

_6_ Page(s) withheld entirely at this location in the file. One or more of the following statements, where indicated, explain this deletion.

☑ Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

| Section 552 | | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☑ (j)(2) |
| ☐ (b)(3) | ☑ (b)(7)(C) ─ 1, 3, 2 | ☐ (k)(1) |
| _____ | ☑ (b)(7)(D) ─ 3 | ☐ (k)(2) |
| _____ | ☐ (b)(7)(E) | ☐ (k)(3) |
| _____ | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) ─ 1, 3, 2 | | ☐ (k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Documents originated with another Government agency(ies). These documents were referred to that agency(ies) for review and direct response to you.

_____ Page(s) contain information furnished by another Government agency(ies). You will be advised by the FBI as to the releasability of this information following our consultation with the other agency(ies).

_____ Page(s) withheld inasmuch as a final release determination has not been made. You will be advised as to the disposition at a later date.

_____ Page(s) were not considered for release as they are duplicative of _____

_____ Page(s) withheld for the following reason(s):_____
_____
_____

☑ The following number is to be used for reference regarding these pages:
    _Concepcion 89 ─ 94_

XXXXXXXXXXXXXXXXX
X    Deleted Page(s)    X
X    No Duplication Fee    X
X    For this page    X
XXXXXXXXXXXXXXXXX

XXXXXX
XXXXXX
XXXXXX

166E-NK-97240-E

(A)

CONCEPCION-95

FD-340 (Rev. 8-7-97)

Universal Case File Number _166E-NK-97240-E_ Sub _1A2_

**Field Office Acquiring Evidence** _____

**Serial # of Originating Document** _____

Date Received _10/4/99_ _____

From ___[_____]___ _a.SAC_

(Name of Contributor)

_____

(Address of Contributor)

By _IA_ [_____]

(Name of Special Agent)

To Be Returned ☐ Yes ☐ No

Receipt Given   ☐ Yes ☐ No

Grand Jury Material - Disseminate Only Pursuant to Rule 6 (e)

Federal Rules of Criminal Procedure

☐ Yes ☐ No

·Title:

b6 -1
b7C -1
b7D -3

Reference: _____

(Communication Enclosing Material)

_____

**Description:** ☐ Original notes re interview of

_Original executed Admin Subpena (FD-617)_

_issued 10/4/99 requesting_ [_____]

[_____] [_____]

[_____]

# FEDERAL BUREAU OF INVESTIGATION
## FOIPA
### DELETED PAGE INFORMATION SHEET

_2_ Page(s) withheld entirely at this location in the file. One or more of the following statements, where indicated, explain this deletion.

☑ Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

|  Section 552  |  |  Section 552a  |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☑ (j)(2) |
| ☐ (b)(3) | ☑ (b)(7)(C)—1, 3 | ☐ (k)(1) |
|  | ☑ (b)(7)(D)—3 | ☐ (k)(2) |
| _____ | ☐ (b)(7)(E) | ☐ (k)(3) |
| _____ | ☐ (b)(7)(F) | ☐ (k)(4) |
| _____ | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(4) | ☐ (b)(9) | ☐ (k)(6) |
| ☐ (b)(5) |  | ☐ (k)(7) |
| ☑ (b)(6)—1, 3 |  |  |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Documents originated with another Government agency(ies). These documents were referred to that agency(ies) for review and direct response to you.

_____ Page(s) contain information furnished by another Government agency(ies). You will be advised by the FBI as to the releasability of this information following our consultation with the other agency(ies).

_____ Page(s) withheld inasmuch as a final release determination has not been made. You will be advised as to the disposition at a later date.

_____ Page(s) were not considered for release as they are duplicative of _____

_____ Page(s) withheld for the following reason(s): _____
_____
_____

☑ The following number is to be used for reference regarding these pages:
_Concepcion 97-98_____

XXXXXXXXXXXXXXXX
X    Deleted Page(s)    X
X    No Duplication Fee    X
X    For this page    X
XXXXXXXXXXXXXXXX

FBI/DOJ

FD-340 (7-19-00)

Universal Case File Number _____ 3450 - MK - 97242 E _____

Field Office Acquiring Evidence _____

Serial # of Originating Document _____

Date Received _____ 12-8-09 - _____

From _____

(Name of Contributor)

_____

(Address of Contributor)

By _____

To Be Returned    ☐ Yes    ☐ No

Receipt Given    ☐    ☐ No

Grand Jury Material - Disseminate Only Pursuant to Rule 6 (e)
Federal Rules of Criminal Procedure

☐ Yes    ☐ No

Federal Taxpayer Information (FTI)

☐ Yes    ☐ No

Title:

Reference: _____

(Communication Enclosing Material)

_____

Description:    ☐ Original notes re interview of

_____

b6 -1
b7C -1

## FEDERAL BUREAU OF INVESTIGATION
## FOIPA
### DELETED PAGE INFORMATION SHEET

__3__ Page(s) withheld entirely at this location in the file. One or more of the following statements, where indicated, explain this deletion.

☑ Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

| Section 552 | | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☑ (j)(2) |
| ☐ (b)(3) | ☑ (b)(7)(C) —1, 2 | ☐ (k)(1) |
| | ☑ (b)(7)(D) —3 | ☐ (k)(2) |
| | ☐ (b)(7)(E) | ☐ (k)(3) |
| | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) —1, 2 | | ☐ (k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Documents originated with another Government agency(ies). These documents were referred to that agency(ies) for review and direct response to you.

_____ Page(s) contain information furnished by another Government agency(ies). You will be advised by the FBI as to the releasability of this information following our consultation with the other agency(ies).

_____ Page(s) withheld inasmuch as a final release determination has not been made. You will be advised as to the disposition at a later date.

_____ Page(s) were not considered for release as they are duplicative of _____

_____ Page(s) withheld for the following reason(s):_____

_____

☑ The following number is to be used for reference regarding these pages:
Concepcion 100 – 102 _____

XXXXXXXXXXXXXXXXX
X      Deleted Page(s)      X
X   No Duplication Fee   ·X
X       For this page       X
XXXXXXXXXXXXXXXXX

FD-340 (7-19-00)

*145*

Universal Case File Number _____ *24/D-NY-97240-E* _____

Field Office Acquiring Evidence _____

Serial # of Originating Document _____

Date Received _____ *12-28-00* _____

From _____ *The Custodian of Records—* _____

(Name of Contributor)

By _____ *IA* _____

b6 -1
b7C -1
b7D -3

To Be Returned  ☐ Yes    ☐ No
Receipt Given    ☐       ☐ No
Grand Jury Material - Disseminate Only Pursuant to Rule 6 (e)
Federal Rules of Criminal Procedure
            ☐ Yes    ☐ No
Federal Taxpayer Information (FTI)
            ☐ Yes    ☐ No

Title:


Reference: _____
                    (Communication Enclosing Material)


Description:    ☐    Original notes re interview of

_____
_____

CONCEPCION-103

### FEDERAL BUREAU OF INVESTIGATION
### FOIPA
### DELETED PAGE INFORMATION SHEET

__13__ Page(s) withheld entirely at this location in the file. One or more of the following statements, where indicated, explain this deletion.

☑ Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

| Section 552 | | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☑ (j)(2) |
| ☐ (b)(3) | ☐ (b)(7)(C) | ☐ (k)(1) |
| _____ | ☑ (b)(7)(D) —3 | ☐ (k)(2) |
| _____ | ☐ (b)(7)(E) | ☐ (k)(3) |
| _____ | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☐ (b)(6) | | ☐ (k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Documents originated with another Government agency(ies). These documents were referred to that agency(ies) for review and direct response to you.

_____ Page(s) contain information furnished by another Government agency(ies). You will be advised by the FBI as to the releasability of this information following our consultation with the other agency(ies).

_____ Page(s) withheld inasmuch as a final release determination has not been made. You will be advised as to the disposition at a later date.

_____ Page(s) were not considered for release as they are duplicative of _____

_____ Page(s) withheld for the following reason(s): _____
_____
_____

☑ The following number is to be used for reference regarding these pages:
_Concepcion 104 — 116_____

```
XXXXXXXXXXXXXXX
X    Deleted Page(s)    X
X    No Duplication Fee    X
X    For this page    X
XXXXXXXXXXXXXXX
```

(12/31/1995)

# FEDERAL BUREAU OF INVESTIGATION

Precedence:  ROUTINE                         Date:  09/22/1998

To:  Newark

From:  Newark
            C-13/VCMO
            Contact:  SA

Approved By:     SSA

Drafted By                          jfm

Case ID #:  166E-NK-97240 - (Pending)

Title:  BROADWAY TOWNHOUSES;
            ALBERTO CONCEPCION; HEADBANGER CREW;
                                        CREW;
                                        CREW;
            HIT SQUAD;
            ET. AL.                                          b2 -1, 3
            ITAR-GANG                                        b6 -1, 2
            OO:  NEWARK                                      b7C -1, 2

Synopsis:  Request sub-files to be opened.


Details:  It is requested the following sub-files be opened and
assigned to writer:

| | |
|---|---|
| SUB D | General-Investigative Intelligence |
| SUB R | FD-125 |
| SUB SBP | Subpoenas |
| SUB TEL | Pen Register/Subscriber Information |
| SUB H | Respository Group II |
| | (Financial Matters) |
| SUB FISUR | Surveillance Logs |
| SUB J | Respository for Laboratory Requests |
| SUB K | Respository for Laboratory |
| | Reports/Results |
| SUB L | Transcripts |
| SUB M | Transcripts |
| SUB N | UCA Transcripts |
| SUB FD302 | CW 302's |

Bomb Crew

Bomb Crew

Bomb Crew

Bomb Crew

CONCEPCION-117

166E-NK-97240 -E-1

To:  Newark  From:  Newark
Re:  166E-NK-97240, 09/22/1998

| | | |
|---|---|---|
| SUB 5 | | Bomb Crew |
| SUB 6 | | Bomb Crew |
| SUB 7 | Alberto Concepcion a/k/a BERT | Headbanger Crew |
| SUB 8 | | Headbanger Crew |
| SUB 9 | | Headbanger Crew |
| SUB 10 | | Goodjob Crew |
| SUB 11 | | Goodjob Crew |
| SUB 12 | | Goodjob Crew |
| SUB 13 | | Goodjob Crew |
| SUB 14 | | Goodjob Crew |
| SUB 15 | | Hit Squad |
| SUB 16 | | Hit Squad |
| SUB 17 | | Hit Squad |
| SUB 18 | | Hit Squad |
| SUB 19 | | Hit Squad |
| SUB 20 | | Hit Squad |
| SUB 21 | | Hit Squad |
| SUB 22 | | |
| SUB 23 | | |
| SUB 24 | | |
| SUB 25 | | |

b6 -2
b7C -2

2

CONCEPCION-118



CONCEPCION-119

Record Request
FD-125 (Rev. 4-1-93)

Date 2/11/99

☐ Birth  ☐ Credit  ☐ Criminal  ☐ Death  ☐ INS  ☐ Marriage*  ☐ Motor Vehicle  ☒ Other _Dave Persons_

To _IA_

Buded
02/17/99

Return to _SA_

File number
IWoE-NK-97240

Name and aliases of subject, applicant, or employee, and spouse

Addresses
Residence _____
Business _____
Former _____

*Date and place of marriage
(if applicable) _____

| Race | Sex | Age | Height | Weight | Hair | Eyes |
|------|-----|-----|--------|--------|------|------|
| | ☐ Male ☐ Female | | | | | |

b6 -1, 2
b7C -1, 2

Birth date | Birthplace

Arrest Number | Fingerprint classification | Criminal specialty

Social Security Number | Drivers License Number
☐ D/L Photo  ☐ Other

Specific information desired
SUBSCRIBER INFORMATION: _____

Results of check

obtained subscriber
information

Read

2/11/99

CONCEPCION-120

Record Request
FD-125 (Rev. 4-1-93)

Date  03-28-99

ADMIN SUBPOENAS

☐ Birth   ☐ Credit   ☐ Criminal   ☐ Death   ☐ INS   ☐ Marriage*   ☐ Motor Vehicle   ☑ Other _____

| To | Buded | |
| IA SUPV | 03/28/99 | b6 -1<br>b7C -1 |
| Return to | File number | |
| SA           C - B | 1166E-NK-97240 - 89 | |

Name and                                    or employee, and spouse

Addresses
  Residence _____
  
  Business _____
  
  Former _____
  
  _____
  
  _____

*Date and place of marriage _____
  (if applicable)
  _____

| Race | Sex | Age | Height | Weight | Hair | Eyes |
| | ☐ Male<br>☐ Female | | | | | |

| Birth date | Birthplace |
| | |

| Arrest Number | Fingerprint classification | Criminal specialty |
| | | |

| Social Security Number | Drivers License Number |
| | ☐ D/L Photo   ☐ Other |

Specific information desired
| |

Results of check                                                                b7D -3

Assign Lead
SI A                          b6 -1
2/3/99                         b7C -1
ML

A/C

1166E-NK-97240-89

CONCEPCION-121

Record Request
FD-125 (Rev. 4-1-93)

Date _03/22/99_

CERTIFIED COPY

☐ Birth  ☐ Credit  ☐ Criminal  ☐ Death  ☐ INS  ☐ Marriage*  ☐ Motor Vehicle  ☒ Other

To  SA

Buded
b6 -1
b7C -1

Return to  SA

File number
166E-NK-97240 - 95

Name and aliases of subject, applicant, or employee, and spouse

Addresses
  Residence

  Business

  Former

*Date and place of marriage
  (if applicable)

| Race | Sex | Age | Height | Weight | Hair | Eyes |
|------|-----|-----|--------|--------|------|------|
|      | ☐ Male ☐ Female |  |  |  |  |  |

Birth date                           Birthplace

Arrest Number          Fingerprint classification          Criminal specialty

Social Security Number          Drivers License Number
                                ☐ D/L Photo  ☐ Other

Specific information desired
CERTIFIED COPIES OF CONVICTION — SEE ATTACHED List

Results of check
See Attached

lead to SA
3/22/99
3/23

CONCEPCION-122

Request certified copies of conviction for the
following subjects from Essex County Superior Court:

b6 -2
b7C -2

5.    ALBERTO CONCEPCION   DOB   05/29/1968
      SS#   136686030
            136686035

      ESSEX COUNTY INDICTMENT: ESX921103781I

CONCEPCION-123

CONCEPCION-124

160E-NK - 97240 -7- 2
SUB 7
JRM

USE OF THIS RECORD IS GOVERNED BY FEDERAL AND STATE REGULATIONS.  UNLESS
FINGERPRINTS ACCOMPANIED YOUR INQUIRY, THE STATE BUREAU OF IDENTIFICATION
CANNOT GUARANTEE THIS RECORD RELATES TO THE PERSON WHO IS THE SUBJECT OF YOUR
REQUEST. USE OF THIS RECORD SHALL BE LIMITED SOLELY TO THE AUTHORIZED PURPOSE
FOR WHICH IT WAS GIVEN AND IT SHALL NOT BE DISSEMINATED TO ANY UNAUTHORIZED
PERSONS. TO ELIMINATE A POSSIBLE DISSEMINATION VIOLATION AND TO COMPLY WITH
FUTURE EXPUNGEMENT ORDERS, THIS RECORD SHALL BE DESTROYED *IMMEDIATELY* AFTER
IT HAS SERVED ITS INTENDED AND AUTHORIZED PURPOSES. ANY PERSON VIOLATING
FEDERAL OR STATE REGULATIONS GOVERNING ACCESS TO CRIMINAL HISTORY RECORD
INFORMATION MAY BE SUBJECT TO CRIMINAL AND/OR CIVIL PENALTIES. THIS RECORD IS
CERTIFIED AS A TRUE COPY OF THE CRIMINAL HISTORY RECORD INFORMATION ON FILE FOR
THE ASSIGNED STATE IDENTIFICATION NUMBER.


STATE ID NO. 797432B     FBI NO. 950819NA9   DATE REQUESTED 01/07/99
NAME: CONCEPCION, ALBERTO


SEX  RACE  BIRTH DATE  HEIGHT  WEIGHT  EYES  HAIR  BIRTH PLACE
M    W     05/29/68    600     175     BLK   BRO   NJ


RECEIVING AGENCY: NJFBINK00    U.S. CITIZEN: YES


FPC: \\\\\///W/            AFIS NO:                    III: SINGLE STATE


ALIAS NAMES/OTHER BIRTH DATES
CONCEPCTION, ALBERTO                     05/29/68
CONCEPTION, ALBERTO                      05/29/68


SOCIAL SECURITY NUMBERS
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      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


SCARS/MARKS/TATTOOS/MISC NUMBERS

SCAR RIGHT EYE

CURRENT ADDRESS

132        SUMMER AVE                    NEWARK                    NJ

PAGE TO FOLLOW

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* ARREST 001    \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ARRESTED 10/10/91    AGENCY CASE NO:    208133

    AGENCY: NJNPD0000    PD NEWARK

    001 CNT  NJ2C12-1B5A        AGGRAV ASSLT-POL OFF-STGARN

    001 CNT  NJ2C29-2A          RESISTING OFFICER

SUMMONS/WARRANT

NO: W449973                          DISPOSITION DATE: 04/06/92

AGENCY: NJ007091J                    NEWARK MUN CT CRIMINAL

DISPOSITION: DISMISSED

    001 CNT: NJ2C12-1A        DEG:          SIMPLE ASSLT

DISPOSITION: DISMISSED

    001 CNT: NJ2C29-2        DEG:          RESISTING OFFICER

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* ARREST 002    \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ARRESTED 08/01/92    AGENCY CASE NO:    208133

    AGENCY: NJNPD0000    PD NEWARK

    001 CNT  NJ2C11-4A        HOMICIDE

INDICTMENT/ACCUSATION

NO: ESX9211037811                    DISPOSITION DATE: 02/26/93

AGENCY: NJ007053J                    ESSEX CO SUPERIOR COURT

DISPOSITION: GUILTY                  FELONY CONVICTION

    001 CNT: 2C:11-5        DEG: 3          HOMICIDE-NEGLIG MANSL-VEH

DISPOSITION: TO BE DISMISSED

    001 CNT: 2C-24-A        DEG:          FAMILY OFFENSE

**************************** ARREST 003 ****************************

ARRESTED 03/08/94    AGENCY CASE NO:    208133

    AGENCY: NJNPD0000    PD NEWARK                          ESSEX

OFFENSE DATE: 03/08/94    VENUE: NEWARK CITY PART I CRIMINAL

   001 CNT  2C:20-7          RECEIVE STOLEN PROPERTY


SUMMONS/WARRANT

NO: S686881                          DISPOSITION DATE: 04/14/94

AGENCY: NJ007091J                    NEWARK MUN CT CRIMINAL


DISPOSITION: DISMISSED

   001 CNT: 2C:20-7        DEG:          RECEIVE STOLEN PROPERTY


**************************** ARREST 004 ****************************

ARRESTED 05/12/94    AGENCY CASE NO:    208133

    AGENCY: NJNPD0000    PD NEWARK                          ESSEX

OFFENSE DATE: 05/12/94    VENUE: NEWARK CITY PART I CRIMINAL

   001 CNT  2C:35-10         POSSESSION/USE OF CDS

   001 CNT  2C:35-5          MANUFACTURE/DISTRIBUTE CDS

   001 CNT  2C:35-7          CDS ON SCHOOL PROPERTY


**************************** ARREST 005 ****************************

ARRESTED 03/17/95    AGENCY CASE NO:    A231095

    AGENCY: NJ0070000    ESSEX CO SHERIFF'S OFFICE      ESSEX

OFFENSE DATE: 03/17/95    VENUE: ESSEX COUNTY SUPERIOR CT

   001 CNT  2C:15-1          ROBBERY

   001 CNT  2C:39-4A         POSS FIREARM UNLAWFUL PURPOSE

   001 CNT  2C:39-5B         POSSESS HANDGUN


PAGE TO FOLLOW

**************************** ARREST 006  ****************************

ARRESTED 05/06/98 . AGENCY CASE NO:   208133

       AGENCY: NJNPD0000    PD NEWARK                    ESSEX

OFFENSE DATE: 05/06/98    VENUE: NEWARK CITY PART I CRIMINAL

   001 CNT  2C:35-10        POSSESSION/USE OF CDS

   001 CNT  2C:35-5         MANUFACTURE/DISTRIBUTE CDS

   001 CNT  2C:35-7         CDS ON SCHOOL PROPERTY

   001 CNT  2C:5-2          CONSPIRACY

                            MANUFACTURE/DISTRIBUTE CDS


SUMMONS/WARRANT                      PROMIS/GAVEL NO: ESX98004398-001

NO: W  19980138680714                DISPOSITION DATE: 05/06/98

AGENCY: NJ007091J                    NEWARK MUN CT CRIMINAL


DISPOSITION: SENT TO PROSECUTOR

   001 CNT: 2C:35-10A(1)     DEG: 0       POSSESS CDS OR ANALOG



DISPOSITION: SENT TO PROSECUTOR

   001 CNT: 2C:35-5A(1)     DEG: 0        MANUFACTURE/DISTRIBUTE CDS



DISPOSITION: SENT TO PROSECUTOR

   001 CNT: 2C:35-7         DEG: 0        CDS ON SCHOOL PROPERTY


SUMMONS/WARRANT                      PROMIS/GAVEL NO: ESX98004398-001

NO: W  19980138690714                DISPOSITION DATE: 05/06/98

AGENCY: NJ007091J                    NEWARK MUN CT CRIMINAL


DISPOSITION: SENT TO PROSECUTOR

   001 CNT: 2C:35-7-1       DEG: 0       POSS/DIST CDS W/I 500 FT OF

DISPOSITION: SENT TO PROSECUTOR

001 CNT: 2C:5-2          DEG: 0          CONSPIRACY

                                        POSSESS CDS OR ANALOG


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DEPARTMENT OF CORRECTIONS INFORMATION NOT FOUND FOR THIS SBI NUMBER

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


CRIMINAL HISTORY DIVERSION PROGRAM AND FELONY CONVICTION SUMMARY

PRE-TRIAL INTERVENTION   000

CONDITIONAL DISCHARGE:   000

FELONY CONVICTIONS:      001

VIOLATION OF PROBATION:  000


WHEN A MISSING DISPOSITION IS REQUIRED, DO NOT CONTACT THE STATE BUREAU
OF IDENTIFICATION(SBI). YOU MUST CONTACT THE AGENCY THAT FURNISHED THE
PENDING DATA TO THE SBI. SHOULD YOU HAVE INFORMATION REGARDING AN UPDATE
OR A CORRECTION TO THIS RECORD, PLEASE CONTACT THE SBI AT (609) 882-2000,
EXTENSION 2902 OR 2899.

                    END OF CCH RECORD

DATE OF RECORDING:

TYPE OF RECORDING:

b6 -1, 5
b7C -1, 5
b7D -1

SUBJECTS OF TAPE:          ALBERTO CONCEPCION (AC)

MONITORING AGENT:          SA

TRANSCRIBED/TYPED BY:

NKCM # 35843

CONCEPCION-131

Page 1

This is Special Agent [          ] with the Cooperating Witness, the time is [          ] the date is [          ]

(Dialing phone number, phone ringing).

AC:

CW:

AC:

CW:

AC:

CW:

AC:

CW:

AC:

CW:

AC:

CW:

AC:

CW:

AC:

b6 -1, 5
b7C -1,
b7D -1

Page 2

CONCEPCION-132

CW:

AC:

CW:

AC:

CW:

AC:


CW:

AC:

b6 -1, 5
b7C -1, 5
b7D -1

CW:

AC:

CW:

AC:


CW:

AC:

CW:

AC:

CW:

AC:

(Conversation ended).

This is Special Agent [        ] Special Agent [            ]

the time is [                          ] the consensually

recorded telephone call to Alberto Concepcion is complete.

---

Page 3

CONCEPCION-133

FD-302 (Rev. 10-6-95)

- 1 -

## FEDERAL BUREAU OF INVESTIGATION

Date of transcription    05/24/99

        Pursuant to an ongoing investigation involving the Broadway Townhouses, members of the Federal Bureau of Investigation (FBI), Newark Division, Violent Crime/Gang Task Force (VC/GTF) were in the area of the Broadway Townhouses, Broadway, Newark, New Jersey taking surveillance photographs.  At approximately        , ALBERTO CONCEPCION was observed traveling east on Oriental Street between Broadway and Broad Street in the Broadway Townhouses.  CONCEPCION was operating a white Lexus.  Several minutes later, CONCEPCION was observed entering and exiting 49C Broad Street.  CONCEPCION's vehicle was parked on Broad Street in the area of 49C Broad Street. CONCEPCION was further observed entering and exiting the small store located at 51 Oriental Street.

b6 -1, 2, 6
b7C -1, 2, 6
b7D -3

CONCEPCION-134

| Investigation on | SEE TEXT | at | Newark, New Jersey |

File # 166E-NK-97240

Date dictated    N/A

by    SA            SA

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

DATE OF RECORDING:

TYPE OF RECORDING:

SUBJECTS OF TAPE:

MONITORING AGENT:     SA

TRANSCRIBED/TYPED BY:

NKCM #35587

b6 -1, 2, 5
b7C -1, 2, 5
b7D -1

CONCEPCION-135

Page 1

The date is [_____] Present

Detective [_____] Special Agent [_____] and CW,

we're about to ah page Alberto Concepcion at 1-888-728-9751.

Having him return page to [_____] and that is the CW's

pager.

b6 -1, 4
b7C -1,
b7D -1

   The time is ah 11:17, we have not received a page from

Alberto Concepcion, we will attempt to page him one more time at

1-888-728-9751, [_____]

CW's pager.

b6 -5
b7C -5
b7D -1

   This is Detective [_____] with Special Agent

[_____] and the CW, we have not yet received a page from

Alberto Concepcion, we will now attempt to page ah call his body

shop, Authentic Restoration at area code 973 589-6477.

(Dialing phone number, phone ringing).

b6 -1, 4
b7C -1, 4

b6 -2, 5
b7C -2, 5
b7D -1

CONCEPCION-136

b6 -2, 5
b7C -2, 5
b7D -1

(Conversation   ended).

This Special Agent [          ] with the Cooperating

Witness, [                                            ]

The cooperating witness [                            ]

[              ] Authentic Restoration, 250 South Street,

b6 -1, 5
b7C -1, 5
b7D -1

Newark, New Jersey [                    ] Alberto

Concepcion, aka Bert, aka Hit Man, [              ]

[                              ]

(Dialing phone number, phone ringing).

b6 -2, 5
b7C -2, 5
b7D -1

CONCEPCION-137

b6 -2, 5
b7C -2, 5
b7D -1

(Conversation ended).

This is Special Agent [        ] the time is [    ]

b6 -1, 2, 5
b7C -1, 2, 5
b7D -1

to Authentic Restorations complete, cooperating witness talked to

CONCEPCION-138

Page 4

# POLICE DEPARTMENT    INCIDENT REPORT    NEWARK, N.J.

FILL OUT COMPLETE REPORT WHEN LISTED IN CLASSIFICATION LIST AND REPORT GUIDE AS 802 (NO ASTERISK).
DO NOT FILL OUT SHADED PORTION WHEN LISTED 802 * (WITH ASTERISK).

| 1 VICTIM'S OR COMPLAINANT'S NAME | | 2 TELEPHONE NO | 17 STATUTE OF ORDINANCE | 18 SECTOR | 19 DISTRICT | 20 CENT COMPLT NO. |
|---|---|---|---|---|---|---|
| Sgt       Dets | | | 2C:35-5 | 214 | N- | |

| 3 RESIDENCE NUMBER | (STREET) | (FLOOR OR APT) | 21 REPORTING OFFICER        (NAME) | ID NO. | (COMMD) |
|---|---|---|---|---|---|
| | | | Y.V.T.F. | | |

| 4. SEX | 5. RACE | 6 AGE | 7. OCCUPATION | 9. INJURY | 22 INCIDENT | 22A OCCURRED ON PUBLIC HOUSING PROPERTY? |
|---|---|---|---|---|---|---|
| | | | POLICE OFFICERS | ☐ YES ☐ NO | POSS HEROIN W/INTENT | ☐ YES ☐ NO |

| 8. SOBRIETY OF VICTIM | 10. CAN VIC IDENT OFFENDER | 23. LOCATION |
|---|---|---|
| ☐ SOBER ☐ HAD BEEN DRINKING ☐ INTOX-ICATED | ☐ YES ☐ NO | ☐ YES ☐ NO |

| 11 PERSON REPORTING CRIME | 12. TELEPHONE NO. | 24. TIME OF OCCURRENCE (OR OR TIME) | | | | 25. WAS FORCE USED? |
|---|---|---|---|---|---|---|
| same as #1 | #2 | HOUR | DAY OF WEEK | MONTH | DAY | YEAR | ☐ YES ☐ NO ☐ NOT KNOWN |

| 13. RESIDENCE OF PERSON REPORTING CRIME | 26. WAS A WEAPON USED? |
|---|---|
| #3 | ☐ YES ☐ NO ☐ NOT KNOWN |

| 14. TIME REPT | 15 MONTH | DAY | YEAR | 16. OCCURRED ON VIEW | 27. TYPE OF PREMISES OR PROPERTY ATTACKED |
|---|---|---|---|---|---|
| | | | | ☐ YES ☐ NO | Apartment Building |

| 28. HOW ATTACKED | 29. MEANS OF ATTACK |
|---|---|
| Concealed on person | Narcotics |

| 30. OBJECT OF ATTACK (IF VEHICLE ANTI-THEFT DEVICE INSTALLED) | 31. MODUS OPERANDI |
|---|---|
| ☐ Yes ☐ No | b6 -2, 4 |
| | b7C -2, 4 |

| 32 VEHICLE INVOLVED IN CRIME | YEAR | MAKE | MODEL | LIC. NUMBER | STATE | COLOR | BODY TYPE | VEHICLE VIN NUMBERS |
|---|---|---|---|---|---|---|---|---|
| ☐ STOLEN ☐ USED BY OFFENDER | | | | | | | | |

| 33. NAME OF SUSPECT | (ALIAS) | (RES) |
|---|---|---|
| | | |

34. ADDITIONAL INFORMATION (DO NOT REPEAT INFORMATION LISTED IN NUMBERED BLOCKS)

34A. STRANGER TO STRANGER CRIME ☐ Yes ☐ No ☐ Unknown    34B. OUTLAW LEN?

34C. REPORT SOURCE: ☐ DISPATCH 2 ☐ PHONE 3 ☐ WALK-IN 4 ☐ OTHER

34D. VEHICLE INSURANCE COMPANY & POLICE NUMBER

CIN# 61705  On ____ at approximately ____ 1130 hours the undersigned, along with Detctives affeeted the arrest of the suspect listed above (33), ____ The following details the incidents that led to his arrest.  The undersigned and Detectives were clad in plainclothes and utilizing an unmarked vehicle.  While in the area of Victoria & Garside sts the officers noticed what appeared to be narcotic activity.  This location is a known narcotics trafficking area. The detectives devised a plan to walk to the location on foot, making it easier to gain ac- cess to the suspected drug dealers.  The undersigned and Det ____ then walked south bound on ____ The undersigned was on the west side of the street and Det ____ was walking along the east side of the street.  Det ____ stood by in an undisclosed location with the vehicle as back-up.  As the undersigned reached the doorway of ____                                                                    Cont.

| 35. ESTIMATED VALUE BY TYPE OF PROPERTY | A. CURRENCY | B. JEWELRY | C. FURS | D. CLOTHING | E. LOCAL AUTOS | F. MISCELLANEOUS | G. TOTAL |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| 36. OTHER OFFICERS AT SCENE | (NAME) | VEH. NO. | COMMAND | (I.D. NO.) | 37 OTHER REPORTS SUBMITTED |
|---|---|---|---|---|---|
| RANK: Det | | 716 | Y.V.T.F. | | ☐ OP 1:152 PROPERTY |
| Det | | 711 | Y.V.T.F. | | ☐ DP 1:152-1 AUTO |
| | | | | | ☐ OP 1:225A STATEMENT |
| | | | | | ☐ OP 1:800 ARREST |
| | | | | | ☐ OP 1:795 CONT. |

| 38. PERSONS ARRESTED | (NAME) | CENT. ARR. NO. | 39. WITNESSES | (NAME AND RESIDENCE) | (TELEPHONE NO.) |
|---|---|---|---|---|---|
| | | | | | |

| 40. TELETYPE ALARM NUMBER | 41. NAME OF DETECTIVE NOTIFIED | 42. SIGNATURE OF REPORTING OFFICER |
|---|---|---|
| | | Sgt |

| 43. STATUS OF OFFENSE | 44. CLEARED BY ARREST OF (CHECK APPROPRIATE BOX OR BOXES) |
|---|---|
| ☐ UNFOUNDED ☑ CLEARED BY ARREST ☐ NOT CLEARED ☐ EXCEPTIONAL CLEARANCE | ☐ ADULT ☐ JUVENILE ☐ ADULT AND JUVENILE ☐ NARCOTIC OFFENDER |

| 45. STATUS OF CASE | 46 CLASS | 47 RE-CLASS | 48. KEY-PUNCHED BY: | 49. VERIFIED BY: |
|---|---|---|---|---|
| ☐ PENDING ACTIVE ☐ PENDING INACTIVE ☑ CLOSED | 181 | | | |

| 50. SUPERVISOR APPROVING & CLASSIFYING | (DATE) | 51. TIME APPROVED | 52. INDEXED BY: | 53. NUMBER OF PAGES |
|---|---|---|---|---|
| | 2-19-95 | 1500 | | 2 |

OP1:802 REV. 6/94 - 75M

CONCEPCION-139

RECORD & IDENTIFICATION BUREAU FILE COPY

**POLICE DEPARTMENT** ● CONTINUATION REPORT ● **NEWARK, N.J.**

| SPECIFIC OFFENSE | DIST COMPL'T NO | CENTRAL COMPLAINT NO |
|---|---|---|
| POSSESSION OF CDS (HEROIN) W/INTENT | N- J966 | |

| STATUTE OR ORDINANCE (R S  N J S  REV ORD ) | LOCATION OF OFFENSE | DATE OF OCCURRENCE |
|---|---|---|
| 2C:35-5 | | |

Continued...

b6 -2
b7C -2

As the undersigned reached the doorway of [        ] the above suspect was

[        ] Immediately the undersigned began shouting "Police, you're under arrest". At this point the suspect attempted to shut the door and break free of my grasp. The suspect also began striking this writer's arm and pull away. This writer was then able to force my way inside of the doorway, while never letting go of the suspect.

Now inside of the vestibule with the suspect, the suspect then pulls the wrought iron door open and runs outside. At this time Det[        ] reached the door and the suspect was tackled to the ground. During this time the suspect continued to struggle by flailing his arms as the officers attempt to handcuff the suspect. Also during the [        ] The officers struggle for several minutes with the suspect both on the ground and standing as the suspect was attempting to free himself from the officers. During this struggle[        ] [        ] After Det.[        ] was able to secure one of the suspect's arms in the hand cuffs, he then utilized his portable police radio and summoned Det[        ] to assist. in the arrest. Within seconds Det.[        ] arrived on the scene and assisted in handcuffing the suspect. The suspect was then placed in the unmarked vehicle. [        ]

[        ] was later field tested by Det [        ] with positive results and submitted into evidence. The suspect was transported to the North District Precinct where he was slated.

b6 -2, 4
b7C -2, 4

b6 -4
b7C -4

CONCEPCION-140  ★

| AMENDED PROPERTY VALUATION | A. CURRENCY | B. JEWELRY | C. FURS | D. CLOTHING | E. LOCAL AUTO | F. MISCELLANEOUS | G. TOTALS |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| RANK | | COMMAND | BADGE NUMBER |
|---|---|---|---|
| Sgt. | | Y.V.T.F. | 6476 |

| STATUS OF OFFENSE | | | | STATUS OF CASE | | |
|---|---|---|---|---|---|---|
| ☐ UNFOUNDED | ☑ CLEARED BY ARREST | ☐ NOT CLEARED | ☑ EXCEPTIONALLY CLEARED | ☐ PENDING ACTIVE | ☐ PENDING INACTIVE | ☑ CLOSED |

| CLEARED BY ARREST OF | | | | CLASSIFICATION: | RECLASSIFICATION |
|---|---|---|---|---|---|
| ☐ JUV | ☑ ADULT | ☐ JUV & ADULT | ☑ NARCOTIC OFFENDER | 181 | |

| READ CLASSIFIED AND APPROVED BY | DATE | TALLIED BY | INDEXED BY |
|---|---|---|---|
| SA LIEUT. | 2-19-99 | | |

| | FILED BY | PAGE NUMBER | NO OF PAGES |
|---|---|---|---|
| | | 2 | 3 |

DPI-795 60M 8/93

POLICE DEPARTMENT          ARREST REPORT          930          NEWARK, N.J.

| 1. PRISONER'S LAST NAME | FIRST | MIDDLE | 2. TIME AND DATE OF ARREST |
| | | | |

| 23. RACE | 23. SEX | 24. ETHNIC | 25. ☐ MARRIED | 26. CLOTHING | 27. CDR # 1 or CITY ORDINANCE |
| | | | | | SUM# - S. |
| | | | | | SUM# - S. |

| 28. SOC. SEC. NUMBER | 29. DRIVERS LICENSE NO. | 30. STATE | 31. VEH. REG. NO. | 32. SCHOOL AND GRADE OF JUVENILE | 33. CDR # 2 |
| Unknown | | | | | WAR# - |
| | | | | | WAR# - |

| 34. OCCUPATION | 35. NAME OF EMPLOYER OR GOVERNMENT AGENCY | 36. SCARS, MARKS AND OTHER DESCRIPTIVE DATA |
| Unemployed | | |

| 37. SPECIFIC OFFENSE 80 grams | STATE OR ORD. NO. | CLASS | JUDGE | COURT DOCKET NO. | DISPOSITION | DATE OF DISPO | FINAL CHARGE |
| | | | | | | | b6 -2, 4 |
| | | | | | | | b7C -2, 4 |
| IV | | | | | | | |
| V | | | | | | | |

| 38. TIME AND DATE OF OCCURRENCE: | 39. TYPE OF PREMISES | 40. PLACE OF OCCURRENCE: | 41 OCCURRED ON PUBLIC HOUSING PROPERTY? ☐ YES ☐ NO |

| 42. VICTIM OR COMPLAINANT'S NAME Sgt | 43. VICTIM OR COMPLAINANT'S ADDRESS | 44 COMPLTS. TEL. NO'S: HOME & BUSINESS |
| Det's. | | 733-6090. |

| 45. DETAILS OF ARREST: | 46. STRANGER TO STRANGER CRIME ☐ YES ☐ NO ☐ UNKNOWN | 47. CHECK REPORTS SUB. |

Incident#99-61705.
   The above named prisoner was arrested by the named detectives
who found him to be in possession and control of the listed narcotics.
To Wit :
The school in question is located at#

| | |
| X | DP 1:802 |
| X | DP 1:795 |
| | NJTR- I |
| | NP 1: 1001 |
| | DP 1:1517 |
| X | DP 1:152 |
| | DP 1:152:1 |
| | DP 1:225A |
| X | CDR |

| 48. OTHER PERSON ARRESTED (NAME) | 49. CENT. ARREST NO. | 50. OTHER PERSON ARRESTED (NAME) | 51. CENT. ARREST NO. |

| 52. | 53. RESULTS OF RECORD CHECK: ☐ RECORD ☐ NO RECORD | 54. IS PRISONER WANTED? | 55. IF WANTED, BY WHOM? | 56. WHO WAS NOTIFIED? | 57. DET. NOTIFIED | 58. PARENTS OF JUV. NOTIFIED BY: | 59. INTAKE OFFICER |
| | | Yes | North Sqd. | | | | |

| 60. JUV. RELEASED TO / RELATIONSHIP? | 61 ADDRESS PERSON RELEASED TO | 62 HOME TELEPHONE NUMBER | 63. BUSINESS TELEPHONE | 64. JUVENILE DETAINED AT: |

| 65. PRISONER TO BE FINGERPRINTED: ☐ YES ☐ NO | 66. PRISONER TO BE PHOTOGRAPHED: ☐ YES ☐ NO | 67. PRISONER SEARCHED BY: Det | 68. MONEY IN PRISONER'S POSSESSION Confiscated | 69. RESTRICTIONS ☐ YES ☐ NO | 70. RESERVED |

| 71. SIGNATURE OF ARRESTING OFFICER Det. | / COMMAND | 7 TO. NO. / TOUR OF DUTY Days | 72. READ, CLASSIFIED AND APPROVED BY: |

| 73. INVESTIGATION ASSIGNED TO: | 74. INVESTIGATION COMPLETED | (SIGNATURE OF INVESTIGATOR) | 75 ARRAIGNMENT (DATE) | 76 COURT | 77. AMOUNT OF BAIL: | 78. BAIL SET OR PAROLED BY: b6 -4 b7C -4 |

| 79. SIGNATURE OF PERSON PAROLED TO: | 80. LIEUTENANT ACCEPTING BAIL OR PAROLING PRISONER: | 81. COMMITTED IN DEFAULT OF BAIL ☐ YES ☐ NO | COMMITTED WITHOUT BAIL: ☐ YES ☐ NO | DIRECTLY TO ARRAIGNMENT ☐ YES ☐ NO |

| 82. OFFICER IN CHARGE OF PRISONER: North Dist Personnel | 83. SENT TO CELL BLOCK BY: | |

| 87. TIME AND DATE TO COURT: | | |

| 89. TIME AND DATE FROM COURT: | OFFICER | 90. PREVIOUS ARRESTS FOR BAIL DETERMINATION | CONCEPCION-141 |

| 91. TIME AND DATE OF JAIL: | OFFICER | 92. RESERVED: | 93. F.P. NO. GAL NO. |

| 94. INDEXED BY: | 95. MICRO PROCESSED BY: | 96. RESERVED: | 97. FINGERPRINTED BY: PHOTOGRAPHED BY: | 98. S.B. NO. F.B.I. NO. |

DPI:800 REV.1-94

TO BE FORWARDED TO THE MUNICIPAL COURT. WHEN THE DISPOSITION IS COMPLETED TO BE FORWARDED TO THE R AND I BUREAU.

RECORD & IDENTIFICATION BUREAU WORK COPY

| 22 RACE | 23 SEX | 24 HISPANIC | 25 MARRIED | 26 CLOTHING | | 27 COR #1 & CITY ORDINANCE |
|---|---|---|---|---|---|---|
| | | | | | | SUM# - S |
| | | | | | | SUM# - S |

| 28 SOC SEC NUMBER | 29 DRIVERS LICENSE NO | 30 STATE | 31 VEH REG NO | 32 SCHOOL AND GRADE OF JUVENILE | 33 COR #2 |
|---|---|---|---|---|---|
| Unknown. | | | | | WAR# - W |

| 34 OCCUPATION | 35 NAME OF EMPLOYER OR GOVERNMENT AGENCY | 36 SCARS MARKS AND OTHER DESCRIPTIVE DATA | WAR# - W |
|---|---|---|---|
| Unemployed | | | |

| 37 SPECIFIC OFFENSE | STATE OR ORD NO | CLASS | JUDGE | COURT DOCKET NO | DISPOSITION | DATE OF DISPO | FINAL CHARGE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | b6 -2, 4 |
| | | | | | | | b7C -2, 4 |

| 38 TIME AND DATE OF OCCURRENCE | 39 TYPE OF PREMISES | 40 PLACE OF OCCURRENCE | 41 OCCURRED ON PUBLIC HOUSING PROPERTY? |
|---|---|---|---|
| Prior- | Municipal Courts | 31 Green St. | ☐ YES ☐ NO |

| 42 VICTIM OR COMPLAINANT'S NAME | 43 VICTIM OR COMPLAINANT'S ADDRESS | 44 COMPLTS TEL NO'S HOME & BUSINESS |
|---|---|---|
| Magistrate | 31 Green St. | 733-8735. |

| 45 DETAILS OF ARREST | 46 STRANGER TO STRANGER CRIME | 47 CHECK REPORTS SUB |
|---|---|---|
| | ☐ YES ☐ NO ☐ UNKNOWN | |

Incident#99-61719.
   The above named prisoner was arrested by members of the
Task Force, on Controlled Dangerous Substance charges. A check of
the prisoner through records [         ] showed him to have an
active warrant under the following information:

Held by the North Detective Squad.   Bail of $250.00

DP 1:802
DP 1:785
NJTR-1
NP 1:1001
DP 1.1617
DP 1:152
DP 1.152.1
DP 1:2254
COR

| 48 OTHER PERSON ARRESTED (NAME) | 49 CENT ARREST NO | 50 OTHER PERSON ARRESTED (NAME) | 51 CENT ARREST NO |
|---|---|---|---|

| 52 | 53 RESULTS OF RECORD CHECK | 54 IS PRISONER WANTED? | 55 IF WANTED BY WHOM | 56 WHO WAS NOTIFIED | 57 DET NOTIFIED | 58 PARENTS OF JUV NOTIFIED BY | 59 INTAKE OFFICER |
|---|---|---|---|---|---|---|---|
| | ☐ RECORD ☐ NO RECORD | Yes | North Sqd. | | | | |

| 60 JUV RELEASED TO / RELATIONSHIP | 61 ADDRESS PERSON RELEASED TO | 62 HOME TELEPHONE NUMBER | 63 BUSINESS TELEPHONE | 64 JUVENILE DETAINED AT |
|---|---|---|---|---|

| 65 PRISONER TO BE FINGERPRINTED | 66 PRISONER TO BE PHOTOGRAPHED | 67 PRISONER SEARCHED BY | 68 MONEY IN PRISONERS POSSESSION | 69 RESTRICTIONS | 70 RESERVED |
|---|---|---|---|---|---|
| ☐ YES ☐ NO | ☒ YES ☐ NO | Det | Confiscated | ☐ YES ☐ NO | |

| 71 SIGNATURE OF ARRESTING OFFICER | /COMMAND | / ID NO | / TOUR OF DUTY | 72 READ CLASSIFIED AND APPROVED BY |
|---|---|---|---|---|
| Det | | | Days | Sgt. |

| 73 INVESTIGATION ASSIGNED TO | 74 INVESTIGATION COMPLETED | (SIGNATURE OF INVESTIGATOR) | 75 ARRAIGNMENT (DATE) | 76 COURT | 77 AMOUNT OF BAIL | 78 BAIL SET OR PAROLED BY |
|---|---|---|---|---|---|---|
| | | | | | | b6 -4 |
| | | | | | | b7C -4 |

| 79 SIGNATURE OF PERSON PAROLED TO | 80 LIEUTENANT ACCEPTING BAIL OR HANDLING PRISONER | 81 COMMITTED IN DEFAULT OF BAIL | COMMITTED WITHOUT BAIL | DIRECTLY TO ARRAIGNMENT |
|---|---|---|---|---|
| | | ☐ YES ☐ NO | ☐ YES ☐ NO | ☐ YES ☐ NO |

| 82 OFFICER IN CHARGE OF PRISONER | 83 SENT TO CELL BLOCK BY | 84 RECEIVED IN CELL BLOCK BY | 85 TIME & DATE REC | 86 CELL NO |
|---|---|---|---|---|
| North Dist Personnel | | | | |

| 87 TIME AND DATE TO COURT | OFFICER | 88 POSTPONED TO |
|---|---|---|

| 89 TIME AND DATE FROM COURT | OFFICER | 90 PREVIOUS ARRESTS FOR BAIL DETERMINATION | CONCEPCION-142 |
|---|---|---|---|

| 91 TIME AND DATE OF JAIL | OFFICER | 92 RESERVED | 93 FP NO |
|---|---|---|---|
| | | | GAL NO |

| 94 INDEXED BY | 95 MICRO PROCESSED BY | 96 RESERVED | 97 FINGERPRINTED BY | 98 PHOTOGRAPHED BY | 98 SB NO |
|---|---|---|---|---|---|
| | | | | | F BI NO |

DPT800 REV 1-84

TO BE FORWARDED TO THE MUNICIPAL COURT, WHEN THE DISPOSITION
IS COMPLETED TO BE FORWARDED TO THE R AND I BUREAU

RECORD & IDENTIFICATION BUREAU WORK COPY

| 28. SOC. SEC. NUMBER | 29 DRIVERS LICENSE NO | | 30 STATE | 31 VEH REG NO | 32 SCHOOL AND GRADE OF JUVENILE | | | SURF - S | 33 CDR #2 |
|---|---|---|---|---|---|---|---|---|---|
| Unk. | | | | | | | | | WARR - W |
| 34 OCCUPATION | 35 NAME OF EMPLOYER OR GOVERNMENT AGENCY | | | 36 SCARS, MARKS AND OTHER DESCRIPTIVE DATA | | | | | WARR - W |
| None | | | | | | | | | |

| 37 SPECIFIC OFFENSE | STATE OR ORD NO | CLASS | JUDGE | COURT DOCKET NO | DISPOSITION | | DATE OF DISPO | FINAL CHARGE |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | b6 -2, 4 |
| | | | | | | | | b7C -2, 4 |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

| 38 TIME AND DATE OF OCCURRENCE | 39 TYPE OF PREMISES | 40 PLACE OF OCCURRENCE | 41. OCCURRED ON PUBLIC HOUSING PROPERTY? ☐ YES ☐ NO |
|---|---|---|---|
| | | | HOME & BUSINESS |

| 45. DETAILS OF ARREST. | 46 STRANGER TO STRANGER CRIME ☐ YES ☐ NO ☐ UNKNOWN | 47. CHECK REPORTS SUB |
|---|---|---|

CIN#61705

The above prisoner was placed in custody for _____ _____ at the above location where he was found in control of _____

During the arrest he did flail his arms, knocking this writers arms away and did violently try to flee. This writer used the neccessary amount of force to affect the arrest after all parties had fallen to the ground. The prisoner was placed in custody. Note* Nwk Police badge was draped around this writers neck in plainview of the prisoner.

Check Reports SUB:
DR 1-802
DP 1-795
N.DR-1
NP 1-1001
DP 1-1517
DP 1-152
DP 1-152 1
DP 1-225A
CDR

| 48 OTHER PERSON ARRESTED (NAME) | | 49. CENT. ARREST NO | 50 OTHER PERSON ARRESTED (NAME) | | 51 CENT. ARREST NO |
|---|---|---|---|---|---|
| None | | | | | |

| 52 RECORD CHECK BY | 53 RESULTS OF RECORD CHECK ☐ RECORD ☐ NO RECORD | 54 IS PRISONER WANTED? | 55 IF WANTED AT WHERE? | 56 WHO WAS NOTIFIED? | 57 OR 1 NOTIFIED | 58 PARENTS OF JUV NOTIFIED BY | 59 INTAKE OFFICER |
|---|---|---|---|---|---|---|---|
| | | Yes | North sqd. | | | | |

| 60 JUV RELEASED TO / RELATIONSHIP | 61 ADDRESS PERSON RELEASED TO | 62 HOME TELEPHONE NUMBER | 63 BUSINESS TELEPHONE | 64 JUVENILE DETAINED AT |
|---|---|---|---|---|
| | | | | |

| 65 PRISONER TO BE FINGERPRINTED ☐ YES ☐ NO | 66 PRISONER TO BE PHOTOGRAPHED ☐ YES ☐ NO | 67 PRISONER SEARCHED BY | 68 MONEY IN PRISONERS POSSESSION | 69 RESTRICTIONS ☐ YES ☐ NO | 70. RESERVED |
|---|---|---|---|---|---|

| 71 SIGN | | TOUR OF DUTY | 72 READ, CLASSIFIED AND APPROVED BY |
|---|---|---|---|
| | | 6am-2pm | |

| 74 INVESTIGATION ASSIGNED TO | 75 INVESTIGATION COMPLETED | (SIGNATURE OF INVESTIGATOR) | 75 ARRAIGNMENT (DATE) | 76 COURT | 77 AMOUNT OF BAIL | 78 BAIL SET OR PAROLED BY |
|---|---|---|---|---|---|---|
| | | | | | | b6 -4 |
| | | | | | | b7C -4 |

| 79 SIGNATURE OF PERSON PAROLED TO | 80 LIEUTENANT ACCEPTING BAIL OR PAROLING PRISONER | 81 COMMITTED IN DEFAULT OF BAIL ☐ YES ☐ NO | COMMITTED WITHOUT BAIL ☐ YES ☐ NO | DIRECTLY TO ARRAIGNMENT |
|---|---|---|---|---|

| 82 OFFICER IN CHARGE OF PRISONER | 83 SENT TO CELL BLOCK BY | 84 RECEIVED IN CELL BLOCK BY | 85 TIME & DATE REC | 86 CELL NO |
|---|---|---|---|---|

| 87 TIME AND DATE TO COURT | OFFICER | 88 POSTED BAIL TO |
|---|---|---|

| 89 TIME AND DATE FROM COURT | OFFICER | 90 PREVIOUS ARRESTS FOR BAIL DETERMINATION | CONCEPCION-143 |
|---|---|---|---|

| 91 TIME AND DATE OF JAIL | OFFICER | 92 REL SERVED | 93 F.P. NO |
|---|---|---|---|
| | | | GAL NO 240234 |

| 94 INDEXED BY | 95 MICRO PROCESSED BY | 96 RESERVED | 97 PHOTOGRAPHED BY | 98 SB NO. |
|---|---|---|---|---|
| | | | | FBI NO. |

DPI-800 REV 1-74

TO BE FORWARDED TO THE MUNICIPAL COURT WHEN THE DISPOSITION IS COMPLETED TO BE FORWARDED TO THE R AND I BUREAU

RECORD & IDENTIFICATION BUREAU WORK COPY

# POLICE DEPARTMENT   PROPERTY & EVIDENCE RECEIPT    NEWARK, N.J.

| 1. FOUND OR RECOV | | | 2. SECTOR | 3. COMMAND | 4 DISTRICT NO. | 5. CONTROL COMPLAINT NO. |
|---|---|---|---|---|---|---|
| Detective | | | 214 | YVTF | N— | |

6. LOCATION WHERE FOUND OR RECOVERED

11. BRIEF EXPLANATION OF FINDING OR RECOVERY:
CIN#61705    The below prisoner was found to have in his possession with the intent to distri-
bute same at the above location. He was placed in custody and transported to the North for
~~preccssing.~~
SEE ADDITIONAL REPORTS FOR DETAILS.

| 12. PRISONER (A) | C.A. NUMBER | AGE | DATE OF ARREST | 13. ENVELOPE CONTROL NUMBER |
|---|---|---|---|---|
| | | | | |
| PRISONER (B) | C.A. NUMBER | AGE | DATE OF ARREST | ENVELOPE CONTROL NUMBER |
| ADDRESS: | CHARGES: | | | |
| PRISONER (C) | C.A. NUMBER | AGE | DATE OF ARREST | ENVELOPE CONTROL NUMBER |
| ADDRESS: | CHARGES: | | | |
| PRISONER (D) | C.A. NUMBER | AGE | DATE OF ARREST | ENVELOPE CONTROL NUMBER |
| ADDRESS: | CHARGES: | | | |

b6 -2, 4
b7C -2, 4

| 14. ITEM NO. | 15. QTY. | 16. EVIDENCE SOURCE | 17. | ARTICLE DESCRIPTION | 18. ESTIMATED CASH VALUE |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

| 19 NARC FIELD TEST BY | | 10 NO. | COMMAND | COCAINE - RESULTS | HEROIN - RESULTS |
|---|---|---|---|---|---|
| Det. | | | YVTF | | Positive |

b6 -4
b7C -4

20. PROPERTY:   ☑ ARREST-EVIDENCE   ☐ FOUND   ☑ DECEDENTS   ☐ STOLEN   ☐ PERSONAL PROPERTY OF PRISONER ( )

| 21 CURRENCY | JEWELRY | FURS | CLOTHING | MISCELLANEOUS | TOTAL | TOTAL NO OF PROP & EVID RECEIPTS |
|---|---|---|---|---|---|---|
| | | | | | | 22 OF RECEIPTS |

COMMAND   YVTF

BELOW FOR PROPERTY ROOM USE ONLY-RECORD OF PROPERTY MOVEMENT

NARC/PARA

| 25. PROSECUTOR'S RELEASE SENT RECEIVED | PHOTO TAKEN BY DATE OK. TO RELEASE ITEMS BY. | 27 SIGNA | DATE |
|---|---|---|---|
| | | DET- | |

| 28. DATE | ITEM NO. | PRINT NAME | SIGNATURE | TO | SEALED? YES/NO/BY | ENVELOPE NUMBER/COMMENTS | PROP. OFF. |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

I HEREBY ACKNOWLEDGE RECEIVING FROM THE NEWARK POLICE DEPARTMENT THE PROPERTY LISTED BELOW:      CONCEPCION-144

| 29. NAME | ADDRESS | ITEM NO. | DATE: |
|---|---|---|---|
| | | | |

P1 152 REV 1/91

FD-302 (Rev. 10-6-95)

- 1 -

## FEDERAL BUREAU OF INVESTIGATION

Date of transcription    06/16/99

     Pursuant to an ongoing investigation involving the
Broadway Townhouses, Newark, New Jersey, Special Agent [        ]
[        ] obtained an arrest report from the Newark Police
Department. The arrest report detailed the arrest of [        ]

the Newark Police Department Youth Violence Task Force.
[        ] Newark, New Jersey

b6 -1, 2, 4
b7C -1, 2, 4

[        ] ALBERTO CONCEPCION.

[        ] was further identified as follows:

NAME:
RACE:
SEX:
DATE OF BIRTH:

ADDRESS:                    NEWARK, NEW JERSEY
HEIGHT:
WEIGHT:
HAIR:
EYES:
SOCIAL SECURITY NUMBER:
FBI NUMBER:
SBI NUMBER:

    A copy of the Newark Police Department arrest report
will be placed in the SUB 7 file.

CONCEPCION-145

Investigation on    03/01/1999    at    Newark, New Jersey

File #    166E-NK-97240 SUB 7                    Date dictated    N/A

by    SA [        ]

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency;
it and its contents are not to be distributed outside your agency.

(12/31/1995)

# FEDERAL BUREAU OF INVESTIGATION

**Precedence:** ROUTINE                              **Date:** 07/03/1999

**To:** Newark                    **Attn:** [ ]

**From:** Butte ITC
          Investigative Information Services Center (IISC)
          Contact: [ ]

b6 -1
b7C -1
b2 -1

**Approved By:** [ ]

**Drafted By:** [ ]

**Case ID #:** 166E-NK-97240   (Pending)

**Title:**  ALBERTO CONCEPCION
            AKA ALBERTO CONCEPTCION
            BUTTE REQUEST 202922
            AUTHENTIC RESTORATION
            BUTTE REQUEST 203844

**Synopsis:** Results of database searches conducted by IISC.

**Enclosures:** Attached are copies of printouts setting forth
results of inquiries conducted by IISC and a Reply Form.

**Details:** Credit bureau check on listed Social Security Account
Number (SSAN) determined the following:

SSAN [ ] is a valid number and is being used by [ ] aka [ ] and

b6 -3
b7C -3

        SSAN 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 is a valid number having been issued
in 1978 in the state of New Jersey, and is being utilized by
Alberto Concepcion, aka Alberto Concepion.  The most current
address listed is 132 Summer Avenue, Newark, New Jersey.  Also
listed are SSAN's 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 and 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 as being associated
to Concepcion.

        1 Person locator record located for [ ] Newark, telephone
number [ ]

b6 -2
b7C -2

        2 Property records located for Alberto Concepcion,
records are for ownership of 333 Sussex Avenue, Newark, New
Jersey, appears to be a 3 story commercial property.

        4 Civil Suits located, 1 does not list address and not
sure if ident to your subject.

        2 State of New Jersey tax liens located.   CONCEPCION-146

166E-NK-97240- 148

To: Newark  From: Butte ITC
Re: 166E-NK-97240, 07/03/1999


     4 Judgment records located.

     2 Travel records located, records show subject as inbound passenger from San Juan.

     No owners located for ☐ For information records for current/past residents of this address being attached.    b6 -3
    b7C -3

     1 Company profile located for Authentic Restoration Incorporated, 250 South Street, Newark, New Jersey, telephone number 973-589-6477. ☐

     1 Dunn and Bradstreet report located for Authentic Restorations, ☐    b6 -3
    b7C -3

     No other records located for Alberto Concepcion, aka Alberto Conceptcion, or Authentic Restoration.

CONCEPCION-147

2

To:   Newark   From:   Butte ITC
Re:   166E-NK-97240, 07/03/1999


**LEAD (s):**

**Set Lead 1:**

    <u>NEWARK</u>

        <u>AT NEWARK</u>

        Complete and return Reply Form to <u>**Butte ITC**</u>.

♦♦

CONCEPCION-148

JUN-21-1999  13:54        FBI NEWARK                    1                      P.01/01
FD-809 (Rev. 12-5-96)                                                         203844

### INVESTIGATIVE INFORMATION REQUEST FORM

**FBI, Butte Information Technology Center**
400 North Main Street, Room #115
Butte, Montana 59701

▷ Commercial Telephone
▷ FTS:                    FAX
▷ Secure FAX & STU III:

| ITC Use Only: | BITC Record #: 202900 |
|---|---|
| Date/Time In: 6-21 12:45 ☐ am ☒ pm | |
| Date/Time Out: 7-3 1/600 ☐ am ☐ pm | |
| Database(s) Used: | |
| 1. TKW | 5. N2 | 9. |
| 2. CF | 6. TEC | 10. |
| 3. NDB | 7. | 11. |
| 4. LN | 8. | 12. |
| Handled By: | |

TO: FBI, BUTTE INFORMATION TECHNOLOGY CENTER
Date: Jun 20 / 99

Forfeiture/Seizure Related: ☐    Type of Request: ☒ FAX ☐ Telcal ☐ Mail      Response: ☐ Telcal ☒ Mail

b2 -1
b6 -1
b7C -1

Requestor SA _____  Phone # _____  FAX _____  IJCFN: 196E-NK-97240
(IJCFN title #) is Required)

Office/RA: NK _____                    Precedence: ☒ ROUTINE  ☐ IMMEDIATE
(Emergency/Crisis Situation)

### SEARCH CRITERIA (Attach additional sheets if necessary)

Name - Last: CONCEPCION 202922 First: ALBERTO Middle: _____
Alias: ALBERTO CONCEPCION  Sex: M  DOB1: 05/29/68 DOB2: __/__/__
SSAN1: 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 SSAN2: 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 Spouse: _____
Fugitive: ☐ Yes ☒ No  Driver's License #: C6381017000568 1  State: NJ

### RESIDENCE
Street Address: _____  City/State: _____  Zip: _____  Phone: _____

### BUSINESS
Business Name: _____  Street Address: _____
City/State: _____  Zip: _____  Phone: _____  Business ID#: _____

### CHECK DESIRED SEARCH PARAMETERS (Please check only those that are needed)
☒ 1. Specific Information Desired
    PROPERTY OWNER!
☒ 2. Determine All Individuals Associated with Social Security Number(s)
☒ 3. Report Validity of Social Security Number
☐ 4. Determine Who is Associated with Telephone Number(s)                  b6 -2
☒ 5. Determine Address of Business/Person (___ U.S ___, ___, ___ State(s))  b7C -2
☒ 6. Determine Property Owned by Individual (___ U.S ___, ___, ___ State(s))
☐ 7. Determine Who Owns Property Listed Above
☐ 8. Determine Who Resides at Address Listed Above
☒ 9. Determine Financial Background Info, i.e., Bankruptcy, Judgments, Liens, UCC filings, or Lawsuits
☒ 10. Determine Corporate Business Info, i.e., Officer, Director, Registered Agent _____
    ALBERTO CONCEPCION / AUTHENTIC RESTORATION (Person/Business)
☒ 11. Customs Border Crossings / Subject query / I-94 info (circle one)  CONCEPCION 149/
☐ 12. Federal Prison Inmate Information
☐ 13. Telemarketing Complaints

### Reply From: FBI, Butte Information Technology Center (BITC)
Return Reply To:
SAC: NEWARK                                                  b6 -1
Attention _____                                    b7C -1
Based on search criteria, marked records are attached:
☒ Possible Identifiable Records        ☐ Brief Synopsis of Information Found
☐ Other Peripheral Information         ☐ No Information Found

TOTAL P.01

```
*************************** Experian Social Search ***************************
* '                                                                         *
*                                                                         *
********** Dept: Standard: EFX, XPN and TU/ Entered by: Supervisor **********

PULLED: 7/3/99 2:52:38 PM  APP ID: 2 SUBJECT ID:

9-136626035,V-06/999/1.50,H-Y;


PAGE 1   DATE  7-03-1999  TIME 15:57:30  PCA33  V101
```

                                                            b6 -3
                                                            b7C -3

```
ALBERTO CONCEPCION           SS: 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*
132 SUMMER AVE                   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*
NEWARK NJ 07104-1903             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
RPTD: 11-88 TO 2-98          YOB: 1968

8 ROBERT CT APT C2
WEST ORANGE NJ 07052-6217
RPTD: 3-92 TO 10-95

51 PLEASANT AVE # A
BELLEVILLE NJ 07109-1329
RPTD: 3-96

51 MOUNT PLEASANT AVE APT A
NEWARK NJ 07104-4055
RPTD: 4-97
```

ALBERTO CONCEPION                      CONCEPCION-150

```
----------------------------- FACS+ SUMMARY ----------------------------------
INPUT SSN ISSUED 1974-1976

END -- EXPERIAN SOCIAL SEARCH



******END REPORT PULLED 7/3/99 2:52:42 PM [B-0/F-0/P-0/O-0/S-0] FOR 2/4*******
```

Page 5

LEVEL 1 - 7 OF 29 RECORDS

* * * THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY * * *

PERSON LOCATOR: P-FIND

Resident(s)                              Approximate Birth Date

**CONCEPCION, ALBERTO** (MALE)           09/1946

Address: 132 SUMMER AVE, APT 6, NEWARK, NJ 07104-1903

Telephone Number: 973-485-2852                              b6 -3
                                                            b7C -3
Dwelling-Type: 3 FAMILY

Homeowner Probability: 8%

On File Since: 6/10/1997

Date Vendor Record Last Updated: 3/29/1999

Approximate Secondary Occupant Birth Date:

CONCEPCION-151

  
LEXIS·NEXIS®    LEXIS·NEXIS®    LEXIS·NEXIS®
A member of the Reed Elsevier plc group

Page 9

LEVEL 1 - 17 OF 29 RECORDS

Superior Information Services, L.L.C.

* * * THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY * * *

JUDGMENTS FROM NEW JERSEY
SUPERIOR COURT

Debtor: **ALBERTO CONCEPCION**

Debtor Address: ALBERTO CONCEPCION
                132 SUMMER AV
                NEWARK, NJ 07104

Creditor: 

b6 -3
b7C -3

Number: 33676076A

Vendor Number: JJ-00225324-1996

Date: 12/31/1996

Filing Type: JUDGMENT

Case Type: CHILD SUPPORT

Amount: $ 630

Status: OPEN

County Filed: ESSEX

Place Filed: NEW JERSEY SUPERIOR COURT, LAW DIVISION

Description: JUDGMENTS RENDERED ON SUITS FOR $ 7,500.00 AND OVER

CONCEPCION-152






### FEDERAL BUREAU OF INVESTIGATION
### FOIPA
### DELETED PAGE INFORMATION SHEET

1 Page(s) withheld entirely at this location in the file. One or more of the following statements, where indicated, explain this deletion.

☑ Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

| Section 552 | | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☑ (b)(2) -3 | ☐ (b)(7)(B) | ☑ (j)(2) |
| ☐ (b)(3) | ☐ (b)(7)(C) | ☐ (k)(1) |
| | ☐ (b)(7)(D) | ☐ (k)(2) |
| | ☐ (b)(7)(E) | ☐ (k)(3) |
| | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☐ (b)(6) | | ☐ (k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Documents originated with another Government agency(ies). These documents were referred to that agency(ies) for review and direct response to you.

_____ Page(s) contain information furnished by another Government agency(ies). You will be advised by the FBI as to the releasability of this information following our consultation with the other agency(ies).

_____ Page(s) withheld inasmuch as a final release determination has not been made. You will be advised as to the disposition at a later date.

_____ Page(s) were not considered for release as they are duplicative of _____

_____ Page(s) withheld for the following reason(s): _____

_____

☑ The following number is to be used for reference regarding these pages:
Concepcion 153 _____

XXXXXXXXXXXXXXX
X    Deleted Page(s)    X
X    No Duplication Fee    X
X    For this page    X
XXXXXXXXXXXXXXX

LEVEL 1 - 1 OF 9 DOCUMENTS

* * * THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY * * *

PERSON LOCATOR:  P-TRAK

Name:

Other Names:

Current Address: <u>1705 ORANGE</u>    <u>HILLSBOROUGH, NC</u>

Previous Addresses:

b6 -3
b7C -3

Birthdate:

Telephone Number:

On File Since: 9/1/1986

CONCEPCION-154





Page 3

LEVEL 1 - 2 OF 9 DOCUMENTS

* * * THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY * * *

PERSON LOCATOR: P-SEEK

Name: [                    ]

Consumer Name Last Updated: 3/2/1999

Current Address: [                              ]

Previous Addresses: [                        ]                          b6 -3
          Address Type: SINGLE FAMILY        b7c -3
          Address Created: 3/2/1999
          Address Updated: 3/2/1999

          1705 ORANGE [        ]
          HILLSBOROUGH, NC [            ]
          Address Type: SIN
          Address Created: 7/11/1996
          Address Updated: 7/11/1996

Current Address Type: HIGH-RISE/APARTMENT

Current Address Created: 1/22/1997

Current Address Updated: 1/22/1997

Gender: MALE

On File Since: 3/2/1999

Date Vendor Record Last Updated: 3/2/1999

CONCEPCION-155

   

FD-302 (Rev. 10-6-95)

- 1 -

## FEDERAL BUREAU OF INVESTIGATION

Date of transcription     12/22/99

    Pursuant to an authorized arrest warrant signed by United States Magistrate Ronald J. Hedges, United States District Court, District of New Jersey, members of the Federal Bureau of Investigation (FBI) Violent Crime/Gang Task Force located ALBERTO "BERT" CONCEPCION inside Authentic Restoration, 250 South Street, Newark, New Jersey. After identifying himself, Detective [    ] advised CONCEPCION he was being taken into custody for a warrant. CONCEPCION was secured with handcuffs and taken to a FBI Task Force vehicle. CONCEPCION was told the warrant was from the United States District Court, District of New Jersey and was for heroin distribution. He was transported to the FBI's Newark Division where he was processed.

b6 -4
b7C -4

    CONCEPCION was then transported to the New York/New Jersey Port Authority Police Station located at Newark International Airport to be lodged over night.

    At approximately 4:00 A.M., CONCEPCION was picked up and transported to Newark International Airport, Building 79, for additional arrest processing and eventually transportation to the United States District Court in Newark, New Jersey.

    CONCEPCION had been arrested on a complaint charging him with violation of Title 21, United States Code, Section(s) 841/846 and violation of Title 18, United States Code, Section 2 (Conspiracy to distribute and possession with intent to distribute heroin). The following physical descriptive information was obtained:

| | |
|---|---|
| Name: | ALBERTO CONCEPCION |
| Address: | 132 SUMMER AVENUE, NEWARK, NEW JERSEY |
| Sex: | MALE |
| Race: | HISPANIC |
| Date of Birth: | 05/29/1968 |
| Place of Birth: | UNITED STATES |
| Height: | 6'0" |
| Weight: | 170 lbs |
| Eyes: | Brown |
| Hair: | Black |

CONCEPCION-156

---

Investigation on    12/15/1999    at  Newark, New Jersey

File #  166E-NK-97240 Sub 7                          Date dictated    N/A

by    SA's [    ]                                  b6 -1, 4
      Det's [    ]                                 b7C -1, 4

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

FD-515 (Rev. 8-4-99)

☐ Squad supervisor approval
(please initial)

**Accomplishment Report**
(Accomplishment must be reported and loaded into ISRAA
within 30 days from date of accomplishment)

Date Prepared 01/01/00
Date Loaded 1/10/02
Data Loader's Initials ___

| Accomplishment Involves: (check all that apply) | | File Number | Investigative Assistance or Technique Used |
|---|---|---|---|

Accomplishment Involves:
(check all that apply)

Drugs ☒
A Fugitive ☐
Bankruptcy Fraud ☐
Computer Fraud/Abuse ☐
Corruption of Public Officials ☐
Money Laundering ☐
Sub Invest Asst by FO (s) ☐

File Number
IU6E-NK-9724D

Stat Agent Soc. Sec. No.

Stat Agent Name

RA ___ Squad ___

Asst. FO(s) ___
A, B, C, D

Task Force
SSC13

Assisting Agencies × ◦
1.
2.

Assisting Agents Soc. Sec. No. ×
1.
Name:
2.
Name:

**Investigative Assistance or Technique Used**
1-Used, but did not help      3 - Helped, substantially
2 -Helped, minimally          4 - Absolutely essential
For Sub. Invest. Assist. by other FO (s) indicate  A,B,C,D for corresponding FO

| | IAT | | | IAT | | | IAT |
|---|---|---|---|---|---|---|---|
| Fin. Analyst | | Lab. Div. Exam | | ICO - Group I | | Nt. Mon. - NRCSC |
| Aircraft Asst. | | Lab. Field Sup | | ICO - Group II | | For. Lang Asst |
| Computer | | Pen Registers | | ICO - Nat. Back | | Fgn FBI Lab |
| Consen Mon. | | Photo Cover. | | JCAVC / VI - CA | | Vict-Witn Coor |
| Elsur / FISC | | Polygraph | | Crim/NS Intel As | | |
| Elsur / T. III | | Search Warran | | Crisis Neg. - Fed | | |
| Eng. Field Sp | | Show Money | | Crisis Neg. - Loc | | |
| Eng. Tape Ex | | SOG Asst. | | ERT Asst. | | |
| Legals Asst. | | Swat Team | | Butte - ITC | | |
| Evid Purchase | | Tech. Ag/Equi | | Sav - ITC | | |
| Int/CW Info | | Phone Toll Re | | Poc - WRCSC | | |

b6 -1
b7C -
b7E -
b2 -2

**A. Complaint / Information / Indictment**
☐ Federal ☐ Local ☐ International
Complaint Date: ___
Check if Civil Rico Complaint ☐
Information Date: ___
Indictment Date: ___

**B. Locate/ Arrest**
☐ Federal ☐ Local ☐ International
Subject Priority: ☐ A ☐ B ☐ C
Locate Date: ___
Arrest Date: ___
☐ Subject Resisted Arrest
☐ Subject Arrested was Armed

**C. Summons Date:** ___
☐ Federal ☐ Local

**D. Recovery/Restitution/PELP X**
☐ Federal ☐ Local ☐ International
Recovery Date: ___
Code° ___ ✓Amount $ ___
Code° ___ ✓Amount $ ___
Restitution Date: ___
☐ Court Ordered
☐ Pretrial Diversion
Code ° ___ Amount $ ___
PELP Date: ___
Code° ___ ✓Amount $ ___

**E. Hostage(s) Released Date:** ___
Released by: ☐ Terrorist ☐ Other
Number of Hostages: ___
Child Located Date: ___

**F. Conviction**
☐ Federal ☐ Local ☐ International
Conviction Date: ___
Subject Description Code: ___ ° ( ___ )°
For 6F, G, H--Include Agency Code
☐ Felony      or      ☐ Misdemeanor
☐ Plea        or      ☐ Trial
State: ___ Judicial District: ___

**G. U.S. Code Violation**
Required for Sections A, B, F, and J
(Federal only)
Title ·        Section        # Counts
___        ___        ___
___        ___        ___
___        ___        ___
___        ___        ___
___        ___        ___

**H. Sentence Date:** 01/07/00
Sentence Type: JS .
In Jail:  Years ___ Months 365
Suspended: Years ___ Months ___
Probation: Years 5 Months ___
Fines: $ 10,000

**I. Disruption/Dismantlement**
Disruption Date: ___
Dismantlement Date: ___
Completion of FD-515a Side 2 Mandatory

**J. Civil Rico Matters Date:** ___
Also Complete "Section G" ___
Other Civil Matters Date: ___
Judgment ___ ___ ___ ___ °
Judicial Outcome ___ ___ ___ ___ ° X
Amount $ ___
Suspension: Years ___ Months ___

**K. Administrative Sanction Date:** ___
Subject Description Code ___°
Type:        Length:
☐ Suspension    ☐ Permanent
☐ Debarment      or
☐ Injunction    Years ___ Months ___

**L. Asset Seizure Date:** ___
Asset Forfeiture Date: ___
CATS # Mandatory ___
Check one of the three:
☐ Asset Forfeiture - Administrative
☐ Asset Forfeiture - Civil Judicial
☐ Asset Forfeiture - Criminal
Do not indicate $ value in Section D

CONCEPCION - 157

**M. Acquittal / Dismissal / Pretrial Diversion**
Acquittal Date: ___
Dismissal Date: ___
Pretrial Diversion Date: ___

**N. Subject Information (Required for all Sections excluding Section D (Recovery/PELP), Section E (Hostage), Section I, and Section L.)**

| Name | Race ° | Sex | Date of Birth | Social Security No. (if available) |
|---|---|---|---|---|
| ALBERTO CONCEPCION | H | M | 052968 | |

For Indictments/Convictions only:
☐ Subject related to an LCN, Asian Organized Crime (AOC), Italian Organized Crime (IOC), Russian/Eastern European, Caribbean, or Nigerian Organized Crime Group - Complete FD-515a, Side 1 Blocks A-E mandatory, F-H as appropriate.
☐ Subject related to an OC/Drug Organization, a VCMO Program National Gang Strategy target group, or a VCMO Program National Priority Initiative target group - Complete FD-515a, Side 1 Blocks A-C only.

X  Additional information may be added by attaching another form or a plain sheet of paper for additional entries.
◦  See codes on reverse side.
✓  Requires that an explanation be attached and loaded into ISRAA for recovery over $1m and PELP over $5m.

Serial No. of FD-515

07/10/2000

************ SENTENCING ***************
SENSITIVE / UNCLASSIFIED

b6 -1
b7C -1

Case Number: 166E-NK-97240                 Stat Agent Name:                    Report Date: 07/10/2000
Serial No.:                                Stat Agent SOC.:                    Accom Date.: 07/07/2000

| Does Accomplishment Involve | Assisting Joint Agencies | Assisting Agents SOC | Subject Name |
|---|---|---|---|
| Drugs . . . . . . . . . . . . : Y | | | CONCEPCION, ALBERTO |
| A Fugitive. . . . . . . . . . : N | | | |
| Bankruptcy Fraud. . . . . . . : N | | | |
| Computer Fraud/Abuse. . . . . : N | | | RA    Squad    Task Force |
| Corruption of Public Officials: N | | | ----   -----   ---------- |
| Money Laundering. . . . . . . : N | | | HQ    C13     SSC13 |

Sub. Invest. Asst by Other FOs:

1 = Used, but did not help
2 = Helped, Minimally
3 = Helped, Substantially
4 = Absolutely Essential

Investigative Assistance or Technique Used
-------------------------------------------

| FINAN ANALYST | LAB DIV EXAMS | UCO-GROUP I | FT. MON-NRCSC |
|---|---|---|---|
| AIRCRAFT ASST | LAB FIELD SUP | UCO-GROUP II | FOR LANG ASST |
| COMPUTER ASST | PEN REGISTERS | UCO-OTHER | NON FBI LAB EX |
| CONSEN MONITR | PHOTO COVERGE | NCAVC/VI-CAP | VICT-WITN COOR |
| ELSUR/FISC | POLYGRAPH | CRIM/NS INTEL | |
| ELSUR/III | SRCH WAR EXEC | CRIS NEG-FED | |
| ENG FIELD SUP | SHOW MONEY | CRIS NEG-LOC | |
| ENG TAPE EXAM | SOG ASST | ERT ASST | |
| LEGATS ASST. | SWAT TEAM | BUTTE-ITC | |
| EVIDNCE PURCH | TECH AG/EQUIP | SAVANNAH-ITC | |
| INFORMANT/CW | TEL TOLL RECS | POC-NRCSC | |

b7E -1
b2 -2

Type of Sentence . . . :  JS   PB
Date of Sentencing . ..:  07/07/2000
Federal, Local, or International (F/L/I):  F

|  | Year | Month |
|---|---|---|
| Time in Jail. .: | 27 | 1 |
| Time Suspended.: | | |
| Probation Time.: | 5 | |
| Total Fines. . :$ | 10000 | |

Accomplishment Narrative
-------------------------

CONCEPCION-158

SENSITIVE / UNCLASSIFIED

(Rev. 10-01-1999)

# FEDERAL BUREAU OF INVESTIGATION

Precedence:  ROUTINE                          Date:  08/01/2000

To:  NEWARK                        Attn:

From:  Newark
        C-13/VCMO
        Contact:  SA [          ]          Ext [        ]

Approved By:  SSA [              ]

Drafted By:  [              ] jfm [        ]              b6 -1, 2
                                                          b7C -1, 2
                                                          b2 -1
Case ID #:  166E-NK-97240  (Pending)

Title:  BROADWAY TOWNHOUSES;
        ALBERTO CONCEPCION-HEADBANGER CREW;
        [          ] BOMB CREW;
        [              ] GOOD JOB CREW;
        [            ] HIT SQUAD;
        ET. AL.;
        ITAR-GANG;
        OO: NEWARK

Synopsis:  Request 166E matter be converted into 245D.


Details:  On or about 06/01/2000, SA [          ] submitted an OCDETF
proposal to the OCDETF Board.  The proposal was reviewed and approved
prior to submission by the New Jersey District of the United States      b6 -1
Attorney's Office.  The operationed was named [          ] and          b7C -1
involved the captioned titled investigation.                             b2 -3

        It is request that the above 166E matter and all sub files
be converted into a 245D matter.



◆◆

                                        CONCEPCION-159

FD-350 (Rev. 5-8-81)

(Indicate page, name of
newspaper, city and state.)

STAR- LEDGER
NEWARK, NJ
Date: 07/08/00
Edition: ESSEX

Title: BROADWAY TOWNHOUSES
ET AL
ITAR-VC

Character:
or
Classification: 245D-
Submitting Office: NK

Indexing:

(Mount Clipping in Space Below)

# Youth baseball coach gets 27 years for dealing drugs

**By William Kleinknecht**
STAR-LEDGER STAFF

Eight years ago, Alberto Concepcion, a coach in a loosely organized youth baseball league in Newark, was sentenced to a brief stint in jail after he flipped his team's minibus while driving recklessly and killed a 10-year-old passenger.

The case was treated as a tragic accident. But yesterday, as Concepcion was sentenced in Newark federal court as a major drug dealer, it was disclosed that the tragedy went deeper than was known at the time.

In recommending a stiff sentence on the current charges, Assistant U.S. Attorney Scott Resnik told the court that Concepcion was a longtime drug dealer who had been using the young baseball players on that minibus as heroin couriers.

"Mr. Concepcion was using Newark Little League players to distribute the drugs," Resnik told U.S. District Judge Alfred Lechner.

Resnik said the government learned of Concepcion's use of young couriers from Diosdado Algrin, who is the brother of the boy killed in the minibus accident and a co-defendant in the current drug case.

Algrin, who has pleaded guilty and is cooperating with the government, said that he was 14 at the time of the accident and was already working for Concepcion, Resnik said. He did not say whether the dead brother, Algrin Santiago, was being used as a courier.

Authorities said at the time that Concepcion, then 24, had purchased the minibus for the team's use and had paid for the dead boy's funeral.

Thomas Ashley, Concepcion's attorney, told the judge Algrin was lying and that his client had never used young couriers. Lechner said he would not use the information in determining the sentence. The judge sentenced Concepcion to 27 years in prison.

CONCEPCION-160

245D-NK-97240



FD-302 (Rev. 10-6-95)

- 1 -

## FEDERAL BUREAU OF INVESTIGATION

Date of transcription

A physical surveillance was initiated at ⬛⬛⬛
⬛⬛⬛⬛⬛⬛⬛ Newark, New Jersey.

The purpose of the surveillance was to monitor a meeting between a Newark Source and ALBERTO CONCEPCION, A.K.A. "BERT". ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛
⬛⬛⬛⬛⬛⬛⬛ received from BERT.

Surveillance initiated at ⬛⬛⬛
⬛⬛⬛⬛⬛⬛⬛ Newark, New Jersey.

Source arrives at ⬛⬛⬛⬛⬛⬛

Source leaves ⬛⬛⬛⬛⬛⬛⬛
and departs area.

Surveillance terminated.

b6 -1, 4, 6
b7C -1, 4, 6
b7D -3

ALBERTO CONCEPCION was not at ⬛⬛⬛⬛⬛⬛, Newark,
New Jersey.  The source ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛

Video of the event was taken.  Video Tape# 15

Investigation on __10/27/1998__ at __Newark, New Jersey__
166E-NK-97240  SUB FISUR                                    N/A
File # _____  Date dictated _____

by _____ SA ⬛⬛⬛⬛⬛ SA ⬛⬛⬛⬛⬛⬛ Det ⬛⬛⬛⬛⬛⬛

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency;
it and its contents are not to be distributed outside your agency.

FD-302 (Rev. 10-6-95)

- 1 -

## FEDERAL BUREAU OF INVESTIGATION

Date of transcription _____

A physical surveillance was initiated at _____
_____ Newark, New Jersey.

The purpose of the surveillance was to monitor
conversation about a future cocaine and/or heroin purchase by
Newark _____ in the _____ Newark, New
Jersey.

b2 -4
b6 -1, 2, 6
b7C -1, 2, 6
b7D -3

Surveillance initiated at the
_____

_____ observed
sitting on _____ Newark, New Jersey.

_____ observed talking together
at Broadway and 3rd Avenue.

_____ exits the
apartment of _____

_____ in the area of _____
_____

_____ speaks with _____
_____ walking west on _____
_____

walking west on _____

_____ alerts a large group at
intersection of _____ CONFIDENTIAL presence
of law enforcement.

_____ at _____

---

Investigation on   08/20/1999   at   Newark, New Jersey

File #   166E-NK-97240 Sub FISUR          Date dictated   N/A

by   SA _____

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency;
it and its contents are not to be distributed outside your agency.

FD-302a (Rev. 10-6-95)

166E-NK-97240

Continuation of FD-302 of _____ Source _____ , On 08/20/1999 , Page 2

Surveillance terminated.

b6 -2, 6
b7C -2, 6
b7D -3

CW spoke with [                    ] about a future heroin
delivery by ALberto "BERT" Concepcion.

FD-340 (Rev. 8-7-97)

Universal Case File Number __110QE-NK-97240 - 1A9__

Field Office Acquiring Evidence __NEWARK__

Serial # of Originating Document _____

Date Received __8/11/98__

From __SELF__
(Name of Contributor)

_____
(Address of Contributor)

_____
(City and State)

By __SA__ _____

To Be Returned ☐ Yes ⊗ No
Receipt Given ☐ Yes ⊗ No
Grand Jury Material - Disseminate Only Pursuant to Rule 6 (e)
Federal Rules of Criminal Procedure
☐ Yes ⊗ No

Title:
HEAD BANGER CREW
ET AL.
ITAR - GANG

Reference: _____
(Communication Enclosing Material)

Description: ⊗ Original notes re interview of _____

ARREST PHOTOGRAPHS IDENTIFIED

ALBERTO CONCEPCION DOB 5/29/68

b6 -1, 2, 4
b7C -1, 2, 4
b7D -1

CONCEPCION-164

### FEDERAL BUREAU OF INVESTIGATION
### FOIPA
### DELETED PAGE INFORMATION SHEET

__1__ Page(s) withheld entirely at this location in the file. One or more of the following statements, where indicated, explain this deletion.

☑ Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

| Section 552 | | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☑ (j)(2) |
| ☐ (b)(3) | ☑ (b)(7)(C) — 2 | ☐ (k)(1) |
| _____ | ☑ (b)(7)(D) — 1 | ☐ (k)(2) |
| _____ | ☐ (b)(7)(E) | ☐ (k)(3) |
| _____ | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) — 2 | | ☐ (k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Documents originated with another Government agency(ies). These documents were referred to that agency(ies) for review and direct response to you.

_____ Page(s) contain information furnished by another Government agency(ies). You will be advised by the FBI as to the releasability of this information following our consultation with the other agency(ies).

_____ Page(s) withheld inasmuch as a final release determination has not been made. You will be advised as to the disposition at a later date.

_____ Page(s) were not considered for release as they are duplicative of _____

_____ Page(s) withheld for the following reason(s):_____
_____
_____

☑ The following number is to be used for reference regarding these pages:
Concepcion 165 _____

XXXXXXXXXXXXXXXX
X    Deleted Page(s)    X
X    No Duplication Fee    X
X    For this page    X
XXXXXXXXXXXXXXXX

b6 -2
b7C -
b7D -

**Essex County Bureau of Criminal Identification**

Concepcion 166



**Essex County Bureau of Criminal Identification**

b6 −2
b7C −2
b7D −1

Concepcion 167

FD-340 (Rev. 7-29-92)

Universal Case File Number _166E-NK-97240 — 1A19_

Field Office Acquiring Evidence __NEWARK__

Serial # of Originating Document _____

Date Received _12/7/98_

From _SOG_
(Name of Contributor)

_FBI_
(Address of Contributor)

_Newark, NJ_
(City and State)

By _SA_ [                    ]
(Name of Special Agent)

b6 -1
b7C -1

To Be Returned ☐ Yes ☑ No
Receipt Given  ☐ Yes ☑ No
Grand Jury Material - Disseminate Only Pursuant to Rule 6 (e)
Federal Rules of Criminal Procedure
        ☐ Yes ☑ No

Title: Broadway Townhouses;
   et. al.
   ITAR-Gang

Reference: _____
(Communication Enclosing Material)

_____

Description: ☐ Original notes re interview of

surveillance log: Alberto Concepcion

      Monday, 12/7/98

      2:00 pm - 10:00 pm

CONCEPCION-168

On _12/7/98_, _____ a physical surveillance was conducted concerning _Alberto Concepcion_ in the vicinity of _Authentic Restoration, 250 south st, Newark, N.J._ at which time the following observations were noted at the approximate times indicated. Note that **all license plates and addresses** are from or in **New Jersey** unless otherwise indicated.

| TIME | INITIALS | OBSERVATIONS |
|---|---|---|
| 2:00 pm | S OL CK | Surveillance initiated. Parked in front of Authentic Restoration is a Lexus GS400, white/silver in color, with license UH182H, known to have been previously operated by Concepcion. |
| 6:34 pm | S CK | UH182H departs, operator not observed. |
| 6:37 pm | S | UH182H is last observed northbound on Mccarter Highway in the vicinity of Market St., Newark. |
| 6:49 pm | S OL CK | Surveillance initiated at 132 Summer st, Newark. No vehicles associated with Concepcion are observed in the vicinity. |
| 7:30 pm - 9:00 pm | S OL CK | Spot checks of the Broadway Townhouses Housing Project are negative. |
| 9:45 pm | S OL CK | No further activity observed. Surveillance terminated. |
| | | _SA FBI, Newark, NJ_ |
| | | SA FBI NK, NJ S |
| | | SA FBI Newark, NJ |

b6 -1
b7C -1

CONCEPCION-169

Page __1__ of __2__

File Number _166E-NK-97240_

Date: _12/7/98_

**- CONTINUED -**

b6 -1
b7C -1

| TIME | INITIALS | | |
|------|----------|--|--|
| | | | 3A, FBI, NX, NJCX |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

CONCEPCION-170

Page __2__ of __2__     File Number: __166E-NK-97240__

Date: __12/7/98__

FD-340 (Rev. 7-29-92)

Universal Case File Number _166E-NK-97240 - 1A20_

Field Office Acquiring Evidence _____

Serial # of Originating Document _____

Date Received _____12/8/98_____

From _____SOG(C3)_____
          (Name of Contributor)

_____FBI_____
          (Address of Contributor)

_____Newark, NJ_____
                    (tiale)

By _____
                    al Agent)

To Be Returned ☐ Yes ☒ No
Receipt Given  ☐ Yes ☒ No
Grand Jury Material - Disseminate Only Pursuant to Rule 6 (e)
Federal Rules of Criminal Procedure
                    ☐ Yes ☒ No

Title:   Broadway Townhouses;
         et al;
         ITAR - GANG

Reference: _____
                    (Communication Enclosing Material)

_____

Description: ☐ Original notes re interview of

_Surveillance Log of:_   _Alberto Concepcion_
                         on Tues; Dec 8, 1998
                         during period 2pm -10pm

b6 -1
b7C -1

CONCEPCION-171

On 12/8/98 a physical surveillance was conducted concerning Alberto Corcepcion in the vicinity of Authentic Restoration, 250 South St, Newark, NJ at which time the following observations were noted at the approximate times indicated. Note that **all license plates and addresses are from or in New Jersey** unless otherwise indicated.

| TIME | INITIALS | OBSERVATIONS |
|---|---|---|
| 2:00pm | AW Alex | Surveillance initiated at AUTHENTIC RESTORATION. This was reported to be ALBERTO CONCEPCION's place of business. |
| 2:25pm | Vh | A LEXUS, white in color, NJ license UH182H still parked at AUTHENTIC RESTORATION. This was reported to be a vehicle used by CONCEPCION. |
| 3:35pm | S | UH182H (white LEXUS) departed AUTHENTIC RESTORATION. Operator not observed. |
| 3:36pm | CK | Operator of UH182H wearing a baseball cap. |
| 3:40pm | CK DB | UH182H (white LEXUS) parked on Liberty St (at Green St.), Newark. It was parked immediately behind a vehicle, greyish in color. |
| 3:46pm | CK | An unknown male (#1) with medium dark skin, and short cropped dark hair walked to and got into the operator's side of UH182H (white LEXUS), and departed Liberty St. |

CONCEPCION-172

Page 1 of 4

File Number 166E-NK-97240

Date: 12/8/98

– CONTINUED –

| | TI: | INITIALS | OBSERVATIONS |
|---|---|---|---|

**23** | **3:47pm** | ᵒᵃᵇ | The greyish vehicle previously parked in front of UH1824 on Liberty St was traveling in front of UH1824. It was possibly a Chrysler product.

**23** | **3:50pm** | ᵒᵃᵇ | UH1824 (white LEXUS) pulled over and stopped on Raymond Blvd (between Mulberry St and Commerce Ct.), Newark in front of a parking garage. The Chrysler, greyish in color, NJ license [ ] pulled into the garage entrance. Due to the dark window tinting on UH1824 it was too difficult to see the operator.

**3:52pm** | AM | CᴸI | UH1824 (white LEXUS) was backed on to the sidewalk in front of the parking garage. An unknown male (#2) described as [ ] tone skin, short [ ] a waist length jacket with lettering and blue jeans got out of the driver's side and walked towards the passenger side.

**25** | **3:53pm** | CᴸI | Two unknown males, one in business attire, walked up to the passenger side of UH1824 and engaged in a brief conversation with someone inside the vehicle.

**3:54pm** | AMP | CᴸI | The same unknown male (#2) from the 3:52pm entry exited the passenger side of UH1824 and

b6 -2
b7C -2

CONCEPCIÓN-173

Page __2__ of __4__     File Number: __166E-NK-97240__

Date: __12/8/98__

## – CONTINUED –

| TIME | INITIALS | OBSERVATIONS |
|------|----------|--------------|
| | | got into the operator's side. |
| 25  3:54pm | S | cR UH1824 (white LEXUS) departed Raymond Blvd. |
| 25  4:00pm | S | UH1824 (white LEXUS) last seen traveling north on Broad St (north of Clay St), Newark. |
| 25  4:01pm | S | Spot check of ▇▇▇▇ Newark (reported to be CONCEPCION's ▇▇▇▇ (residence) did not locate UH1824. |
| 4:02pm – 4:15pm | AN cR QR | Checks of the areas bounded between Summer St. and Broad St., and ~~Gouverneur St~~ ~~Bloomfield~~ Av and 7th Ave. E. did not locate UH1824 (white LEXUS). |
| 4:28pm | AN cR QR | Simultaneous surveillance initiated at the parking garage on Raymond Blvd. (between Mulberry St and Commerce Ct.) and at AUTHENTIC RESTORATION |
| 4:28pm | AN | ▇▇▇▇ (greyish Chrysler) seen parked at AUTHENTIC RESTORATION. |
| 21, 25  4:54pm | S cR | Surveillance at the parking garage on Raymond Blvd discontinued. |
| 21  5:18pm | cR | UH1824 (white LEXUS) arrived and stopped at AUTHENTIC RESTORATION. An unknown male (#3) described as about ▇▇▇▇ ▇▇▇▇ exited the operator's side. |
| 24  6:22pm | QR | All the security shutters now down and closed at |

b6 -2, 3
b7C -2, 3

CONCEPCION-174

Page __3__ of __4__

File Number: 166E-NK-97240

Date: 12/8/98

– CONTINUED –

| | TIME | INITIALS | OBSERVATIONS |
|---|---|---|---|
| | | | at AUTHENTIC RESTORATION. |
| 24 | 6:31pm | ON | UH182H (white LEXUS) departed AUTHENTIC RESTORATION. Operator not observed. |
| 21 | 6:34pm | CR | UH182H last seen turning east on to Oliver St from Pulaski St, Newark. |
| | 7:00pm | AMP | Surveillance initiated AMP in the vicinity of the residence at 132 Summer St, Newark |
| | 7:06pm | AMP | Spot check of the townhouse developments on Broad St. (at Gouverneur St.) and Broadway (at 4th St. E) did not locate UH182H. |
| | 9:00pm | AMP | No further observations. Surveillance terminated. |
| | | | SA FBI, Newark, NJ, AMP |
| | | | SA FBI NK NJ S |
| | | | SA FBI, Newark NJ AVB |
| | | | SA, FBI, Newark, NJ, |
| | | | SA, FBI, NK, NJ CR |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

b6 -1
b7C -1

CONCEPCION-175

Page  4  of  4      File Number:  166E-NK-97240

Date:  12/8/98

02/01/99

TO: <u>FORFEITURE UNIT</u>

FROM: SA
      C-13   VC/GANG TASK FORCE

RE:    BROADWAY TOWNHOUSES;
       ET AL                                      b6 -1, 3
       ITAR-VC                                    b7C -1, 3
       166E-NK-97240


       AUTHENTIC RESTORATION
       250 SOUTH STREET
       NEWARK, NEW JERSEY   07114
       973-589-6477

       BUTTE check revealed AUTHENTIC RESTORATION INCORPORATED

    The subject of the investigation is the following:

ALBERTO CONCEPCION  DOB 05/29/1968  SS# 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
132 Summer Street, Newark, New Jersey.

    To date we have not identified any assets in ALBERTO
CONCEPCION's name.


       The following is the vehicle information:

1)    AUTHENTIC RESTORATION
      132 SUMMER AVENUE
      NEWARK, NJ

LIC/X57C24   LIY/0399
VIN/1HTSCABM1VH461015  VYR/97  VMA/INT  VST/TRK          b6 -3
VCO/WHITE                                                b7C -3

2)

CONCEPCION 177

## EQUIPMENT SALES & SERVICE

**invoice**

"PROVIDING QUALITY PRODUCTS & SERVICE TO
THE TOWING INDUSTRY FOR OVER 30 YEARS"
152 FLOYD AVE.  BLOOMFIELD, NJ 07003

SALES (973) 743-7516   FAX (973) 743-3195
Parts Department Hotline (973) 743-7835

INVOICE NO:   **414-98**

INVOICE DATE:   **APRIL 14, 1998**

PAGE:   **01**

SOLD TO:
KPE VEHICLE MANAGEMENT CORP.
3505 VETS HIGHWAY
SUITE 0
RONKONKOMA, NY 11779

SHIP TO:
AUTHENTIC RESTORATIONS
132 SUMMER AVENUE
NEWARK, NJ 07104

1997 INTERNATIONAL MODEL 4700 444E DIESEL 175/B/P, AIR COND,
POWER WINDOWS, 5-SPEED, AS PER SPEC'S ENCLOSED.

SERIAL # 1HTSCABM1YH461015

| ITEM | ORDER | SHIP | DESCRIPTION | PRICE | AMOUNT |
|------|-------|------|-------------|-------|--------|
| 1 | | | CHAMPION 19-FT ALUMINIUM CARRIER WITH INDEPENDENT WHEEL LIFT, INSTALLATION, POWER TAKE OFF, HYDRAULIC PUMP, LIGHT PYLON, LIGHT BAR, LOWER WORK LIGHTS, | | |
| | | | MUD FLAPS, TOOL BOX, CABLE GUIDE & ROLLER, FREE WHEEL WINCH EXTENTION, SAFETY CHAINS, BACK UP ALARM, SERIAL # 0797-04647-19A | PLUS TAX | 41,685.00 |

RECEIVED/ACCEPTED _Alberto Concepcion_   4/14/98

**ORIGINAL INVOICE**

THANK YOU

b6 -3
b7C -3

**Motor Vehicle Services**

065 732 000 071 040

## CORPCODE REQUEST FORM

1. DOES YOUR COMPANY HAVE ANY VEHICLES REGISTERED IN THIS STATE?

YES ____ NO ____ IF YES PLEASE INCLUDE THE FOLLOWING INFORMATION FOR ONE COMPANY VEHICLE:

MAKE _____ MODEL _____ YEAR _____ LICENSE PLATE NUMBER _____

VEHICLE IDENTIFICATION NUMBER _____

2. PLEASE COMPLETE THE FOLLOWING INFORMATION:

FULL COMPANY NAME   AUTHENTIC RESTORATIONS

STREET ADDRESS   132 Summer Ave

CITY   Newark          STATE   NJ          ZIP CODE   07104

PLEASE NOTE: A CORPCODE IS A FIFTEEN DIGIT IDENTIFYING NUMBER ISSUED FOR BUSINESSES. IT IS GENERATED FROM INFORMATION PROVIDED TO US FROM EACH COMPANY. COMPLETE AND ACCURATE INFORMATION IS MANDATORY IN ORDER TO AVOID ANY ERRORS IN PROPERLY IDENTIFYING COMPANY VEHICLES IN THE MOTOR VEHICLE DATABASE.

_Alberto Concepcion_          4 , 13 , 98

Signature of Company Official          (Title)          Date

SA-8 (3/90)

b6 -1
b7C -1

Thank you!

**Seizure Form**

| Asset ID:  00-FBI-000768 | Date/Time:  12/29/99 15:49:26 | Page 4 of 9 |
|---|---|---|

Asset Description:  1997 INTERNATIONAL TRUCK

| (95) Name: (Party ID 492560)  AUTHENTIC RESTORATIONS | (96) Phone Number: | (97)  Party Type (Select 1 -or- More) |
|---|---|---|
| (98) Address: (Seq No. 1)  132 SUMMER AVE | | Owner |
| (99) City:  NEWARK | (100) State:  NJ | (101) Zip Code:  07104 | (102) Country:  USA | Lienholder |
| (103) Contact Name (if business):  ALBERTO CONCEPCION | (104) Phone Number: | Seized From |
| (105) Lien Amount Held By Party ($): | (106) Quick Release Recipient? | (107) Quick Release Date: | (108) Expenses Reimbursed ($): | Institution Seized From |
| (109) Incarcerated?  N | (110) Prisoner ID: | Occupant |
| (111) Institution Name (if incarcerated): | Victim |
| (112) Institution Address: (Seq No. 1) | Other    X |
| (113) City: | (114) State: | (115) Zip Code: | (116) Country: |
| (117) Represented by Counsel?  N | (118) Attorney's Name (if any): | |
| (119) Firm's Name: | (120) Attorney's Phone Number: |
| (121) Attorney's Address: (Seq No. 1) | |
| (122) City: | (123) State: | (124) Zip Code: | (125) Country: |

| (95) Name: (Party ID ) | (96) Phone Number: | (97)  Party Type (Select 1 -or- More) |
|---|---|---|
| (98) Address: (Seq No. ) | | Owner |
| (99) City: | (100) State: | (101) Zip Code: | (102) Country: | Lienholder |
| (103) Contact Name (if business): | (104) Phone Number: | Seized From |
| (105) Lien Amount Held By Party ($): | (106) Quick Release Recipient? | (107) Quick Release Date: | (108) Expenses Reimbursed ($): | Institution Seized From |
| (109) Incarcerated? | (110) Prisoner ID: | Occupant |
| (111) Institution Name (if incarcerated): | Victim |
| (112) Institution Address: (Seq No. ) | Other |
| (113) City: | (114) State: | (115) Zip Code: | (116) Country: |
| (117) Represented by Counsel? | (118) Attorney's Name (if any): | |
| (119) Firm's Name: | (120) Attorney's Phone Number: |
| (121) Attorney's Address: (Seq No. ) | |
| (122) City: | (123) State: | (124) Zip Code: | (125) Country: |

| **Seizure Form** ✓ | Asset ID: **00-FBI-000768** | Date/Time: **12/29/99 15:49:26** | **Page 5 of 9** |
|---|---|---|---|
| | Asset Description: **1997 INTERNATIONAL TRUCK** | | |

### U.S. ATTORNEY

| (126) Court Case Number: **00-000** | (127) Case Name: **US vs. Concepcion** | | |
|---|---|---|---|
| (128) AUSA Name: Peter Gaeta | | (129) Judicial District: **NJ** | (130) Phone Number: |
| (126) Court Case Number: | (127) Case Name: | | b2 -3 |
| (128) AUSA Name: | | (129) Judicial District: | (130) Phone Number: |

### INTRA-AGENCY OFFICE

| (131) Office ID: | (132) Sub-Office ID: | (133) Agency Case ID: | |
|---|---|---|---|
| (134) Agent's Name: | | | (135) Agent's Phone Number: |
| (131) Office ID: | (132) Sub-Office ID: | (133) Agency Case ID: | |
| (134) Agent's Name: | | | (135) Agent's Phone Number: |

### OTHER AGENCY

| (136) Agency Name: | | (137) Agency Case ID: | |
|---|---|---|---|
| (138) Adopted From? | | (139) Agency Type: | |
| (140) Address: | | (141) City: | |
| (142) State: | (143) Zip Code: | (144) Country: | (145) NCIC Code: | (146) Sharing Possible? |
| (147) Contact Name: | | (148) Contact Phone Number: | |
| (136) Agency Name: | | (137) Agency Case ID: | |
| (138) Adopted From? | | (139) Agency Type: | |
| (140) Address: | | (141) City: | |
| (142) State: | (143) Zip Code: | (144) Country: | (145) NCIC Code: | (146) Sharing Possible? |
| (147) Contact Name: | | (148) Contact Phone Number: | |
| (136) Agency Name: | | (137) Agency Case ID: | |
| (138) Adopted From? | | (139) Agency Type: | |
| (140) Address: | | (141) City: | |
| (142) State: | (143) Zip Code: | (144) Country: | (145) NCIC Code: | (146) Sharing Possible? |
| (147) Contact Name: | | (148) Contact Phone Number: | |

Date/Time: 12/29/99 15:49:26

Seizure Form

Page 7 of 9

Asset ID: 00-FBI-000768
Asset Description: 1997 INTERNATIONAL TRUCK

### Probable Cause

On 12/17/99, defendant property, a 1997 International 4700 truck, VIN: 1HTSCABM1VH461015, NJ license X57C24, was seized from [ ] Authentic Restorations, 250 South Street, Newark, NJ. The vehicle is subject to forfeiture pursuant to Title 21, USC 881 because it was used or intended to be used to transport or to facilitate the transportation, sale.... of a controlled substance.

This investigation involves four organizations, 3 separate Hispanic drug gangs and 1 African-American drug gang, which distribute drugs (heroin/cocaine) and weapons within the Broadway Townhouse Projects, Newark, NJ. Each group has been in place for at least 5 years. [ ]

[ ] Newark, New Jersey. Alberto Concepcion is the leader of one of the Hispanic gangs called "Head Banger Crew". The Head Banger Crew controls drug distribution in the Broadway Townhouse Projects, Newark, NJ. [ ] was interviewed in August 1999. [ ] advised that Concepcion's Head Banger Crew was responsible for the distribution of heroin in the Broadway Townhouse. [ ] indicated that Concepcion has been distributing heroin for a number of years and that [ ] Concepcion never sells the heroin himself but has people working for him.

[ ] identified Concepcion's heroin brand stamp as "Head Banger" Alberto Concepcion owns and operates a business called Authentic Restorations Inc., 250 South Street, Newark, NJ. A Butte Information Technology Center search revealed that Authentic Restorations Inc., is an automobile and repair shop [ ] is an associate of Alberto Concepcion. Concepcion operates the business as a front for his drug dealing.

[ ] Concepcion was driving a large white flatbed tow truck.

[ ] A check with the New Jersey Registry of Motor Vehicles revealed that the 1997 International was registered to Authentic Restorations Inc., with the lienholder listed as MPH Vehicle Management, 3505 Ronkonkoma, New York.

[ ] Concepcion was driving the 1997 International flat bed

b6 -2, 5, 6
b7C -2, 5, 6
b7D -1, 3

b7D -3

CONCEPCION-181

tow truck registered to Authentic Restorations Inc.

observed Concepcion and another man washing vehicles.

Concepcion was washing a large flat bed truck.

b7D -3
b6 -6
b7C -6

ON 12/17/99, the 1997 International flat bed truck was seized pursuant to a seizure warrant dated 12/9/99. On the same day the flat bed tow truck was transported by the USMS to their secured storage location in Somerville, New Jersey.

On 12/20/99, the lienholder of the 1997 International flat bed tow truck, MPH Vehicle Management was contacted. MPH Vehicle Management advised that the 1997 International was leased to Alberto Concepcion d.b.a. Authentic Restorations Inc. MPH Vehicle Management also provided a copy of the leasing agreement and other documentation signed by Alberto Concepcion. A review of the leasing agreement indicated that the lease was signed in April 1998, for a period of 59 months, with a monthly payment of $868.18. As of 12/20/99, the amount owed on the lease by Mr. Concepcion was $33,030.26 and the next payment due dated is 1/20/99.

Due to this information, a decision was made to quick release the vehicle. MPH Vehicle Management has been contacted and will provide a date to pick up the vehicle from the USMS.

CONCEPCION-182

# FEDERAL BUREAU OF INVESTIGATION
## FOIPA
### DELETED PAGE INFORMATION SHEET

_9_ Page(s) withheld entirely at this location in the file. One or more of the following statements, where indicated, explain this deletion.

☑ Deletions were made pursuant to the exemptions indicated below with no segregable material available for release to you.

| Section 552 | | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☑ (j)(2) |
| ☐ (b)(3) | ☑ (b)(7)(C) –1, 2, 6 | ☐ (k)(1) |
| | ☑ (b)(7)(D) –3 | ☐ (k)(2) |
| | ☐ (b)(7)(E) | ☐ (k)(3) |
| | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☑ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) –1, 2, 6 | | ☐ (k)(7) |

☐ Information pertained only to a third party with no reference to the subject of your request or the subject of your request is listed in the title only.

☐ Documents originated with another Government agency(ies). These documents were referred to that agency(ies) for review and direct response to you.

_____ Page(s) contain information furnished by another Government agency(ies). You will be advised by the FBI as to the releasability of this information following our consultation with the other agency(ies).

_____ Page(s) withheld inasmuch as a final release determination has not been made. You will be advised as to the disposition at a later date.

_____ Page(s) were not considered for release as they are duplicative of _____

_____ Page(s) withheld for the following reason(s): _____
_____

☑ The following number is to be used for reference regarding these pages:
_Concepcion 183 – 191_

---- Working Copy ----                          Page     1

12/29/98

    Source, who is in a position to testify, provided the following information:

[          ] Alberto Concepcion, AKA BERT, AKA HITMAN, [                    ] CONCEPTION was driving a large white flatbed tow truck.

b7D -3

    ADMINISTRATIVE:

    The recording is recording number 85.  Nagra placed[              ] No recorded conversation with Alberto Concepcion.

b7D -3
b7E -2

-----------------------------------------------------------
Case ID : [              ]                Serial : 49
    166E-NK-97240-302                              44

b2 -5
b7D -2

---- Working Copy ----                    Page    1

01/13/99

Source, who is in a position to testify, provided the
following information:

b6 -3, 6
b7C -3, 6
b7D -3

The source observed CONCEPCION and a subject known as
washing vehicles.

CONCEPCION was washing a
large flatbed truck.

b6 -3, 6
b7C -3, 6
b7D -3

---

Case ID :                              Serial : 63
          166E-NK-97240-302                     60

b2 -5
b7D -2

CONCEPCION 104
P.01

DEC-20-1999 23:17    MPC LEASING

3505 Veterans Memorial Highway, Suite O
Ronkonkoma, N.Y. 11779
Phone: 516-981-9191
Fax: 516-981-9183

**MPH Vehicle
Management Corp.**

| To: | | From: | |
|---|---|---|---|
| Fax: | | Date: | December 21, 1999 |
| Re: | Authentic Restorations | Pages: | 13    *Bal* |
| | Our Lessee:  Alberto Concepcion | | |

b6 -3
b7C -3

☐ Urgent    ☐ For Review    ☐ Please Comment    XX Please Reply    ☐ Please Recycle

**•Comments:**

Attached please find the following as requested:

Lease contract E-M98971060 covering Alberto Concepcion d/b/a Authentic

Restorations lease for the 1997 International 4700 Car Carrier with VIN No.

1HTSCABM1YH461015. Copy of Certificate of Title along with all lease

documentation signed by Mr. Concepcion, delivery receipt on vehicle,

credit authorization release on Mr. Concepcion, insurance rider, business use rider,

the as is disclaimer and a copy of Mr. Concepcion's drivers license.

Amount presently owed on lease $ 33,030.26 next payment due 1/20/00  *correction*

Please advise when you will be able to release vehicle to

MPH Vehicle Management Corp.


If you need any additional information or assistance, please do not hesitate to contact

this writer.


Thank you,


**INNOVATIVE LEASE FINANCING FOR THE MILLENNIUM**

CONCEPCION-195

# UNITED STATES MARSHALS SERVICE

## SEIZED PROPERTY AND EVIDENCE CONTROL FORM (USM-102)

| | | |
|---|---|---|
| **District** | : | NJ  District of New Jersey |
| **Sub-Office** | : | |
| **OIA Case Number** | : | 166E-NK-97240 |
| **OIA Agency** | : | FBI |
| **Court Case Name** | : | |
| **Court Case Number** | : | |
| **Asset Identification** | : | 00-FBI-000768 |
| **Asset Value** | : | $30,000.00 |

| | | |
|---|---|---|
| **Forfeiture Type** | : | Administrative |
| **Gov't/Private** | : | Government NASAF |
| | | |
| **Seizure Number** | : | 3510000016 |
| **Appraisal Date** | : | |

### VEHICLE DESCRIPTION

| | | |
|---|---|---|
| Year | : | 97 |
| Make | : | INTERNATIONAL |
| Model | : | 4700 |
| Vehicle ID Number | : | 1HTSCABM1VH461015 |
| Tag Number | : | X57C24 |
| State | : | NJ |
| 4-Wheel Drive? | : | N |
| Odometer | : | 0000000 |
| Asset Sub-Type | : | 99  Other |

### COMMENTS INDICATORS

| | | |
|---|---|---|
| Asset | : | N |
| Special Equipment | : | N |
| Damage | : | N |

### STORAGE LOCATION

| | | |
|---|---|---|
| Provider Code | : | 2766 1 |
| Provider Name | : | Dept. of Veterans Affairs (Outdoor) |
| Contact Name | : | |
| Phone Number | : | |
| Street Address | : | 152 U. S. Highway 206 South |
| City | : | Somerville |
| State | : | NJ |
| Zip Code | : | 08876 |

### CUSTODIAN INFORMATION

| | |
|---|---|
| Name: | United States Marshals Service |
| Contact Name: | Mike Zamoeski |
| Contact Title: | |
| Contact Phone Number: | (908)707-4315 |

b6 -7
b7C -7

I certify that I have received and hold myself accountable for the articles listed above:

| Signature | | |
|---|---|---|
| | · USMS | 12/17/99 |
| (Print Full Name) | (Agency) | (Date of Custody) |

## CHAIN OF CUSTODY

| Date | Relinquished By | Received By | Remark |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

FD-751 (5-15-87)

Seizure File = CD-FBI-0007/69

# FEDERAL BUREAU OF INVESTIGATION

## INDEMNITY AGREEMENT

This agreement is made between ___MEH Vehicle Management_____

_____3506 Brokenkram, New York_____
(Title and Firm Name, if Applicable)                    (Address)

and the Federal Bureau of Investigation of the United States Department of Justice. This

agreement is made in consideration of the return of

_____1997 International 4700 truck, VIN: 1HTSCABM1VH461015_____
(Description of Property)

registered to _____ ___Authentic Restorations Inc._____
(Name and Address)

which was seized in the course of a criminal or civil investigation and for other consideration,

the receipt of which is hereby acknowledged.

_____MEH Vehicle management_____
(Firm or Person Involved)

being the _____ __lease holder_____ of the
(Type of Interest)

property as evidenced by a _____ __leasing agreement_____
(Title, Registration, Contract, Note, Etc)

dated ___4/13/98_____

It is hereby agreed to unconditionally release and hold harmless the Federal Bureau of
Investigation, its officers, employees and Agents, from any and all claims, demands, damages,
causes of actions or suits, of whatever kind and description, and wheresoever situated, that
might now exist or hereafter exist by reason of or growing out of or affecting, directly or
indirectly, the seizure or the return of the above described property.

Executed this ___29 th___ day of ___December___ 19 99,

_____
Signature and Date of Person Executing

_Garey S. Chempas_

b6 -1
b7C -1

CONCEPCION-197

FD-634 (REV. 5-15-1987)                                              DATE: 08/18/2000

FEDERAL BUREAU OF INVESTIGATION
FORFEITURE / SEIZED PROPERTY

TO:   DIRECTOR, FBI                                ENTRY (CHECK ONE)

FROM: SAC, NEWARK            NK-97240-FF/166E       __ NEW CASE

ATTENTION: FINANCE DIVISION/PPMS                   X  CHANGE/ADDITIONAL
           FORFEITURE/SEIZED PROPERTY UNIT

SUBJECT:  HEAD BANGER CREW                         OO: NK

---

(SEIZURE#, CASE TITLE, VIOLATION)
SEIZURE NUMBER: 3510-2000-F-0018      VIOLATION: 21 USC 881

__ FD-635 RECORD OF SEIZED PROPERTY   __ WARRANT OF ARREST IN REM

__ FD-302                             __ COMPLAINT FOR FORFEITURE

                                      __ SEARCH WARRANT

__ QUICK RELEASE                      __ AFFIDAVIT

__ INDEMNITY AGREEMENT                __ SEIZURE WARRANT

__ FINAL DECREE                       X  PLEA AGREEMENT

__ RECEIPT FOR TRANSFER/DISPOSITION   __ SHARING REQUEST ATTACHED
     OF FUNDS/PROPERTY                    DAG 71 DAG72
__ NEWSPAPER CLIPPINGS                __ PETITION

__ LAB REPORTS                        __ CLAIM & COST BOND

__ POLICE REPORTS                     __ PETITION INVESTIGATION

__ INVOICES                           __ CIVIL FORFEITURE REPORT

__ TITLE DOCUMENTATION                __ ORDER APPOINTING SUBSTITUTE
                                         CUSTODIAN
__ APPRAISAL REPORT

X OTHER SUBSEQUENT MATERIALS
        Indictment
      Case is now judicial

---

                                      245D
                                      ~~HOLE~~ NK-97240
                                      sub FF-27

1 - BUREAU (ENCLOSURES)
1 - NEWARK          NK-97240-FF/166E
MJS
                                SA              JF~~

b6 -1
b7C -1

FD-634(REV. 5-15-1987)                                    DATE: 05/19/2006

FEDERAL BUREAU OF INVESTIGATION
FORFEITURE / SEIZED PROPERTY

TO:   DIRECTOR, FBI                          ENTRY (CHECK ONE)

FROM: SAC, NEWARK              NK-97240/245D      ✓ NEW CASE

ATTENTION: FINANCE DIVISION/PPMS             __ CHANGE/ADDITIONAL
           FORFEITURE/SEIZED PROPERTY UNIT

SUBJECT: _____    b6 -2      OO: NK
                                             b7C -2

---

        (SEIZURE#, CASE TITLE, VIOLATION)
        SEIZURE NUMBER: 3510-2006-A-0010         VIOLATION:

✓ FD-635 RECORD OF SEIZED PROPERTY    __ WARRANT OF ARREST IN REM

✓ FD-302                              __ COMPLAINT FOR FORFEITURE

                                      __ SEARCH WARRANT

__ QUICK RELEASE                      __ AFFIDAVIT

__ INDEMNITY AGREEMENT                __ SEIZURE WARRANT

__ FINAL DECREE                       __ PLEA AGREEMENT

__ RECEIPT FOR TRANSFER/DISPOSITION   __ SHARING REQUEST ATTACHED
   OF FUNDS/PROPERTY                  __ DAG 71 DAG72
__ NEWSPAPER CLIPPINGS                __ PETITION

__ LAB REPORTS                        __ CLAIM & COST BOND

__ POLICE REPORTS                     __ PETITION INVESTIGATION

__ INVOICES                           __ CIVIL FORFEITURE REPORT

__ TITLE DOCUMENTATION                __ ORDER APPOINTING SUBSTITUTE
                                         CUSTODIAN
__ APPRAISAL REPORT

                __ OTHER SUBSEQUENT MATERIALS
    FD192, Value of Weapon, Letters, Bop, Chacepant letter

---

---

---

1 - BUREAU (ENCLOSURES)
1 - NEWARK              NK-97240/245D
GRD

**U.S. Department of Justice**

**Federal Bureau of Investigation**

In Reply, Please Refer to
File No.  245D-NK-97240

11 Centre Place
Newark, NJ 07102                b2 -1

March 21, 2006
**CERTIFIED RETURN RECEIPT**

b6 -2
b7C -2

Dear

### RE: ABANDONMENT 3510-06-A-0010

On 03/05/1999 the Federal Bureau of Investigation (FBI) seized the following property:

One (1) Mossberg Model 88 "Maverick" 12 Gauge Shotgun with Obliterated Serial Number.

You are advised that the above described property has an obliterated serial number and is deemed to be contraband. Therefore, title to this property will be vested in the United States.

If you have any questions concerning this matter, please contact Special Agent [               ] FBI Newark Office. 11 Centre Place, Newark, NJ 07102, telephone [               ]

b2 -1
b6 -1
b7C -1

This will be the only notice you will receive concerning this property.

Sincerely,

Leslie G. Wiser, Jr.
Special Agent in Charge

b6 -1
b7C -1

Supervisory Special Agent

Important: The Public Records and commercially available data sources used on reports have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate. Before relying on any data this system supplies, it should be independently verified. For Secretary of State documents, the following data is for information purposes only and is not an official record. Certified copies may be obtained from that individual state's Department of State.

## Law Enforcement Report

**Law Enforcement Report**
**Date:** 03/30/06

**Report processed by:**
FBI-NK
11 Centre St
Newark, NJ 071024533
[          ] Main Phone

**Report Legend:**
🏠 - Shared Address
Ⓓ - Deceased
✔️ - Probable Current Address

b2 -1
b6 -2
b7C -2

## Subject Information:
Name: [          ]
Age:
SSN:

## Others Associated With Subjects SSN:
(DOES NOT usually indicate any type of fraud or deception)
    [None Found]

## Comprehensive Report Summary:

| | |
|---|---|
| Names Associated With Subject | None Found |
| Others Associated With Subjects SSN | None Found |
| Possible Criminal Records | None Found |
| Sexual Offenses | None Found |
| Driver's License | None Found |
| Motor Vehicles Registered | None Found |
| Florida Accidents | None Found |
| Concealed Weapons Permit | None Found |
| People at Work | None Found |
| Professional Licenses | None Found |
| FAA Certifications | None Found |
| FAA Aircrafts | None Found |
| Watercraft | None Found |
| Voter Registration | None Found |
| Hunting/Fishing Permit | None Found |
| Bankruptcies | None Found |
| Tax Liens & Judgments | None Found |
| UCC Filings | None Found |

| | Possible Properties Owned | None Found |
|---|---|---|
| | Possible Associates | None Found |
| | Possible Relatives | 1st Degree - None Found<br>2nd Degree - None Found<br>3rd Degree - None Found |
| | Neighbors | 1st Neighborhood - 4 Found |

## Address Summary:   View All Address Variation Sources

| Address | County | Dates | Maps |
|---|---|---|---|
| | | May 2005 - Sep 2005 | Map |

b6 -3
b7C -3

## Previous And Non-Verified Address(es):   View All Address Variation Sources

Current phones listed at this address:

Neighborhood Profile (2000 Census)

## Possible Criminal Records:
[None Found]

## Sexual Offenses:
[None Found]

## Driver's License Information:
[None Found]

## Motor Vehicles Registered To Subject:
[None Found]

## Florida Accidents:
[None Found]

## Concealed Weapons Permit:
[None Found]

## People at Work:
[None Found]

## Professional License(s):
[None Found]

## FAA Certifications:
[None Found]

## FAA Aircrafts:
[None Found]

**Watercraft:**
[None Found]

**Voter Registration:**
[None Found]

**Hunting/Fishing Permit:**
[None Found]

**Bankruptcies:**
[None Found]

**Tax Liens and Judgments:**
[None Found]

**UCC Filings:**
[None Found]

**Possible Properties Owned by Subject:**
[None Found]

**Possible Associates:**
[None Found]

**Possible Relatives:**
[None Found]

**Neighbors:**
Neighborhood:

Current phones listed at this address:

Address(es):

b6 -3
b7C -3

Residents:

Residents:

Current phones listed at this address:

b6 -3
b7C -3

## Source Information:
All Sources                                    1 Source Document(s)
Historical Person Locator                      1 Source Document(s)



| Home | Search Catalog | Results Manager | My Account | Session Total | Training | Help | Log Out |

Reference: None Entered

# National Comprehensive Report Plus Associates

View All Sections

Printer-friendly format

**03/09/2006 - 1:54PM - Reference: None Entered**

## Subject

SSN
DOB

b6 -2
b7C -2

## User Supplied Information

Last Name:
First Name:
DOB:
Address 1:

## Sections Available in Report

Click on links to see detail

| | |
|---|---|
| Subject | 1 Record |
| Possible Other Social Security Numbers Associated with Subject | 1 Record |
| Possible Other Records and Names Associated with Social Security Numbers | 2 Records |
| Possible Addresses Associated with Subject | 13 Records |
| Possible SAFESCAN | 1 Record |
| Phone Listings for Subject's Addresses | 16 Records |
| Possible Property Owners of Subject's Addresses | 3 Records |
| Possible Bankruptcies, Liens and Judgments | 5 Records |
| Possible Relatives | 13 Records |
| Other People Who Have Used the Same Address of the Subject | 13 Records |
| Possible Licensed Drivers At Subject's Addresses | 13 Records |
| Neighbor Listings for Subject's Addresses | 75 Records |

## Possible Other Social Security Numbers Associated with Subject

(1 Record)   Top

| Name | SSN | Date Of Birth |
|---|---|---|

**Possible Other Records and Names Associated with Social Security Numbers**          (2 Records)To

b6
b7C

| Name | SSN | Date Of Birth |
|------|-----|---------------|
|      |     |               |

**Possible Addresses Associated with Subject**          (13 Records)   Top

Show Names at Each Address

| Date Range | Address/Phone | Source | Source Reported Dates |
|------------|---------------|--------|----------------------|
| 11/2005 - 11/2005 |  | Consumer Bureau 2 | 11/2005 - 11/2005 |
| 03/2005 - 08/2005 |  | Consumer Bureau 2 | 03/2005 - 08/2005 |
| 07/2001 - 07/2001 |  | Composite Info | 07/2001 - 07/2001 |
| 01/2000 - 01/2000 |  | Consumer Bureau 2 | 01/2000 - 01/2000 |
| 09/1999 - 09/1999 |  | Consumer Bureau 2 | 09/1999 - 09/1999 |
| 09/1999 - 09/1999 |  | Consumer Bureau 2 | 09/1999 - 09/1999 |
| 12/1998 - 01/1999 |  | Consumer Bureau 2 | 01/1999 - 01/1999 |
|  |  | Consumer Bureau 3 | 12/1998 - 12/1998 |
| 03/1997 - 03/1997 |  | Consumer Bureau 2 | 03/1997 - 03/1997 |
| 03/1995 - 03/1995 |  | Consumer Bureau 1 | 03/1995 - 03/1995 |
| 04/1993 - 04/1993 |  | Consumer Bureau 1 | 04/1993 - 04/1993 |
| 10/1992 - 11/1992 |  | Consumer Bureau 2 | 11/1992 - 11/1992 |
|  |  | Consumer Bureau 1 | 10/1992 - 10/1992 |
| 11/1980 - 11/1980 |  | Consumer Bureau 2 | 11/1980 - 11/1980 |
|  |  | Consumer Bureau 1 |  |

b6 -2, 3
b7C -2, 3

**Possible SAFESCAN**          CONCEPCION 205 (1 Record)   Top

Registered trademark of EQUIFAX INC.

b6 -3
b7C -3

**Warning**
   Your inquiry has gone through our SAFESCAN database.
**Definition**
   SAFESCAN message not reported.
**Possible Causes**
   Scanned SAFESCAN Database.
**Notice**
   Information reported by SAFESCAN services is provided for tip and lead purposes only and must be independently
   verified prior to any use. SAFESCAN services information may or may not apply to the subject of this report.

SAFESCAN services information should not be used in the decision making process for granting or extending credit, underwriting insurance or making employment decisions.

## Phone Listings for Subject's Addresses

(16 Records)   Top

Name:                        Phone:

Name:                        Phone:
Name:                        Phone:
Name:                        Phone:
Name:                        Phone:
Name:                        Phone:
Name:                        Phone:

Name:                        Phone:
Name:                        Phone:

b6  -3
b7C  -3

Name:                        Phone:
Name:                        Phone:.
Name:                        Phone:

Name:                        Phone:
Name:                        Phone:
Name:                        Phone:

Name:                        Phone:

## Possible Property Owners of Subject's Addresses

(3 Records)   Top

Owner Name:

b6  -3
b7C  -3

| Assess State: | New Jersey | County: | ESS |
| Parcel Number: | 1400565000000010 | Type: | SFR |

Short Legal Description:

Document Number:                                   Recorded Date:

CONCEPCION-206