UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

)
ALBERTO CONCEPCION,                          )
                                             )
          Plaintiff,                         )
                                             )
          v.                                 )     Civil Action 07-1766 (RMU)
                                             )
FEDERAL BUREAU OF INVESTIGATION,             )
et al.,                                      )
                                             )
          Defendants.                        )
_____)

## NOTICE OF FILING

As stated in prior filings, in processing documents in response to Plaintiff's Freedom of

Information Act ("FOIA") requests, the Federal Bureau of Investigation ("FBI") referred

approximately 630 pages to the following government agencies:  (1) Immigration and Customs

Enforcement ("ICE") (3 pages)[1]; (2) the Drug Enforcement Administration ("DEA")

(608 pages); and (3) the Department of Justice ("DOJ") (20 pages).  (See Docket No. 23.)  The

DOJ, in turn, referred the 20 pages that the FBI had referred to it to the Executive Office of

United States Attorneys ("EOUSA").  Attached hereto are Vaughn declarations relating to the

referred pages from ICE, the DEA and the EOUSA.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____

[1] ICE is also known as Customs and Border Protection.

_____/s/_____
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 307-0372
Fax: (202) 514-8780
Christopher.Harwood@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 21, 2008, I caused a copy of the foregoing to be served via

first class prepaid postage as follows:

ALBERTO CONCEPCION
#22853-050
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, N.J. 08640


_____/s/_____
Christopher B. Harwood

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALBERTO CONCEPCION,  )
  )
    Plaintiff,  )
  )   Civil Action No. 07-CV-1766 (RMU)
    v.  )
  )
FEDERAL BUREAU OF INVESTIGATION,  )
    et al.,  )
  )
  )
    Defendants.  )
  )

## DECLARATION OF MARK HANSON

I, Mark Hanson, declare as follows:

1.    I am the Director, FOIA Division, Office of International Trade, U.S. Customs and Border Protection (CBP). As such, I am the official responsible for the overall supervision and management of the processing of Privacy Act and/or Freedom of Information Act requests for information in CBP record systems, including CBP's database of information on the inspection of individuals at the border recorded in the Treasury Enforcement Communications System (TECS). I have been employed by CBP (and the former U.S. Customs Service) for 30 years. I have been either the Acting Director or Director of the FOIA Division in Washington, D.C. since 2007.

2.    I make this Declaration on the basis of my review of the official files and records of this office, my personal knowledge of the internal operations of this office and agency, and information acquired by me in the course of the performance of my official duties.

3.    Due to the nature of my official duties, I am familiar with the procedures followed by

CBP in responding to requests for information from its files pursuant to the provisions of 5

U.S.C. § 552, the Freedom of Information Act (FOIA), and 5 U.S.C. § 552a, the Privacy Act, as

well as the procedures followed in responding to Plaintiff's request for information pursuant to

the FOIA.  Specifically, I am aware of CBP's treatment of the two pages of TECS documents

(Document Numbers 001 and 002) that the Federal Bureau of Investigation (FBI) referred to

CBP as potentially responsive to Plaintiff Alberto Concepcion's FOIA request of September 13,

2005 for "all records wherein [Mr. Concepcion's] name is utilized."  I am also aware that, in the

process of responding to Mr. Concepcion's request, CBP produced an additional, related page

from TECS (Document Number 003).

4.     The purpose of this declaration is to provide the Court and plaintiff with a <u>Vaughn</u> index

(including a narrative description of the material being withheld) for documents still at issue,

which were subject to Plaintiff's FOIA request but withheld in part from disclosure under FOIA,

in accordance with <u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Cir. 1973), <u>cert. denied</u>, 415 U.S. 977

(1974).  This declaration (including the narrative descriptions set forth in Exhibit A) provides the

Court and Plaintiff with an identification of each document, the statutory exemption(s) claimed

with respect to the information withheld, and provides the justification for the assertion of such

FOIA exemptions.

## EXPLANATION OF NOTATIONS
## USED FOR JUSTIFICATION OF REDACTED MATERIAL

5.     The copies of the documents contain, on their face, coded categories of FOIA exemptions

which detail the nature of the information withheld.  For example, if "b2" appears on a

document, this refers to Exemption (b)(2) of the FOIA, which concerns matters that are

"...related solely to the internal personnel rules and practices of an agency." 5 U.S.C.

§ 552(b)(2).  The narrative description of documents from which information was withheld, as

2

provided in this declaration and the index of documents attached as Exhibit A, is unique to each document described. This description is intended to provide the Court and Plaintiff with a general understanding of the material withheld without being so detailed as to specifically identify, and hence release, the material sought to be protected.

## JUSTIFICATION FOR REDACTED MATERIALS

6.    All documents were processed to achieve maximum disclosure consistent with the access provisions of the Privacy Act and the FOIA. Every effort was made to provide Plaintiff with all reasonably segregable portions of the documents that were processed by CBP as a result of this FBI referral. No reasonably segregable, nonexempt portions were withheld from Plaintiff.

### Records Related Solely To The Internal Personnel Rules And Practices Of An Agency

7.    Section § 552(b)(2) of Title 5 of the U.S. Code exempts from mandatory disclosure matters that are "...related solely to the internal personnel rules and practices of an agency." The courts have construed Exemption (b)(2) to encompass two distinct categories of information: (a) internal matters of a relatively trivial nature, sometimes referred to as "low 2" information, see Department of the Air Force v. Rose, 425 U.S. 352, 369-70 (1976), and (b) more substantial internal matters the disclosure of which would risk circumvention of a legal requirement, sometimes referred to as "high 2" information, see Crooker v. ATF, 670 F. 2d 1051, 1074 (D.C. Cir. 1981) (en banc). The use of Exemption (b)(2) in this case involves "low 2" information.

8.    The "low 2" information withheld pursuant to Exemption (b)(2) consists of administrative markings relating to internal agency file control systems, the identity of particular types of computer system reports, and the key stroke and function codes of internal agency computerized property management systems. These markings are purely internal and are utilized by CBP to assist in the management and control of its mission. As access to the file and

3

computer systems is restricted from the public, the public has little or no interest in this

information or the file markings and computer codes. In addition, knowledge of internal agency

computer system report types and associated computer function codes could facilitate improper

access to sensitive CBP records and interfere with CBP's ability to maintain records.

9.      In Exhibit A, Exemption (b)(2) was applied to information in the following document

numbers:  001, 002, and 003.

### Personnel and Medical Files And Similar Files The Disclosure Of Which Would Constitute A Clearly Unwarranted Invasion Of Personal Privacy

10.     Section 552(b)(6) of Title 5 of the U.S. Code exempts from disclosure "personnel and

medical files and similar files the disclosure of which would constitute a clearly unwarranted

invasion of personal privacy." This protection is afforded to information that would infringe on

the personal privacy of individuals about whom it pertains. When considering the use of

Exemption (b)(6), the question one must entertain is this: whether disclosure of the information

"would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).

The resolution of this issue involves a balancing of the public's right to know the information at

issue (here, the social security numbers of CBP personnel) against the individual's right to

privacy. In this case, the CBP personnel's right to have his or her personal identifying

information withheld from disclosure outweighs the public's interest in knowing this

information. The identification of employees in association with the performance of their duties

in an operational context risks the unwarranted attribution of agency actions to the employees

and attention to the employees beyond the confines of their job and into their personal life.

Moreover, disclosing the information redacted from documents in this case, *i.e.,* officer social

security numbers, does not shed light on how CBP performs its statutory duties.   To reveal the

withheld information would constitute a clearly unwarranted invasion of personal privacy.

4

11.    Pursuant to Exemption (b)(6), CBP has withheld the personal identifying information of

its personnel.  As identified in Exhibit A, such redactions occur in document number 003.

**Records Or Information Compiled For Law Enforcement Purposes Which Could Reasonably Be Expected To Constitute An Unwarranted Invasion of Personal Privacy**

12.    Section 552(b)(7)(C) of Title 5 of the U.S. Code exempts from mandatory disclosure

"records or information compiled for law enforcement purposes" the disclosure of which "could

reasonably be expected to constitute an unwarranted invasion of personal privacy."  This

exemption protects, among other information, the identity of law enforcement personnel and

third parties referenced in files compiled for law enforcement purposes.  The exemption is

intended to protect law enforcement personnel from harassment and annoyance in their private

lives due to the conduct of their official duties, which could conceivably result from public

disclosure of their identity.  The exemption is also intended to protect third parties, whose

identities are revealed in law enforcement files, from comment, speculation, and stigmatizing

connotation associated with being identified in a law enforcement record.

13.    In asserting this exemption, each piece of information was scrutinized to determine the

nature and strength of any individual's privacy interest.  To begin, the information at issue at

here is derived from CBP's TECS system (specifically, a sub-system known as the Advance

Passenger Information System (APIS)), which contains information and records compiled for

law enforcement purposes.  Moreover, in withholding the information, the individual's privacy

interest is balanced against the public's interest in disclosure.  In each instance, it was

determined that whatever public interest there might be, if any, in knowing the personally

identifying information of the individuals identified in the relevant records did not outweigh the

privacy interests of said individuals.

14.    In this case, this exemption has been applied to the personal identifying information (i.e.,

social security numbers) of government personnel referenced in the document. In Exhibit A,

Exemption (b)(7)(C) has been applied to document number 003.

## **CONCLUSION**

15.    CBP has processed and released all segregable information from the responsive

documents pursuant to 5 U.S.C. § 552 (b)(2), (b)(6), and (b)(7)(C).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Executed this 16th day of May, 2008.

*Mark Hanson*

Mark Hanson
Director, FOIA Division
Office of International Trade
U.S. Customs and Border Protection
Washington, D.C.

6

# EXHIBIT A

## DOCUMENTS RELEASED IN PART

<u>Vaughn</u> Index for *NYC Alberto Concepcion* v. *Federal Bureau of Investigation*
Civil Action No. 07-CV-1766 (D.D.C.)

| Document | Location & Other Document Identifiers | Document Description | Number of pages | Disposition & Exemption(s) |
|---|---|---|---|---|
| 001 | Treasury Enforcement Communications System (TECS) | Treasury Enforcement Communications System (TECS) (Advance Passenger Information System (APIS)) data. These records include details from the passenger manifests for international travel on commercial air carriers and vessels, the provision of which to CBP is required by law. The APIS information is collected in advance of a passenger's arrival or departure from the United States to perform law enforcement queries to identify security risks to the aircraft or vessel, to its occupants, or to the United States, and in order to expedite CBP processing. | 1 | The internal identification and computer codes and printer location numbers are redacted pursuant to Exemption (b)(2) (low 2) which allows the withholding of internal agency matters of a relatively trivial nature. |
| 002 | TECS | TECS (Advance Passenger Information System (APIS)) data. | 1 | The internal identification and computer codes and printer location numbers are redacted pursuant to Exemption (b)(2) (low 2) which allows the withholding of internal agency matters of a relatively trivial nature. |

1

| 003 | TECS | TECS Record Display (Passenger Activity Report Search Screen). This record is a search query screen indicating that a query of the system was conducted on April 11, 2008, regarding passenger activity. | 1 | The internal identification and computer codes and printer location numbers are redacted pursuant to Exemption (b)(2) (low 2) which allows the withholding of internal agency matters of a relatively trivial nature. Social security numbers of federal employees are redacted pursuant to Exemption (b)(6) because release would be considered a clearly unwarranted invasion of privacy; and Exemption (b)(7)(C), because this document was generated for general law enforcement purposes and disclosure of social security numbers could reasonably be expected to be an unwarranted invasion of personal privacy. |

2

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Alberto Concepcion,  )
)
         Plaintiff,  )
)
         v.  )     Civil Action No. 06-00960 RMC
)
Department of Justice, *et al.*  )
)
         Defendant.  )
_____ )

## DECLARATION OF WILLIAM C. LITTLE, JR.

    I, William C. Little, Jr., hereby make the following Declaration under penalty of perjury pursuant to 28 U.S.C. § 1746. The subject of this declaration and the statements set forth herein are true and correct either on the basis of my personal knowledge or on the basis of information acquired by me through the performance of my official duties.

1. I am an Attorney admitted in and a member in good standing in the Bar of the State of Pennsylvania.

2. I am currently employed as a practicing attorney by the United States Department of Justice (DOJ), Drug Enforcement Administration (DEA), where I am assigned to the Office of Chief Counsel, Administrative Law Section.

3. Within the DEA Office of Chief Counsel, I am an attorney whose primary responsibilities are matters involving the Freedom of Information Act (FOIA), 5 U.S.C. § 552 and Privacy Act (PA),

5 U.S.C. § 552a, litigation in which DEA is an interested party. I have served in this capacity since about April 26, 1999. In addition, between April 26, 1999 and November 18, 2003, I served as the DEA Privacy Officer.

4. As an attorney, I have been involved in FOI/PA since 1994. I have received formal, informal and on the job training in the FOI/PA, and the administration of Federal records and PA Systems of Records.

5. I am familiar with the Department of Justice (DOJ) and DEA policies, practices and procedures regarding the administration of, and processing and release of information requested under the FOIA and PA, and DEA PA Systems of Records.

6. Within the DEA Office of Chief Counsel, I am responsible for review, for litigation purposes in cases to which I am assigned, of both the initially processed and appealed, FOI/PA requests that are received by DEA. I am also responsible for providing litigation support for matters arising under the FOIA and the PA in which DEA is an interested party.

7. I prepare, and review and supervise the preparation of affidavits, declarations, responses to discovery motions, interrogatories and other court pleadings, and conduct all necessary legal research related to issues arising during the course of the prosecution or defense of FOI/PA actions in which DEA is an interested party.

8. As the DEA Privacy Officer, I became familiar with, and provided support and guidance to

DEA employees and offices in matters relating to DEA's administration of the Privacy Act and

the maintenance of Privacy Act Systems of Records. The support included the administration of

DEA's Privacy Act System Notices, and the training of DEA employees in FOIA and PA. In

addition, I adjudicate Requests for Amendment of Records submitted to DEA, under the Privacy

Act and other Federal statutes.

9. In preparing this declaration, I personally reviewed the complaint filed by Alberto

Concepcion (plaintiff) in this matter and reviewed the contents of the relevant file and records

maintained by DEA Freedom of Information Operations Unit (SARO). SARO is the DEA office

responsible for the initial response to, the search for, and the processing and release of

information requested under FOIA and PA.

## SUMMARY OF CORRESPONDENCE AND ADMINISTRATIVE ACTION

### DEA FOIA Request No. 08-0647

10. By letter dated February 25, 2008, the Federal Bureau of Investigation (FBI) forwarded 608

pages to DEA for a direct response to the plaintiff. Attached to the FBI letter were copies of two

(2) requests from the plaintiff and a Department of Justice Certificate of Identity. A copy of the

FBI letter dated February 25, 2008, with attachments is attached hereto as Exhibit A.

11. After review of the materials and based on the plaintiff's requests, DEA identified 74 pages,

out of the 608 pages that were referred by the FBI, that were responsive to the plaintiff's

request. The 74 pages of responsive material were processed by DEA and along with the

3

remaining 534 pages were returned to the FBI by letter dated May 13, 2008. With respect to the

74 pages of responsive material, DEA recommended that the names of DEA laboratory

personnel be withheld pursuant to FOIA Exemption (b)(7)(C). A copy of the DEA dated May

13, 2007, is attached hereto as Exhibit B.

## DESCRIPTION OF RESPONSIVE MATERIAL

12. The materials forwarded to DEA were multiple copies of the DEA Form 7 (April 1982),

Report of Drug Property Collected, Purchased or Seized. The DEA Form 7 is a six-copy

manifold type carbon form that contains instructions for completing the form on the reverse

side.[1] Copy 1 is for the Prosecution; Copy 2 is for the Division file; Copy 3 is for the

Originating Office; Copy 4 is for the Lab file; Copy 5 is a for the Headquarters file; and, Copy

6 is the Receipt Copy. A copy of the DEA Form 7 with a single instruction page from the first

page is attached hereto as Exhibit C.

13. Each DEA Form 7 consists of 38 blocks. When used by DEA in investigative matters,

Block 3 will contain the G-DEP identifier; Block 5, the file title; Block 16, the "Remarks,"

which is a narrative that may include the names of law enforcement officers and third parties,

and other information regarding the seizure. Blocks 16 and 17 contain the names of DEA special

agents and Blocks 19, 22, 33 and 36 contain the names and/or signatures of law enforcement

---

[1] The information, on the completed forms and the instructions, is exactly the same on
each of the copies.

personnel or DEA laboratory employees. Block 24 is used to describe the results of the

laboratory analysis including a description and quantity of the alleged drugs that were tested.

14. The Form 7 is used by other Federal, state and local law enforcement agencies when

substances are forwarded to a DEA forensic laboratory for testing. Except for Block 3, those

other law enforcement agencies are required to complete Blocks 1 through 17. Blocks 18

through 38 are completed by DEA laboratory personnel.

15. Pursuant to FOIA Exemption (b)(7)(C),[2] it was recommended that on the 74 pages that

contain the plaintiff's name, the names of DEA laboratory personnel in Blocks 23, 24, 34 and 37

be withheld. DEA recommended the withholding of the information on pages designated by

DEA as 1, 2, 4, 7, 8, 10, 13, 14, 16, 18, 19, 21, 24, 25, 27, 30, 33, 34, 36, 37, 39, 42, 44, 46, 49,

50, 51, 53, 54, 56, 58, 59, 61, 64, 65, 67, 69, 70 and 72. On pages 1, 2 and 4 the name of a

laboratory staff member was also withheld in Block 38.

16. DEA could not respond directly to the plaintiff with respect to the 74 pages that contain the

plaintiff's name, since the 74 pages had not been processed by the FBI. It appeared to DEA that

the FBI still needed to redact the names of its personnel and other law enforcement officers

involved in its investigation. Moreover, with respect to the remaining 534 pages that did not

contain the plaintiff's name, DEA could not respond to the plaintiff because those 534 page did

---

[2] DEA recommended that the names be withheld based on the assumption that the
information was maintained in an FBI criminal investigative case file. FOIA Exemption (b)(6)
applies in the alternative.

not appear to be responsive to the plaintiff's request.[3] The pages appear to relate to individuals other than the plaintiff. DEA will work with the FBI to determine whether any of the remaining 534 pages relate to the plaintiff. It is my understanding that the FBI will report the conclusions on this matter to the Court.

17. The fact that there is an issue remaining, as to whether one (1) or more of the remaining 534 pages relate to the plaintiff, does not affect the utility or representativeness of this *Vaughn* declaration. Each of the 608 pages that the FBI referred to DEA were pages from the DEA Form 7. The DEA Form 7 is a standardize form which, when entries are made by DEA personnel, is completed in the same manner. With respect to the DEA information, DEA has redacted and will, in the future, redact each form in a manner consistent with the 74 pages that it has already processed.

## WITHHOLDING PURSUANT TO FOIA EXEMPTION (b)(7)

### Exemption (b)(7) Threshold

18. This threshold must be established by the FBI. Insufficient information was provided to DEA to establish that the information was gathered for a law enforcement purpose. Given the nature of the substance tested by the DEA laboratory, it is presumed that the information was

---

[3] In an attempt to determine whether the remaining 534 pages were responsive, the DEA Narcotics and Dangerous Drugs Information System (NADDIS), and the Federal Bureau of Information (FBI), National Criminal Justice Information Services, National Crime Information Center (NCIC) system, were queried. The investigative records maintained in the DEA Investigative Reporting and Filing System (IRFS) that relate to the plaintiff were also reviewed. DEA was unable to conclude that any of the remaining 534 pages were responsive, based upon its above analysis

gathered in the course of a criminal investigation and is maintained in an FBI criminal
investigative case file.

### Exemption (b)(7)(C) - Invasion of Privacy

19.    The FOIA, 5 U.S.C. § 552 (b)(7)(C), sets forth an exemption for records or information
compiled for law enforcement purposes the disclosure of which could reasonably be expected to
constitute an unwarranted invasion of personal privacy.  The documents contain the names and
other identifying information of DEA laboratory personnel.   The identities of those individuals
are protected from disclosure.

20.  Releasing their names or other identifying information would place each of those persons in
such a position that they may suffer undue invasions of privacy, harassment and humiliation
from disclosure of their identities in the context of a criminal law enforcement investigatory file.
These persons were assigned to handle tasks relating to the official investigation into the
criminal activities of the plaintiff.  They were, and possibly still are, in positions of access to
information regarding official law enforcement investigations.  If their identities are released,
they could become targets of harassing inquiries for unauthorized access to information
pertaining to ongoing and closed investigations.

21.  When withholding information pursuant to Exemption (b)(7)(C), DEA balances the privacy
interests of the individuals mentioned in the responsive materials against any public interest in
disclosure.  In making the determination to withhold this information, the individuals' privacy

7

interests were balanced against any discernible public interest in disclosure of the individuals'

identities. In this instance, the privacy interests outweighed any potential public interest. There

is no public interest to be served by releasing the identities of DEA laboratory personnel. Thus,

disclosure of their identities would be an unwarranted invasion of their personal privacy.

I declare under the penalty of perjury that the foregoing is true and correct.

_May 21, 2008_
DATE

William C. Little, Jr., Senior Attorney
Office of Chief Counsel
Administrative Law Section
Drug Enforcement Administration
Washington, D.C. 20537

# EXHIBIT A



CPEN... ....S UNIT

.... ... .. .. ... :31

**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

To:     Freedom of Information Operations Unit
        Drug Enforcement Administration
        Department of Justice
        700 Army Navy Drive
        Arlington, VA 22202

February 25, 2008

From:   David M. Hardy
        Record/Information Dissemination Section
        Records Management Division

Subject: FOI/PA Request of
         FBI FOI/PA # 1030134- 001          Re: CONCEPCION, ALBERTO

In connection with review of FBI files responsive to the above request, the following was surfaced:

☒          unclassified document(s) which originated with your agency is/are being referred to you for direct response to the requester. The requester ☒ has ☐ has not been advised of this referral. Please furnish this Bureau a copy of your disclosure letter to the requester. (See index A).

☐          FBI document(s) containing information (outlined in red) concerning your agency.
☐ We will advise the requester to expect a direct response from your agency regarding this matter.

☐ Please review this information and return the documents to us, making any deletions you deem appropriate.  (See index B).

☐          classified document(s) which originated with your agency is/are being referred to you for direct response to the requester. The requester ☐ has ☐ has not been advised of this referral. Please furnish this Bureau a copy of your disclosure letter to the requester, and advise us if the classification of the documents(s) changed so that we may amend our files. (See index C).

☐          classified FBI document(s) containing information (outlined in red) concerning your agency.
☐ We will advise the requester to expect a direct response from your agency regarding this matter.

☐ Please review this information and return the document(s) to us, making any deletions you deem appropriate, citing the exemption(s) claimed. Please advise this Bureau if the document(s) still warrant classification. (See index D).

☐ Please note that some of the enclosed documents contain deletions made by this Bureau. The appropriate exemption appears next to the redacted information. The requester may appeal these denials by writing to the following address within sixty days of your release: Co-Director, Office of Information and Privacy, U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001.

A copy of the requester's initial letter and other significant correspondence is enclosed for your convenience. If you have any questions concerning this referral, please contact Nicole Carter (540) 868-4855. The FBI FOIPA number as well as the FBI file number(s) on the Index Listing (see reverse) should be utilized during any consultation with the FBI concerning this referral.

Additional Remarks: **THIS IS A LITIGATION CASE**

Enclosure(s) -2.

( INDEX LISTING ON REVERSE)

ALBERTO CONCEPCION, 23853-050
E.C.I Allenwood. P.O. Box 2000
White Deer, PA. 17887

Date September 13, 2005

FREEDOM OF INFORAMTION SECTION

FEDERAL BUREAU OF INVESTIGATION
1 Gateway Plaza
Newark, New Jersey 07102

CERTIFIED MAIL NO. 7002-0510-0001-6675-6680

RE: FOIA/PA's request; 5 U.S.C.§§ 552 and/or 552a.

Dear Sir or Madam:

This is my non-commercial request pursuant to the provision of the Freedom of Information and Privacy Act, as codified under the title 5 U.S.C.§ 552 as amended, and/or the Privacy Act of 1974 as codified under the title 5 U.S.C. 552a, et al. I hereby request for copy of all of the records in possession of this agency pertained to me and/or to any form of identification that make reference to myself.

I am requesting copy of all records wherein my name is utilized, and this request is conclusive. I will expect information of myself from any retrievable source, that is but not limited to, this agency's records.

I will expect any legal justification for each and any delection or exemption made. I want a index of all exempted or withhelded records. The Act provide that you shall furnish me all non-exempt records. I, of course, reserve the right to appeals any decision to withhold records. I will also pay for copying fee, after the first 125 pages. As provided by the Act, I expect response withing 20 working days from receiving this letter.

Here I am including the follow information about myself:

Requesting for certified copys of any, and all documents pertaining to ALBERTO CONCEPCION, ET AL., which some are as follows: statements, criminal complaints, arrest warrants, Lab Report(s), and etc., ncluding anyother unmentioned documents. Alberto Concepcion
certificate of identity Without Prejudice U.C.C. 1-207
included

FROM: NK    DATE: September 13, 2005

NAME: ALBERTO CONCEPCION    CRIMINAL NO. 99-6144-01-01
                                          99-753 (ATL)
REG. # 22853-050    DATE OF SENTENCE July 7, 2000

DOB: 5-29-1968    CHARGE/CONVIT. # 21 U.S.C. 841(a)(1) Heroin

POB Newark, N.J    US DIST. COURT OF Newark, New Jersey

SSN # 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    US DIST. JUDGE ALFRED J. LECHNER JR.

## RE: FREEDOM OF INFORMATION/PRIVACY ACT REQUEST

## TO WHOM IT MAY CONCERN

    Pursuant to the Freedom of Information Act, 5 U.S.C. Sec. 552,
as Amended, and the Privacy Act of 1974, 5 U.S.C. Sec. 552(a), I hereby
request a copy of all records in possession of your agency on myself or
which makes a reference to me. Please find a Certificate of Identity attached.

    I request a copy of all records wherein my name is utilized, and
this request is all inclusive. I will expect information from every retrievable
source to include every system of records located in the FOI Exempt section
of my Central File as well as all information in the SIS files and computers.

    I will expect a legal justification for each and every deletion or excision
made. I want an index of all excised or withheld records. The Acts
provide you shall furnish me all non-exempt records  I, of course, reserve
the right to appeal any decision to withhold records.

    I will pay reasonable copying fees for these records. This request
should be processed pursuant to the Privacy Act, which provides that
no fees shall be charged for locating and retrieving records. 5 U.S.C.
552a(f)(5).

    As provided by the Acts, I will expect a response to this request
within ten (10) working days of receipt. Please forward the required
response to me as the below address. Thank you..

Sincerely,

Alberto Concepcion
Without Prejudice U.C.C. 1-207

REG. NO. 22853-050
FCI Allenwood
P.O. Box 2000
White Deer, PA 17887-2000

ATTACHMENT: CERTIFICATE OF IDENTITY

CERTIFIED MAIL NO. 7002-0510-0001-6675-6680

U.S. Department of Justice  **Certification of Identity**  

Privacy Act Statement. In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]  ALBERTO CONCEPCION

Citizenship Status [2]  American Citizen  Social Security Number [3]  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

Current Address  F.C.I. Allenwood P.O. Box 2000 White Deer, PA. 17887

Date of Birth  May 29, 1968  Place of Birth  Newark, New Jersey
CERTIFIED MAIL NO. 7002-0510-0001-6675-6680
I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000

Signature [4]  Alberto Concepcion Without Prejudice U.C.C. 1-207  Date  September 13, 2005

OPTIONAL. Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____

**Print or Type Name**

[1] Name of individual who is the subject of the record sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an Alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM APPROVED OMB NO. 1103-0016
EXPIRES 12/31/04

# EXHIBIT B



**U.S. Department of Justice**
Drug Enforcement Administration
FOIA/Records Management Section
FOIA Operations Unit
Washington, D.C. 20537

www.dea.gov

MAY 1 3 2008

David M. Hardy, Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Department of Justice
935 Pennsylvania Avenue, N.W.
Washington, D.C. 20535-0001

   Re:  CONCEPCION, ALBERTO; FBI FOI/PA #1030134-001
        DEA FOIA Request No. 08-0647-P

Dear Mr. Hardy:

        Enclosed please find 608 pages referred by your letter dated February 25, 2008, to the Drug
Enforcement Administration (DEA) for a direct response to the requester/plaintiff. Attached for
reference were two (2) request letters submitted by the requester/plaintiff dated September 13, 2005.
In the first letter, the plaintiff stated that he requested "all records in possession of your agency on
myself;" in the second letter, he requested "all records wherein my name is utilized." After review
of the entire 608 pages and based upon the requester/plaintiff's requests, we found only 74 pages
that contain the plaintiff's name. We processed the 74 pages and withheld the names and signatures
of DEA laboratory personnel pursuant to FOIA Exemption (b)(7)(C), in Blocks Number 23, 24, 34,
37 and 38.  Unfortunately, it cannot be determined that the remaining 534 pages are responsive to
the requester/plaintiff's request, and many of the pages may be duplicates. Although you forwarded
the material for direct response to the requester, these pages are being returned for whatever action
you deem appropriate.

        In an attempt to determine whether the remaining 534 pages were responsive, the DEA
Narcotics and Dangerous Drugs Information System (NADDIS), and the Federal Bureau of
Information (FBI), National Criminal Justice Information Services, National Crime Information
Center (NCIC) system, were queried.  The investigative records maintained in the DEA
Investigative Reporting and Filing System (IRFS) that related to the requester/plaintiff were also
reviewed. Despite the fact that the requester/plaintiff is currently incarcerated in the Federal prison
system, there is no record of an arrest or conviction for any Federal offense contained in NCIC,
NADDIS or the investigative records maintained by DEA.  Further, DEA investigative records

David M. Hardy                                            Page 2
May 13, 2008

related to requester/plaintiff do not indicate any entry after June 10, 1997. We found, however, in NCIC, State of New Jersey arrests and a single conviction for an offense related to vehicular homicide. However, according to plaintiff's complaint filed in his civil action, he was arrested on or about December 17, 1999, on a charge of conspiracy to distribute heroin.

It was also noted that many of the pages are duplicates and the reverse side, containing instructions for the completing of the form, was consistently re-copied. It should be considered that the DEA Form 7 is a manifold type carbon form in which there are five (5) copies that contain instructions for completing the form on the reverse side. Copy 1 is for the prosecution; Copy 2 is for the division file; Copy 3 is the originating office file; Copy 4 is for the Headquarters file; and, Copy 5 is a receipt copy. However, the information on the completed forms and the instructions is exactly the same on each of the copies. Ordinarily, in processing documents held by DEA, Copy 1 is considered the original and Copies 2, 3, 4 and 5 are considered duplicates. Duplicates are not considered separate records under the FOIA. Although DEA has processed 74 pages, please note that our review indicates that the 74 pages essentially consists of twelve (12) sets of the DEA Form 7 with the instructions copied 35 times.

In addition, DEA could not respond directly to the requester. It appears that the materials were not reviewed prior to forwarding them to DEA. It should be noted that, in Blocks 17 and 18 of the DEA Form 7, the names and signatures of what appears to be FBI Special Agents were not redacted. It is also noted that of the 74 pages processed and reviewed all are releasable to the requester/plaintiff. As such, a duplication fee of $7.40 is warranted. If all 608 pages are releasable, a duplication fee of $60.80 would be assessed by DEA, if forwarded for a direct response.

Thus, before expending additional DEA time and resources processing this information, we respectfully request that a determination be made whether the 534 pages are responsive. If it is determined that these pages are responsive, please return them and DEA will process the materials expeditiously. Should you have any questions with regard to this matter, please contact Phyllis Drewery at 202-307-7618, e-mail Phyllis.M.Drewery@usdoj.gov or William C. Little, Senior Attorney, Office of Chief Counsel at 202-353-9680, e-mail william.c.little@usdoj.gov.

Sincerely,

*Katherine Myrick*

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

Enclosures

# EXHIBIT C

*(Read instructions on reverse
before completing)*

## REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED

| 1. HOW OBTAINED *(Check)* | | 2. FILE NO. | 3. G-DEP IDENTIFIER |
|---|---|---|---|
| ☐ Purchase ☐ Seizure ☐ Free Sample | | | |
| ☐ Lab. Seizure ☐ Money Flashed ☐ Compliance Sample *(Non-Criminal)* | | | |
| ☐ Other *(Specify)* | | 4. FILE TITLE | |

| 5. WHERE OBTAINED *(City, State/Country)* | 6. CUSTOMS REFERRAL | | |
|---|---|---|---|
| | ☐ Case No.   OR  ☐ Seizure No. No. | 7. DATE PREPARED | 8. OFFICE SUBUNIT |

| 9. Exhibit No. | 10. ALLEGED DRUGS | 11. MARKS OR LABELS *(Describe fully)* | APPROX. GROSS QUANTITY | | 14. Purchase Cost |
|---|---|---|---|---|---|
| | | | 12. Seized | 13. Submitted | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**15. WAS ORIGINAL CONTAINER SUBMITTED SEPARATE FROM DRUG ?**  ☐ NO *(Included above)*   ☐ YES *(If Yes, enter exhibit no. and describe original container fully)*

REMARKS:

**16. SUBMITTED BY SPECIAL AGENT** *(Signature)*    **17. APPROVED BY** *(Signature & Title)*

### LABORATORY EVIDENCE RECEIPT REPORT

| 18. No. PACKAGES | 19. RECEIVED FROM *(Signature & Date)* | 20. TITLE |
|---|---|---|
| 21. SEAL ☐ Broken ☐ Unbroken | 22. RECEIVED BY *(Signature & Date)* | 23. TITLE |

### LABORATORY ANALYSIS / COMPARISON REPORT

24. ANALYSIS SUMMARY AND REMARKS

*Program Code on 10/29 edition as per Item #8.*

| 25. Exhibit No. | 26. Lab. No. | 27. ACTIVE DRUG INGREDIENT *(Established or Common Name)* | WEIGHT PER UNIT ANALYZED | | | 31. TOTAL NET | 32. RESERVE |
|---|---|---|---|---|---|---|---|
| | | | 28. Strength | 29. Measure | 30. Unit | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| 33. ANALYST *(Signature)* | 34. TITLE | | 35. DATE COMPLETED |
|---|---|---|---|
| 36. APPROVED BY | 37. TITLE | | 38. LAB. LOCATION |

DEA Form — 7
(Apr. 1982)

*Previous editions are Obsolete.*

Copy 1 - Prosecution

INSTRUCTIONS

I. For Evidence in DEA Custody

A. Except under extenuating circumstances, the agent who acquires the evidence will also prepare the DEA Form 7.

B. No more than three separate exhibits may be placed on a single DEA Form 7 with the following special conditions:

1. A series of samples from the same bulk evidence seizure (e.g., Subexhibits 1a through 1k) may be placed on the same DEA Form 7.

2. Where an original container is being submitted separately, the drug substance and the container (e.g., Exhibit 1 and Subexhibit 1a) will be considered as two exhibits.

3. Only exhibits acquired from the same defendant, or in the same location at the same time, and in the same investigation, may be submitted on the same DEA Form 7.

C. Items 1 through 17 will be completed by the agent as follows:

Item 1: Largely self-explanatory. "Harmy Flashed" will be checked only where drugs were seized as the result of using a flashroll. "Compliance Sample" will be checked for authentic samples, or requests for potency analysis or some other regulatory purpose.

Items 2-5: Self-explanatory.

Item 6: Complete only if drugs were initially acquired by Customs. This block must be completed for any evidence submitted under a "CJ" source code.

Items 7-10: Self-explanatory.

Item 11: Specify the number and description of the containers included in the exhibit. Describe fully any labels on the original containers and specify whether the seals were intact. This entry may be continued in item 15 if necessary. Where any exhibit consists of a number of packages, enter a description. For example, "Exhibit 1, 15 bricks of (a substance) wrapped in butcher's paper and further wrapped in clear cellophane." For samples extracted from bulk seizures, enter "samples 1a through 1k in (describe the containers)."

Item 12-13: Item 12 will only be completed when it differs from Item 13 (e.g., bulk seizures). The amounts should be reported in such a manner that they can be quantified (i.e., "pounds", "kilograms", etc.; not "bales", "grams", etc).

Item 14: Complete only if the exhibit was acquired through an undercover purchase.

Item 15: Self-explanatory.

Item 16: Enter the time, date, and location of acquisition, the name of the defendant acquired from (if no identifiable defendant, so stated), and the name of the acquiring agent(s). If requesting a ballistics examination, enter "BALLISTICS EXAMINATION REQUESTED."

Item 16-17: Enter typed names and signatures.

D. For evidence handcarried to the DEA Laboratory, the transfer of custody (items 18 to 23) will be completed by the agent and the Laboratory Evidence Technician.

For evidence shipped to the DEA Laboratory, leave Items no. 18-23 blank, and keep copy 6 for temporary placement in the case file. Copies 1 through 5 will be forwarded to the DEA Laboratory.

E. The DEA Laboratory will enter the results of analysis in Items 24 through 36, and return copies 1 through 3 to the submitting office (distribution of the remaining copies will be made by the DEA Laboratory, see 7300.14). Copies 1 through 3 will be distributed to the appropriate case file by the submitting office. Upon receipt of its copy from the laboratory, the submitting office will purge copy 6 from the case file.

F. The mechanics of certain intelligence programs require that the laboratory extract a small sample from randomly selected exhibits for special analysis. Exhibits sampled will be identified by the chemist with the notation "Fraction Removed for Special Programs" on DEA Form 7.

The result of these special analyses will be reported back to the originating office on a separate profile sheet (not concurrent with the return of DEA Form 7). Upon receipt of a profile sheet, attach it to the prosecutor's copy of DEA Form 7, or if the DEA Form 7 has already been forwarded to the prosecutor, forward it separately.

It should be pointed out to the prosecutor that, although Rule 16 of the Federal Rules of Criminal Procedure requires that all such tests be disclosed to the defendant, these special analyses have little relevance to the case at hand. The special analysis does not determine the quantitative purity of the exhibit, but is largely concerned with the presence of trace substances other than controlled drugs. Furthermore, the chain of custody over the extracted samples is not tightly controlled.

II. For Evidence Not in DEA Custody

A. There are two circumstances in which drug evidence will be reported without actually being processed by a DEA Laboratory:

1. When DEA participates in or contributes to an investigation that results in a drug acquisition by another agency, and DEA neither takes custody nor submits a sample to a DEA Laboratory.

2. When another agency seizes a significant seizure of drugs in an investigation in which DEA did not participate, did not take custody, nor is submitting a sample.

For the purposes of this reporting requirement, a significant seizure is any seizure which meets or exceeds the following criteria:

(a) 1 kilogram cocaine

(b) 1/2 kilogram heroin

(c) 50,000 dosage units of other narcotics (of foreign origin)

(d) 1/2 kilogram morphine

(e) 1 kilogram hashish oil

(f) 10 kilograms hashish

(g) 500 kilograms marihuana

(h) Any combination of Schedule I, II, III, or IV legitimate pharmaceuticals totaling 50,000 dosage units.

(Note: Where, with DEA concurrence, Customs or DEA refer an independent seizure to State or local authorities for prosecution, or further exercises its penalty assessment authority, no reporting is required.)

B. In either of the above circumstances, an "INFORMATION DEA FORM 7" will be prepared as follows:

1. Type "INFORMATION ONLY" immediately above Item 3, G-DEP identifier.

2. Complete Items 1-9 as appropriate (if no case file number was assigned, use GFXX-XX-9019, Significant State and Local Seizures, or 9070, Drug Evidence Importation).

3. Complete Items 10-15 as appropriate.

4. Explain pertinent details of the acquisition in Remarks.

5. Complete Items 16 and 17.

6. Distribute the "INFORMATION DEA FORM 7" as follows:

Copy 7 - Originating office

Copy 5 - HQ!

The remaining copies may be discarded.

*(Read instructions on reverse before completing)*

## REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED

| 1. HOW OBTAINED *(Check)* | 2. FILE NO. | 3. G-DEP IDENTIFIER |
|---|---|---|
| ☐ Purchase  ☐ Seizure  ☐ Free Sample<br>☐ Lab. Seizure  ☐ Money Flashed  ☐ Compliance Sample *(Non-Criminal)*<br>☐ Other *(Specify)* | 4. FILE TITLE | |

| 5. WHERE OBTAINED *(City, State/Country)* | 6. CUSTOMS REFERRAL | 7. DATE PREPARED | 8. OFFICE SUBUNIT |
|---|---|---|---|
| | ☐ Case No.  OR  ☐ Seizure No.<br>No. | | |

| 9.<br>Exhibit<br>No. | 10. ALLEGED DRUGS | 11. MARKS OR LABELS *(Describe fully)* | APPROX. GROSS QUANTITY | | 14.<br>Purchase<br>Cost |
|---|---|---|---|---|---|
| | | | 12. Seized | 13. Submitted | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

15. WAS ORIGINAL CONTAINER SUBMITTED SEPARATE FROM DRUG ?     ☐ NO *(Included above)*     ☐ YES *(If Yes, enter exhibit no. and describe original container fully)*

REMARKS:

| 16. SUBMITTED BY SPECIAL AGENT *(Signature)* | 17. APPROVED BY *(Signature & Title)* |
|---|---|

### LABORATORY EVIDENCE RECEIPT REPORT

| 18. No. PACKAGES | 19. RECEIVED FROM *(Signature & Date)* | 20. TITLE |
|---|---|---|
| 21. SEAL<br>☐ Broken<br>☐ Unbroken | 22. RECEIVED BY *(Signature & Date)* | 23. TITLE |

### LABORATORY ANALYSIS / COMPARISON REPORT

24. ANALYSIS SUMMARY AND REMARKS

| 25.<br>Exhibit<br>No. | 26.<br>Lab.<br>No. | 27.     ACTIVE DRUG INGREDIENT<br>*(Established or Common Name)* | WEIGHT PER UNIT ANALYZED | | | 31.<br>TOTAL NET | 32.<br>RESERVE |
|---|---|---|---|---|---|---|---|
| | | | 28. Strength | 29. Measure | 30. Unit | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| 33. ANALYST *(Signature)* | 34. TITLE | 35. DATE COMPLETED |
|---|---|---|
| 36. APPROVED BY | 37. TITLE | 38. LAB. LOCATION |

DEA Form — 7
(Apr. 1982)

Previous editions are Obsolete.

*(before completing)*

## REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED

| 1. HOW OBTAINED *(Check)* | | | |
|---|---|---|---|
| ☐ Purchase  ☐ Seizure  ☐ Free Sample | 2. FILE NO. | | 3. G-DEP IDENTIFIER |
| ☐ Lab. Seizure  ☐ Money Flashed  ☐ Compliance Sample *(Non-Criminal)* | | | |
| ☐ Other *(Specify)* | 4. FILE TITLE | | |

| 5. WHERE OBTAINED *(City, State/Country)* | 6. CUSTOMS REFERRAL | |
|---|---|---|
| | ☐ Case No.  OR  ☐ Seizure No. | 7. DATE PREPARED  ·  8. OFFICE SUBUNIT |
| | No. | |

| 9. Exhibit No. | 10. ALLEGED DRUGS | 11. MARKS OR LABELS *(Describe fully)* | APPROX. GROSS QUANTITY | | 14. Purchase Cost |
|---|---|---|---|---|---|
| | | | 12. Seized | 13. Submitted | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**15. WAS ORIGINAL CONTAINER SUBMITTED SEPARATE FROM DRUG?**   ☐ NO *(Included above)*   ☐ YES *(If Yes, enter exhibit no. and describe original container fully)*

REMARKS:

| 16. SUBMITTED BY SPECIAL AGENT *(Signature)* | 17. APPROVED BY *(Signature & Title)* |
|---|---|
| | |

### LABORATORY EVIDENCE RECEIPT REPORT

| 18. No. PACKAGES | 19. RECEIVED FROM *(Signature & Date)* | 20. TITLE |
|---|---|---|
| 21. SEAL  ☐ Broken  ☐ Unbroken | 22. RECEIVED BY *(Signature & Date)* | 23. TITLE |

### LABORATORY ANALYSIS / COMPARISON REPORT

24. ANALYSIS SUMMARY AND REMARKS

| 25. Exhibit No. | 26. Lab. No. | 27. ACTIVE DRUG INGREDIENT. *(Established or Common Name)* | WEIGHT PER UNIT ANALYZED | | | 31. TOTAL NET | 32. RESERVE |
|---|---|---|---|---|---|---|---|
| | | | 28. Strength | 29. Measure | 30. Unit | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| 33. ANALYST *(Signature)* | 34. TITLE | 35. DATE COMPLETED |
|---|---|---|
| 36. APPROVED BY | 37. TITLE | 38. LAB. LOCATION |

**DEA Form** — **7**
*(Apr. 1982)*

*Previous editions are Obsolete.*

Copy 3 - Orig. Office

*(Read instructions on reverse before completing)*

## REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED

| 1. HOW OBTAINED *(Check)* | | | |
|---|---|---|---|
| ☐ Lab. Seizure ☐ Purchase ☐ Seizure ☐ Free Sample | | | |
| ☐ Money Flashed ☐ Compliance Sample *(Non-Criminal)* | | | |
| ☐ Other *(Specify)* | | | |

**2. FILE NO.**

**3. G-DEP IDENTIFIER**

**4. FILE TITLE**

| 5. WHERE OBTAINED *(City, State/Country)* | 6. CUSTOMS REFERRAL |
|---|---|
| | ☐ Case No.   OR   ☐ Seizure No. |
| | No. |

**7. DATE PREPARED**

**8. OFFICE SUBUNIT**

| 9. Exhibit No. | 10. ALLEGED DRUGS | 11. MARKS OR LABELS *(Describe fully)* | APPROX. GROSS QUANTITY | | 14. Purchase Cost |
|---|---|---|---|---|---|
| | | | 12. Seized | 13. Submitted | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**15. WAS ORIGINAL CONTAINER SUBMITTED SEPARATE FROM DRUG ?**   ☐ NO *(Included above)*   ☐ YES *(If Yes, enter exhibit no. and describe original container fully)*

REMARKS:

**16. SUBMITTED BY SPECIAL AGENT *(Signature)***

**17. APPROVED BY *(Signature & Title)***

### LABORATORY EVIDENCE RECEIPT REPORT

| 18. No. Packages | 19. RECEIVED FROM *(Signature & Date)* | 20. TITLE |
|---|---|---|
| 21. SEAL ☐ Broken ☐ Unbroken | 22. RECEIVED BY *(Signature & Date)* | 23. TITLE |

### LABORATORY ANALYSIS / COMPARISON REPORT

**24. ANALYSIS SUMMARY AND REMARKS**

| 25. Exhibit No. | 26. Lab. No. | 27. ACTIVE DRUG INGREDIENT *(Established or Common Name)* | WEIGHT PER UNIT ANALYZED | | | 31. TOTAL NET | 32. RESERVE |
|---|---|---|---|---|---|---|---|
| | | | 28. Strength | 29. Measure | 30. Unit | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**33. ANALYST *(Signature)***

**34. TITLE**

**35. DATE COMPLETED**

**36. APPROVED BY**

**37. TITLE**

**38. LAB. LOCATION**

DEA Form — 7
(Apr. 1982)

Previous editions are Obsolete.

Copy 4 - Lab. File

*(Read instructions on reverse before completing)*

## REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED

| 1. HOW OBTAINED *(Check)* ☐ Purchase  ☐ Seizure  ☐ Free Sample | 2. FILE NO. | 3. G-DEP IDENTIFIER |
|---|---|---|
| ☐ Lab. Seizure  ☐ Money Flashed  ☐ Compliance Sample *(Non-Criminal)*  ☐ Other *(Specify)* | 4. FILE TITLE | |

| 5. WHERE OBTAINED *(City, State/Country)* | 6. CUSTOMS REFERRAL  ☐ Case No.  OR  ☐ Seizure No.  No. | 7. DATE PREPARED | 8. OFFICE SUBUNIT |
|---|---|---|---|

| 9. Exhibit No. | 10. ALLEGED DRUGS | 11. MARKS OR LABELS *(Describe fully)* | APPROX. GROSS QUANTITY | | 14. Purchase Cost |
|---|---|---|---|---|---|
| | | | 12. Seized | 13. Submitted | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**15. WAS ORIGINAL CONTAINER SUBMITTED SEPARATE FROM DRUG?**  ☐ NO *(Included above)*  ☐ YES *(If Yes, enter exhibit no. and describe original container fully)*

REMARKS:

| 16. SUBMITTED BY SPECIAL AGENT *(Signature)* | 17. APPROVED BY *(Signature & Title)* |
|---|---|

### LABORATORY EVIDENCE RECEIPT REPORT

| 18. No. PACKAGES | 19. RECEIVED FROM *(Signature & Date)* | 20. TITLE |
|---|---|---|
| 21. SEAL  ☐ Broken  ☐ Unbroken | 22. RECEIVED BY *(Signature & Date)* | 23. TITLE |

### LABORATORY ANALYSIS / COMPARISON REPORT

24. ANALYSIS SUMMARY AND REMARKS

| 25. Exhibit No. | 26. Lab. No. | 27. ACTIVE DRUG INGREDIENT *(Established or Common Name)* | WEIGHT PER UNIT ANALYZED | | | 31. TOTAL NET | 32. RESERVE |
|---|---|---|---|---|---|---|---|
| | | | 28. Strength | 29. Measure | 30. Unit | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| 33. ANALYST *(Signature)* | 34. TITLE | 35. DATE COMPLETED |
|---|---|---|
| 36. APPROVED BY | 37. TITLE | 38. LAB. LOCATION |

DEA Form — 7
(Apr. 1982)                    Previous editions are Obsolete.                    Copy 5 - Hdqtrs. File

*(Read instructions on reverse before completing)*

## REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED

| 1. HOW OBTAINED *(Check)* | | | | 2. FILE NO. | | 3. G-DEP IDENTIFIER |
|---|---|---|---|---|---|---|
| ☐ Lab. Seizure   ☐ Money Flashed   ☐ Purchase   ☐ Seizure   ☐ Free Sample | | | | | | |
| ☐ Other *(Specify)*   ☐ Compliance Sample *(Non-Criminal)* | | | | 4. FILE TITLE | | |

| 5. WHERE OBTAINED *(City, State/Country)* | 6. CUSTOMS REFERRAL | | |
|---|---|---|---|
| | ☐ Case No.   OR   ☐ Seizure No.  No. | | |
| | 7. DATE PREPARED | | 8. OFFICE SUBUNIT |

| 8. Exhibit No. | 10. ALLEGED DRUGS | 11. MARKS OR LABELS *(Describe fully)* | APPROX. GROSS QUANTITY | | 14. Purchase Cost |
|---|---|---|---|---|---|
| | | | 12. Seized | 13. Submitted | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

15. WAS ORIGINAL CONTAINER SUBMITTED SEPARATE FROM DRUG ?   ☐ NO *(Included above)*   ☐ YES *(If Yes, enter exhibit no. and describe original container fully)*

REMARKS:

| 16. SUBMITTED BY SPECIAL AGENT *(Signature)* | 17. APPROVED BY *(Signature & Title)* |
|---|---|
| | |

### LABORATORY EVIDENCE RECEIPT REPORT

| 18. No. PACKAGES | 19. RECEIVED FROM *(Signature & Date)* | 20. TITLE |
|---|---|---|
| 21. SEAL  ☐ Broken  ☐ Unbroken | 22. RECEIVED BY *(Signature & Date)* | 23. TITLE |

### LABORATORY ANALYSIS / COMPARISON REPORT

24. ANALYSIS SUMMARY AND REMARKS

| 25. Exhibit No. | 26. Lab. No. | 27. ACTIVE DRUG INGREDIENT *(Established or Common Name)* | WEIGHT PER UNIT ANALYZED | | | 31. TOTAL NET | 32. RESERVE |
|---|---|---|---|---|---|---|---|
| | | | 28. Strength | 29. Measure | 30. Unit | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| 33. ANALYST *(Signature)* | 34. TITLE | 35. DATE COMPLETED |
|---|---|---|
| 36. APPROVED BY | 37. TITLE | 38. LAB. LOCATION |

DEA Form — 7
(Apr. 1982)

Previous editions are Obsolete.

Copy 6 - Receipt Copy

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALBERTO CONCEPCION,                    )
                Plaintiff,          )
                         )
                         ) Civil Action No. 07-1766
      V.                          )
                         )
FEDERAL BUREAU OF INVESTIGATION,       )
et al.,                                )
                         )
             Defendant.        )
                         )
_____ )

## DECLARATION OF DIONE JACKSON STEARNS

I, Dione J. Stearns, declare the following to be a true and correct statement of facts:

1.)     I am an Attorney Advisor with the Executive Office for United States Attorneys (EOUSA ), United States Department of Justice. In that capacity, my responsibilities include: acting as liaison with other divisions and offices of the Department of Justice ("DOJ") in responding to requests and the litigation filed under both the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 (1988), and the Privacy Act of 1974, 5 U.S.C. § 552a (1988) ("PA"); the review of FOIA/PA requests for access to records located in this office and the 94 United States Attorney's offices (USAO's) and the case files arising therefrom; the review of correspondence related to requests; the review of searches conducted in response to requests; the location of responsive records; and preparation of responses thereto by EOUSA to assure that determinations to withhold (or to release) such responsive records are in accordance with the provisions of both the FOIA and the PA, as well as the Department of Justice regulations (28

1

C.F.R. §§ 16.3 et seq. and 16.40 et seq.).

2.)    As an Attorney Advisor of the FOIA/PA unit, EOUSA, I have authority to release and/or withhold records requested under the FOIA/PA, and to advocate the position of EOUSA in actions brought under the FOIA/PA. The statements I make hereinafter are made on the basis of my review of the official files and records of EOUSA, on my own personal knowledge, or on the basis of information acquired by me through the performance of my official duties.

3)    Due to the nature of my official duties, I am familiar with the procedures followed by this office in responding to the FOIA/PA request made to the FBI by the above-captioned Plaintiff, Alberto Concepcion (hereinafter referred to as "Mr. Concepcion").

### CORRESPONDENCE

4.)    On April 16, 2008, EOUSA received a referral of twenty pages of documents from the FBI to process and respond directly to Mr. Concepcion. *See* **Exhibit A**. Accompanying the documents was a copy of Mr. Concepcion's request to the FBI. *See* **Exhibit B**.

5.)    By letter dated April 30, 2008, EOUSA released ten pages in full and withheld in full ten pages. *See* **Exhibit C**. The ten pages withheld in full are part of two documents, one consisting of nine pages ("Document 2") and the other of one page ("Document 1").

6.)    The following describes the application of the exemptions in general that EOUSA is asserting.

### EOUSA'S DISCLOSURE DETERMINATIONS

### JUSTIFICATION FOR NON-DISCLOSURE UNDER THE PRIVACY ACT

7.)    The Privacy Act, 5 U.S.C. § 552a(b), states as follows:

No agency shall disclose any record which is contained

> in a system of records by any means of communication
> to any person, or to another agency, except pursuant to
> a written request by, or with the prior written consent of,
> the individual to whom the record pertains [subject to
> 12 exceptions].

8.)    The USAO's Criminal Case Files (Justice/USA-007) and Administrative File System (Justice/USA-001) are Privacy Act Systems of Records. The Attorney General has promulgated rules exempting these records from the Privacy Act's access provisions pursuant to 5 U.S.C. § 552a(j)(2), which appear at 28 C.F.R. § 16.81 (2007). The Privacy Act, subsection (j)(2), exempts from mandatory disclosure all records maintained by an agency or component performing as its principal function any activity pertaining to the enforcement of criminal laws. The mission of the USAO is to enforce criminal and civil laws and defend the interests of the United States, to provide Federal leadership in preventing and controlling crime, and to seek just punishment for those found guilty of unlawful behavior.

9.)    Here, the responsive document—which contains information relating to the potential criminal prosecution of third-party individuals—originated from the USAO's Criminal Case Files and was created for criminal law enforcement purposes by the USAO for the District of New Jersey, which performs as its principal function activities related to the enforcement of criminal laws. Accordingly, the document at issue is exempt from the access provisions of the Privacy Act pursuant to 5 U.S.C. § 552a(j)(2). This exemption, which was applied to Document 2, is reflected in the attached <u>Vaughn</u> Index ("Index"): <u>See</u> **Exhibit D**.

### JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA EXEMPTION 5 U.S.C. § 552(b)(2)

10.)    Exemption (b)(2) of the FOIA protects from mandatory disclosure documents or

3

portions of documents "related solely to the internal personnel rules and practices of an agency."
This exemption covers two distinct categories of records: "high" (b)(2) records and "low" (b)(2)
records. Low (b)(2) records are agency records of internal matters of a relatively trivial nature.
High (b)(2) records are agency records that are predominantly internal in nature and whose
disclosure would risk circumvention of agency regulations or statutes. The use of exemption
(b)(2) in this case involves both high and low (b)(2) information.

11.)    Some of the (b)(2) records withheld here consist of internal telephone and fax
numbers of an Assistant United States Attorney ("AUSA") and a USAO paralegal. There is no
public interest in the release of internal USAO telephone and fax numbers, which are internal
agency matters of a relatively trivial nature. Moreover, release of the telephone and fax numbers
could subject the AUSA and paralegal to harassing communications and, in so doing, disrupt
official business. Consequently, the telephone and fax numbers are properly withheld pursuant
to exemption (b)(2).

12.)    The remaining (b)(2) records withheld here consist of internal, undisclosed,
and pre-decisional investigative forms that were prepared by an AUSA and that address, inter
alia, the specific manner in which the government was to conduct its investigation of the
individuals involved in the drug conspiracy with Mr. Concepcion (i.e., the step-by-step
investigative techniques that would be utilized by law enforcement personnel in investigating the
drug conspiracy). Release of these investigative forms—which disclose precisely how the
government planned to investigate those thought to be involved in the drug conspiracy with Mr.
Concepcion—could allow individuals involved in future drug conspiracies to tailor their
behavior and avoid apprehension.

13.)    The (b)(2) exemption was applied to both of the documents listed in the Index:
*See* Documents 1 and 2.

## EXEMPTION 5 U.S.C. § 552(b)(5)
## PRIVILEGED INFORMATION

14.)    Exemption (b)(5) protects "inter-agency and intra-agency memorandums or letters
which would not be available by law to a party other than an agency in litigation with the
agency." The courts have construed this language to exempt those documents that are normally
privileged in the civil discovery context. Documents that would be protected in civil litigation
under, inter alia, the work product doctrine and the deliberative process privilege fall within the
scope of exemption (b)(5).

15.)    EOUSA asserted exemption (b)(5) to protect a letter prepared by an AUSA that
the AUSA sent only to his client, which discusses, inter alia, litigation filed by Mr. Concepcion
that references the client. The letter details the AUSA's litigation strategy and assessment of the
facts of the case, and is thus protected from disclosure by the attorney work product doctrine.
(See Document 1.) EOUSA also asserted exemption (b)(5) to protect internal, undisclosed, and
pre-decisional investigative forms that were prepared by an AUSA, that were not disclosed to the
public and that address, inter alia, investigatory techniques, litigation alternatives and strategies
and the AUSA's personal evaluation of facts relevant to the criminal case involving Mr.
Concepcion and others. (See Document 2.) Disclosure of this non-public information could
jeopardize the candid and comprehensive communications that are essential for efficient and
effective agency decision-making. The internal and previously undisclosed investigative forms
are protected from disclosure by the attorney work product and deliberative process privileges.

5

16.)    The attorney work product and deliberative process information referenced above

is so interwoven as to make all the information contained in the above-mentioned documents

protected.  EOUSA applied this exemption to protect the two documents listed in the Index: *See*

Documents 1 and 2.

## FOIA EXEMPTION (b)(7)(C)
## UNWARRANTED INVASION OF PERSONAL PRIVACY

17.)    Exemption (b)(7)(C) of the FOIA exempts from mandatory release records or

information compiled for law enforcement purposes if such release could reasonably be expected

to constitute an unwarranted invasion of personal privacy.  All information at issue herein was

compiled for law enforcement purposes in order to prosecute Mr. Concepcion and others for

violations of illegal drug distribution and other laws or to respond to a related action brought by

Mr. Concepcion.

18.)    Exemption (b)(7)(C) is applied to withhold the identity of and personal

information about the third party individual to whom Document 1 was sent (i.e., the client of an

AUSA in connection with litigation filed by Mr. Concepcion) (see Index).  The release of that

information could subject that person to an unwarranted invasion of his or her personal privacy.

Release of the identifying information could result in unwanted and even unlawful efforts to gain

further access to that person or to personal information about him or her, or cause the person

harassment, harm, or exposure to unwanted and/or derogatory publicity and inferences arising

from his or her connection to a case brought by Mr. Concepcion.

19.)    This exemption has also been applied to withhold the names and identifying

6

information (e.g., phone numbers, dates of birth, social security numbers) of special agents, other government employees, local law enforcement personnel and potential criminal defendants contained in Document 2 (see Index). Individual duties and assignments are not public and the publicity that would likely arise from disclosure of the identities of government employees involved in the investigation of Mr. Concepcion and others could seriously impede, if not totally jeopardize, law enforcement effectiveness in subsequent cases, and could cause such individuals to be subject to harassment and/or retaliation. In addition, disclosure of identifying information of potential criminal defendants could subject those individuals to harassment, stigmatization and embarrassment.

20.) EOUSA determined that there is no public interest in the release of this information because dissemination of the information would not help explain the activities and operations of EOUSA. No public interest would counterbalance the individuals' privacy right in having the information withheld under this exemption. Mr. Concepcion did not provide this office with authorizations or consents from any third party individual to release otherwise personal privacy protected materials. The exempt information is so inextricably intertwined with any nonexempt information that it cannot be meaningfully segregated for release. EOUSA applied this exemption to protect information in both of the documents listed in the Index: *See* Documents 1 and 2.

## EXEMPTION 5 U.S.C. § (b)(7)(E)

21.) Exemption (b)(7)(E) permits the withholding of records or information compiled for law enforcement purposes, but only to the extent that the production of such records or information would disclose techniques and procedures for law enforcement investigations or

prosecutions, or disclose guidelines for law enforcement investigations or prosecutions, and such disclosure could reasonably be expected to risk circumvention of the law.

22.)    Here, the EOUSA asserted exemption (b)(7)(E) to protect internal, undisclosed, and pre-decisional investigative forms that were prepared by an AUSA and that address, inter alia, the specific manner in which the government was to conduct its investigation of the individuals involved in the drug conspiracy with Mr. Concepcion (i.e., the step-by-step process that would be utilized by law enforcement personnel in investigating the drug conspiracy). If the specific techniques the government used to conduct its investigation in the case involving Mr. Concepcion and other were disclosed, then other individuals involved in similar drug conspiracies could use that information to tailor their behavior and avoid future detection and criminal prosecution. The EOUSA has determined that the exempt information is so inextricably intertwined with any nonexempt information that it cannot be meaningfully segregated for release.

23.)    EOUSA applied this exemption to protect this type of information in one of the documents listed in the Index: See Document 2.

## CONCLUSION

24.)    Each step in the handling of the referral of documents from the FBI has been entirely consistent with the EOUSA's and the USAO's procedures which were adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

8

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 19th day of May 2008 at Washington, D.C.

Dione Jackson Stearns
Attorney Advisor
EOUSA FOIA/PA Staff



U._ Department of Justice

Federal Bureau of Investigation

Washington, D.C. 20535

To:     Executive Office of the US Attorney                                April 16, 2008
        Attn: Assistant Director
        FOIA/PA Unit
        Department of Justice
        Room 7300
        600 E Street NW
        Washington, D.C. 20530

From:   David M. Hardy
        Record/Information Dissemination Section
        Records Management Division

Subject: FOI/PA Request of
         FBI FOI/PA # 1030134-001        Re: CONCEPCION, ALBERTO

        In connection with review of FBI files responsive to the above request, the following was surfaced:

        ☒        unclassified document(s) which originated with your agency is/are being referred to you for
        direct response to the requester. The requester x has ☐ has not been advised of this referral. Please
        furnish this Bureau a copy of your disclosure letter to the requester. (See index A).

        ☐        FBI document(s) containing information (outlined in red) concerning your agency.
        ☒ We will advise the requester to expect a direct response from your agency regarding this matter.

        ☐ Please review this information and return the documents to us, making any deletions you deem
           appropriate.   (See index B).

        ☐        classified document(s) which originated with your agency is/are being referred to you for
        direct response to the requester. The requester ☐ has ☐ has not been advised of this referral. Please
        furnish this Bureau a copy of your disclosure letter to the requester, and advise us if the classification
        of the documents(s) changed so that we may amend our files. (See index C).

        ☐        classified FBI document(s) containing information (outlined in red) concerning your agency.
        ☐ We will advise the requester to expect a direct response from your agency regarding this matter.

        ☐ Please review this information and return the document(s) to us, making any deletions you deem
           appropriate, citing the exemption(s) claimed. Please advise this Bureau if the document(s) still
           warrant classification. (See index D).

        ☐ Please note that some of the enclosed documents contain deletions made by this Bureau. The
           appropriate exemption appears next to the redacted information. The requester may appeal these
           denials by writing to the following address within sixty days of your release: Co-Director, Office of
           Information and Privacy, U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050,
           Washington, D.C. 20530-0001.

        A copy of the requester's initial letter and other significant correspondence is enclosed for your
convenience. If you have any questions concerning this referral, please contact Nicole Carter (540) 868-4855.
The FBI FOIPA number as well as the FBI file number(s) on the Index Listing (see reverse) should be utilized
during any consultation with the FBI concerning this referral.

        Additional Remarks: THIS CASE IS IN LITIGATION.
Once the referral is completed, please send a copy of the letter to the FBI, 170 Marcel Drive, Winchester, VA
22608..

Enclosure(s)  (2)                    ( INDEX LISTING ON REVERSE)



FROM: NK DATE: September 13, 2005

NAME: ALBERTO CONCEPCION    CRIMINAL NO. 99-6144-01-01
REG. # 22853-050    99-753 (AJL)
DC    DATE OF SENTENCE July 7, 2000
POB Newark, N.J    CHARGE/CONVIT. # 21 U.S.C. 841(a)(1) Heroin
SEN    US DIST. COURT OF Newark, New Jersey
    US DIST. JUDGE ALFRED J. LECHNER JR.

## RE: FREEDOM OF INFORMATION/PRIVACY ACT REQUEST

print

## TO WHOM IT MAY CONCERN

Pursuant to the Freedom of Information Act, 5 U.S.C. Sec. 552, as Amended, and the Privacy Act of 1974, 5 U.S.C. Sec. 552(a), I hereby request a copy of all records in possession of your agency on myself or which makes a reference to me. Please find a Certificate of Identity attached

I request a copy of all records wherein my name is utilized, and this request is all inclusive. I will expect information from every retrievable source to include every system of records located in the FOI Exempt section of my Central File as well as all information in the SIS files and computers.

I will expect a legal justification for each and every deletion or excision made. I want an index of all excised or withheld records. The Acts provide you shall furnish me all non-exempt records I, of course, reserve the right to appeal any decision to withhold records.

I will pay reasonable copying fees for these records. This request should be processed pursuant to the Privacy Act, which provides that no fees shall be charged for locating and retrieving records. 5 U.S.C. 552a(f)(5).

As provided by the Acts, I will expect a response to this request within ten (10) working days of receipt. Please forward the required response to me as the below address. Thank you..

Sincerely,
Alberto Concepcion
Without Prejudice U.C.C. 1-207

REG. NO. 22853-050
FCI Allenwood
P.O. Box 2000
White Deer, PA 17887-2000

ATTACHMENT: CERTIFICATE OF IDENTITY

CERTIFIED MAIL NO. 7002-0510-0001-6675-6680

GOVERNMENT EXHIBIT
13

ALBERTO CONCEPCION, 22853-050
F.C.I Allenwood P.O. Box 2000
White Deer, PA. 17887

Date September 13, 2005

FREEDOM OF INFORAMTION SECTION

FEDERAL BUREAU OF INVESTIGATION
1 Gateway Plaza
Newark, New Jersey 07102

CERTIFIED MAIL NO. 7002-0510-0001-6675-6680

RE: FOIA/PA's request; 5 U.S.C.§§ 552 and/or 552a.

Dear Sir or Madam:

This is my non-commercial request pursuant to the provision of the Freedom of Information and Privacy Act, as codified under the title 5 U.S.C.§ 552 as amended, and/or the Privacy Act of 1974 as codified under the title 5 U.S.C. 552a, et al. I hereby request for copy of all of the records in possession of this agency pertained to me and/or to any form of identification that make reference to myself.

I am requesting copy of all records wherein my name is utilized, and this request is conclusive. I will expect information of myself from any retrievable source, that is but not limited to, this agency's records.

I will expect any legal justification for each and any delection or exemption made. I want a index of all exempted or withhelded records. The Act provide that you shall furnish me all non-exempt records. I, of course, reserve the right to appeals any decision to withhold records. I will also pay for copying fee, after the first 125 pages. As provided by the Act, I expect response withing 20 working days from receiving this letter.

Here I am including the follow information about myself:

Requesting for certified copys of any, and all documents pertaining to ALBERTO CONCEPCION, ET AL., which some are as follows: statements, criminal complaints, arrest warrants, Lab Report(s), and etc., ncluding anyother unmentioned documents. Alberto Concepcion

Certificate of Identity
included.

Without Prejudice U.C.C. 1-207



U.S. Departmr    of Justice

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 616-6757   FAX: 616-6478   (www.usdoj.gov/usao)*

Requester: **Alberto Concepcion**            Request Number: **08-1146-R**

Government Component that referred material: **Federal Bureau of Investigation (FBI)**

Dear Requester:

    This is in reply to your Freedom of Information Act/Privacy Act request of Sept. 19, 2005. APR 30 2008 Records were referred to us by the government component above for direct response to you.

    The referred material has been considered under both the FOIA and the Privacy Act to provide you the greatest degree of access. Exemptions have been applied when deemed appropriate either for withholding records in full or for excising certain information. The exemptions cited are marked below. An enclosure to this letter explains the exemptions in more detail.

| Section 552 | | | Section 552a |
|---|---|---|---|
| [  ] (b)(1) | [  ] (b)(4) | [  ] (b)(7)(B) | [ X ] (j)(2) |
| [ X ] (b)(2) | [ X ] (b)(5) | [ X ] (b)(7)(C) | [  ] (k)(2) |
| [  ] (b)(3) | [  ] (b)(6) | [  ] (b)(7)(D) | [  ] (k)(5) |
| _____ | [  ] (b)(7)(A) | [ X ] (b)(7)(E) | [  ] _____ |
| _____ | | [  ] (b)(7)(F) | |

    We have reviewed approximately __**20**__ page(s) of material:

__**10**__ page(s) are being released in full (RIF);
_____ page(s) are being released in part (RIP);
__**10**__ page(s) are withheld in full (WIF) and
_____ pages were duplicate copies of material already processed.

    This is the final action on this above-numbered request. You may appeal this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001.** Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. § 16.9.

Enclosure(s)

William G. Stewart II
Assistant Director

Form No. 024 - 3/07



GOVERNMENT
EXHIBIT

C



SUMMARY OF WITHHELD DOCUMENTS
*(Concepcion v. Federal Bureau of Investigation, et. al. 07-1766-RMU)*

Glossary:

"WIF"—withheld in full; reviewed for and not deemed segregable
"USAO"—United States Attorney's Office
"AUSA"—Assistant U.S. Attorney

| DOC | PAGES | DOCUMENT DESCRIPTION | EXEMPT STATUS | JUSTIFICATION |
|-----|-------|---------------------|---------------|---------------|
| 1 | 1 | One-page letter dated September 17, 2002 from AUSA Susan J. Steele, District of New Jersey, to her client in the context of a litigation brought by Mr. Concepcion. | WIF: b2, b5, b7C | Exemption b(2) is asserted to protect a USAO paralegal's phone number. The information withheld is of a trivial nature and is used primarily for internal purposes. Moreover, its release could subject the paralegal to harassing communications and, thus, disrupt official business. |
| | | | | Exemption b(5) is asserted to protect this document as it consists entirely of attorney work product. The information contained in this document—which is a communication between an AUSA and her client in the context of ongoing litigation—reveals the AUSA's thoughts, impressions, opinions, theory of the case, litigation strategy and assessment of facts and issues relating to a case brought by Mr. Concepcion. |
| | | | | Exemption b7(C) is asserted to protect the privacy of the third party to whom the AUSA sent the letter and who was implicated in litigation brought by Mr. Concepcion. The letter does not indicate that the party has waived his or her rights to privacy. Accordingly, the name of the third party has been withheld. Release of the name of the third party would violate the third party's privacy rights by revealing his or her identity. |
| | | | | Exempt information is so inextricably intertwined with any nonexempt information that any nonexempt information cannot be meaningfully segregated for release. The EOUSA does not believe that there is any non-exempt material in this document, given that it is attorney work product. |

| 2 | 9 | Nine-pages of Investigation Initiation Forms created by an AUSA for internal USAO use in connection with an Organized Crime Drug Enforcement Task Force. | W/F: J2, b2, b7C, b7E | Exemption J2 is asserted to protect the document at issue, which was compiled for criminal law enforcement purposes by the USAO and which pertains to the potential criminal prosecution of third party individuals. |
|---|---|---|---|---|
| | | | | Exemption b(2) is asserted to protect an AUSA's phone and fax numbers which are trivial in nature, which are used primarily for internal purposes and whose release could subject the AUSA to harassing communications and, thus, disrupt official business.  Exemption (b)(2) is also asserted to protect the step-by-step investigative techniques discussed in the document at issue.  Release of those step-by-step investigative techniques (which detail precisely how the FBI was to investigate the drug conspiracy involving Mr. Concepcion and others) could allow individuals involved in future drug conspiracies to alter their behavior and avoid detection and prosecution. |
| | | | | Exemption b(7)(C) is asserted to protect the names and other identifying information of law enforcement agents and potential third party criminal defendants.  This exemption is appropriately asserted to protect those individuals from harassment, embarrassment and stigmatization. There is no indication that the third parties identified in this document have waived their rights to privacy.  Accordingly, the names of those third parties have been withheld.  Release of the names of the third parties would violate their privacy rights. |
| | | | | Exemption b(7)(E) is asserted to protect the step-by-step investigative techniques that were to be used during the investigation of Mr. Concepcion and others.  Release of those step-by-step investigative techniques (which detail precisely how the FBI was to investigate the drug conspiracy involving Mr. Concepcion and others) could allow individuals involved in future drug conspiracies to alter their behavior and avoid detection and prosecution. |
| | | | | In this instance, the exempt information is so inextricably intertwined with any nonexempt information that it cannot be meaningfully segregated for release. |