UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Alberto Concepcion,<br><br>    Plaintiff/Sovereign,<br><br>vs.<br><br>FEDERAL BUREAU OF INVESTIGATION;<br>EXECUTIVE OFFICE OF THE UNITED<br>STATES ATTORNEYS; &<br>U.S. DEPARTMENT OF JUSTICE;<br><br>    Defendants/Corporations. | MOTION PURSUANT TO<br>THE FED.R.CIV.P., RULE 56(e)<br><br><br><br><br><br><br>CIVIL ACTION NO. 07-1766(RMU) |

PLAINTIFF'S OPPOSITION TO COUNSELS OF RECORD
FRIVOLOUS FILED OPPOSITION TO PLAINTIFF'S,
MOTION FOR SUMMARY JUDGMENT INTER ALIA

**NOW COMES**, Pro Se Plaintiff, <u>Alberto Concepcion</u>, the Sovereign, Secured Party, Creditor, Holder-In-Due-Course, Trade Name Owner, & Record Owner on behalf of STRAW-MAN, & DEBTOR <u>ALBERTO CONCEPCION</u>, hereinafter "**Concepcion, or CONCEPCION**", waiving no powers, rights, and/or immunities by the use of said "**private copyrighted statutes**" in the above entitled case.

**1.** CONCEPCION, is without Counsel [OF WHICH COUNSELS OF RECORD ARE ABUSING THIS FACT], & is relying on <u>Haines v. Kerner</u>, 30 L.Ed 2d 652, ¶ 1 (1972), The U.S. Supreme Court held, Pro Se Complaint to a less stringent standard... Also see <u>Gomez-Diaz v. United States</u>, 433 F.3d 788, at ¶ 4 (11th Cir. 2005); & <u>White v. Kautzky</u>, 494 F.3d 677, at ¶ 11 (8th Cir. 2007).

RECEIVED

JUN 5 - 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

2. On May 23, 2008, CONCEPCION, received Counsels of Record filed Opposition to Motion for Summary Judgment, & Cross-Motion for Clarification as to the Court's April 24, 2008, Minute Order.

3. The Plaintiff/Sovereign's, issues, & points in this Cause of Action, are in regards to numerous specific records, documents, files, data, & etc., "in regards to CONCEPCION'S, fabricated Federal Criminal Case #99-6144-01, & 99-753(AJL), hereinafter Case #99-753(AJL), against CONCEPCION"; of which the Plaintiff/Sovereign, asserts that this Court "MUST" accept his allegations in his pleadings as "true". See, Hamm v. Groose, 15 F.3d 110, at ¶ 2-3 (8th Cir. 1994); & Cooper v. Pate, 12 L.Ed 2d 1030 (1964).

4. In Counsels of Record Opposition Motion for Summary Judgment.., hereinafter Counsels Opposition Motion, at pg. 1, they claim in part, that the Plaintiff's, Motion for Summary Judgment is premature... Here the Plaintiff, asserts, & contends that the Defendants/Corporations, & Counsels of Record "had over 120 days" to respond [& 2½ YEARS PLUS TO PRODUCE THE REQUESTED RECORDS, DOCUMENTS, FILES, DATA, & ETC.; AS IN TRUITT V. DEPT. OF JUSTICE, 897 F.2d 540, AT 542 (1990), THE CIR. COURT HELD: UNDER THE FOIA AN AGENCY IS "OBLIGATED TO MAKE PROMPTLY AVAILABLE RECORDS THAT ARE REASONABLY DESCRIBED IN A WRITTEN REQUEST..."] to said complaint point by point, & issue by issue in detail, as well as producing the specified requests in CONCEPCION'S, FOIA applications, in which said requests are non-exempted records, documents, files, data, & etc., as CONCEPCION'S, specified requests were & are still as follows: A copy of the "filed" criminal complaint(s), arrest warrant(s), search warrants, lab reports with results, serial numbers, & dates "of all the" FBI tape recordings, the phone wire tape authorization application(s), & bond information on the initial A.U.S.A et al., involved directly, and/or indirectly in Case

#99-753(AJL), inter alia; including "any, & all unmentioned documents" on both Concepcion, or CONCEPCION.., and/or Case #99-753(AJL). Therefore, the Plaintiff's, Motion for Summary Judgment **"IS NOT"** premature as Counsels of Record claimed in their Opposition Motion, of which the Plaintiff's, Motion for Summary Judgment, with the attached exhibits known as C-1 - C-59; are showing genuine issues of material facts, in which were provided by the Plaintiff, in good-faith, **"& ARE RELEVANT TO BOTH CASE # 07-1766(RMU), & 99-753(AJL), FOR THE PURPOSE OF THIS LITIGATION"**. In Quinon v. FBI, 86 F.3d 1222, at ¶ 9 (1996), The D.C Cir. Court held: When government misconduct is alleged as justification for disclosure under FOIA public interest is insubstantial, **"unless requester puts forward compelling evidence that the agency denying the request is engaged in illegal activity, & shows that the information sought is necessary in order to confirm, or refute evidence..."** SEE, Plaintiff's, Motion for Summary Judgment, at pgs. 6 - 33, ¶ 14 - ¶ 58, therewith.

5. In Counsels Opposition Motion, at pg. 1, they also claimed that the Plaintiff, in this Cause of Action, addresses matters that are well beyond the scope of this case [SEE, QUINON V. FBI, SUPRA], of which the Plaintiff, attest, & asserts that Counsels of Record **"are once again circumventing, & stonewalling"** the Plaintiff's, facts in whole, in his filed Motion for Summary Judgment, & his requested non-exempted requests, of which **"are relevant"** to this Cause of Action, & CONCEPCION'S, Case #99-753(AJL). These facts are, because in Counsels of Record **"filed"** Second Motion for Extention of Time [INCORPORATED WITH TWO DECLARATIONS], hereinafter Counsels 2nd Extention, at the top of pg. 2, "they among other were, **& ARE CONTINUING TO LEAN ON CONCEPCION'S, FALSE IMPRISONMENT, PURSUANT TO NUMEROUS UNCONSTITUTIONAL TITLES KNOWN AS 21 U.S.C. §§§ 841, 846, & 853,**

**AMONG OTHERS, & TITLE 18"**. In <u>Oppenheimer Fund. Inc. v. Sander</u>, 57 L.Ed 253, at ¶ 6-7 (1978), The U.S. Supreme Court held: Parties may obtain discovery regarding **"any matter not privilege, which is relevant to the subject matter involved in the pending action..."**; as in <u>Nash v. Thielke</u>, 743 F. Supp. 1301 (S.D. Wis. 1990), The Court held: The Plaintiff, was entitled to the officer's urine report **"from day of incident [SEE, PLAINTIFF'S, COMP., AT PGS. 2, & 3, ¶ 4 - ¶ 9] which might have been relevant"**. Also see <u>Dept. of Justice v. Reporters Comm.</u>, 103 L.Ed 2d 744 (S.Ct. 1989).

6. Moreover, the Plaintiff, respectfully request Honorable presiding Judge RMU, **"to take Judicial Notice"**; pursuant to the <u>Fed.R.Civ.P.</u>, Rule 201 et seq., of the following issues:

**A)** If Counsels of Record for said Defendants/Corporations, in this entitled Cause of Action, had not committed inter alia, false declarations before this Court, by way of their filed Motion(S) to Judge RMU; this Court perhaps would have not granted Counsels Motion for Protected Order. **SEE,** Plaintiff's, Motion for Summary Judgment, at pgs. 3 - 5, ¶ 8 - ¶ 10, therein; &

**B)** The Plaintiff, asserts that a discovery request **"IS NOT LIMITED"** in any pending Civil Action, especially when said discovery requests are in regards to the **"same"** issues in said complaint, & the Motions thereafter.

7. In Counsels Opposition Motion, at the bottom of pg. 1, they stated: Plaintiff's, Motion for Summary Judgment is improper... who brought this action pursuant to the FOIA... Plaintiff's, 38-pg. Motion for Summary Judgment contain mostly arguments attacking... his imprisonment; IT HAS LITTLE TO DO WITH THE FOIA REQUESTS... Here the Plaintiff-Sovereign, attest, & asserts once again, & makes respectfully clear to Judge

4

RMU, that their is a clear distinction between a Sovereign, & a person, in which Counsels of Record **"HAVE NOT"** produced any evidence, nor supporting case Law, and/or otherwise to refute the Plaintiff/Sovereign's, facts in his filed Motion for Summary Judgment in whole, of which **"ARE SOME"** of the soughted records, documents, files, data, & etc., in said Motion, & are records, & etc., in regards, & related to Case #99-753(AJL); & were the statutes that were relied upon by the prosecutors involved in prosecuting CONCEPCION'S, criminal case. See, Quinon v. FBI, supra, at ¶ 9, therein.

The requested public records mentioned, or unmentioned in the FOIA applications by CONCEPCION, are those records, of which a government unit **"is required by Law to keep"**. Thats in case said records are requested by anyone, in order to prove different facts, in which may be received as evidence in **"any Court"** as the exhibits attached to the Plaintiff's, Motion for Summary Judgment. The Plaintiff, asserts for the purposes of his right-to-know Laws, includes decisions, of which establish rights, duties, & obligations that compels Counsels of Record to produce said requests, of which said records are designed to remain as a memorial, or permanent evidence of the matters to which Case #99-753(AJL), is related to. Records as the exhibits [EX: C-1 - C-59] that were filed with the Plaintiff/Sovereign's, Motion for Summary Judgment **"are admissable"** under Rules 901, 902, & 1005, pursuant to the Fed.R.Civ.P., & are in fact relevant records, documents, files, data, & etc., to both Case #07-1766(RMU) [FOR THE REQUESTED TRIAL BY JURY, IF THE PLAINTIFF'S, MOTION FOR SUMMARY JUDGMENT IS DENIED], & 99-753(AJL), as the prima facie facts of this case, inter alia;

in which said facts **"must"** be taken as true, until rebutted by the Defendants/Corporations, and/or Counsels of Record. Therefore, said Defendants/Corporations, & Counsels of Record have been, & are still **"withhold-**

ing relevant soughted records, documents, files, data, & etc.", & are continuing to commit acts of falsification of public records, inter alia. See, Plaintiff's, Comp., at pg. 22, ¶ 74; <u>Sellers v. Bureau of Prisons</u>, 959 F.2d 307 (D.C Cir. 1992); <u>Truitt v. Dept. of Justice</u>, supra; & <u>Oppenheimer Fund. Inc. v. Sander</u>, supra.

The Plaintiff/Sovereign, asserts that the strict meaning of the onus probandi, is that if **"no evidence"** is adduced point by point, & issue by issue by the Defendants/Corporations, and/or Counsels of Record for said Defendants/Corporations, on whom the burden is cast upon; the issues, in whole **"must"** be found against them.

8. It is obvious that Counsels of Record are continuing to delay this Civil Action in any which way possible causing the Plaintiff/Sovereigh, unnecessary additional financial burdens, inter alia; of which Counsels Opposition Motion, at pg. 3-B, is frivolous, therefore, the Plaintiff/Sovereign, will not entertain said bogus arguments, & stands by his facts in his Motion for Summary Judgment, at pgs. 3 - 5, ¶ 8 - ¶ 10.

9. On <u>May 28, 2008</u>, CONCEPCION, received a package containing Counsels of Record, Notice of Filing [FILED DATE OF 5/21/2008]; with Vaughn **"sworn declarations"** relating to the referred pgs. from ICE, the DEA, & the EOUSA.

10. In Counsels 2nd Extention, at the top of pg. 4, Counsels of Record stated in part: During its recent review of investigation file #<u>245-NK-97240</u>, **"<u>THE FBI LOCATED APPROXIMATELY 650 PGS. OF LAB REPORTS</u> (Id. at 42)..."** THOSE LAB REPORTS WERE CREATED BY THE DEA... (Hardy Decl., ¶ 42)...

11. In the DEA declaration of WILLIAM C. LITTLE JR., hereinafter LITTLE's Decl., filed with this Court on <u>May 21, 2008</u>, attached to Counsels of Record filed Notice of Filing; LITTLE'S, Decl., at pg. 3, ¶ 10, stated:

"The FBI <u>FORWARD</u> 608 pgs. to DEA for a direct response to the Plaintiff..." Here the Plaintiff, asserts that this statement is contrary to what Counsels 2nd Extention, at the top of pg. 4, therein claimed.

Then at pg. 3, ¶ 11, in Mr. LITTLE'S, Decl., he stated: After review of the materials... DEA identified 74 pgs. out of the 608 pgs. **"that were <u>REFERRED</u> by the FBI..."** The... DEA, & along with the remaining 534 pgs. **"WERE RETURNED TO THE FBI BY LETTER DATED <u>MAY 13,2008</u>..."** <u>SEE</u>, Ex: B-1, & B-2, herewith.

**12.** Then at pg. 4, ¶ 12, in Mr. LITTLE'S Decl., he stated: The material forward to DEA were multiple copies of the DEA form 7... Then at pg. 6, ¶ 8, in Mr. LITTLE'S, Decl., he stated: This threshold **"MUST"** be established by the FBI. Insufficient information was provided to DEA [BY THE FBI]... Given the nature of the substance tested by the DEA laboratory it is presumed that the information was gather in the course of a criminal investigation, **"& IS MAINTAINED IN AN FBI CRIMINAL CASE FILE"**. Here the Plaintiff/Sovereign, attest, asserts, & contends that the Defendants/Corporations, known as the Federal Bureau of Investigation, Executive Office of the U.S. Attorneys, & the U.S. Department of Justice; & now Counsels of Record are trying to drag, & shift the burden of the committed overt acts, & omissions, inter alia, upon the DEA [AS MENTIONED IN THE PLAINTIFF'S, MOTION FOR SUMMARY JUDGMENT] in this Cause of Action, of which this agency [DEA] **"has nothing"** to do with this pending matter; obviously, if the DEA were involved in withholding, inter alia, the Plaintiff's, requested records, documents, files, data, & etc., they themselfs **"would have"** been named by the Plaintiff, in his initial FOIA Civil Complaint as Defendants/Corporations, in this Cause of Action. <u>SEE</u>, the Plaintiff/Sovereign's, Motion for Summary Judgment, at pg. 6, ¶ 14; & Ex: B-1, & B-2, herewith specifically B-1, at the bottom of said pg., of which said letter held:

7

Further, DEA investigative records related to requester/plaintiff, "do not indicate any entry after June 10,1997". SEE, the highlighted section in Ex: B-3, herewith, of which was provided by the FBI on April 23, 2008, in regards to this Cause of Action; & the Plaintiff's, Comp., at pgs. 15 - 19, ¶ 58 - ¶ 64.

13. **AND FOR THE RECORD**: The Plaintiff/Sovereign, attest that "he is not" attacking CONCEPCION'S, false imprisonment-conviction as Counsels of Record are claiming in their Opposition Motion, of which one issue has nothing to do with the other. SEE, ¶ 7, herein.

## CONCLUSION

For the foregoing reasons, the Plaintiff/Sovereign, respectfully requests that this Court DENY Counsels of Record for said Defendants/Corporations, Opposition Motion for Summary Judgment in whole, "**& GRANT**" the Plaintiff/Sovereign's, Motion for Summary Judgment, including any other relief as this Court may deem just, & proper in favor of Pro Se Plaintiff/Sovereign, Alberto Concepcion. Said facts are do to the Defendants/Corporations, committing acts of falsification of public records, documents, files, data, & etc. Here the Plaintiff/Sovereign, is entitled to be GRANTED his Motion for Summary Judgment, for the committed acts of impairment of reputation, personal humiliation, mental anguish, & suffering, pain, enbarrassment, & the withholding of execulpatory records, inter alia, done knowingly, intentionally, & willingly by said named Defendants/Corporations, & other unmentioned parties.

## OATH

The undersign declare, certifies, verifies, & state under penalty of

perjury, under the Laws of the State of New Jersey, & the United States pursuant to title 28 U.S.C. § 1746, that the foregoing is true, & correct.

|  |  |
|---|---|
| **DATED:** June 2, 2008 | Respectfully Requested, & Submitted By:<br>*/s/ Alberto Concepcion* ©<br>Pro Se Plaintiff,<br>Alberto Concepcion© the Sovereign, Secured Party, & Creditor on behalf of STRAW-MAN & DEBTOR ALBERTO CONCEPCION<br>WITHOUT PREJUDICE U.C.C. 1-207 |

c.c.  File; &

Cert. Mail to the U.S. District Court
for the District of Columbia No.
7006-0810-0005-3625-7253

9



**U.S. Department of Justice**
Drug Enforcement Administration
FOIA/Records Management Section
FOIA Operations Unit
Washington, D.C. 20537

www.dea.gov

MAY 1 3 2008

David M. Hardy, Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Department of Justice
935 Pennsylvania Avenue, N.W.
Washington, D.C. 20535-0001

Re: CONCEPCION, ALBERTO; FBI FOI/PA #1030134-001
    DEA FOIA Request No. 08-0647-P

Dear Mr. Hardy:

    Enclosed please find 608 pages referred by your letter dated February 25, 2008, to the Drug Enforcement Administration (DEA) for a direct response to the requester/plaintiff. Attached for reference were two (2) request letters submitted by the requester/plaintiff dated September 13, 2005. In the first letter, the plaintiff stated that he requested "all records in possession of your agency on myself;" in the second letter, he requested "all records wherein my name is utilized." After review of the entire 608 pages and based upon the requester/plaintiff's requests, we found only 74 pages that contain the plaintiff's name. We processed the 74 pages and withheld the names and signatures of DEA laboratory personnel pursuant to FOIA Exemption (b)(7)(C), in Blocks Number 23, 24, 34, 37 and 38. Unfortunately, it cannot be determined that the remaining 534 pages are responsive to the requester/plaintiff's request, and many of the pages may be duplicates. Although you forwarded the material for direct response to the requester, these pages are being returned for whatever action you deem appropriate.

    In an attempt to determine whether the remaining 534 pages were responsive, the DEA Narcotics and Dangerous Drugs Information System (NADDIS), and the Federal Bureau of Information (FBI), National Criminal Justice Information Services, National Crime Information Center (NCIC) system, were queried. The investigative records maintained in the DEA Investigative Reporting and Filing System (IRFS) that related to the requester/plaintiff were also reviewed. Despite the fact that the requester/plaintiff is currently incarcerated in the Federal prison system, there is no record of an arrest or conviction for any Federal offense contained in NCIC, NADDIS or the investigative records maintained by DEA. Further, DEA investigative records


Ex: B-1

David M. Hardy                                                                        Page 2
May 13, 2008

related to requester/plaintiff do not indicate any entry after June 10, 1997. We found, however, in NCIC, State of New Jersey arrests and a single conviction for an offense related to vehicular homicide. However, according to plaintiff's complaint filed in his civil action, he was arrested on or about December 17, 1999, on a charge of conspiracy to distribute heroin.

It was also noted that many of the pages are duplicates and the reverse side, containing instructions for the completing of the form, was consistently re-copied. It should be considered that the DEA Form 7 is a manifold type carbon form in which there are five (5) copies that contain instructions for completing the form on the reverse side. Copy 1 is for the prosecution; Copy 2 is for the division file; Copy 3 is the originating office file; Copy 4 is for the Headquarters file; and, Copy 5 is a receipt copy. However, the information on the completed forms and the instructions is exactly the same on each of the copies. Ordinarily, in processing documents held by DEA, Copy 1 is considered the original and Copies 2, 3, 4 and 5 are considered duplicates. Duplicates are not considered separate records under the FOIA. Although DEA has processed 74 pages, please note that our review indicates that the 74 pages essentially consists of twelve (12) sets of the DEA Form 7 with the instructions copied 35 times.

In addition, DEA could not respond directly to the requester. It appears that the materials were not reviewed prior to forwarding them to DEA. It should be noted that, in Blocks 17 and 18 of the DEA Form 7, the names and signatures of what appears to be FBI Special Agents were not redacted. It is also noted that of the 74 pages processed and reviewed all are releasable to the requester/plaintiff. As such, a duplication fee of $7.40 is warranted. If all 608 pages are releasable, a duplication fee of $60.80 would be assessed by DEA, if forwarded for a direct response.

Thus, before expending additional DEA time and resources processing this information, we respectfully request that a determination be made whether the 534 pages are responsive. If it is determined that these pages are responsive, please return them and DEA will process the materials expeditiously. Should you have any questions with regard to this matter, please contact Phyllis Drewery at 202-307-7618, e-mail Phyllis.M.Drewery@usdoj.gov or William C. Little, Senior Attorney, Office of Chief Counsel at 202-353-9680, e-mail william.c.little@usdoj.gov.

Sincerely,

Katherine Myrick

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

Enclosures

Ex: B-2

```
05/26/99                                                              ICMIPR01
10:05:24                        FD-192                                Page   1
```

Title and Character of Case:

HEAD BANGER CREW

| Date Property Acquired: | Source from which Property Acquired: |
|---|---|
| 01/25/1999 | ALBERTO CONCEPCION |

Anticipated Disposition:   Acquired By:                    Case Agent:

Description of Property:                                    Date Entered
  1B 71

  ITEM #1 (50) BUNDLES = (500) BAGS OF HEROIN; BRAND STAMP
  "GOTTA HAVE IT"; DOUBLE SEALED PLASTIC "KNOCK OUT"
  WEIGHT @ 299.3 GRAMS                                              b6
  *ONE PLASTIC BAG WITH "KNOCK OUT" LOGO AND ONE FOLDED PINK        b7C
  ENVELOPE ("DECK") WITH "GOTTA HAVE IT!" LOGO REMOVED FOR
  SPECIAL PROGRAM BY DEA LAB*

  Barcode: E1673466    Location: ECR       DV       S40       03/05/1999

  Drug Weight: 299.30                 Est Dollar Value:      .00
  Sealed By:                          Witnessed By:

**SEE SAC MEMO REGARDING THE DELAY IN THE SUBMISSION OF EVIDENCE** See date EC dated 2/25/99, NNB

166E-NK-97240-1B71

  Case Number:   166E-NK-97240
  Owning Office: NEWARK

Ex: B-3

File Copy

**PROOF OF SERVICE**

I, <u>Alberto Concepcion</u>, certify that on <u>June 2, 2008</u>, I mailed this document, along with the Plaintiff's, Opposition Motion pursuant to the <u>Fed.R.Civ.P.</u>, Rule 56(e), to the following address by way of Cert. #<u>7006-0810-0005-3625-7246</u>, Mail;

> U.S. ATTORNEYS OFFICE FOR
> THE DISTRICT OF COLUMBIA
> 555 Fourth St., N.W. [SUITE 4220]
> Washington, D.C 20001
> <u>ATT</u>: Christopher B. Harwood, Esq. [ET AL.]

**OATH**

I, <u>Alberto Concepcion</u>, certify that these documents were given to prison officials on <u>June 2, 2008</u>, for forwarding to Counsel(s) of Record at the above address. I, certify under penalty of perjury that the foregoing is true, & correct, pursuant to title 28 U.S.C. § 1746.

DATED: <u>June 2, 2008</u>

Respectfully Submitted By:

*/s/ Alberto Concepcion*
Pro Se Plaintiff,
Alberto Concepcion© the
Sovereign, Secured Party, &
Creditor on behalf of
STRAW-MAN, & DEBTOR
ALBERTO CONCEPCION
WITHOUT PREJUDICE U.C.C. 1-207

c.c. File; &

    Cert. Mail to the U.S. Dist. Court
    for the Dist. of Columbia No.
    <u>7006-0810-0005-3625-7253</u>