UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Alberto Concepcion,<br><br>　　　Plaintiff/Sovereign,<br><br><u>vs.</u><br><br>FEDERAL BUREAU OF INVESTIGATION;<br>EXECUTIVE OFFICE OF THE UNITED<br>STATES ATTORNEYS; &<br>U.S. DEPARTMENT OF JUSTICE;<br><br>　　　Defendants/Corporations. | MOTION<br><br>**RECEIVED**<br>MAY 2 9 2008<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT<br><br>CIVIL ACTION NO. <u>07-1766(RMU)</u> |

MOTION IN RESPONSE TO MAIL
UNRESPONSIVE TO THE PLAINTIFF'S, REQUESTED
RECORDS, DOCUMENTS, FILES, DATA, & ETC

　　**NOW COMES**, Pro Se Plaintiff, <u>Alberto Concepcion</u>, the Sovereign, Secured Party, Creditor, Holder In Due Course, Trade Name Owner, & Record Owner on behalf of STRAW-MAN, & DEBTOR ALBERTO CONCEPCION, hereinafter **"Concepcion, or CONCEPCION"**, waiving no powers, rights, and/or immunities by the use of said **"private copyrighted statutes"**; in the above entitled case in response to Counsels of Record for said Defendants/Corporations, Notice of Filing, with the attached **"Sworn Declaration of Dione J. Stearns"**, hereinafter Stearns Decl., on behalf of Defendants/Corporations, Executive Office of the U.S. Attorneys/U.S. Department of Justice, hereinafter EOUSA/Dept. of Justice, & the Plaintiff's, response to Defendants/Corporations, Federal Bureau of Investigation/U.S. Department of Justice, hereinafter FBI/Dept. of Justice.

**POINT ONE IN REGARDS TO
DEFENDANTS/CORPORATIONS KNOWN AS EXECUTIVE OFFICE
OF THE U.S. ATTORNEYS & U.S. DEPT. OF JUSTICE**

1. In Counsels of Record Notice of Filing, incorporated with Stearns Decl., at ¶ 1, & ¶ 2, "he claimed in his own words, & writing under Oath" that the EOUSA released to CONCEPCION, in full-all documents responsive to his March 8, 2006, request... Keeping mindful that Mr. Stearns, is the attorney advisor for the EOUSA FOIA. CONCEPCION, asserts, & contends that Mr. Stearns, in his first, & second Decl., has knowingly, intentionally, & willingly committed acts of perjury, & false declarations before this Court, inter alia, pursuant to the Fed.R.Crim.P., 18 §§ 1001, & 1623 [OF WHICH COUNSELS OF RECORD CO-SIGNED], by stating that the EOUSA released to CONCEPCION, in full-all documents responsive to his March 8, 2008, request, in which CONCEPCION, attest that his specific requests "were not" produced by the EOUSA/Dept. of Justice known herein as the Defendants/Corporations.

2. In Ex: F-21, attached to the Plaintiff's, Comp., the requests made by CONCEPCION, were clear, in which said request held: Pursuant to the FOIA... I thereby request a copy of "all records" in possession of your agency on myself, of which makes a reference to me... I request for "all records" wherein my name is utilized, & this request is "all inclusive"; as in Ex: F-22, the request was specified by CONCEPCION, of which were: Lab Report, Indictment, Rule 11, Application, & the Recorded FBI Tape Serial Numbers, with the dates of recordings.., of which CONCEPCION, "DID NOT" receive any Lab Reports, nor the Serial Numbers in full on the alleged FBI Recorded Tapes, of which said FOIA Application was one of numerous requests. In short, CONCEPCION, as of the date on this Motion, "HAS NOT" received the specific requests made to the EOUSA/Dept. of Justice, of which are as follows: Search Warrants, Wire Tap Authorized Appli-

2

cation, & Lab Report(s), with said results, inter alia, for Federal Criminal Case #99-6144-01, & 99-753(AJL), hereinafter Case #99-753(AJL). **SEE**, Plaintiff's, Comp., at pg. 20, ¶ 68, therein; Ex: D-6 - D-9, ¶ 1 - ¶ 19, attached to the Plaintiff's, Motion to Compel; & Ex: C-31 - C-35, attached to the Plaintiff's, Motion for Summary Judgment.

3. In Quinon v. FBI, 86 F.3d 1222, at ¶ 9 (1996), The D.C Cir. Court held: When government misconduct is alleged as justification for disclosure under FOIA, public interest is insubstantial, **"unless requester puts forward compelling evidence that the agency denying the request is engaged in illegal activity, & shows that the information sought is necessary in order to confirm [AS THE LAB REPORTS, WITH RESULTS, INTER ALIA, FOR CASE #99-753(AJL), INTER ALIA], or refute evidence..."**; as in Oppenheimer Fund Inc. v. Sander, 57 L.Ed 2d 253, at ¶ 6-7 (1978), The U.S. Supreme Court held: Parties **"may obtain"** discovery regarding any matter not privilege, **"which is relevant"** to the subject matter involved in the pending action... **SEE**, Plaintiff's, Comp., at pgs. 10 - 23, ¶ 45 - ¶ 74; & the Plaintiff's, Motion for Summary Judgment, at pgs. 6 - 33, ¶ 14 - ¶ 58, therein.

**POINT TWO IN REGARDS TO
DEFENDANTS/CORPORATIONS, KNOWN AS FEDERAL
BUREAU OF INVESTIGATION & U.S. DEPT. OF JUSTICE**

4. On Wednesday April 23, 2008, CONCEPCION, received a box from the Defendants/Corporations, known herein as the FBI/Dept. of Justice, containing exactly 505 pages of records, & etc., in which 345 pages were records, & etc., **"THAT WERE NOT RELEVANT"** to Case #99-753(AJL), as the remaining 160 pages of records, & etc., **"WERE NOT"** the specified FOIA non-exempted requested records, documents, files, data, & etc., that were requested by the Plaintiff/Sovereign, in this Cause of Action.

5. On Monday May 13,2008, CONCEPCION, received mail from the above Defendants/Corporations, in ¶ 4, herein, of which said mail envelope contained 10 pgs. [BUT 12 IN TOTAL] that were released to the Plaintiff, & 10 pgs. that were withheld in full; of which said provided records, & etc., "ARE NOT" the sought records, documents, files, data, & etc., that were specifically requested by the Plaintiff/Sovereign, of which he specifically requested for "prior" to this Cause of Action, in his FOIA applications now before this Court, & now during the discovery stage in this Cause of Action. SEE, Ex: F-6, F-30, F-48, F-52, F-54, F-58, F-59, F-62, F-64, F-67, F-71, F-78, F-82, & F-93, attached to the Plaintiff's, Comp.; Ex: D-5 - D-9, attached to the Plaintiff's, Motion to Compel; & Ex: C-31 - C-33, ¶ 1 - ¶ 8, attached to the Plaintiff's, Motion for Summary Judgment.

In Dept. of Justice v. Tax Analysts, 106 L.Ed 2d 112 (1989), The U.S. Supreme Court held: If one of the federal agencies covered by the FOIA (5 U.S.C. § 552) denies a request for information, "the FOIA in § 552(a)(4)(B), confers jurisdiction of the Federal Courts, TO ORDER THE PRODUCTION OF ANY AGENCY RECORDS IMPROPERLY WITHHELD". Also see Quinon v. FBI, supra.

6. CONCEPCION, asserts, & contends that in every criminal case, as Case #99-753(AJL), the mosaic of evidence that comprises the record before the Grand Jury, the NJDC, & afterwords, includes both the evidence, & the lack of evidence, in which the absence of [THE WRONGFULLY WITHHELD EVIDENCE] the requested records, documents, files, data, & etc., will provide the reasonable doubt that will show the requested trial by jury in this Cause of Action, that the named Defendants/Corporations, among others were knowingly, intentionally, & willingly committing acts of falsification of public records, inter alia, in which said records, documents, files, data, & etc., "contained" fraud, deceptive advertising, & perjury, inter alia.

In <u>Truitt v. Dept. of Justice</u>, 897 F.2d 540, at ¶ 2 (1990), The D.C Cir. Court held: To be sure, a request which fails to **"reasonably describe[ ]"** the documents sought does not trigger a search of agency records. When, however, an agency becomes reasonably clear as to the materials desired, FOIA's text, & legislative history make plain the agency's **"obligation to bring them forth..."** citing 5 U.S.C. § 552(a)(3), in which held: Each agency, upon any request for records which **(A)** reasonably describes such records, & **(B)** is made in accordance <u>**"WITH PUBLISHED RULES...,**</u> <u>**& PROCEDURES"**</u> to be followed, **"shall make"** the (NON-EXEMPTED) records promptly available to any person. <u>**SEE,**</u> Ex: D-6 - D-9, ¶ 1 - ¶ 19, attached to the Plaintiff's, Motion to Compel; & Ex: C-32, & C-33, ¶ 1 - ¶ 8, attached to the Plaintiff's, Motion for Summary Judgment. Also see <u>Nash v. Thielke</u>, 743 F.Supp. 1301 (S.D. Wis. 1990); <u>Dept. of Justice v. Reporters Comm.</u>, 103 L.Ed 2d 774 (S.Ct. 1989); & <u>FBI v. Abramson</u>, 72 L.Ed 2d 376 (S.Ct. 1982).

**7.** Here the Plaintiff/Sovereign, attest, asserts, & contends that the named Defendants/Corporations, **"are circumventing"** the specified requested records, documents, files, data, & etc., **"in their way of disregarding numerous Federal Court decisions, & title 5 U.S.C. § 552, inter alia"**.

## CONCLUSION

For the foregoing reasons, the Plaintiff/Sovereign, request **[IF THE PLAINTIFF'S, MOTION FOR SUMMARY JUDGMENT IS NOT GRANTED]** for his requested trial by jury pursuant to the <u>Fed.R.Civ.P.</u>, Rule 38(a)(b), & (c), on all the issues that were placed by him before this Court in all his filed Motions, Civil Complaint Action, & both Requests for the Production of Re-

cords, & Documents, & Requests for Admissions.

## OATH

I, <u>Alberto Concepcion</u>, declare under penalty of perjury that the foregoing statements are true, & correct pursuant to title 28 U.S.C. § 1746.

DATED: <u>May 23, 2008</u>

Respectfully Requested, & Submitted By:

*Alberto Concepcion©*
Pro Se Plaintiff
Alberto Concepcion© the
Sovereign, Secured Party, &
Creditor on behalf of
STRAW-MAN, & DEBTOR
ALBERTO CONCEPCION

WITHOUT PREJUDICE U.C.C. § 1-207

c.c.  File; &

Cert. Mail to the U.S. Dist. Court
for the Dist. of Columbia No.
<u>7007-3020-0000-1184-0500</u>

6

**PROOF OF SERVICE**

I, <u>Alberto Concepcion</u>, certify that on <u>May 23, 2008</u>, I mailed this document, along with the Motion in Response to Mail Unresponsive to the Plaintiff's, requested records, documents, files, data, & etc., to the following adress by way of Cert. Mail No. <u>7007-3020-0000-1184-3747</u>:

        U.S. ATTORNEYS OFFICE FOR
        THE DISTRICT OF COLUMBIA
        555 Fourth St., N.W.   [SUITE 4220]
        Washington, D.C 20001
    <u>ATT</u>: Christopher B. Harwood, Esq. [Et Al.]

**OATH**

I, <u>Alberto Concepcion</u>, certify that these documents were given to prison officials on <u>May 23, 2008</u>, for forwarding to Counsels of Record at the above address. I certify under penalty of perjury, that the foregoing is true, & correct, pursuant to 28 U.S.C. § 1746.

                                          Respectfully Submitted By:

DATED: <u>May 23, 2008</u>                      *Alberto Concepcion* ©
                                          Pro Se Plaintiff
                                          Alberto Concepcion© the
                                          Sovereign Secured Party, &
                                          Creditor on behalf of
                                          STRAW-MAN, & DEBTOR
                                          ALBERTO CONCEPCION

                                          WITHOUT PREJUDICE U.C.C. 1-207

c.c. File; &
    Cert. Mail to the U.S. Dist. Court
    for the Dist. of Columbia No.
    7007-3020-0000-1184-0500