UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALBERTO CONCEPCION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FEDERAL BUREAU OF INVESTIGATION, )<br>et al., )<br>)<br>Defendants. )<br>) | Civil Action 07-1766 (RMU) |

## NOTICE OF CLARIFICATION

Plaintiff Alberto Concepcion ("Plaintiff"), a prisoner appearing pro se, brought this case pursuant to the Freedom of Information Act ("FOIA") and the Privacy Act ("PA") to obtain all records relating to himself and the criminal case brought against him in the possession of the Federal Bureau of Investigation ("FBI") and the Executive Office for United States Attorneys ("EOUSA"). Prior to bringing this case, Plaintiff had submitted numerous FOIA/PA requests to the FBI and the EOUSA for those same records. (See Defs.' Reply Br. in Support of Their Mot. for Summ. J. at 1-2.)

In response to Plaintiff's FOIA/PA requests, the EOUSA searched the master criminal case file associated with the criminal case brought against Plaintiff. (See Mem. of Points & Authorities in Support of Defs.' Mot. for Summ. J. ("Defs.' Mem.") at 8 & n.10.) That file contains 3,862 pages of records. (Id. at 8 & n.11; see Second Stearns Decl. ¶5.)[1] Of those 3,862 pages, the EOUSA determined that 225 pages are not responsive to Plaintiff's FOIA/PA

---

[1] Citations in the form "(Second Stearns Decl. __)" refer to the Revised Version of the April 30, 2008 Declaration of Dione J. Stearns, which appears at entry number 25 on the electronic docket of this case.

requests.  (Second Stearns Decl. ¶5; Defs.' Mem. at 8 n.11.)  It therefore withheld in full those 225 pages.  The EOUSA has not previously explained why the 225 pages are non-responsive and wishes to do so now.[2]

In each of his FOIA/PA requests to the EOUSA, Plaintiff:  (1) referenced the criminal case that was brought against him and requested all records in the EOUSA's possession pertaining to himself; and (2) identified specific categories of records allegedly relating to the criminal case that was brought against him that he wished to receive, including criminal bonds, lab reports, search warrants and wiretap applications.  (See, e.g., Stearns Decl. Exs. 1, 11-15.)[3]  The 225 pages are not responsive to Plaintiff's FOIA/PA requests because they relate solely to a third party; they have nothing to do with Plaintiff.  (Fifth Stearns Decl. ¶5.)[4]  Moreover, none of the 225 pages relates to any of the categories of records that Plaintiff specifically identified in his FOIA/PA requests.  (Id.)

                                                                 Respectfully submitted,

                                                                   /s/
                                                          JEFFREY A. TAYLOR, D.C. BAR #498610
                                                          United States Attorney

                                                                   /s/
                                                          RUDOLPH CONTRERAS, D.C. BAR #434122
                                                          Assistant United States Attorney

---

[2] The EOUSA has, however, explained in great detail the reasons underlying all withholdings with respect to the remaining 3,637 pages of "responsive" records.  (See Defs.' Mem. at 8, 31-35.)

[3] Citations in the form "(Stearns Decl. Exs. __)" refer to exhibits referenced in the February 13, 2008 Declaration of Dione J. Stearns, which appear at entry number 30 on the electronic docket of this case.  The February 13, 2008 Declaration of Dione J. Stearns itself appears (without exhibits) at entry number 15 on the electronic docket of this case.

[4] Citations in the form "(Fifth Stearns Decl. __)" refer to the Fifth Declaration of Dione J. Stearns, which is attached hereto.

2

/s/
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 307-0372
Fax: (202) 514-8780
Christopher.Harwood@usdoj.gov

3

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 16, 2008, I caused a copy of the foregoing to be served via first class prepaid postage as follows:

ALBERTO CONCEPCION
#22853-050
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, N.J. 08640

                                              /s/
                                  Christopher B. Harwood

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALBERTO CONCEPCION,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br>et al.,<br><br>　　　　Defendants. | Civil Action 07-1766 (RMU) |

**FIFTH DECLARATION OF DIONE JACKSON STEARNS**

　　　　I, Dione J. Stearns, declare the following to be true and correct statements of facts material to this case:

　　　　1.　　I am an Attorney Advisor in the Department of Justice currently assigned to the Executive Office for United States Attorneys ("EOUSA"), Freedom of Information and Privacy Staff. The statements I make in this declaration are made on the basis of my review of the official files and records of EOUSA, my own personal knowledge or knowledge acquired by me through the performance of my official duties.

　　　　2.　　Due to the nature of my official duties, I am familiar with the procedures followed by EOUSA in responding to Plaintiff Alberto Concepcion's requests for information from its files pursuant to the provisions of the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. This declaration explains EOUSA's determination that 225 of the 3,862 pages that it located in the master criminal case file associated with the criminal case brought against Plaintiff, case file number 99-753 (the "master case file"), are not responsive to Plaintiff's FOIA/PA requests.

3. By letter dated April 11, 2008, EOUSA made a final release determination with respect to the 3,862 pages that it located in the master case file. EOUSA determined that 225 of the 3,862 pages are not responsive to Plaintiffs' FOIA/PA requests because the information contained in the 225 pages is beyond the stated scope of those requests.

4. In each of his FOIA/PA requests to EOUSA, Plaintiff: (1) referenced the criminal case that was brought against him and requested all records in EOUSA's possession pertaining to himself; and also (2) identified specific categories of documents relating to the criminal case that was brought against him that he wished to receive. (See, e.g., Stearns Decl. Exs. 1, 11, 12-15.)[1] The specific categories of documents that Plaintiff identified in his FOIA/PA requests include criminal bonds, lab reports, search warrants and wiretap applications.

5. The 225 pages relate solely to a third party; they have nothing to do with Plaintiff. Moreover, none of the 225 pages relates to any of the categories of documents that Plaintiff specifically identified in his FOIA/PA requests. The 225 pages thus fall outside the scope of Plaintiffs' FOIA/PA requests.

6. Because the 225 pages fall outside the scope of Plaintiffs' FOIA/PA requests, they were not required to be disclosed.

7. I declare under penalty of perjury that the foregoing is true and correct. Executed on the 16th day of July, 2008 at Washington, D.C.

Dione Jackson Stearns
Attorney Advisor
EOUSA FOIA/PA Staff

---

[1] Citations in the form "(Stearns Decl. Exs. __)" refer to exhibits referenced in the February 13, 2008 Declaration of Dione J. Stearns, which appear at entry number 30 on the electronic docket of this case. The February 13, 2008 Declaration of Dione J. Stearns itself appears (without exhibits) at entry number 15 on the electronic docket of this case.

2