**RECEIVED**
**AUG 2 7 2008**
Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Alberto Concepcion,<br><br>　　　　Plaintiff/Sovereign,<br><br>　　vs.<br><br>FEDERAL BUREAU OF INVESTIGATION;<br>EXECUTIVE OFFICE OF THE UNITED<br>STATES ATTORNEYS; &<br>U.S. DEPARTMENT OF JUSTICE;<br><br>　　　　Defendants/Corporations. | PLAINTIFF-SOVEREIGN'S, REPLY, &<br>SUPPORT OF HIS MOTION FOR SUMMARY<br>JUDGMENT & SECOND OPPOSITION MOTION<br><br><br><br><br><br>CIVIL ACTION NO. 07-1766(RMU) |

MOTION/AFFIDAVIT/MEMORANDUM OF LAW/BRIEF
OF THE PLAINTIFF-SOVEREIGN'S REPLY, & SUPPORT OF HIS FILED
MOTION FOR SUMMARY JUDGMENT & SECOND OPPOSITION MOTION

　　**NOW COMES**, Pro Se Plaintiff, <u>Alberto Concepcion</u>, the Sovereign, Secured Party, Creditor, Holder-In-Due-Course, Trade Name Owner, & Record Owner "on behalf of" STRAW-MAN, & DEBTOR <u>ALBERTO CONCEPCION</u>, hereinafter **"Concepcion, or CONCEPCION"**, waiving no powers, rights, and/or immunities by the use of said "private copyrighted statutes"; in the above entitled case in response to Counsels of Record for the named Defendants/Corporations, Notice of Clarification [FILED ON 7/16/2008], & the Defendant's, reply brief in support of their [BOGUS, & MISLEADING, INTER ALIA, INFORMATION THEREIN] Motion for Summary Judgment [FILED ON 7/14/2008].

　　1-- CONCEPCION, is without Counsel, & he is relying on <u>Haines v. Kerner</u>, 30 L.Ed 2d 652, at ¶ 1 (1972), in which the U.S. Supreme Court held: Pro Se Complaint to a less stringent Standard... Also see <u>Gomez-</u>

<u>Dial v. United States</u>, 433 F. 3d 788, at ¶ 4 (11 th Cir. 2005); & <u>White v. Kautzky</u>, 494 F.3d 677, at ¶ 11 (8th Cir. 2007).

2-- On <u>July 21, 2008</u>, CONCEPCION, receive a copy of Counsels of Record for the named Defendants/Corporations, filed Notice of Clarification, hereinafter Counsels, Clarification. In Counsels Clarification, at pg. 1 [TOP], they continue to claim that, Plaintiff-Sovereign, Concepcion.., brought this case pursuant to the FOIA... to obtain all records relating to himself, "& the criminal case brought against him...". Here the Plaintiff-Sovereign, Concepcion, asserts once again that he has presented this Cause of Action, "on behalf of STRAW-MAN, & DEBTOR CONCEPCION", of which there is a distinct difference between a Sovereign, & a Person [WHAT PART DOESN'T COUNSELS OF RECORD, UNDERSTAND ?], pursuant to numerous Federal Landmark Court decisions, inter alia. <u>SEE</u>, Plaintiff's, filed Second Opposition Motion/Affidavit/Declaration/Memo. of Law/Brief of Facts of Genuine issues of Law... hereinafter Concepcion's, 2nd Opposition Motion, at pgs. 10 - 16, ¶ 18 - ¶ 27, therein; & Docket Entry Sheet for Civil Action No. <u>07-1766(RMU)</u>, at 29, therein.

3-- In Counsels Clarification, at pg. 2 [MIDDLE], they also held: "**he wished**" to receive, including criminal bonds, lab reports, search warrants, & wire tap applications... [OF WHICH NONE OF THOSE MENTIONED RECORDS, & ETC., HAVE NOT BEEN PROVIDED AS OF AUGUST 18 2008]. Said Counsels also claimed that the 225 pgs. are not responsive to Plaintiff's, FOIA/PA requests because they relate solely to a third party... Here Concepcion, asserts, & contends as he stated in his 2nd Opposition Motion, that the named Defendants/Corporations, & now Counsels of Record for said Defendants/Corporations, have "refused, failed, & are withholding, inter alia, the specified requested, & soughted records, documents, files, data, &

2

etc.", in regards to both Concepcion, & CONCEPCION, "& the fabricated federal criminal case against STRAW-MAN, & DEBTOR CONCEPCION, known as Case #99-753(AJL), hereinafter Case #99-753(AJL)", in violation of title 5 U.S.C. § 552, et seq., inter alia. SEE, Concepcion's, 2nd Opposition Motion, at pg. 3, ¶ 5, therein, of which are most of the requested, & sought records, documents, files, data, & etc., as of this day, "& HAVE NOT BEEN PROVIDED TO THE PLAINTIFF-SOVEREIGN, IN THIS CAUSE OF ACTION".

Furthermore, as mentioned above Counsels of Record stated that the 225 pgs., are not responsive to CONCEPCION'S, FOIA/PA requests; then the question becomes, Is either Concepcion, or CONCEPCION'S, name(s), and/or Case #99-753(AJL), "on any" of those 225 pgs. ? IF YES, then said 225 pgs. in whole are knowingly, & intentionally being wrongfully withheld, of which the Honorable presiding Judge RMU, respectfully should personally look over those 225 pgs. [INCLUDING ANY OTHER WITHHELD RECORDS, & ETC.], of records, and/or otherwise for the purpose of determining the immediate release of those 225 pgs., to the Plaintiff/Sovereign, in this Cause of Action.

In Sellers v. BOP, 959 F.2d 307, at ¶ 4 (1992), The Cir. Court held: As long as information contained in agency's files is capable of being verified, then under PA., agancy "must" take reasonable steps to maintain accuracy of information to assure fairness of individuals, "& if agency willfully, & intentionally fails to maintain its records in that way", & consequently makes determination advance to individual, it will be liable to that person [CONCEPCION] for money damages. Also see Bivens v. Six Unknown Agents, 29 L.Ed 2d 619, at ¶ 5, ¶ 13, & ¶ 14 (S.Ct. 1971); & Truitt v. Dept. of Justice, 897 F.2d 540, at pg. 542 (1990).

4-- On <u>July 22,2008</u>, CONCEPCION, receive a package from the [U.S. DEPT. OF JUSTICE] Federal Bureau of Investigation [MARCEL DRIVE WINCHESTER, VA. 22602-4843] FOIA Section, in which said package contained a total of three hundred, & seventy-two [372] pgs., of which three hundred, & sixty-eight [368] pgs., were FOIA records, documents, files, data, & etc., in regards to STRAW-MAN, & DEBTOR CONCEPCION'S, Case <u>#99-753(AJL)</u>.

<u>**JUDICIAL NOTICE IS HEREBY GIVEN**</u>: Here Concepcion, contends that **"some"** of the provided FOIA/PA records, documents, files, data, & etc., that was provided to CONCEPCION, by the Defendants/Corporations, FBI/U.S. Dept. of Justice [<u>**SEE,**</u> ¶ 4, <u>**HEREIN**</u>]; had the **"dates"** of events redacted, had the **"time(s)"** of events redacted, had the **"statements"** of events re-dacted, had the **"notes"** of events redacted, had the **"locations"** of events redacted, & had the **"paid money amounts"** redacted, **"inter alia"**, redacted, of which are acts of bad faith, & delays on the part of the named Defen-dants/Corporations, & Counsels of Record for said named Defendants/Corpo-rations.

**(A)** Here the Plaintiff-Sovereign, **"is not"** contesting the redacted names, addresses, and/or phone numbers of any State, or Federal Government Employees, Cooperating Witnesses, and/or otherwise, **"but the Plaintiff/ Sovereign, is challenging the redacted dates, times, statements, notes, locations, & paid money amounts for the alleged heroin purchases, inter alia, in which <u>WERE REDACTED FROM THE PROVIDED RECORDS, & ETC., IN ¶ 4, HEREIN</u>"**, of which are considered violations of the public records act known as the FOIA, inter alia.

**(B)** Said provided records, & etc., are records, & etc., in regards to Case <u>#99-753(AJL)</u>, **"but are unresponsive to the specified requested/ soughted records, documents, files, data, & etc."**, <u>THAT MUST EXIST FOR A</u>

4

MINIMUM OF 33 YEARS, of which are wrongfully being withheld [SEE, PLAINTIFF'S, 2ND OPPOSITION MOTION, AT PGS. 6 - 9, ¶ 12 - ¶ 17, THEREIN] by the named Defendants/Corporations, & others purposely. Also see the Fed.R. Crim.P., Rule 55, Records; & Dept. of Justice v. Tax Analysts, 106 L.Ed 2d 112 (S.Ct. 1989).

5-- In Counsels Clarification, at pg. 2 [TOP], they claim that they satisfied their obligation... of which the Plaintiff-Sovereign, asserts that their statements, and/or otherwise, "**are in fact knowingly false**". Its obvious that the named Defendants/Corporations, as well as Counsels of Record for said Defendants/Corporations, are having a hard time in locating the simplest records, documents, files, data, & etc., in regards to Case #99-753(AJL). Pursuant to the Fed.R.Crim.P., Rule 55, Records held: The Clerk of the [NEW JERSEY] District Court, & each U.S. Magistrate Judge "**SHALL**" keep records in criminal proceedings in such form as the Director of the Administrative Office may prescribe.

It's not the Plaintiff-Sovereign's, problem that numerous "**federal government employees, & others from the State of New Jersey**"; purposely destroyed unfavorable records, documents, files, data, & etc. [SEE, EX: 16, ¶ 2, ATTACHED TO DEFENDANTS REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT], in regards to Case #99-753(AJL), in their attempt to "**cover-up their committed unethical misconduct, & illegal activities, inter alia**". SEE, Concepcion's, 2nd Opposition Motion, at pg. 3, ¶ 5, therein; & U.S. v. Santos, 340 F.Supp. 527 (NJDC 2004).

6-- In Counsels Clarification, at pg. 2 [MIDDLE], they claim that the Plaintiff-Sovereign's, filed 2nd Opposition Motion, is irrelevant to this matter... they also claim the following; Indeed, the majority of Plaintiff's, 39 pg. Opposition, is devoted to arguing that: **(1)** the stat-

utes that CONCEPCION was criminally charged with are invalid [THE PLAINTIFF, ASSERTS THAT COUNSELS OF RECORD, AND/OR WHOMEVER IT MAY CONCERN HAVE THE OPPORTUNITY TO REBUT HIS FACTS, & PROVE HIM WRONG, BY WAY OF THE WITHHELD NON-EXEMPT RECORDS, & ETC., OF WHICH "ARE RELEVANT" TO THIS CAUSE OF ACTION, DO TO SAID REQUESTED/SOUGHTED RECORDS, & ETC., BY THE PLAINTIFF-SOVEREIGN, IN REGARDS TO CONCEPCION, & CASE #99-753(AJL), & DO TO SAID NAMED DEFENDANTS/CORPORATIONS, COUNSELS OF RECORD, & OTHERS "LEANING ON CONCEPCION'S, CONVICTION". THEREFORE, THE DEFENDANTS/CORPORATIONS, HAVE COMMITTED ACTS OF FALSIFICATION OF PUBLIC RECORDS, INVASION OF THE PLAINTIFF-SOVEREIGN'S, PERSONAL PRIVACY, & THE WITHHOLDING OF THOSE NON-EXEMPT FOIA RECORDS, INTER ALIA, SHOWING THAT BOTH STATUTES 18, & 21, "ARE NOT VALID STATUTES, & ARE IN FACT UNCONSTITUTIONAL STATUTES". SEE, PLAINTIFF'S, 2ND OPPOSITION MOTION, AT PGS. 16 - 35, ¶ 28 - ¶ 61, THEREIN];

(2) The substance for which CONCEPCION, was criminally charged with possessing, & conspiring to distribute was not heroin [THE PLAINTIFF, ASSERTS THAT THE NAMED DEFENDANTS/CORPORATIONS, COUNSELS OF RECORD, AND/OR WHOMEVER IT MAY CONCERN, "CANNOT PRODUCE THE NON-EXEMPT LAB REPORTS, OF CONCEPCION'S, ALLEGED HEROIN DRUG SALE DATES, FOR CASE #99-753(AJL)", OF WHICH MUST EXIST FOR 33 YEARS, BEFORE SAID LAB REPORTS, INTER ALIA, ARE DESTROYED. SEE, EX: Z-1, ATTACHED HEREIN; & PLAINTIFF'S, 2ND OPPOSITION MOTION, AT PGS. 36 - 38, ¶ 62 - ¶ 65, THEREIN];  &

(3) The [NEW JERSEY] District Court before which CONCEPCION, pleaded guilty to conspiracy to "distribute heroin" [THE PLAINTIFF-SOVEREIGN, RESPECTFULLY REQUEST HONORABLE JUDGE RMU, "TO COMPEL" THE NAMED DEFENDANTS/CORPORATIONS, COUNSELS OF RECORD, AND/OR WHOMEVER IT MAY CONCERN, TO PRODUCE THE LAB REPORTS, INTER ALIA, IN THE PLAINTIFF'S, 2ND OPPOSITION MOTION, AT PG. 3, ¶ 5, WITHIN THE NEXT 60 DAYS. IF THOSE REQUESTED/SOUGHTED NON-EXEMPT RECORDS, & ETC., ARE NOT PROVIDED BY THE PARTIES IN WHOLE IN-

VOLVED IN CASE #07-1766(RMU); THEN THE PLAINTIFF-SOVEREIGN, RESPECTFULLY REQUEST THE COURT TO GRANT HIS MOTION FOR SUMMARY JUDGMENT, OR HIS 2ND OPPOSITION MOTION FOR SUMMARY JUDGMENT] lacked jurisdiction over CONCEPCION [THE PLAINTIFF-SOVEREIGN, HAS ALSO REQUESTED FOR A COPY OF THE "**REQUIRED BY LAW**", NON-EXEMPT FOIA/PA FILED NOTICE OF ACCEPTANCE OF CRIMINAL JURISDICTION WITH THE GOVERNOR OF THE STATE OF NEW JERSEY, FOR WERE THE ALLEGED FEDERAL CRIMINAL ACTIVITIES OCCURRED, IN REGARDS TO CASE #99-753-(AJL), OF WHICH ARE KNOWINGLY, INTENTIONALLY, & WILLINGLY BEING WRONGFULLY WITHHELD BY THE DEFENDANTS/CORPORATIONS, & COUNSELS OF RECORD, INCLUDING OTHER UN-NAMED PARTIES]... In Oppenheiner Fund Inc. v. Sander, 57 L.Ed 2d 253, at ¶ 6-7 (1978), The U.S. Supreme Court held: Parties "**may obtain**" discovery regarding any matter not privilage, "**which is relevant to the subject matter involved in the pending action...**".

7-- In Counsels Clarification, at pg. 4, fn. 9, they claim that Courts "**are not**" to Judge the adequacy of a search... because particular documents may have been "ACCIDENTALLY LOST, OR DESTROYED..." [IT WOULD BE LIKE COUNSELS OF RECORD SAYING, WELL CONCEPCION'S, FEDERAL TRANSCRIPTS FOR THE ENTIRE CASE [#99-753(AJL)] WERE ACCIDENTALLY LOST, OR DESTROYED, AND/OR DO NOT EXIST ANYMORE, BUT REGARDLESS OF THAT FACT, HE'S GUILTY OF "**HIS ALLEGED DRUG SALES**", OF WHICH PRESIDING JUDGE RMU, SHOULD KNOW FROM HIS MANY YEARS AS A JUDGE, THAT CRITICAL RECORDS, & ETC., AS THE LAB REPORTS, & OTHERWISE WILL NEVER BE LOST, OR DESTROYED JUST LIKE THAT, ESPECIALLY WHEN SAID ACCUSED PERSON (CONCEPCION) IS STILL INCARCERATED].

First of all, the named Defendants/Corporations, had the chance to aviod the Plaintiff-Sovereign's, Cause of Action, but instead decided to withhold the requested/soughted records, documents, files, data, & etc., of which "some" were provided to the Plaintiff, "**but once again have been un-**

7

**responsive as of this day, to the specified requested/sought records, & etc.".** SEE, Plaintiff's 2nd Opposition Motion, at pg. 3, ¶ 5, therein.

Second, its Judge RMU, judicial, & legal discretion, & not Counsels of Record, and/or otherwise to determine the adequacy of the Defendants/Corporations, and/or whomever it may concern, search, & procedures pursuant to title 5 U.S.C. § 552 et seq., inter alia. The problem here is that, **"there is no way possible",** that the requested/sought records, & etc., as the criminal complaint(s), arrest warrants, search warrants, wire tap authorization(s), lab reports with said results, & etc., are going to be lost, or be destroyed, and/or otherwise, **"unless it was purposely lost-destroyed by the only individuals who created them, & who had access to those records, & etc., during the alleged federal investigation, & throughout the entire Court proceeding in Case #99-753(AJL)";** in order to "cover-up" the numerous committed unethical misconduct, & illegal activities, inter alia, committed by both of the presiding federal Judges, both federal prosecutors, the alleged federal agents, & others who were directly, & indirectly involved in Case #99-753(AJL).

Here the Plaintiff/Sovereign, Concepcion, asserts as he did in his initial filed Civil FOIA Complaint, at pg 22, Alphabet E, that he requested the Defendants/Corporations, and/or whomever it may have concerned, for an appointment of special counsels for the purpose of investigating his facts stated in his Civil FOIA Complaint, & especially now, being that many requested/sought records, & etc., "ARE MISSING IN ACTION", of which said paper trail cannot be erased, in regards to the **"fabricated federal criminal case against STRAW-MAN, & DEBTOR CONCEPCION, known as Case #99-753(AJL)".** This is one case, "& perhaps the only case ever" in which the Defendants/Corporations, cannot produce the requested/sought records,

8

documents, files, data, & etc., to this Plaintiff/Sovereign, in this Cause of Action, pursuant to title 5 U.S.C. § 552(a)(3), & (a)(4)(B), inter Alia.

8-- In the cited cases by Counsels of Record, in their Clarification, at pg. 4 [BOTTOM], & pg. 5 [TOP], are irrelevant to the Plaintiff-Sovereign's, pending Civil FOIA Action. e.g., In <u>Iturralbe v. Comptroller of Currency</u>, 315 F.3d 311 (D.C Cir. 2003), held in part: Retired Ecuadorean banker, whose application to purchase bank in United States was denied... on basis of his failure to reveal that his **"former Caribbean bank"** was being investigated for money laundering... Mr. Iturralbe, then brought suit under FOIA... In this instant case the FOIA agencies were powerless to do any FOIA request(s), do to said bank being in the Caribbean, & out of the jurisdiction of the United States. Therefore, said FOIA agencies unableness to have direct access to those requested/sought records, documents, files, data, & etc., in regards to the Plaintiff, in that case.

In <u>Iturralbe v. Comptroller of Currency</u>, supra, the D.C Cir. Court, at ¶ 6-7, also held: But it is long settled that the failure of any agency to turn up **"<u>ONE</u>"** specified document in its search does not alone render a search inadequate. In the Plaintiff-Sovereign's, pending Civil FOIA Case [#07-1766(RMU)], there are **"<u>FORTY [40], & MORE</u>"** records, documents, files, Data, & etc., that have been requested, & are being soughted by this Plaintiff-Sovereign, in this Cause of Action, of which the named Defendants/Corporations, Counsels of Record, & others **"have direct access, & control over the federal agencies of whom are in possession of those requested/soughted records, & etc. [CONTRARY TO ITURRALBE V. COMPTROLLER OF CURRENCY, SUPRA]"**. Therefore, the cited cases by Counsels of Record are irrelevant to the Plaintiff-Sovereign's, Civil FOIA Complaint. <u>SEE</u>, Plaintiff's,

9

Opposition Motion, at pg. 3, ¶ 5, therein.

9 -- On <u>July 25,2008</u>, CONCEPCION, receive a box containing over one thousand five hundred [1500] documents, **"of which are also unresponsive to the Plaintiff-Sovereign's, specified requested/sought records, documents, files, data, & etc.".** The Plaintiff/Sovereign, attest, & contends that said provided records, & etc. in the <u>July 25,2008</u>, box were ninety-eight [98] percent documents that were filed by lawyers [ON BEHALF OF CONCEPCION], Concepcion, & CONCEPCION, in CONCEPCION'S, direct appeal, 28 U.S.C. § 2255, & a 60(b), Motion, inter alia, in regards to Case #<u>99-753(AJL)</u> [OF WHICH CONCEPCION, ALREADY HAS COPIES OF THOSE FILED MOTIONS, INTER ALIA].

In <u>Quinon v. FBI</u>, 86 F.3d 1222, at ¶ 9 (1996), The D.C Cir. Court held: When government misconduct is alleged as justification for disclosure under FOIA, public interest is insubstantial, unless requester puts forward compelling evidence that the agency denying the request is engaged in illegal activity, **"& shows that the information sought is necessary in order to confirm** [AS THE REQUESTED/SOUGHTED RECORDS, & ETC., IN THE PLAINTIFF'S, 2ND OPPOSITION MOTION, AT PG. 3, ¶ 5, THEREIN], <u>OR REFUTE EVIDENCE</u> [AS THE EXHIBITS ATTACHED TO THE PLAINTIFF'S, CIVIL FOIA COMPLAINT, & THE EXHIBITS ATTACHED TO HIS 2ND OPPOSITION MOTION]". Also see <u>FBI v. Abramson</u>, 72 L.ED 2d 376 (S.Ct. 1982); & <u>Dept. of Justice v. Reporters Comm.</u>, 103 L.Ed 2d 774 (S.Ct. 1989).

Said named Defendants/Corporation, [NOW] Counsels of Record, & others are continuing to commit acts of **"defamation of the Plaintiff-Sovereign's, character, inter alia"**. See, <u>New York Times Co. v. Sullivan</u>, 11 L. Ed 2d 686 (S.Ct. 1964); & <u>Scott v. Sandford</u>, 60 US 393, 15 L.Ed 691 (1857).

**10--** On <u>August 1, 2008</u>, CONCEPCION, receive a package from the [U.S. DEPT. OF JUSTICE] Federal Bureau of Investigation [MARCEL DRIVE WINCHESTER, VA. 22602-4843] FOIA Section, in which said package contained a total of one hundred, & forty-nine [149] pgs., of records, & etc., of which ninety ]90] pgs., in total were Lab Reports with said results, of which <u>**"NONE WERE RESPONSIVE TO CONCEPCION'S, ALLEGED DRUG SALE DATES"**</u>. **SEE,** Ex: Z-2 - Z-4, herewith; & the Plaintiff's, 2nd Opposition Motion, at pgs. 36 - 38, ¶ 62 - ¶ 65, therein.

**11--** Here the Plaintiff/Sovereign, attest, asserts, & contends that the named Defendants/Corporations, & now Counsels of Record had over six [6] plus months [THIS IS BESIDES THE 2½ PLUS YEARS THAT THE NAMED DEFENDANTS/CORPORATIONS, HAD TO PRODUCE THE REQUESTED/SOUGHTED WITHHELD RECORDS, DOCUMENTS, FILES, DATA, & ETC.] to produce the requested/soughted records, documents, files, data, & etc.; & are continuing in bad faith to withhold, & delay, inter alia, this Cause of Action.

## CONCLUSION

For the foregoing reasons, & support of the Plaintiff-Sovereign's, Motion for Summary Judgment, & support of his Second Opposition Motion; said Plaintiff-Sovereign, is respectfully requesting that this Court **"<u>GRANT</u>"** his Motion for Summary Judgment, **"<u>OR GRANT</u>"** the Plaintiff-Sovereign's, Second Opposition Motion for Summary Judgment, in this Cause of Action.

## OATH

The undersign declare, certifies, verifies, & state under penalty of perjury, under the Laws of the State of New Jersey, & the United States, pursuant to title 28 U.S.C. § 1746, that the foregoing is true, & correct.

|  |  |
|---|---|
|  | Respectfully Requested, & Submitted By: |
| **DATED:** August 18,2008 | *[signature: Alberto Concepcion ©]*<br>Pro Se Plaintiff,<br>Alberto Concepcion© the Sovereign, Secured Party, & Creditor on behalf of STRAW-MAN, & DEBTOR ALBERTO CONCEPCION<br>WITHOUT PREJUDICE U.C.C. 1-20 |

c.c.  File; &

   Cert. Receipt Mail to the
   U.S. DISTRICT Court for the District of Columbia No. 7008-0500-0000-8659-2082

12

U.S. Department of Justice  
United States Attorney

Ex: Z-1

# Notice to Close Legal Case File

## INSTRUCTIONS

Section I.   Self explanatory  
Section II.  Each closed case must be reviewed to determine if either or both criteria in Item 1 apply. If not, check the appropriate block in Item 2.  
Section III. Check the method(s) closed.  
Section IV.  An Assistant U.S. Attorney must certify the accuracy of the disposition review (Section II) and the method(s) closed (Section III) for each closed case.

## Section I: GENERAL

| Division: Criminal | Section: | Case No. 1999R02650 |

Case Title: United States v. Alberto Concepcion

## Section II: DISPOSITION

1. Recommend permanent retention by the National Archives 30 years after close of case because this issue:
   - [ ] Had an impact on a statute, rule, regulation, or law enforcement policy, e.g., set a precedent.
   - [ ] Received local, regional or national media attention, or the interest of a Congressional committee or the Executive Office of the President, or widespread public interest.

2. This closed case does not meet any of the above criteria for permanent retention. Disposition is as follows (select one).
   - [ ] This case involves no sentence, or a sentence of 10 years or less, including special parole/supervised release. Destroy 10 years after close of case.
   - [✓] This case involves a sentence of more than 10 years, including special parole/supervised release. Destroy __33__ years after close of case (length of sentence/parole/supervised release plus one year). 27 yrs, 1 mo Jail & 5 yrs probation
   - [ ] This case involves a life sentence. Destroy 65 years after close of case.

3. [ ] This is a debt collection record maintained separately from the litigation case. Destroy six years after close of debt collection case.

## Section III: METHOD(S) CLOSED

| CIVIL | CRIMINAL | COLLECTIONS |
|---|---|---|
| [ ] Judgment for U.S. | [✓] Conviction | [ ] Debt Paid in Full |
| [ ] Judgment for Opposing Party | [ ] Acquittal | [ ] Partial Payment of Debt |
| [ ] Settlement | [ ] Declination | [ ] Amount Collected |
| [ ] Necessary Action Taken | [ ] Judical Transfer to: | [ ] Uncollectible |
| [ ] Other | [ ] Other: | |

## Section IV: CERTIFICATION

I certify that the disposition review (Section II) and the method(s) closed (Section III) are accurate.

(Signature of Assistant U.S. Attorney)    Date: 09-08-05

Previous editions are obsolete    U.S. Government Printing Office: 2002 — 491-385/52297    FORM USA 207  
Revised June 2000

Ex: Z-2

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Hon. William Bassler |
| Respondent | : | |
| | : | |
| v. | : | |
| | : | Civil No. 02-2301 (WGB) |
| | : | Criminal No. 99-753 (AJL) |
| ALBERTO CONCEPCION, | : | |
| Petitioner | : | A N S W E R |

The United States of America, through its attorney, Christopher J. Christie, United States Attorney for the District of New Jersey (by Scott A. Resnik, Assistant United States Attorney), responds to the allegations in the petitioner's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 filed herein, states:

## STATEMENT OF FACTS

1. During an investigation into narcotics distribution in the Broadway Townhouses, a federally-funded housing complex in Newark, New Jersey, from May 1, 1998 through December 16, 1999, the Federal Bureau of Investigation ("FBI") identified Petitioner Concepcion as the leader of the "Headbanger Crew" street gang. Exhibit A (Presentence Investigation Report ("PSR")) at ¶ 15. The "Headbanger Crew" sold heroin in an exclusive area of the Broadway Townhouses. PSR ¶ 16. "Headbanger Crew" members Walter Roman, Jorge Retamar, and Julio Canales sold heroin for

-1-

Ex: Z-3

Petitioner Concepcion. PSR ¶ 19. Retamar was assisted in selling heroin by his girlfriend Wanda Santiago and Canales was assisted by his former common-law wife, Ana Negron. PSR ¶ 19. Petitioner Concepcion would meet with Roman, Retamar, and Canales and distribute to each of them 5 to 10 bricks of heroin, once or twice a week, in the presence of each other. PSR ¶¶ 19, 52.

2. During the course of the investigation, the FBI made numerous controlled purchases of narcotics from Petitioner Concepcion and members of his "Headbanger Crew." The drug buys were made by either a cooperating witness or an undercover law enforcement agent from Concepcion or from one of the co-conspirators to whom Concepcion supplied heroin:

| Date | Distributor | Number of Bags of Heroin sold | Net Weight (grams) of Heroin |
|---|---|---|---|
| 9/28/98 | Canales | 20 | .90 |
| 10/14/98 | Canales | 10 | .40 |
| 10/16/98 | Canales | 50 | 2.0 |
| 10/29/98 | Retamar | 50 | 1.7 |
| 10/29/98 | Roman | 50 | 2.3 |
| 11/20/98 | Roman | 50 | 3.2 |
| 11/24/98 | Santiago | 50 | 2.3 |
| 12/17/98 | Concepcion | 3 | 1.61 |
| 12/20/98 | Concepcion | 490 | 20.0 |
| 12/31/98 | Concepcion | 203 | 54.11 |
| 1/6/99 | Concepcion | 400 | 13.1 |

Ex: Z-4

| Date | Distributor | Number of Bags of Heroin sold | Net Weight (grams) of Heroin |
|---|---|---|---|
| 1/21/99 | Canales | 4 | .81 |
| 1/25/99 | Concepcion | 500 | .40 |
| 2/1/99 | Canales | 48 | 1.8 |
| 2/12/99 | Concepcion | 404 | 24.0 |
| 3/1/99 | Canales & Negron | 30 | 1.7 |
| 5/4/99 | Retamar | 50 | 3.0 |
| 5/26/99 | Canales | 50 | 2.37 |
| 5/26/99 | Retamar | 23 | .87 |
| 6/4/99 | Retamar | 50 | 2.1 |
| 8/25/99 | Canales | 50 | 2.3 |
| 9/15/99 | Retamar | 50 | 3.0 |
|  |  | TOTAL | 143.97 |

PSR ¶ 21-44.

3. As indicated on the chart, Petitioner Concepcion himself made all of the sales involving quantities of heroin over 4 grams and he personally sold 113.22 grams of heroin to either an undercover agent or a cooperating witness. Further, he was responsible for either selling, or supplying to be sold, to undercover agents or cooperating witnesses, heroin totaling 143.97 grams. The above chart only details heroin transactions involved in controlled sales with the FBI. Concepcion and his co-conspirators were inovled in selling heroin on a daily basis to third parties. In order to estimate the total amount of

PROOF OF SERVICE

I, Alberto Concepcion, certify that on Aug. 18,2008, I mailed this document, along with the Motion/Affidavit/Memorandum of Law/Brief of the the Plaintiff-Sovereign's, Reply, & Support of his filed Motion for Summary Judgment, & Second Opposition Motion, to the following address by way of Regular Mail;

       U.S. ATTORNEYS OFFICE FOR
       THE DISTRICT OF COLUMBIA
       555 Fourth St., N.W. (SUITE 4220)
       Washington, D.C 20001
   ATT: Christopher B. Harwood, Esq. (ET AL.)


OATH

I, Alberto Concepcion, certify that these documents were given to prison officials on Aug. 18,2008, for forwarding to Counsels of Record at the above address. I certify under penalty of perjury, that the foregoing is true, & correct, pursuant to title 28 U.S.C. § 1746.


             Respectfully Submitted By

DATED: Aug. 18,2008        *Alberto Concepcion©*
             Pro Se Plaintiff,
             Alberto Concepcion© the
             Sovereign, Secured Party, &
             Creditor on behalf of
             STRAW-MAN, & DEBTOR
             ALBERTO CONCEPCION

c.c. File; &          WITHOUT PREJUDICE U.C.C. 1-207

  Cert. Receipt Mail to the
  U.S. District Court for the District of Columbia No. 7008-0500-0000-8659-2082

