UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| ALBERTO CONCEPCION, | : | | |
| | : | | |
| Plaintiff, | : | | |
| | : | Civil Action No.: | 07-1766 (RMU) |
| v. | : | | |
| | : | Re Document No.: | 38 |
| FEDERAL BUREAU | : | | |
| OF INVESTIGATION *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

G<small>RANTING IN</small> P<small>ART AND</small> D<small>ENYING IN</small> P<small>ART THE</small> D<small>EFENDANT'S</small>
R<small>ENEWED</small> M<small>OTION FOR</small> S<small>UMMARY</small> J<small>UDGMENT</small>

**I. INTRODUCTION**

The *pro se* plaintiff, a federal prisoner, brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against the United States Department of Justice ("DOJ") and two DOJ agencies, the Federal Bureau of Investigation ("FBI") and the Executive Office for United States Attorneys. On March 27, 2009, the court granted in part and denied in part the defendants' first motion for summary judgment, resolving all issues but one: the FBI's decision to withhold in full under FOIA Exemption 5 a draft affidavit supporting an application for a warrant to seize vehicles in connection with a criminal investigation of the plaintiff and others. The FBI's[1] renewed motion for summary judgment addresses its justification for this withholding, and for the reasons set forth below, the court grants in part and denies in part the motion.

---

[1] For ease of reference, the court will refer to the FBI as "the defendant."

1

## II. FACTUAL & PROCEDURAL BACKGROUND

A detailed factual and procedural history of this case was provided in the court's previous memorandum opinion. *See* Mem. Op. (Mar. 27, 2009) at 1-8. The draft affidavit at issue in the defendant's renewed motion for summary judgment is a nine-page document "designated as Bates-stamped pages 183-191 in Exhibit F to the Second Declaration of David M. Hardy[2] dated May 16, 2008."[3] Def.'s Renewed Mot. for Summ. J. ("Def.'s Mot."), Ex. 1 ("5th Hardy Decl.") ¶ 6; *see also* Notice of Filing of 2d Hardy Decl. & Vaughn Index, Ex. 1 ("2d Hardy Decl.") ¶ 31; Notice of Filing of 2d Hardy Decl. & Vaughn Index, Ex. F ("Vaughn Index") at 183-91. Its contents are described as follows:

> On Bates-stamped pages 183 and 191, the Affidavit contains the name and identifying information of the FBI Special Agent in charge of the criminal investigation of plaintiff and his co-conspirators. On Bates-stamped pages 185-190, the Affidavit contains a substantial amount of detailed information about various confidential sources who provided information to the FBI in connection with the criminal investigation of plaintiff and his co-conspirators. For example, the Affidavit contains specific dates on which confidential sources interacted with plaintiff and/or his co-conspirators and the precise nature of those interactions. This information was provided by unnamed confidential sources. Disclosure of this information could allow plaintiff and/or his co-conspirators to readily identify the confidential sources and retaliate against them.

5th Hardy Decl. ¶ 6. The draft affidavit was prepared for filing in the United States District Court for the District of New Jersey. *Id.* ¶ 7. It "had not yet been approved or signed as a final

---

[2] Hardy is the Section Chief of the defendant's Record/Information Dissemination Section, Records Management Division. Def.'s Renewed Mot. for Summ. J. ("Def.'s Mot."), Ex. 1 ("5th Hardy Decl.") ¶ 1.

[3] "Each page of [the Vaughn Index] is consecutively numbered Concepción 1-206 in the lower right-hand corner." Notice of Filing of 2d Hardy Decl. & Vaughn Index, Ex. 1 (2d Decl. of David M. Hardy ("2d Hardy Decl.")) ¶ 12. A "Deleted Page Information Sheet" appears in the Vaughn Index in the place where the affidavit would have been. *Id.*; Notice of Filing of 2d Hardy Decl. & Vaughn Index, Ex. F ("Vaughn Index") at 183-91.

version of the document," 2d Hardy Decl. ¶ 31, and it was undated, *see* 5th Hardy Decl. ¶ 7.

The defendant asserts that it asked the United States Attorney's Office for the District of New Jersey for a copy of the final, signed affidavit, *id.* ¶ 9, to compare the draft affidavit to the final affidavit on the assumption that a comparison "would show that the text of the two documents is different, and thus, would support its prior invocation of exemption 5," the deliberative process privilege, Def.'s Mot. at 3 n.3. The defendant asserts that the United States Attorney's Office did not have a copy of the final affidavit, but was able to obtain one from the United States District Court for the District of New Jersey. 5th Hardy Decl. ¶ 9. A comparison of the two documents, Hardy avers, shows that "[t]he text of the signed version of the Affidavit is identical to the text of the unsigned version found at Bates-stamped pages 183-91." *Id.*

Only upon review of the final affidavit did the defendant become aware that "[t]he signed version . . . was filed under seal pursuant to a Sealing Order dated December 9, 1999." *Id.* ¶ 10. In relevant part, that Sealing Order stated:

> Upon the application of the United States of America . . . for seizure warrant; and the application upon which this Court should order the documents submitted in support of its issuance be filed under seal; and for good cause shown; [it is] . . . ORDERED that, with the exception of copies of the seizure warrant, the documents upon which its issuance is based and all other papers related to the above captioned matter be filed under, and are hereby sealed, until further order of this Court.

*Id.*, Ex. A ("Sealing Order") at 1-2. In light of this new information, the defendant now asserts that the Sealing Order justifies its withholding of the draft affidavit. Def.'s Mot. at 3-5. In the alternative, the defendant contends that Exemption 7 justifies withholding certain portions of the draft affidavit. *Id.* at 5. The court turns now to the applicable legal standard and the parties' arguments.

## III. ANALYSIS

### A. Legal Standard for Summary Judgment in a FOIA Case

The court may grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Factual assertions in the moving party's affidavits may be accepted as true unless the opposing party submits his own affidavits, declarations or documentary evidence to the contrary. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009) (citations omitted). In a FOIA case, the court may grant summary judgment based on the information provided in an agency's supporting affidavits or declarations when they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. Cent. Intelligence Agency*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

### B. The Defendant Fails to Justify its Withholding Based on the Sealing Order

With respect to sealing orders in the FOIA context, this Circuit has held that

> the mere existence of a court seal is, without more, insufficient to justify nondisclosure under the FOIA. Instead, only those sealing orders intended to operate as the functional equivalent of an injunction prohibiting disclosure can justify an agency's decision to withhold records that do not fall within one of the specific FOIA exemptions.

*Morgan v. United States*, 923 F.2d 195, 199 (D.C. Cir. 1991); *cf. GTE Sylvania, Inc. v. Consumers Union of the U.S., Inc.*, 445 U.S. 375, 387 (1980) (concluding that the Consumer Product Safety Commission properly withheld accident reports under the FOIA because a district court had issued a preliminary injunction prohibiting the release of such records pending trial). The agency bears "the burden of demonstrating that the court issued the seal with the intent to prohibit the [agency] from disclosing the [document] as long as the seal remains in effect." *Morgan*, 923 F.2d at 198. The agency may meet this burden

> by referring to, inter alia: (1) the sealing order itself; (2) extrinsic evidence, such as transcripts and papers filed with the sealing court, casting light on the factors that motivated the court to impose the seal; (3) sealing orders of the same court in similar cases that explain the purpose for the imposition of the seals; or (4) the court's general rules or procedures governing the imposition of seals.

*Id*. (footnote omitted); *see also Senate of the Commonwealth of P.R. v. U.S. Dep't of Justice*, 993 WL 364696, at *7 (D.D.C. Aug. 24, 1993) (directing the defendants to inform the court as to how many documents were under court seal, when they had been placed under seal and in what case, and any and all further information necessary for the court to determine whether the documents allegedly under seal were properly withheld). If the court concludes that the sealing order does not prohibit disclosure, "the [agency] should have the opportunity to show that one of the FOIA exemptions authorizes it to withhold the [information.]" *Morgan*, 923 F.2d at 199 n.5; *see, e.g.*,

5

*Odle v. Dep't of Justice*, 2006 WL 1344813, at *14 (N.D. Cal. May 17, 2006) (concluding that, although the defendant's reliance on court sealing orders was unwarranted, the same information was properly withheld under Exemption 7(C)).

The defendant states that "[b]ecause the text of the signed version of the Affidavit is identical to the text of the unsigned version, [it] is withholding the Affidavit [in full] pursuant to the . . . sealing order." 5th Hardy Decl. ¶ 11. Relying on the terms of the Sealing Order, the defendant argues that the presiding judge intended that the final affidavit remain sealed until he ordered otherwise. *See id.*, Ex. A. In addition, the defendant asserts, the contents of the affidavit, which include detailed information about the plaintiff's drug trafficking activities provided by various confidential sources whose identities could be discerned if the document were disclosed, "strongly support the conclusion that the Sealing Order was meant to prohibit any future disclosure of the final affidavit." Def.'s Mot. at 4. Moreover, the defendant represents that the District of New Jersey's Local Civil Rule 16 prohibits disclosure of a sealed document to the public through electronic or other means. *Id.* at 5.

The court is not persuaded by the defendant's arguments. The Sealing Order itself presents no rationale for its issuance, *see generally* Sealing Order, and the defendant presents no transcript or other documentation to cast light on the factors that motivated the court to impose the seal, *see Morgan*, 923 F.2d at 198 (holding that the agency may satisfy the burden required to withhold the document by referring to, *inter alia*, the sealing order and extrinsic evidence). In sum, the defendant fails to justify its decision to withhold the draft affidavit in full pursuant to the Sealing Order, and the court will deny the renewed motion for summary judgment on this ground.

### C. The Court Properly Withheld Certain Information Under Exemptions 7(C) and 7(D) of the FOIA[4]

The court turns next to the defendant's alternative argument that certain information contained in the draft affidavit is exempt from disclosure under Exemptions 7(C) and 7(D). *See* Def.'s Mot. at 5.

### 1. Exemption 7(C)

The defendant invokes Exemption 7(C) to protect the name of the FBI Special Agent who supervised the investigation of the plaintiff and his co-conspirators.[5] *Id.* This exemption protects from disclosure information in law enforcement records that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). In determining whether this exemption applies to particular material, the court must balance the interest in privacy of individuals mentioned in the records against the public interest in disclosure. *Beck v. Dep't of Justice*, 997 F.2d 1489, 1491 (D.C. Cir. 1993). Individuals have a "strong interest in not being associated unwarrantedly with alleged criminal activity." *Stern v. FBI*, 737 F.2d 84, 91-92 (D.C. Cir. 1984). "[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'" *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1282 (D.C. Cir. 1992) (quoting *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773

---

[4] The court previously determined that all of the responsive records at issue in this case, including the draft affidavit, were compiled for law enforcement purposes. *See* Mem. Op. (Mar. 27, 2009) at 27-30.

[5] The name of and identifying information about a FBI Special Agent appear on pages 183 and 191 of the Vaughn Index. *See* 2d Hardy Decl. ¶ 51; 5th Hardy Decl. ¶ 14.

7

(1989)).

The names of and identifying information about law enforcement officers are routinely withheld under Exemption 7(C) on the ground that such disclosure could reasonably be expected to constitute an unwarranted invasion of the officers' personal privacy. *See, e.g.*, *Sellers v. U.S. Dep't of Justice*, 2010 WL 545939, at *5-7 (D.D.C. Feb. 17, 2010) (concluding that the defendant properly withheld the names of and identifying information about FBI Special Agents); *accord Amuso v. U.S. Dep't of Justice*, 600 F. Supp. 2d 78, 97 (D.D.C. 2009); *Fischer v. U.S. Dep't of Justice*, 596 F. Supp. 2d 34, 47 (D.D.C. 2009). Indeed, the court previously determined that the defendant properly withheld the names, Social Security numbers and telephone numbers of FBI Special Agents, including those which appear on the draft affidavit. *See* Mem. Op. (Mar. 27, 2009) at 27-30. Accordingly, the defendant properly invoked Exemption 7(C) to withhold the name of the FBI Special Agent who supervised the investigation of the plaintiff and his co-conspirators.

### 2. Exemption 7(D)

The defendant invoked Exemption 7(D) to withhold to protect the identifying information of its confidential sources and information received from those sources. Def.'s Mot. at 5. This exemption protects from disclosure those records or information compiled for law enforcement purposes that

> could reasonably be expected to disclose the identity of a confidential source . . . [who] furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation . . . , information furnished by a confidential source.

5 U.S.C. § 552(b)(7)(D). There is no assumption that a source is confidential for purposes of

8

Exemption 7(D) whenever a source provides information to a law enforcement agency in the course of a criminal investigation. *See U.S. Dep't of Justice v. Landano*, 508 U.S. 165, 181 (1993). Rather, "[a] source is confidential within the meaning of [Exemption] 7(D) if the source provided information . . . in circumstances from which such an assurance could reasonably be inferred." *Williams v. FBI*, 69 F.3d 1155, 1159 (D.C. Cir. 1995) (citing *Landano*, 508 U.S. at 170-74).

Hardy states that the draft affidavit contains "[i]nformation provided by [a] confidential source[] [that is] singular in nature," and that the release of the information "could reveal the informant's identity." 5th Hardy Decl. ¶ 16. For the same reasons the court upheld the defendant's decision to withhold information pertaining to confidential sources previously, *see* Mem. Op. (Mar. 27, 2009) at 36-39, the court concludes that the defendant properly withheld the name of, identifying information about and information provided by a cooperating witness from the draft affidavit.[6]

## IV. CONCLUSION

The court concludes that, although the defendant does not justify its decision to withhold the draft affidavit in full pursuant to the Sealing Order, it properly withholds certain information contained in the draft affidavit under Exemptions 7(C) and 7(D) of the FOIA. Accordingly, the court grants in part and denies in part the defendant's renewed motion for summary judgment.

---

[6] The name of, identifying information about and information provided by a confidential source are contained on pages 184-90 of the draft affidavit. *See* 2d Hardy Decl. ¶ 66; 5th Hardy Decl. ¶ 16.

9

An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 30th day of March, 2010.

RICARDO M. URBINA
United States District Judge