UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| ALBERTO CONCEPCION, | : | | |
| | : | | |
| Plaintiff, | : | | |
| | : | Civil Action No.: | 07-01766 (RMU) |
| v. | : | | |
| | : | Re Document Nos.: | 53, 64 |
| FEDERAL BUREAU | : | | |
| OF INVESTIGATION *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

# MEMORANDUM OPINION

### GRANTING THE DEFENDANT'S THIRD MOTION FOR SUMMARY JUDGMENT;
### DENYING THE PLAINTIFF'S MOTION FOR PRODUCTION OF THE FINAL AFFIDAVIT

In October 2007, the *pro se* plaintiff, a federal prisoner,[1] commenced this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking all records relating to his criminal case. *See* Compl. ¶¶ 10-13. The defendants – the United States Department of Justice ("DOJ") and two DOJ components, the Federal Bureau of Investigation ("FBI") and the Executive Office for United States Attorneys ("EOUSA") – subsequently moved for summary judgment, arguing that they had conducted an adequate search and produced all non-exempt, responsive documents to the plaintiff. *See generally* Defs.' 1st Mot. for Summ. J. (May 30, 2008).

In March 2009, the court granted in part the defendants' motion, concluding that the defendants had "conducted reasonable and adequate searches for records responsive to the plaintiff's multiple FOIA requests" and that any withheld records or portions of records were,

---

[1] The plaintiff was convicted of heroin distribution in the United States District Court for the District of New Jersey and sentenced to 325 months of imprisonment. *See United States v. Concepcion*, Crim. No. 99-753 (D.N.J. July 7, 2000) (Judgment), *aff'd*, 259 F.3d 717 (3d Cir. 2001).

with a sole exception, properly exempt under FOIA. *Concepcion v. Fed. Bureau of Investigation*, 606 F. Supp. 2d 14, 44 (D.D.C. 2009). The FBI, however, had failed to demonstrate a proper justification for withholding one responsive document – a draft affidavit by a law enforcement official provided in support of a warrant application related to the plaintiff's criminal case. *Id.* at 34-35, 44. Accordingly, the court granted summary judgment to the EOUSA and the DOJ, but denied summary judgment to the FBI.

In May 2009, the FBI, now the only remaining defendant, filed a second motion for summary judgment. See generally Def.'s 2d Mot. for Summ. J. (May 11, 2009). The FBI informed the court that since the court's previous ruling, it had learned that the draft affidavit at issue was identical to the final affidavit made in support for the warrant application which had been filed under seal in the United States District Court for the District of New Jersey. *Id.* at 3. The defendant argued that because the draft and final affidavits were identical, the draft affidavit should be exempt from disclosure pursuant to that court's sealing order. *Id.* at 2-5; *see also id.*, Fifth Decl. of David M. Hardy, Section Chief of the Record/Information Dissemination Section at the FBI, ("Hardy's 5th Decl.") ¶¶ 9-11. The defendant also argued that the name of an FBI Special Agent and the identities of and information provided by confidential sources were properly withheld under FOIA exemption 7(C) and 7(D), respectively. Def.'s 2d Mot. for Summ. J. at 5; *see also* Hardy's 5th Decl. ¶¶ 14, 16.

In March 2010, the court issued an order granting in part and denying in part the defendant's second motion. Order (Mar. 30, 2010). More specifically, the court concluded that although the FBI had properly withheld certain information contained in the draft affidavit, it was not entitled to withhold the entire draft affidavit solely because the United States District Court for the District of New Jersey had sealed the final affidavit. *Concepcion v. Fed. Bureau of*

*Investigation*, 699 F. Supp. 2d 106, 113-14 (D.D.C. 2010). Accordingly, the court ordered the defendant to release to the plaintiff a redacted copy of the draft affidavit on or before April 30, 2010. Order (Mar. 30, 2010).

The matter now returns before the court upon the defendant's third motion for summary judgment in which the defendant asserts that it has produced the draft affidavit to the defendant. Def.'s 3d Mot. for Summ. J. at 6; Hardy's 6th Decl. ¶ 6. The defendant argues that because its compliance resolves the sole remaining issue in this case, an entry of summary judgment in its favor is appropriate at this juncture. Def.'s 3d Mot. for Summ. J. at 6. The plaintiff does not dispute that the FBI produced the remaining draft affidavit. *See generally* Pl.'s Opp'n to Def.'s 3d Mot. for Summ. J. Instead, the plaintiff baldly asserts that certain records "continu[e] to be 'wrongfully withheld,'" *id.* ¶ 5, and alleges wrongdoing by federal, state and local law enforcement officials related to his criminal case before the United States District Court for the District of New Jersey, *see id.* ¶¶ 17-42.[2]

---

[2] After the FBI produced the draft affidavit, the plaintiff filed an additional motion seeking disclosure of the *final* signed affidavit. Pl.'s Mot. Requesting Affidavit Final Version (Nov. 12, 2010). In response, the FBI asserts that the affidavit signed by the District of New Jersey court was not in the FBI's custody or control at the time the FOIA request was made. Def.'s Opp'n at 1. Because an agency is obligated to produce only those records in its custody and control at the time of the FOIA request, *McGehee v. Cent. Intelligence Agency*, 697 F.2d 1095, 1110 (D.C. Cir. 1983), the court denies the plaintiff's motion for disclosure of the final signed affidavit, *see also Schoenman v. Fed. Bureau of Investigation*, 573 F. Supp. 2d 119, 140 (D.D.C. 2008) (declining to require an agency to provide records that were "created during the course of searching for records responsive to [the p]laintiff's FOIA request").

Upon review of the FBI's supporting declaration, the court is satisfied that the defendant has complied with its March 30, 2010 order.[3] In light of the FBI's compliance and the court's previous rulings, the court grants the FBI's motion for summary judgment. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 7th day of March, 2011.

RICARDO M. URBINA
United States District Judge

---

[3] The FBI is required to demonstrate that it produced all reasonably segregable material found in the responsive documents. *See Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977). In its March 27, 2009 ruling, the court determined that the defendants' declarations and the Vaughn indexes submitted to the court adequately specified "in detail the portions of the document[s] that [were] disclosable and [those that were] allegedly exempt." *Concepcion*, 606 F. Supp. 2d at 44 (quoting *Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C. Cir. 1973)). Accordingly, the court determined that all reasonably segregable material had been released to the plaintiff, with the exception of the draft affidavit. *Id.* Upon consideration of the FBI's production of the draft affidavit, the court concludes that the FBI has now produced all reasonably segregable material.